F. #2014R00501

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------- X

UNITED STATES OF AMERICA

     - against -

MARTIN SHKRELI and
EVAN GREEBEL,

              Defendants.

-------------------------------------------------------- X

STIPULATION & ORDER

Cr. No. 15-637 (KAM)

WHEREAS, the discovery materials provided by the government on and after March 15, 2016 (hereinafter, the "Post-March 15, 2016, Discovery Materials") in connection with the above-captioned case contain personal financial information and personally identifiable information (hereinafter "PII") regarding various specific individuals, including information relating to the bank accounts, addresses, social security numbers and dates of birth of those individuals,

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned that:

1.     The Post-March 15, 2016, Discovery Materials can be used by the defendant and their defense counsel in this action, *Securities and Exchange Commission v. Martin Shkreli et al.*, Civ. No. 1:15-cv-07175 (KAM) (RML), and any litigation or investigation arising out of or relating to the allegations in the above-captioned indictment and the SEC case (hereinafter collectively "Actions") only for purposes of preparing and/or filing motions in these Actions, factual and legal work in these Actions, trial preparation in these Actions, defense at trial in these Actions, and any appellate proceedings arising from those Actions.

2.      Absent further order of the Court, the defendant and the defendant's counsel may not disclose or disseminate the Post-March 15, 2016 Discovery Materials containing PII (even if the PII has been redacted) or any PII information contained in those documents to anyone who has not agreed to be subject to this Stipulation and Order (by signing a copy of this Stipulation and Order, stating that they "Agree to be bound by the terms herein," and providing such copy to counsel for the particular defendant) other than the following people:

(a)     those of defense counsel's legal staff including secretarial, clerical, and other personnel employed full-time or part-time;

(b)     any potential expert witnesses, consultants, and/or other personnel retained by or working under the direction of defense counsel;

(c)     such other persons as hereafter may be authorized by the Court upon motion by any party.

3.      If the defendant, his counsel, or anyone else who has received Discovery Materials containing PII from the defendant or their counsel pursuant to the terms of this Stipulation and Order seeks to make further disclosure or dissemination of the Discovery Materials with PII (even if the PII has been redacted) beyond what is permitted pursuant to the terms of this Stipulation and Order, or otherwise ordered by the Court, notice must first be provided to the government and the Court, and such notice must be given sufficiently in advance of the contemplated disclosure or dissemination so as to permit briefing and argument on the propriety thereof.

4.      The provisions in this Stipulation and Order shall not be construed as preventing the disclosure of any information in any submission to or filing with the Court, hearing, and/or trial held in connection with the Actions.  In the event that the defendant seeks to file Post-March

15, 2016, Discovery Materials with the Court or otherwise use Post-March 15, 2016, Discovery Materials during a court proceeding, the defendant and their counsel will comply with Rule 49.1(a) of the Federal Rules of Criminal Procedure, will ensure that court transcripts are appropriately redacted to protect PII and financial information, and seek permission from the Court to offer the redacted versions of Post-March 15, 2016, Discovery Materials into evidence unless it is necessary to offer the unredacted version.

5.      The Post-March 15, 2016, Discovery Materials provided by the government through discovery in this case shall be shredded, erased, and/or destroyed, as the case may be, at the conclusion of this matter for that defendant, specifically within sixty (60) days of (a) a verdict of acquittal for the defendant rendered by a jury, (b) the date of sentencing for the defendant if no appeal is filed, (c) the issuance of an appellate decision for the defendant rendering a final judgment, or (d) the conclusion of any collateral appeal or attack on any decision.

6.      Any material that (i) is public, (ii) becomes public, and/or (iii) was obtained or is obtained by any party through means other than receipt in the Post-March 15, 2016 Discovery Materials in this case shall not be deemed confidential and shall not be subject to this Stipulation and Order.

7.     Any violation of this Stipulation and Order will be determined by the Court, and

may result in sanctions to be imposed by the Court.

Dated: Brooklyn, New York
       March 15, 2016

                                        ROBERT L. CAPERS
                                        United States Attorney
                                        Eastern District of New York

                                        By:  _____
                                             Winston Paes
                                             Jacquelyn Kasulis
                                             Alixandra Smith
                                             Assistant U.S. Attorneys

_____
Name:  Evan Greebel
Defendant

_____
Name:  Lisa Rubin, Esq.
Attorneys for Defendant

So Ordered.

_____
THE HONORABLE KIYO A. MATSUMOTO
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK