# Exhibit A

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Reed Brodsky
Direct: +1 212.351.5334
Fax: +1 212.351.6235
RBrodsky@gibsondunn.com

Client: 36588-00001

July 12, 2016

AUSA Winston Paes
AUSA Jacquelyn P. Kasulis
AUSA Alixandra Smith
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201

Dear Mr. Paes, Ms. Kasulis, and Ms. Smith:

     We write to request prompt production of any and all materials in the possession, custody, and control of the government pursuant to *Brady* v. *Maryland*, 373 U.S. 83 (1963), and its progeny, including *Giglio* v. *United States*, 405 U.S. 150 (1972), and *United States* v. *Bagley*, 473 U.S. 667 (1985), the Fifth and Sixth Amendments to the Constitution of the United States of America, and all applicable law.

     Set forth below are specific examples of documents and information that would constitute materials and information in the possession, custody, and control of the government which it is obligated to disclose. We are seeking prompt production of any and all *Brady*, *Giglio*, and *Bagley* materials, including but not limited to the specific examples below, in order to (i) have sufficient time to conduct any necessary investigation; (ii) enable the defense to determine what motions are necessary; and (iii) enable counsel to prepare for trial, including the identification of relevant witnesses. We respectfully ask you to produce any and all *Brady*, *Giglio*, and *Bagley* materials, including but not limited to our specific examples below, by August 1, 2016.

     "Documents or Information" means all documents, objects, communications, statements of witnesses, and any other evidence and information and/or notes or recordings related thereto in the possession, custody, or control of the United States Department of Justice and/or the United States Attorney's Office for the Eastern District of New York. It includes all Documents or Information in the possession, custody, or control of the Federal Bureau of Investigation ("FBI") and thus requires a search of the FBI's emails, text messages, and documents, including the emails of the case agent and any other agent working on the matter. It also includes Documents or Information in the possession, custody, and control of the Securities and Exchange Commission and its Staff, and any federal, state, or local agencies that have provided assistance to your Office or concurrently investigated the matters at issue in this proceeding. Each request is of a continuing nature,

# GIBSON DUNN

Winston Paes, AUSA
July 12, 2016
Page 2

and we request prompt notice in the event that responsive Documents or Information comes to the government's attention at any point in the future.

Each of the examples enumerated below seeks Documents or Information that (i) may tend to exculpate Mr. Greebel; (ii) may be favorable to the defense; and/or (iii) may tend to affect the weight and/or credibility of evidence to be presented by the government at trial, including any material that may tend to impeach the credibility of either documentary evidence or testimony.

Each of the examples enumerated below specifically includes all statements made by witnesses to law enforcement officials, whether such statements were memorialized or not. *See United States* v. *Rodriguez*, 496 F.3d 221 (2d Cir. 2007) (when prosecution is in possession of material information that impeaches its witnesses or exculpates the defendant, it may not avoid its *Brady*, *Giglio*, and *Bagley* obligation to disclose such information by not writing it down).

Reserving our rights to provide you with additional examples, we seek all *Brady*, *Giglio*, and *Bagley* materials, including the following specific examples:

1. Any and all statements by Martin Shkreli to the U.S. Attorney's Office, the FBI, and/or the SEC reflecting that Mr. Shkreli made statements exculpating Mr. Greebel.

2. Any and all statements by Mr. Shkreli to the U.S. Attorney's Office, the FBI, and/or the SEC relating to Mr. Greebel.

3. Any and all statements by Mr. Shkreli to the U.S. Attorney's Office, the FBI, and/or the SEC.

4. Any and all statements by any witness to the U.S. Attorney's Office, the FBI, and/or the SEC reflecting that, when asked about whom Mr. Greebel represented, the witness stated, in sum and substance, that Mr. Greebel or Katten Muchin Rosenman LLP served as counsel to Retrophin.

5. Any and all statements by any witness to the U.S. Attorney's Office, the FBI, and/or the SEC reflecting that Mr. Greebel did not serve as counsel to Mr. Shkreli.

6. Any and all statements by any witness to the U.S. Attorney's Office, the FBI, and/or the SEC reflecting doubt that Mr. Greebel participated in any scheme with Mr. Shkreli.

7. Any and all statements by any witness to the U.S. Attorney's Office, the FBI, and/or the SEC reflecting that Mr. Greebel was a truthful person and/or a person of good character.

# GIBSON DUNN

Winston Paes, AUSA
July 12, 2016
Page 3

8. Any and all statements by any witness to the U.S. Attorney's Office, the FBI, and/or the SEC reflecting that Mr. Greebel had never misled him/her.

9. Any and all Documents or Information reflecting that Mr. Shkreli failed to provide Mr. Greebel with relevant information relating to the matters of the superseding indictment.

10. Any and all Documents or Information, including but not limited to grand jury testimony and tax returns, made or executed by any potential government witness which the government knows, or through reasonable diligence should have reason to know, are false.

