F. #2014R00501

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

UNITED STATES OF AMERICA

- against -

MARTIN SHKRELI and
EVAN GREEBEL,

                Defendants.

STIPULATION & ORDER

Cr. No. 15-637 (KAM)

------------------------------------------------------------ X

      WHEREAS, certain discovery materials, which were received from the firm Marcum LLP ("Marcum") and were provided to the defendants in connection with the above captioned case, contain confidential and proprietary information,

      IT IS HEREBY STIPULATED AND AGREED by and between the undersigned that:

      1.     Certain materials received from Marcum, such as audit planning policies and procedures, audit work papers, and client intake and engagement documents, among other materials, whether produced in native format on a laptop computer provided to the defendant (the "Marcum Laptop") or in a different format, (i) contain Marcum's confidential or proprietary business information, and (ii) have not been shared by Marcum with any outside party (other than the government and Defendants in connection with this matter) (the "Covered Marcum Materials"). To the extent that any Covered Marcum Materials are printed into hard copy form or electronically copied and transferred to other electronic devices or means for review by the defendant and his counsel, these copies will also be considered "Covered Marcum Materials" despite the fact that they may not bear a "CONFIDENTIAL AND PROPRIETARY" stamp.

2. The Covered Marcum Materials can be used by the defendant and his counsel in this action, *Securities and Exchange Commission v. Martin Shkreli et al.*, Civ. No. 1:15-cv-07175 (KAM) (RML) (the "SEC Matter"), and any litigation or investigation arising out of or relating to the allegations in the above-captioned indictment and the SEC Matter (hereinafter collectively, the "Actions") and only for purposes of preparing and/or filing motions in these Actions, factual and legal work in these Actions, trial preparation in these Actions, defense at trial in these Actions, and any appellate proceedings arising from those Actions.

3. Absent further order of the Court, the defendant and the defendant's counsel may not disclose or disseminate the Covered Marcum Materials or any portion thereof to anyone who has not agreed to be subject to this Stipulation and Order (by signing a copy of this Stipulation and Order, stating that they "Agree to be bound by the terms herein," and providing such copy to counsel for the particular defendant) other than the following people:

(a) those of defense counsel's legal staff including secretarial, clerical, and other personnel employed full-time or part-time;

(b) any potential expert witnesses, consultants, and/or other personnel retained by or working under the direction of defense counsel;

(c) such other persons as hereafter may be authorized by the Court upon motion by any party.

Notwithstanding the foregoing, any disclosure or dissemination of any Covered Marcum Materials that occurred prior to July 19, 2016 shall not constitute a violation of this Order.

4. If the defendant, his counsel, or anyone else who has received the Covered Marcum Materials from the defendant or his counsel pursuant to the terms of this Stipulation and Order seeks to make further disclosure or dissemination of the Covered Marcum Materials beyond what is permitted pursuant to the terms of this Stipulation and Order, or otherwise ordered by the Court, notice must first be provided to Marcum, and such notice must be given

sufficiently in advance of the contemplated disclosure or dissemination so as to permit briefing and argument on the release of such materials.

5. The provisions in this Stipulation and Order shall not be construed as preventing the disclosure of any information in any submission to or filing with the Court, hearing, and/or trial held in connection with the Actions. In the event that the defendant seeks to file with the Court any materials provided by Marcum that do not, on their face, reflect communications with any third parties or the sharing of the information contained therein with any third party, or otherwise use any such materials during any court proceeding other than an evidentiary hearing or trial, the defendant and his counsel will provide Marcum with five calendar days' notice so as to allow Marcum to object to such filing.

6. The Marcum Laptop provided by the government through discovery in this case <u>shall be returned to the government</u> at the conclusion of this matter for the defendant, specifically within sixty (60) days of the latest of (a) a verdict of acquittal for the defendant rendered by a jury, (b) the date of sentencing for the defendant if no appeal is filed, (c) the issuance of an appellate decision for the defendant rendering a final judgment, or (d) the conclusion of any collateral appeal or attack on any decision.

7. All other Covered Marcum Materials shall be shredded, erased, and/or destroyed at the conclusion of the Actions, specifically within sixty (60) days of the latest of (a) a verdict of acquittal for the defendant rendered by a jury, (b) the date of sentencing for the defendant if no appeal is filed, (c) the issuance of an appellate decision for the defendant rendering a final judgment, or (d) the conclusion of any collateral appeal or attack on any decision in the Actions. Notwithstanding the foregoing, the defendant's counsel shall be entitled to retain any and all documents reflecting their work product, including work product containing or incorporating the

Covered Marcum Materials, provided that such counsel and their employees shall not disclose to any person the contents of the Covered Marcum Materials contained or incorporated in such work product except as consistent with this Order.

8. Any material that (i) is public, (ii) becomes public other than through improper action by the defendant or his counsel, and/or (iii) was obtained or is obtained by any party through means other than receipt of the Covered Marcum Materials in this case shall not be deemed confidential and shall not be subject to this Stipulation and Order.

[REST OF PAGE INTENTIONALLY LEFT BLANK]

9. Any violation of this Stipulation and Order will be determined by the Court, and may result in sanctions to be imposed by the Court.

Dated: Brooklyn, New York
September 23, 2016

ROBERT L. CAPERS
United States Attorney
Eastern District of New York

By: _____
Winston Paes
Jacquelyn Kasulis
Alixandra Smith
Assistant U.S. Attorneys

_____
Evan Greebel
Defendant

_____
Attorneys for Defendant Evan Greebel

So Ordered.

_____
THE HONORABLE KIYO A. MATSUMOTO
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

10/14/16.

5