**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Reed Brodsky
Direct: +1 212.351.5334
Fax: +1 212.351.6235
RBrodsky@gibsondunn.com

Client: 36588-00001

November 20, 2016

VIA ECF

The Honorable Kiyo Matsumoto
United States District Court Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *United States v. Shkreli*, 05 Cr. 637 (KAM)

Dear Judge Matsumoto:

We write on behalf of Evan Greebel in connection with the letters submitted by counsel for Martin Shkreli and Retrophin, Inc. respectively.  *See* Dkt. Nos. 112, 114.  We make four points:  (1) We write to identify certain relevant dates for clarity; (2) We point out evidence that came out of the meet and confer call between the parties on November 15, 2016 ("November 15 Meet and Confer") that bolsters Mr. Greebel's motion for a bill of particulars seeking to obtain clarification regarding certain assumptions made in the Superseding Indictment; (3) We note certain points that came out during the November 15 Meet and Confer for the Court's consideration of the issues relating to Katten documents; and (4) We inform the Court that we may want to subpoena documents from Katten as well and, should the Court address the scope of Retrophin's waiver, we would seek further information and an opportunity to submit relevant law on the issue.

1.     We write to identify certain relevant dates for clarity.  As the government noted during the November 15 Meet and Confer and as we understand from the documents we have reviewed, Retrophin, LLC was created in or around February or March 2011.  We further understand that MSMB Capital retained Katten Muchin Rosenman LLP ("Katten") in or around July 2011 (not November 2011); and that Retrophin, LLC retained Katten in or around January 2012.

2.     Important evidence came out of the November 15 Meet and Confer that bolsters Mr. Greebel's pending motion for a bill of particulars seeking to obtain clarification about, among other things, whether the government is actually alleging Mr. Greebel knew in the year 2012 that Mr. Shkreli allegedly made false statements to the SEC and that Mr. Shkreli needed to "fabricate an investment by MSMB Capital in Retrophin LLC" for purposes of the SEC inquiry.  (*See* Greebel Brief, Dkt. No. 86 at 7; Greebel Reply Brief, Dkt. No. 92 at 2-3 & n.2; Superseding Indictment ¶¶ 21, 25).

During the November 15 Meet and Confer, there was a discussion of MSMB documents in Katten's possession.  Among other things, Michael Verde of Katten discussed

**GIBSON DUNN**

The Honorable Kiyo Matsumoto
November 20, 2016
Page 2

the law firm's representation of MSMB before the SEC in the year 2013.  The government responded that there was an SEC inquiry *in September 2012* and that Katten represented MSMB and Mr. Shkreli in responding to that inquiry.  On behalf of Katten, Mr. Verde stated in response that Katten did *not* represent anyone or do any work relating to the SEC investigation into MSMB and/or Mr. Shkreli in the year 2012.  Mr. Verde further stated that Katten (but not Evan Greebel) represented MSMB and Mr. Shkreli in Mr. Shkreli's testimony before the SEC in or about *August 2013* and that Katten's work in preparation for that testimony likely began a few months earlier in 2013.  After Mr. Verde presented that information relating to the timing of Katten's representation of MSMB and Mr. Shkreli in testimony before the SEC, the government appeared to be surprised by the news, asked whether Mr. Verde was correct, and asked for confirmation that Katten had represented MSMB and Mr. Shkreli in responding to SEC requests in the year 2012.  Mr. Verde responded that Katten did *not* represent MSMB or Mr. Shkreli in the SEC matter in the year 2012, and Mr. Verde stated that he believed Mr. Shkreli represented himself and MSMB in 2012.[1]

The government's incorrect belief that Katten represented MSMB and Mr. Shkreli in the SEC matter in the year 2012, and Mr. Verde's representation that that was *not* the case, are important in a number of respects.  Among them is that, as we have asserted in our Motion for a Bill of Particulars, the Superseding Indictment appears to make a number of incorrect assumptions that Mr. Greebel knew in the year 2012 that Mr. Shkreli allegedly made false statements to the SEC and that Mr. Shkreli needed to "fabricate an investment by MSMB Capital in Retrophin LLC" for purposes of the SEC inquiry.  If the government is making those assumptions based on the incorrect belief that Katten had represented MSMB and Mr. Shkreli in the SEC matter in the year 2012, then the Court and Mr. Greebel are entitled to know that information.  As Mr. Verde represented during the November 15 Meet and Confer, Katten did not represent MSMB or Mr. Shkreli in connection with the SEC inquiry until mid-to-late 2013.  Prior to mid-to-late 2013, we believe that Mr. Shkreli responded to the SEC's inquiries himself, without consulting anyone at Katten.

3.    We note certain additional points that came out during the November 15 Meet and Confer for the Court's consideration of the issues relating to Katten documents.  First, during the call, there was discussion of who controls Katten documents relating to both MSMB and Retrophin.  It became apparent that there are email communications from as early as 2012

---

[1] We checked this factual recitation with two other participants on the November 15 Meet and Confer (Michael Verde of Katten and Glen McGorty, who represented an individual who might have a claim of privilege over MSMB documents), and both agreed that this is what the government and Mr. Verde had said during the call.  Retrophin's counsel did not disagree with these facts during the call or in its letter submission, and in fact, references Katten's representation of "Mr. Shkreli personally or MSMB in 2013 and 2014."  *See* Dkt. 114 at 2 n.1.

**GIBSON DUNN**

The Honorable Kiyo Matsumoto
November 20, 2016
Page 3


through possibly as late as 2013 that contain information and/or advice relating to both MSMB and Retrophin in the same email communications.  Second, during this discussion, counsel for Retrophin stated that Retrophin had produced MSMB materials to the government, which in turn produced them to the defendants, because Retrophin had access to and apparently control over computer servers of MSMB.  Third, during this discussion, the government stated that the parties should consider that, from what the government can see, (1) Retrophin, LLC and MSMB Healthcare both were created in or about the same time in 2011, (2) starting in 2011, MSMB Healthcare money went to Retrophin (whether it was as an investment or was used to start up Retrophin, LLC, the government did not know), and (3) there was "comingling" of money and assets of MSMB and Retrophin, LLC.  We think these points are noteworthy and should be taken into consideration by the Court in addressing the issues at hand relating to Katten documents.

4.     We would like to apprise the Court that, depending on the Court's rulings relating to issues on Mr. Shkreli's subpoena to Katten, we may wish to subpoena and seek the production of documents from Katten.  For one, Mr. Greebel has a constitutional right to defend himself, and we may want to seek relief as well.  Further, we note that Mr. Shkreli has raised a question as to whether Retrophin's limited waiver has resulted in a broader waiver of purportedly privileged Retrophin-related materials, and that Retrophin has now countered that it made only a "limited, well-defined waiver."  *See* Dkt. Nos. 112, 114.  Should the Court wish to address that issue, we would like to be heard as well.  We believe that it will require further information from Retrophin regarding the scope of the documents that they have withheld from production to the government and further specifics regarding the scope of the limited waiver.

We thank Your Honor in advance for considering our submission and look forward to Tuesday's conference.


Respectfully submitted,


*/s/  Reed Brodsky*

Reed Brodsky

cc:     Counsel of Record (via ECF)
        Ian Shapiro, Esq.
        William Schwartz, Esq.
        Glen McGorty, Esq.