

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

WMP:AES
F. #2014R00501

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

November 23, 2016

<u>By Hand and ECF</u>

Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

   Re:  United States v. Martin Shkreli
      <u>Criminal Docket No. 15-637 (KAM)</u>

Dear Judge Matsumoto:

  On November 23, 2016, the defendant Martin Shkreli filed a letter stating that while he was waiving attorney-client privilege with respect to all MSMB Capital and MSMB Healthcare documents (as he previously stated at the November 22, 2016 status conference), he wanted to clarify that Marek Biestek – who was an employee of MSMB Capital and a consultant for MSMB Healthcare – was <u>not</u> waiving attorney-client privilege with respect to such documents.  <u>See</u> Dkt. No. 116.  As such, defendant Shkreli has asked that the Court modify its November 22, 2016 order such that any MSMB Capital and/or Healthcare documents in the possession of Katten Muchin Rosenman LLP ("Katten") be produced only to defendant Shkreli, and not to either defendant Evan Greebel or the government.

  The government strongly objects to such modification.  While the government agrees that defendant Shkreli can validly assert and thus waive attorney-client privilege for these documents, the government does not agree that Biestek can validly assert a privilege over these documents.  To date, Biestek has failed to articulate the factual basis for the assertion of such a privilege.  Indeed, based on Biestek's own prior statements about his role at and lack of control over MSMB Capital and MSMB Healthcare, as well as factual information developed in the course of the government's investigation, the government does not believe he can in fact assert such a privilege.

  Consequently, the government respectfully requests that the Court refrain from modifying its order until Biestek has detailed the basis for his assertion of a privilege over

these documents; the government has the opportunity to respond to such arguments; and the Court has made a finding with respect to this assertion. In the meantime, the government does not object to defendant Shkreli receiving MSMB Capital or MSMB Healthcare documents from Katten, and also agrees that neither the government nor defendant Greebel should receive any such documents from Katten until the issue is resolved.

Respectfully submitted,

ROBERT L. CAPERS
United States Attorney

By:   /s/ Alixandra Smith
Winston Paes
Jacquelyn Kasulis
Alixandra Smith
Assistant U.S. Attorneys
(718) 254-6023/6103/6370

cc:   All counsel (via ECF)
Glen McGorty, Esq., counsel for Marek Biestek (via email)
Ian Shapiro, Esq., counsel for Retrophin, Inc. (via email)
Michael Verde, Esq., counsel for Katten Muchin (via email)