```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X

UNITED STATES OF AMERICA,
                                                      ORDER
       - against -

MARTIN SHKRELI ET AL,                                 15-CR-637 (KAM)

              Defendant.

------------------------------------------X
```

**MATSUMOTO, United States District Judge:**

        The court has received letters from counsel for the parties, as well as Retrophin Inc. ("Retrophin") and Katten Muchin Rosenman LLP ("Katten Muchin"), but not from counsel for Marek Biestek, MSMB Capital Management and its affiliates, or MSMB Healthcare LP and its affiliates (hereinafter the "MSMB Entities"), regarding their efforts to resolve issues relating to Retrophin's assertion of the attorney-client privilege as to certain documents in Katten Muchin's possession. (*See* ECF Nos. 106, 112, 114, 115, 116, 118, 119). Counsel for Mr. Shkreli has conveyed the vague assertion by Mr. Biestek "through his counsel Glen McCorty . . . of his attorney-client privilege with respect to MSMB Capital and MSMB Healthcare," first in a letter dated November 16, 2016 and in a subsequent letter dated November 23, 2016. (*See* ECF Nos. 112, 116).

        In the November 16, 2016 letter, Mr. Shkreli's counsel attempted to summarize the positions of the parties, Retrophin,

Mr. Biestek and Katten Muchin following a November 15, 2016 conference call between counsel. Mr. Shkreli's attorney indicated that counsel for Mr. Biestek, agreed that because Mr. Biestek's position in the MSMB Entities "was subordinate" to Mr. Shkreli, Mr. Biestek did not assert a privilege as to Mr. Shkreli, but retained his privilege "in regard to any third party disclosure." (ECF No. 112 at 2). Adding to the confusion, the November 16th letter further indicated that "counsel for Mr. Biestek stated that Mr. Biestek is not in a position to assert any such privilege and does not do so." (*Id.*).

Mr. Biestek's counsel has not informed the court whether Mr. Biestek is asserting the privilege in his individual or other capacity, and whether the privilege is only asserted as to the disclosure of his personal communications or communications on behalf of the MSMB Entities. Further, despite this court's November 8, 2016 Order that all interested parties advise the court by November 16, 2016 of remaining issues concerning assertions of attorney-client privilege, including "a specific statement as to the categories of documents (if any) that are claimed to be protected by the attorney-client privilege, and the authorized individual asserting a privilege on behalf of the entity," Mr. Biestek has not bothered to specify the categories of documents over which he asserts a privilege, nor has he submitted factual or

2

legal authority for his position, or a privilege log. Nor did Mr. Biestek or Mr. McCorty appear, as ordered, with all other counsel for the conference on November 22, 2016. (*See* November 8, 2016 Order). At the November 22, 2016 conference, the parties, Retrophin, Katten Muchin and the court spent approximately two hours attempting to clarify and resolve the attorney-client privilege issues, and the parties agreed, *inter alia*, that the documents belonging to the MSMB Entities would be produced to Mr. Shkreli, Mr. Greebel and the Government.

In a subsequent letter dated November 23, 2016, counsel for Mr. Shkreli has advised that Mr. Biestek "does not waive his attorney-client privilege as to" the MSMB Entities and, according to Mr. Shkrekli's counsel, "the waiver on the record at [the November 22, 2016 conference] is invalid." (ECF No. 116 at 2). The expedited efforts of counsel for Katten Muchin and Retrophin to identify and segregate the documents belonging to the MSMB Entities and the documents belonging to Retrophin have effectively been stymied by Mr. Biestek's unwillingness to clearly and properly assert the attorney-client privilege.

**ACCORDINGLY, THE COURT ORDERS THAT:**

(1) Mr. Biestek and his counsel Mr. McCorty are to submit a letter by ECF no later than noon on **Friday, December 2, 2016**, that: (i) clarifies the forms under which the MSMB Entities

3

were formed and operated (*i.e.* corporation, partnership, LLC or other forms); (ii) identifies the individual(s) authorized to act for each MSMB entity including, but not limited to, asserting the attorney-client privilege; (iii) clarifies whether the MSMB Entities are operational or defunct and, where applicable, the dates on which the MSMB Entities ceased operations or became defunct; (iv) clarifies whether Mr. Biestek is asserting the attorney-client privilege on his own behalf and/or as an authorized representative of the MSMB Entities; (v) provides factual and legal authority for the assertion of any such privilege by Mr. Biestek on behalf of himself or the MSMB Entities; and (vi) specifies the categories of documents for which the attorney-client privilege is being asserted.  The court will decide, based on the anticipated submission by Mr. Biestek, whether Mr. Biestek's assertion of the attorney-client privilege is valid.

