# Exhibit 5

| | |
|---|---|
| **From:** | Greebel, Evan L. [evan.greebel@kattenlaw.com] |
| **Sent:** | Thursday, February 07, 2013 3:23 PM |
| **To:** | Martin Shkreli |
| **Subject:** | RE: |

Re: the 10k I need to see the sub docs so I can have the transfer agent process

Based on the other statements I will not revise the schedule


**EVAN L. GREEBEL**
Partner
**Katten Muchin Rosenman LLP**
575 Madison Avenue
New York, NY 10022-2585
(212) 940-6383
(212) 894-5883 (f)

**From:** Martin Shkreli [mailto:Martin@msmbcapital.com]
**Sent:** Thursday, February 07, 2013 10:21 AM
**To:** Greebel, Evan L.
**Subject:** RE:

200k has been paid back to MSMB recently
the 10k note was an equity purchase by steve richardson
the 35k note was paid back completely

**From:** Greebel, Evan L. [mailto:evan.greebel@kattenlaw.com]
**Sent:** Thursday, February 07, 2013 10:14 AM
**To:** Martin Shkreli
**Subject:** RE:

any time the company wants to borrow money the board needs to approve it


**EVAN L. GREEBEL**
Partner
**Katten Muchin Rosenman LLP**
575 Madison Avenue
New York, NY 10022-2585
(212) 940-6383
(212) 894-5883 (f)

**From:** Martin Shkreli [mailto:Martin@msmbcapital.com]
**Sent:** Thursday, February 07, 2013 10:12 AM
**To:** Greebel, Evan L.
**Subject:** RE:

it was a subsequent event

**From:** Greebel, Evan L. [mailto:evan.greebel@kattenlaw.com]
**Sent:** Thursday, February 07, 2013 10:11 AM
**To:** Martin Shkreli
**Subject:** RE:

1

CONFIDENTIAL
R049805

A 10k note is not referenced—here is the language from the 8k

NOTE 4.  **NOTES PAYABLE**

*Note Payable - related party*

On February 1, 2012, the Company entered into a secured promissory note with a related party in the amount of $900,000, with an interest rate of 12% per annum, compounded annually.  The note plus accrued unpaid interest shall become due i) on or prior to December 31, 2012 or ii) upon consummation of a Sale of the Company (a) acquire a majority of the outstanding equity securities or (b) all or substantially all of the Company's assets on a consolidated basis.

 In addition, the Company has the right to repay a portion of the outstanding obligation without penalty or premium. The repayment amount shall be applied in the following order: (i) any expenses to be reimbursed to the related party, (ii) all unpaid interest through the date of repayment and (iii) against the principal amount.  On March 5, 2012, an aggregate payment of $25,000 was made by the Company, of which $9,764 was applied to accrued interest and the remaining balance of $15,236 was applied to the principal balance. The remaining principle balance of this note amounts to $884,764 as of September 30, 2012.

*Note Payable - employee*

On September 30 2012, the Company received an advance of $30,000 from a related party in the form of a promissory note, with an interest rate of 15% per annum, compounded annually. The note expires on the earlier of i) December 31, 2012 or ii) upon a significant change in the Company's ownership (as defined in the promissory note). Payments of $35,000 plus any unpaid interest shall become due on the expiration date.

The accrued interest at September 31, 2012, and December 31, 2011 was $60,794, and $0, respectively.

Interest expense recognized for the nine months ended September 31, 2012, for the period from March 11, 2011 (inception) through September 30 , 2011,  for the period from March 11, 2011 (inception) through December 31, 2011 and for the period from March 11, 2011 (inception) through September 30, 2012, and 2011 was $70,559, $0, $0 and $70,559, respectively.

NOTE 5.  **RELATED PARTY TRANSACTIONS**

During March 2011, the Company began subleasing office space from a company related through common ownership, see Note 6.

In October and November 2011, the Company was advanced $7,500, from a company related through common ownership. The advance is due on demand.

In November 2011, the Company was advanced $30,000 from a company related through common ownership.  The advances were repaid in February 2012.

On December 8, 2011, the Company received advances of funds aggregating $8,500 from entities related through common ownership. The advances are due on demand. Balance remaining at September 30, 2012 was $5,700.

