UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-against-

MARTIN SHKRELI and EVAN GREEBEL,

*Defendants.*

ECF Case

No. 15-cr-00637 (KAM)

---

## SUPPLEMENTAL DECLARATION OF MICHAEL S. FRISCH

I, Michael S. Frisch, hereby declare pursuant to 28 U.S.C. § 1746:

1. I am an Adjunct Professor of Law and Ethics Counsel at Georgetown University Law Center ("Georgetown" or the "Law Center"), where I teach an array of professional responsibility and/or ethics courses. My background is described in greater detail in a prior declaration and the attached curriculum vitae. Decl. of Michael S. Frisch in Supp. of Mot. for Severance ¶¶ 1-3; Exhibit A (hereinafter "Frisch Decl.").

2. On March 10, 2017, I provided a declaration to this Court in which I concluded that a joint trial of Mr. Shkreli and Mr. Greebel would be highly prejudicial, given their mutually antagonistic defenses and their previous attorney-client relationship. I also concluded that Mr. Shkreli's jury nullification campaign would cause further unfair prejudice to Mr. Greebel given the jurors' perception of the attorney-client relationship. Frisch Decl. ¶ 6.

3. In preparing the opinions set forth below, I have reviewed the government's memorandum of law seeking a hearing pursuant to Federal Rule of Evidence 104, in which the government seeks to forestall the presentation of evidence relating to an advice-of-counsel

defense by Mr. Shkreli. I have also reviewed the precedent cited in support of the government's position.

4. My review of the above-referenced materials in no way alters my previously expressed views regarding the prejudice that will result from a joint trial of Mr. Shkreli and Mr. Greebel. A good-faith defense by Mr. Shkreli will create the same prejudices and issues that I have previously discussed in my March 10, 2017 declaration.

5. The government's proposed course of precluding Mr. Shkreli's advice-of-counsel defense underscores the problem of a joint trial and does not solve the problem of irreconcilable defenses identified in my earlier opinion. Rather, the effort to limit the evidence reveals the difficulty of fairly trying an attorney and the principal representative of his former client in matters that implicate the attorney defendant's legal advice to the former client defendant.

6. One notable aspect of this unfairness is the prospect of counsel for Mr. Shkreli engaging in vigorous cross-examination of Mr. Greebel. Defense counsel has an ethical obligation to fully prepare his client (Mr. Greebel) in anticipation of such cross-examination. Mr. Greebel has an obligation to continue to protect the confidences and secrets learned throughout the representation unless such information is "reasonably necessary" to defend against the accusations of the Indictment. *See* Rule 1.6(b)(5)(i) of the New York Rules of Professional Conduct.

7. In preparing and conducting the cross-examination, an ethical dilemma for both defense counsel and Mr. Greebel will be the inevitable byproduct of placing Mr. Greebel in a trial with the principal representative of his former client. This problem can only be cured through a severance that will avoid the implication that Mr. Greebel abused client confidences beyond the uncertain strictures of Rule 1.6.

8.  The other ethical issues that I identified in my March 10, 2017 declaration remain present even if Mr. Shkreli is ultimately unable to offer evidence to support a formal advice-of-counsel defense, and instead advances a good-faith defense. Frisch Decl. ¶¶ 8-12. Therefore, my previous opinion is not altered by the government's recent motion, regardless of the outcome.

9.  I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: April 5, 2017
Clarksville, Maryland

*/s/ Michael S. Frisch*

Michael S. Frisch

3