UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-against-<br><br>MARTIN SHKRELI and EVAN GREEBEL,<br><br>Defendants. | No. 15-CR-00637 (KAM)<br><br>ECF Case<br><br>**DECLARATION OF NICHOLAS FLATH IN OPPOSITION TO DEFENDANT SHKRELI'S MOTION TO COMPEL** |

NICHOLAS FLATH, under penalty of perjury and pursuant to 28 U.S.C. § 1746, declares:

1. I am an associate employed by the law firm Cooley LLP, counsel to Retrophin, Inc. ("Retrophin").

2. On September 28, 2016, defendant Martin Shkreli served a subpoena on the law firm Katten Muchin Rosenman LLP ("Katten"), pursuant to Fed. R. Crim. P. 17(c) (the "Subpoena"). *See* Shkreli Mot. to Compel Katten dated Oct. 27, 2016, Ex. 1, ECF No. 103.

3. Katten provided legal services to Retrophin and its predecessor, Retrophin, LLC, from in or around 2011 until 2014. Katten also provided legal services to MSMB Capital Management LLC and related entities in 2011 and 2012 (the "MSMB entities"). In addition, Katten represented Shkreli in an SEC investigation in 2013 and 2014. *See* Status Letter from Marc Agnifilo to the Court dated Nov. 16, 2016 at 2-3, ECF No. 112.

4. After receiving the Subpoena, Katten claimed it could not navigate the "competing privilege claims" asserted by Retrophin, Shkreli, and the MSMB entities, and requested a conference with the Court "to decide the most efficient way to address the issues of standing and privilege attendant to Katten's production." Katten's Resp. to Def. Shkreli's Mot. to Compel dated Nov. 4, 2016 at 4-5, ECF No. 106.

5. Retrophin had previously waived the attorney-client privilege with respect to communications with Katten concerning certain discrete subjects, and had memorialized that limited waiver in a letter to the government dated September 30, 2015 (the "Initial Waiver"). Katten's Resp. to Def. Shkreli's Mot. to Compel dated Nov. 4, 2016, Ex. A, ECF No. 106.

6. After serving the Subpoena on Katten, counsel for Shkreli asked Retrophin to expand the Initial Waiver to cover additional subjects.

7. On November 30, 2016, the Court ordered Katten to produce to Shkreli "documents reflecting communications to or by Mr. Shkreli . . . during the course of Katten Muchin's representation of Mr. Shkreli, the MSMB Entities, Retrophin Inc. and/or Retrophin LLC." Nov. 30, 2016 Order ¶ 3(a), ECF No. 120. The Court ordered Mr. Shkreli, in turn, to "promptly review" those documents and to "provide the documents he identifies as pertaining to Katten Muchin's representation of Retrophin Inc. and/or Retrophin LLC to counsel for Retrophin by January 6, 2016 [sic]." *Id.* ¶ 3(c). The Court ordered Retrophin to submit a status report "providing a description of any additional topics on which Retrophin intends to waive the privilege." *Id.* ¶ 3(b). Finally, the Court ordered Retrophin to review the documents it would receive from Shkreli and to prepare privilege logs by January 20, 2017. *See Id.* ¶ 3(d).

8. Following the November 30 Order, at Retrophin's request, the Court entered a further Order providing that, "pursuant to Rule 502(d) of the Federal Rules of Evidence, Katten Muchin Rosenman LLPs production of its communications with Martin Shkreli to Mr. Shkreli in accordance with paragraph 3(a) of the November 30 Order [ECF] 120 shall not constitute a waiver, in this or any other proceeding, or any attorney-client privilege that nonparty Retrophin, Inc. may have in such materials." Order dated Dec. 6, 2016. Attached hereto as **Exhibit A** is a true and correct copy of this order of the Court, printed from the docket.

9. On December 16, 2016, the Court ordered Katten to produce an additional set of documents responsive to the subpoena directly to Retrophin. *See* Dec. 16, 2016 Order ¶ 2, ECF No. 137. The Court ordered Retrophin to log the privileged documents contained in that production by January 20, 2017. *See id.* ¶ 6.

10. Pursuant to the Court's orders, Shkreli and Katten produced to Retrophin documents responsive to the subpoena that pertained to Katten's representation of Retrophin, and Retrophin reviewed those documents for privilege.

