UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------ X

UNITED STATES OF AMERICA

    - against-

MARTIN SHKRELI and
EVAN GREEBEL,
              Defendants.

------------------------------------------------ X

STIPULATION & ORDER

Cr. No. 15-637 (KAM)

WHEREAS, Defendant Martin Shkreli ("Shkreli") subpoenaed discovery materials from Katten Muchin Rosenman LLP ("Katten"), and moved to compel Katten to comply with that subpoena;

WHEREAS, in connection with that motion to compel, on or about November 22, 2016, the Court ordered Retrophin, Inc. ("Retrophin") to produce a set of Katten invoices (the "Retrophin-Katten Invoices") by on or about November 28, 2016;

WHEREAS, on or about November 28, 2016, Retrophin produced the Retrophin-Katten Invoices to the Defendants and to the Government as ordered, and also requested via e-mail that the parties agree to treat the Retrophin-Katten Invoices as subject to whatever protective order the parties eventually agree to and the Court so orders;

WHEREAS, on or about November 30, 2016, the Court issued an order requiring Katten to produce certain correspondence within the scope of the subpoena (the "Shkreli-Katten Correspondence") to Shkreli;

1

WHEREAS, on or about December 16, 2016, the Court issued an order requiring Katten to produce additional materials within the scope of the subpoena (the "Supplemental Katten Correspondence");

WHEREAS, the Retrophin-Katten Invoices, the Shkreli-Katten Correspondence, the Supplemental Katten Correspondence, and any other Retrophin documents produced by Katten pursuant to the foregoing Orders (together, the "Covered Katten Materials") may include material that contains Retrophin's confidential information;

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned that:

1. The Covered Katten Materials can be used by the Government and the Defendants and their counsel in this action, *Securities and Exchange Commission v. Martin Shkreli et al.*, Civ. No. 1:15-cv-07175 (KAM)(RML), and any litigation or investigation arising out of or relating to the allegations in the above-captioned indictment and the SEC case (hereinafter collectively, the "Actions") only for purposes of preparing or filing motions in these Actions, factual and legal work in these Actions, trial preparation in these Actions, the Government's case-in-chief, the defense case and/or the Government's rebuttal case at any trial in these Actions, and any appellate proceedings arising from those Actions.

2. Absent further order of the Court, the defendants and the defendants' counsel may not disclose or disseminate the Covered Katten Materials or any portion thereof to anyone who has not agreed to be subject to this Stipulation and Order (by signing a copy of this Stipulation and Order, stating that they "Agree to be bound by the terms herein," and providing such copy to counsel for the particular defendant) other than the following people:

   (a) those of defense counsel's legal staff including secretarial, clerical, and other personnel employed full-time or part-time;

(b) any potential expert witnesses, consultants, and/or other personnel retrained by or working under the direction of defense counsel; and

(c) such other persons as hereafter may be authorized by the Court upon motion by any party.

3. If the defendants, their counsel, or anyone else who has received the Covered Katten Materials from the defendants or their counsel pursuant to the terms of this Stipulation and Order seeks to make further disclosure or dissemination of the Covered Katten Materials beyond what is permitted pursuant to the terms of this Stipulation and Order, or otherwise ordered by the Court, notice must first be provided to Retrophin and counsel for the other parties to the Actions, and such notice must be given sufficiently in advance of the contemplated disclosure or dissemination so as to permit any party to raise any objections.

4. The provisions of this Stipulation and Order shall not be construed as preventing the disclosure of any information in any submission to or filing with the Court, hearing, and/or trial held in connection with the Actions, or preventing any disclosure of any information pursuant to paragraph 2 above.

5. Notwithstanding paragraph 4, Retrophin may designate certain documents as "highly confidential" if they would disclose information concerning an ongoing commercial relationship, where Retrophin's business would be prejudiced by the disclosure of that information. Retrophin must stamp those documents as "highly confidential" and identify the specific portions of such documents that Retrophin considers to be "highly confidential." Should any party file such document with the Court prior to any trial in the Actions, the disclosing party will give Retrophin 48 hours to request reasonable redactions to protect the commercial information, the disclosure of which would prejudice Retrophin. Should the disclosing party reject Retrophin's requested redactions, Retrophin must seek relief from the Court within 24

hours. During any court hearing or trial, however, the disclosing party may use any documents stamped "highly confidential" during cross-examinations of any witness without prior notice to Retrophin so long as none of the designated "highly confidential" portions are publicly disclosed. Further, during any court hearing or trial, the disclosing party may seek the admission of any documents stamped "highly confidential" without prior notice to Retrophin so long as that party informs the Court in advance of the "highly confidential" designation so that the Court may decide what steps, if any, should be taken with respect to the document.