11. Any and all Documents or Information reflecting or tending to show that any Retrophin consulting agreement was not a "sham" agreement, including but not limited to any Documents or Information reflecting any services that were provided to Retrophin.

12. Any and all Documents or Information reflecting or tending to show that any consultant has defended the validity of his/her consulting agreement with Retrophin.

13. Any and all Documents or Information reflecting or tending to show that any individual has defended the validity of his/her settlement agreement with Retrophin.

14. Any and all Documents or Information reflecting or tending to show that Retrophin had potential exposure to liability to any extent to any MSMB Capital and/or MSMB Healthcare investor relating to the superseding indictment.

15. The statement or statements of any witness that he or she was not aware of any wrongdoing by Mr. Greebel.

16. The statement or statements of any witness that he or she was defrauded, deceived, or lied to by Martin Shkreli.

17. The statement or statements of any witness that Mr. Shkreli failed to disclose information to him/her.

18. Any and all Documents or Information reflecting any statement by any representative of any agency of the government, including the SEC, that any witness, alleged co-conspirator, and/or alleged corrupt employee involved in the matters reflected in the superseding indictment is, in sum and substance, unreliable, not credible, untrustworthy, and/or untruthful.

**GIBSON DUNN**

Winston Paes, AUSA
July 12, 2016
Page 4

19. Any and all Documents or Information reflecting that Mr. Greebel spoke with members of Retrophin's Board of Directors (other than Mr. Shkreli) about any of the settlement or consulting agreements relating to the superseding indictment prior to Retrophin entering into any of those agreements.

20. Any and all Documents or Information reflecting that any person spoke with members of Retrophin's Board of Directors (other than Mr. Shkreli) about any of the settlement or consulting agreements relating to the superseding indictment prior to Retrophin entering into any of those agreements.

21. Any and all Documents or Information reflecting that Mr. Greebel spoke with members of Retrophin's Board of Directors (other than Mr. Shkreli) about any of the settlement or consulting agreements relating to the superseding indictment prior to Mr. Shkreli's resignation from Retrophin.

22. Any and all Documents or Information reflecting that any person spoke with members of Retrophin's Board of Directors (other than Mr. Shkreli) about any of the settlement or consulting agreements relating to the superseding indictment prior to Mr. Shkreli's resignation from Retrophin.

23. Any and all Documents or Information reflecting that the members of Retrophin's Board of Directors (other than Mr. Shkreli) were aware of any of the settlement or consulting agreements relating to the superseding indictment prior to Mr. Shkreli's resignation from Retrophin.

24. Any and all Documents or Information concerning proffers made to the government by any potential witness containing statements which may tend to exculpate Mr. Greebel.

25. Any and all Documents or Information concerning presentations or proffers made to the government by counsel on behalf of any potential witness containing statements which may tend to exculpate Mr. Greebel.

26. Any and all Documents or Information concerning presentations or proffers made to the government by any potential witness containing statements which raise questions about or affects the weight or credibility of the evidence to be presented against Mr. Greebel,

27. Any and all Documents or Information concerning presentations or proffers made to the government by counsel on behalf of any potential witness containing statements which raise questions about or affects the weight or credibility of the evidence to be presented against Mr. Greebel.

# GIBSON DUNN

Winston Paes, AUSA
July 12, 2016
Page 5

28. Any and all Documents or Information reflecting statements made by Retrophin, the current or former officers or directors of Retrophin and/or counsel for Retrophin or any committee of the board of directors of Retrophin reflecting or tending to show any bias or prejudice against Mr. Shkreli and/or Mr. Greebel.

29. Any and all threats, express or implied, against any potential witness, including without limitation statements concerning criminal prosecutions, investigations, or proceedings which could be brought against any such witness or entity with which he/she is associated. This request includes oral or written statements made by any Assistant United States Attorney, or other law enforcement official or official of any regulatory agency, to any individual or his/her lawyer in connection with any actual or potential interview of such individual, statements or testimony of such individual, or a proffer given by the individual's counsel.

30. Documents or Information reflecting that any potential witness for the government or any person interviewed by the your Office or any law enforcement or regulatory agency or any entity with which he/she was associated, is now, or at any time since your Office's investigation of these matters commenced was, a subject or person of interest of any investigation by any federal or state agency, including but not limited to your Office, the U.S. Department of Justice, the FBI, and the SEC or any other regulatory agency.

31. The names and addresses of all persons whom the government, or any of its agents or representatives, believes may have relevant knowledge and information with reference to the charges in the superseding indictment but whom the government does not propose to call as witnesses at trial, and any statements of such persons.

If the government is aware of Documents or Information that would or may be *Brady*, *Giglio*, and/or *Bagley* material, but believes the material can be obtained by Mr. Greebel by *subpoenas duces tecum*, please so advise us.

If the government declines to provide any of the information we have requested, please let us know promptly so that Mr. Greebel can make any appropriate motions.

Yours truly,

*[signature]*

Reed Brodsky