(2) To the extent that Katten Muchin can identify documents pertaining to its representation solely of Mr. Shkreli and/or the MSMB Entities, it shall provide those documents to Mr. Shkreli by **December 6, 2016.**

(3) Katten Muchin and Retrophin reported that they cannot agree on search terms and thus can neither segregate the documents belonging to the MSMB Entities from the documents belonging to Retrophin, nor ascertain whether the firm's

4

communications with Mr. Shkreli (including documents on which Mr. Shkreli was copied) pertained to the firm's representation of Mr. Shkreli, the MSMB Entities, Retrophin Inc. and/or Retrophin LLC. The court notes that documents reflecting communications sent to or received by Mr. Shkreli, concerning Katten Muchin's representation of Mr. Shkreli, the MSMB Entities, Retrophin Inc. and/or Retrophin LLC, have already been seen by Mr. Shkreli. Therefore, Mr. Shkreli is the individual best able to identify and segregate those documents that pertain to himself, the MSMB Entities, Retrophin Inc. and/or Retrophin LLC. The court further notes that Retrophin has not provided any legal authority[1] prohibiting the disclosure of documents to Mr. Shkreli that

---

[1] The attorney-client privilege protects from disclosure of confidential communications made between a lawyer and his client for the purpose of obtaining or providing legal advice or services. *In re Cty. of Erie*, 473 F.3d 413, 418 (2d Cir. 2007). "The burden of establishing the existence of an attorney-client privilege, in all of its elements, rests with the party asserting it." *United States v. Int'l Bhd. of Teamsters*, 119 F.3d 210, 214 (2d Cir. 1997). "The party claiming the privilege has the burden of showing 'that the communications between client and attorney were made in confidence and have been maintained in confidence.'" *Bus. Integration Servs., Inc. v. AT & T Corp.*, 251 F.R.D. 121, 124 (S.D.N.Y. 2008), aff'd, No. 06 CIV 1863 JGK, 2008 WL 5159781 (S.D.N.Y. Dec. 9, 2008) (quoting *In re Horowitz*, 482 F.2d 72, 81-82 (2d Cir. 1973)). To the extent that Retrophin seeks to assert the attorney-client privilege as to communications between Mr. Shkreli and Katten Muchin, it is asserting that those communications were made in confidence. The disclosure of documents to Mr. Shkreli, reflecting communications in which Mr. Shkreli was either the sender or the recipient, will not violate that confidence. Given the lack of search terms and the intertwined nature of some of the MSMB and Retrophin documents, having Mr. Shkreli review documents to which he was already privy is the least intrusive and most effective means of moving this case forward. Furthermore, it will prevent the unnecessary disclosure of MSMB documents to Retrophin and minimize the volume of documents that will require further adjudication as to the attorney-client privilege.

involved communications that he sent to or received from Katten Muchin.

(a) Accordingly, Katten Muchin shall produce for Mr. Shkreli's review, by **December 6, 2016**, the documents reflecting communications to or by Mr. Shkreli (including documents indicating that he received a copy) during the course of Katten Muchin's representation of Mr. Shkreli, the MSMB Entities, Retrophin Inc. and/or Retrophin LLC.

(b) Retrophin shall submit a status report, via ECF, by **December 6, 2016**, providing a description of any additional topics on which Retrophin intends to waive the privilege.

(c) Mr. Shkreli and his counsel shall (i) promptly review the documents that Mr. Shkreli receives from Katten Muchin and (ii) provide the documents he identifies as pertaining to Katten Muchin's representation of Retrophin Inc. and/or Retrophin LLC to counsel for Retrophin by **January 6, 2016**.

(d) Retrophin shall review the documents identified by Mr. Shkreli and must provide a privilege log as to the documents over which it asserts attorney-client privilege by **January 20, 2017**.

(e) By **January 27, 2017**, counsel for Mr. Shkreli and Retrophin shall meet and confer in good faith on any remaining

6

challenges to Retrophin's assertion of privilege before seeking judicial intervention.

(f) Mr. Shkreli shall not disclose the documents he receives from Katten Muchin or otherwise use the documents for purposes beyond the preparation of his defense in the present action without either the consent of the affected parties or a court order.

(4) The court will not rule on the admissibility of documents until it becomes necessary to do so and expects that the parties, Retrophin, the MSMB Entities and Katten Muchin will continue their good faith attempts to resolve any remaining disputes.

**SO ORDERED.**

Dated:    November 30, 2016
          Brooklyn, New York

                                                  _____/s/_____
                                                  Hon. Kiyo A. Matsumoto
                                                  United States District Judge