**EVAN L. GREEBEL**
Partner
**Katten Muchin Rosenman LLP**
575 Madison Avenue
New York, NY 10022-2585
(212) 940-6383
(212) 894-5883 (f)

**From:** Martin Shkreli [mailto:Martin@msmbcapital.com]
**Sent:** Thursday, February 07, 2013 10:07 AM
**To:** Greebel, Evan L.
**Subject:** RE:

2

the 30k note was paid back. there is a 10k note I believe... the 900k note has partially been paid back

**From:** Greebel, Evan L. [mailto:evan.greebel@kattenlaw.com]
**Sent:** Thursday, February 07, 2013 10:06 AM
**To:** Martin Shkreli
**Subject:** RE:

The 8k refers to it as a note payable to a related party; I have never determined whether msmb and retrophin are affiliates (for sec purposes), but for the schedules I would rather err on the side of caution—the 8k references a 900k note (then valued at 914k) and an employee note for 30k with 15% interest. Were any others done?


**EVAN L. GREEBEL**
Partner
**Katten Muchin Rosenman LLP**
575 Madison Avenue
New York, NY 10022-2585
(212) 940-6383
(212) 894-5883 (f)

**From:** Martin Shkreli [mailto:Martin@msmbcapital.com]
**Sent:** Thursday, February 07, 2013 9:57 AM
**To:** Greebel, Evan L.
**Subject:** RE:

can you just refer to what is on the 8-k?

**From:** Greebel, Evan L. [mailto:evan.greebel@kattenlaw.com]
**Sent:** Thursday, February 07, 2013 9:55 AM
**To:** Martin Shkreli
**Subject:** RE:

The schedules—they are all affiliate transactions and if they are wrong the investors could sue


**EVAN L. GREEBEL**
Partner
**Katten Muchin Rosenman LLP**
575 Madison Avenue
New York, NY 10022-2585
(212) 940-6383
(212) 894-5883 (f)

**From:** Martin Shkreli [mailto:Martin@msmbcapital.com]
**Sent:** Thursday, February 07, 2013 9:46 AM
**To:** Greebel, Evan L.
**Subject:** RE:

what is this for?

**From:** Greebel, Evan L. [mailto:evan.greebel@kattenlaw.com]
**Sent:** Thursday, February 07, 2013 9:42 AM
**To:** Martin Shkreli
**Subject:** RE:

Thanks—please also identify all affiliates that have notes

3

**EVAN L. GREEBEL**
Partner
**Katten Muchin Rosenman LLP**
575 Madison Avenue
New York, NY 10022-2585
(212) 940-6383
(212) 894-5883 (f)

**From:** Martin Shkreli [mailto:Martin@msmbcapital.com]
**Sent:** Thursday, February 07, 2013 9:42 AM
**To:** Greebel, Evan L.
**Subject:** RE:

<$1m will check full amount

**From:** Greebel, Evan L. [mailto:evan.greebel@kattenlaw.com]
**Sent:** Thursday, February 07, 2013 8:54 AM
**To:** Martin Shkreli
**Subject:**

What is the aggregate amount of the notes that retrophin owes msmb, you or other affiliates?


EVAN L. GREEBEL
Partner
**Katten Muchin Rosenman LLP**
575 Madison Avenue
New York, NY 10022-2585
(212) 940-6383
(212) 894-5883 (f)
==========================================================
CIRCULAR 230 DISCLOSURE: Pursuant to Regulations Governing Practice Before the Internal Revenue
Service, any tax advice contained herein is not intended or written to be used and cannot be used
by a taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer.
==========================================================
CONFIDENTIALITY NOTICE:
This electronic mail message and any attached files contain information intended for the exclusive
use of the individual or entity to whom it is addressed and may contain information that is
proprietary, privileged, confidential and/or exempt from disclosure under applicable law.  If you
are not the intended recipient, you are hereby notified that any viewing, copying, disclosure or
distribution of this information may be subject to legal restriction or sanction.  Please notify
the sender, by electronic mail or telephone, of any unintended recipients and delete the original
message without making any copies.
==========================================================
NOTIFICATION:  Katten Muchin Rosenman LLP is an Illinois limited liability partnership that has
elected to be governed by the Illinois Uniform Partnership Act (1997).
==========================================================

4