11. In response to Shkreli's earlier request, Retrophin agreed to expand its prior waiver to cover additional discrete subjects. Retrophin memorialized its offer to waive in a letter to the Court dated December 6, 2016 (the "Second Waiver"), and conditioned that offer on the agreement of the parties "that Retrophin's waiver on these topics will not be used by the parties to argue that the scope of the waiver exceeds the subject matter of the specific topics we have specifically identified." Letter from Ian Shapiro to the Court on behalf of Retrophin dated Dec. 6, 2016, ECF No. 129.

12. At a Court conference on December 14, 2016, counsel for Retrophin asked for the agreement of the parties that "the additional waivers that we've made since the [initial] waiver…would not be the basis for arguments about a broader subject matter waiver." Dec. 14, 2016 Transcript at 40:2-21. Counsel for Shkreli and counsel for Greebel agreed to this condition. *Id.* at 40:22-41:19. Attached hereto as **Exhibit B** is a true and correct copy of the relevant excerpts from the December 14, 2016 court conference.

13. In January 2017, in response to further requests for waiver by counsel for Shkreli, Retrophin agreed to waive with respect to other set of discrete subjects. Retrophin memorialized its third waiver in a letter to the Court dated January 23, 2017 (the "Third Waiver"). As with the

3

Second Waiver, this waiver was also expressly subject to the condition that the parties not invoke it to assert that Retrophin had made a broader waiver of privilege. Letter from Ian Shapiro to the Court on behalf of Retrophin dated Jan. 23, 2017, ECF No. 150.

14. As it reviewed the documents produced by Katten and Shkreli for privilege, Retrophin only logged privilege claims over documents not covered by its three prior limited waivers. Hundreds of otherwise privileged documents were omitted from Retrophin's logs since they were within the scope of either the Second or Third Waivers.

15. Retrophin transmitted its privilege logs to counsel for defendants on January 20, 2017. Retrophin's redacted log and withheld log are attached to Shkreli's motion. *See* Shkreli Br., Exs. 3, 4, ECF No. 174. Retrophin's categorical log and log of privileged duplicates have not been challenged in this motion.

16. After receiving Retrophin's privilege log, Shkreli sought further waivers covering 983 documents on Retrophin's privilege logs. The final iteration of Shkreli's request for waiver, attached as Exhibit 5 to Shkreli's Motion, was transmitted to counsel for Retrophin on March 26, 2017. A true and correct copy of Shkreli's e-mail is attached hereto as **Exhibit C**.

17. These nearly one thousand documents included sixteen which counsel for Shkreli contended were within the scope of Retrophin's prior waivers. *See* Shkreli Br., Ex. 5, ECF No. 174; Shkreli e-mail, Ex. C.

18. On the evening of March 27, 2017, I explained to counsel for Shkreli, by phone, that she was mistaken concerning these sixteen documents and that they were not covered by any prior waiver by Retrophin. Counsel for Shkreli replied that she would double-check her basis for the assertion that Retrophin had waived the privilege over these documents. She did not get back to me on this issue.

19. On March 27, 2017, I told counsel for Shkreli, by phone and email, that Retrophin was prepared to waive the privilege with respect to thirty-two of the documents that were on her March 26, 2017 spreadsheet, on condition that Shkreli not invoke this waiver to seek a broader subject matter waiver. Attached hereto as **Exhibit D** is a true and correct copy of my March 27, 2017 e-mail to counsel for Shkreli.

20. On March 31, 2017, I told counsel for Shkreli that Retrophin would be prepared to waive the privilege over sixty-nine additional documents from her March 26, 2017 spreadsheet, on condition, among other things, that Shkreli withdraw his motion against Retrophin, filed on March 27, 2017, to compel the production of the remaining documents for which he was seeking a waiver, and that Shkreli commit not to invoke this waiver to seek a broader subject matter waiver. Attached hereto as **Exhibit E** is a true and correct copy of my March 31, 2017 e-mail to counsel for Shkreli. Attached hereto as **Exhibit F** is a list of the log entry numbers and Bates numbers of these sixty-nine documents.

21. On April 4, 2017, counsel for Shkreli stated, by phone, that Shkreli would not accept these conditions.

I declare under penalty of perjury that the foregoing is true and correct.


Executed: New York, New York
April 10, 2017

/s/ Nicholas Flath
Nicholas Flath