6. All Covered Katten Materials that have not otherwise become public through court proceedings or otherwise shall be shredded, erased, and/or destroyed at the conclusion of the Actions, specifically within sixty (60) days of (a) a verdict of acquittal for the defendant rendered by a jury (and the conclusion of the other Actions), (b) the date of sentencing for the defendant if no appeal is filed (and the conclusion of the other Actions), (c) the issuance of an appeal decision for the defendant rendering a final judgment (and the conclusion of the other Actions), or (d) the conclusion of any collateral appeal or attack on an any decision in the Actions. Notwithstanding the foregoing, the defendant's counsel shall be entitled to retain any and all documents reflecting their work product, including work product containing or incorporating the Covered Katten Materials, provided that such counsel and their employees shall not disclose to any person the contents of the Covered Katten Materials contained or incorporated in such work product except as consistent with this Order.

7. Any material that (i) is public, (ii) becomes public other than through improper action by the defendant or his counsel, and/or (iii) was obtained or is obtained by any party through means other than receipt of the Covered Katten Materials in this case shall not be deemed confidential and shall not be subject to this Stipulation and Order.

8. Any violation of this Stipulation and Order will be determined by the Court, and may result in sanctions to be imposed by the Court.

Dated: Brooklyn, New York
      April __, 2017

Bridget M. Rohde
Acting United States Attorney, E.D.N.Y.

By: _____
    Jacquelyn Kasulis, AUSA
    Alixandra Smith, AUSA
G. Karthik Srinivasan, AUSA

_____
Evan Greebel
Defendant

Gibson Dunn & Crutcher LLP

By: _____
    Reed Brodsky
    Lisa Rubin
    *Counsel for Defendant Greebel*

_____
Martin Shkreli
Defendant

Brafman & Associates, P.C.

By: _____
    Benjamin Brafman
    Marc Agnifilo
    *Counsel for Defendant Shkreli*

SO ORDERED.

_____
HONORABLE KIYO A. MATSUMOTO
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

8. Any violation of this Stipulation and Order will be determined by the Court, and may result in sanctions to be imposed by the Court.

Dated: Brooklyn, New York
       April __, 2017

Bridget M. Rohde
Acting United States Attorney, E.D.N.Y.

By: _____

    Jacquelyn Kasulis, AUSA
    Alixandra Smith, AUSA
G. Karthik Srinivasan, AUSA

_____
Evan Greebel
Defendant

Gibson Dunn & Crutcher LLP

By: *Reed Brodsky*
    Reed Brodsky
    Lisa Rubin
    *Counsel for Defendant Greebel*

_____
Martin Shkreli
Defendant

Brafman & Associates, P.C.

By: _____
    Benjamin Brafman
    Marc Agnifilo
    *Counsel for Defendant Shkreli*

SO ORDERED.

_____
HONORABLE KIYO A. MATSUMOTO
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

5

8. Any violation of this Stipulation and Order will be determined by the Court, and may result in sanctions to be imposed by the Court.

Dated: Brooklyn, New York
April __, 2017

Bridget M. Rohde
Acting United States Attorney, E.D.N.Y.

By: _____

Jacquelyn Kasulis, AUSA
Alixandra Smith, AUSA
G. Karthik Srinivasan, AUSA

_____
Evan Greebel
Defendant

Gibson Dunn & Crutcher LLP

By: _____
Reed Brodksy
Lisa Rubin
*Counsel for Defendant Greebel*

_____
Martin Shkreli
Defendant

Brafman & Associates, P.C.

By: _____
Benjamin Brafman
Marc Agnifilo
Andrea Zellan
*Counsel for Defendant Shkreli*

SO ORDERED.
  /s/
_____
HONORABLE KIYO A. MATSUMOTO
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

April 19, 2017