# EXHIBIT C2

JMK/AES/GKS
F. #2014R00501

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    -against-                          Docket No. <u>15-CR-637 (KAM)</u>

EVAN GREEBEL,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - X


<u>THE GOVERNMENT'S REQUESTS TO CHARGE</u>


                                    BRIDGET M. ROHDE
                                    ACTING UNITED STATES ATTORNEY
                                    Eastern District of New York
                                    271 Cadman Plaza East
                                    Brooklyn, New York 11201


Jacquelyn M. Kasulis
Alixandra E. Smith
G. Karthik Srinivasan
Assistant U.S. Attorneys
   (Of Counsel)

TABLE OF CONTENTS

PRELIMINARY STATEMENT ...........................................................................................1

REQUEST NO. 1...........................................................................................................2

REQUEST NO. 2 (Knowingly, Intentionally, Willfully)............................................................3

    A.    Knowingly ...................................................................................... 3

    B.    Intentionally .................................................................................. 4

    C.    Willfully ....................................................................................... 4

REQUEST NO. 3 (Count One: Wire Fraud Conspiracy)...........................................................5

    A.    Conspiracy .................................................................................... 5

    B.    Wire Fraud: Definition and Elements ................................................. 6

    C.    Venue .......................................................................................... 11

REQUEST NO. 4 (Count Two: Securities Fraud Conspiracy) .............................................14

    A.    Conspiracy................................................................................... 16

    B.    The Statute .................................................................................. 17

    C.    Definitions and Elements ............................................................... 17

    D.    Securities Fraud Venue ................................................................... 25

REQUEST NO. 5 (Charts and Summaries)...........................................................................27

REQUEST NO. 6 (Interested Witnesses)..............................................................................28

REQUEST NO. 7 (Defendant's Interest If Defendant Testifies) .............................................29

REQUEST NO. 8 (Testimony of Government Employees/Law Enforcement Witnesses) ....30

REQUEST NO. 9 (Expert Witnesses)..................................................................................31

REQUEST NO. 10 (Impeachment By Prior Inconsistent Statement)...................................32

REQUEST NO. 11 (Discrepancies in Testimony) ...............................................................33

REQUEST NO. 12 (Admission of Defendant) ....................................................................34

REQUEST NO. 13 (Preparation of Witnesses)...................................................................35

REQUEST NO. 14 (No Duty to Call Witnesses, Produce Evidence or Use Particular Investigative Techniques)............................................................................................ 36

REQUEST NO. 15 (Other Persons Not At Trial) ................................................................37

REQUEST NO. 16 (Witnesses Equally Available)..............................................................38

REQUEST NO. 17 (Stipulations)........................................................................................39

CONCLUSION ..................................................................................................................40

PRELIMINARY STATEMENT

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the government respectfully requests that the Court include the following instructions in its charge to the jury. The government also requests leave to offer additional instructions as may become appropriate during the course of the trial.

In addition, the government notes that in the Superseding Indictment, the defendant EVAN GREEBEL was charged only in Count Seven (the Retrophin Misappropriation Scheme) and Count Eight (the Retrophin Unrestricted Shares Scheme). Because defendant EVAN GREEBEL will be tried separately from his co-defendant Martin Shkreli – and, as a result, Counts One to Six of the Superseding Indictment will not be before the jury in this trial – Count Seven and Count Eight have been renumbered herein as Count One (the Retrophin Misappropriation Scheme) and Count Two (the Retrophin Unrestricted Shares Scheme) in order to avoid jury confusion.

REQUEST NO. 1
(General Requests)

The government requests that the Court charge the jury in its usual manner on the

following subjects:

    a.  Function of the Court and the Jury;

    b.  Jury Communications with Lawyers and the Court;

    c.  Equality of the Parties Before the Court;

    d.  Presumption of Innocence;

    e.  Burden of Proof and Reasonable Doubt;

    f.  Direct and Circumstantial Evidence;

    g.  Function of the Indictment and What Is Not Evidence;

    h.  The meaning of "and" in the Indictment;

    i.  Permissible Inferences Drawn from the Evidence;

    j.  Objections;

    k.  Credibility of Witnesses and Discrepancies in Testimony;

    l.  Dates Approximate;

    m.  Punishment;

    n.  Basing Verdict on Sympathy;

    o.  Deliberations;

    p.  Right to See Exhibits and Have Testimony Read During Deliberations; and

    q.  Unanimity.

<u>REQUEST NO. 2</u>
(Knowingly, Intentionally, Willfully)

As a general rule, the law holds persons accountable only for conduct in which they knowingly or intentionally engage.  Thus, before you can find a defendant guilty, you must be satisfied that he was acting knowingly and intentionally.  Therefore, I will define these terms for you.

A.   <u>Knowingly</u>

An act is done "knowingly" when it is done voluntarily and intentionally and not because of ignorance, accident, mistake, negligence, carelessness, or some other innocent reason. Whether a defendant acted knowingly may be proven by his conduct and by all of the facts and circumstances surrounding the case.

In determining whether the defendant acted knowingly, you may consider whether the defendant deliberately closed his eyes to what otherwise would have been obvious to him.  You may only infer knowledge of the existence of a particular fact if the defendant was aware of a high probability of its existence, unless the defendant actually believed that it did not exist.  If you find beyond a reasonable doubt that the defendant acted with a conscious purpose to avoid learning a highly probable truth, then this element may be satisfied.  However, guilty knowledge may not be established by demonstrating that the defendant was merely negligent, foolish, careless, or mistaken.

It is entirely up to you to determine whether the defendant deliberately closed his eyes and what inferences, if any, fairly may be drawn from the evidence on this issue.  Whether the defendant acted "knowingly" may be proven by a defendant's conduct and by all of the facts and circumstances surrounding the case.

3

B.  <u>Intentionally</u>

A person acts "intentionally" when he acts deliberately and purposefully. That is, the defendant's acts must have been the product of his conscious, objective decision rather than the product of a mistake or accident.

These issues of knowledge and intent require you to make a determination about the defendant's state of mind, something that can rarely be proven directly.  A wise and careful consideration of all the circumstances of the case may, however, permit you to make such a determination as to the defendant's state of mind.  Indeed, in your everyday affairs, you are frequently called upon to determine a person's state of mind from his or her words and actions in a given circumstance.  You are asked to do the same here.

C.  <u>Willfully</u>

Certain allegations in this Indictment require that, in order to sustain its burden of proof, the government must prove beyond a reasonable doubt that the defendant acted willfully. "Willfully" means to act with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say with the bad purpose either to disobey or to disregard the law.  A defendant's conduct was not "willful" if it was due to negligence, inadvertence, or mistake.

<u>Authority</u>

Adapted from the charges of the Hon. Dora L. Irizarry, <u>United States v. Lange, et al.</u>, No. 10-CR-968 (E.D.N.Y. 2014) (hereinafter "<u>Lange</u>"); and the Hon. Kiyo A. Matsumoto, <u>United States v. Rivera, et al.</u>, No. 13-CR-149 (E.D.N.Y. 2015) (hereinafter "<u>Rivera</u>").

<u>REQUEST NO. 3</u>
(Count One: Wire Fraud Conspiracy)

The defendant EVAN GREEBEL is formally charged in an Indictment. The Indictment in this case contains two counts.  As I instructed you at the outset of this case, the Indictment is a charge or accusation.

Count One of the Indictment charges the defendant EVAN GREEBEL with conspiracy to commit wire fraud as follows:

> In or about and between February 2011 and September 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant EVAN GREEBEL, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud Retrophin, and to obtain money and property from Retrophin by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Section 1343.

A.    <u>Conspiracy</u>

The relevant portion of the conspiracy statute, Title 18, United States Code, Section 371, provides, in relevant part that it shall be unlawful for "two or more persons [to] conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy[.]"

A conspiracy is a kind of criminal partnership, at the heart of which is an agreement or understanding by two or more persons to violate other laws.  A conspiracy to commit a crime is an entirely separate and different offense from the underlying crime that the conspirators intended to commit.  Thus, if a conspiracy exists, it is still punishable as a crime, even if it should fail to achieve its purpose.  A defendant may be found guilty of conspiracy even

5

if he was incapable of committing the substantive crime.  Consequently, for a defendant to be guilty of conspiracy, there is no need for the government to prove that he or any other conspirator actually succeeded in their criminal goals or even that they could have succeeded.

The following are the elements of conspiracy, which the government must prove beyond a reasonable doubt:

First, that two or more persons entered into an agreement to commit wire fraud; and

Second, that the defendant knowingly and intentionally became a member of the conspiracy.

B.    Wire Fraud: Definition and Elements

I now will define wire fraud, which is alleged to be the object of the conspiracy charged in Count One.  The relevant statute regarding this subject is Section 1343 of Title 18 of the United States Code, which provides that:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures or sounds for the purpose of executing such scheme or artifice, shall be [guilty of a crime].

In order to sustain a charge of wire fraud, the government must prove each of the following elements beyond a reasonable doubt.

First, that there was a scheme or artifice to defraud or to obtain money or property by false and fraudulent pretenses, representations or promises, as alleged in the Indictment;

Second, that the defendant knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; and

6

Third, that in the execution of that scheme, the defendant used or caused the use of interstate wires.

Specifically, as to Count One, the government alleges that the defendant EVAN GREEBEL, together with others, defrauded Retrophin by causing it to: (i) transfer Retrophin shares to MSMB Capital even though MSMB Capital never invested in Retrophin; (ii) enter into settlement agreements with defrauded MSMB Capital and MSMB Healthcare investors to settle liabilities owed by the MSMB Funds and Martin Shkreli; and (iii) enter into sham consulting agreements with other defrauded MSMB Capital, MSMB Healthcare and Elea Capital investors as an alternative means to settle liabilities owed by the MSMB Funds and Martin Shkreli.  To find the defendant EVAN GREEBEL guilty on Count One, you are not required to find that the government has proven all the elements beyond a reasonable doubt as to all of these allegations. Rather, you can find the defendant EVAN GREEBEL guilty if the government has proven all of the elements beyond a reasonable doubt as to one of these means or as to any one of the settlement and consulting agreements, but you must be unanimous as to that finding.

1.   First Element – Existence of a Scheme or Artifice to Defraud

The first element that the government must prove beyond a reasonable doubt is that there was a scheme or artifice to defraud Retrophin.

A "scheme or artifice" is simply a plan for the accomplishment of an objective. "Fraud" is a general term which embraces all the various means that an individual can devise and that are used by an individual to gain an advantage over another by false representations, suggestions, suppression or omission of the truth, or deliberate disregard for the truth.

A "scheme or artifice to defraud" is any pattern or course of conduct designed to obtain money or property by means of false representations.  A representation is fraudulent if it was falsely made with the intent to deceive.  Half-truths, the concealment or omission of material

facts, or the expression of an opinion not honestly entertained may constitute false or fraudulent representations under the statute. The fraudulent representation must relate to a material fact or matter. A material fact is one that reasonably would be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision.

The deception need not be premised upon spoken or written words alone. The arrangement of words, or the circumstances in which they are used may convey a false and deceptive appearance. If there is intentional deception, the manner in which it is accomplished does not matter.

It is not necessary that the government prove that the defendant actually realized any gain from the scheme or that the intended victim actually suffered any loss.

If you find that the government has not proven this element beyond a reasonable doubt, you must find the defendant not guilty of Count One. However, if you do find that the government has proven beyond a reasonable doubt that a scheme to defraud, as charged, did exist, you next must consider the second element.

2.    <u>Second Element – Participation in Scheme with Intent</u>

The second element that the government must prove beyond a reasonable doubt is that the defendant participated in the scheme to defraud knowingly, willfully and with the specific intent to defraud.

I already instructed you as to the meaning of "knowingly" and "willfully." I refer you to those instructions as they apply here also. I will remind you, however, that the question of whether a person acted knowingly, willfully and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves the defendant's state of mind. As I said before, direct proof of knowledge and fraudulent intent is not necessary. The ultimate facts of knowledge and criminal intent, though subjective, may be established by

8

circumstantial evidence, based upon a person's outward manifestations, his or her words, his or her conduct, his or her acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.  Circumstantial evidence, if believed, is of no less value than direct evidence.  In either case, the essential elements of the crime must be established beyond a reasonable doubt.

Under the wire fraud statute, even false representations or statements, or omissions of material facts, do not amount to a fraud unless done with fraudulent intent.  However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith.  An honest belief in the truth of the representations made by or on behalf of the defendant is a complete defense, however inaccurate the statements may turn out to be.

The government also can meet its burden of showing that the defendant had knowledge of the falsity of the statements if it establishes beyond a reasonable doubt that he acted with deliberate disregard of whether the statements were true or false, or with a conspicuous purpose to avoid learning the truth.  If the government establishes that the defendant acted with deliberate disregard for the truth, the knowledge requirement would be satisfied unless the defendant actually believed the statements to be true.  This guilty knowledge, however, cannot be established by demonstrating that the defendant was merely negligent, foolish, or mistaken.

There is another consideration to bear in mind in deciding whether or not the defendant acted in good faith.  You are instructed that if the defendant participated in the scheme to defraud, then a belief by the defendant, if such a belief existed, that ultimately everything would work out so that no one would lose any money does not require you to find that the defendant acted in good faith.  No amount of honest belief on the part of the defendant that the

9

scheme would, for example, ultimately make a profit for investors, will excuse fraudulent actions or false representations caused by him.

As a practical matter, then, in order to sustain a charge of wire fraud, the government must establish beyond a reasonable doubt that the defendant knew that his conduct as a participant in the scheme was calculated to deceive and, nonetheless, he associated himself with the alleged fraudulent scheme for the purpose of causing some financial loss to another or to deprive another of their interest in property.

To conclude on this element, if you find that the defendant EVAN GREEBEL was not a knowing participant in the scheme or that he lacked the specific intent to defraud, you must find him not guilty.  On the other hand, if you find that the government has established beyond a reasonable doubt not only the first element, namely the existence of the scheme to defraud, but also this second element, that the defendant was a knowing participant and acted with specific intent to defraud, you must then proceed to consider the third element of wire fraud.

3.     Third Element – Use of the Wires

The third and final element that the government must establish beyond a reasonable doubt is the use of an interstate or international wire communication in furtherance of the scheme to defraud.  The wire communication must pass between two or more states, or it must pass between the United States and a foreign country.  A wire communication includes a wire transfer of funds between banks in different states, telephone calls, emails and facsimiles between two different states.

The use of the wires need not itself be a fraudulent representation.  However, it must further or assist in the carrying out of the scheme to defraud.  It is not necessary for the defendant to be directly or personally involved in the wire communication, as long as the

10

communication was reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating.

In this regard, it is sufficient to establish this element of the crime if the evidence justifies a finding that the defendant caused the wires to be used by others.  This does not mean that the defendant must specifically have authorized others to make or cause the transfer of funds or other wire communication, such as a facsimile or email.  When one does an act with knowledge that the use of the wires will follow in the ordinary course of business or where such use of the wires reasonably can be foreseen, even though not actually intended, then he causes the wires to be used.

The government does not have to prove that the wires were used on the exact date charged in the Indictment.  It is sufficient if the evidence establishes beyond a reasonable doubt that the wires were used on a date substantially similar to the dates charged in the Indictment.  I remind you that the government need not prove that the defendant EVAN GREEBEL actually committed the unlawful act charged as the object of the conspiracy in Count One, that is, wire fraud.  Rather, what the government must prove beyond a reasonable doubt is that the purpose of the conspiracy was to commit wire fraud, and that the defendant knowingly and intentionally joined that conspiracy.

C.    Venue

Unlike the elements I just explained to you that the government must prove beyond reasonable doubt, the government must prove venue by a preponderance of the evidence.  I remind you that to establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not.  A preponderance of the evidence means the greater weight of the evidence, both direct and circumstantial.  It refers to the quality and persuasiveness of the evidence, not to the quantity of evidence.

To establish venue for wire fraud conspiracy as charged in Count One, the government must prove that it is more likely than not that an act in furtherance of the conspiracy occurred, at least in part, in the Eastern District of New York, which consists of the Counties of Kings (also known as Brooklyn), Queens, Richmond (also known as Staten Island), Nassau, and Suffolk.  In this regard, the government need not prove that the crime charged was committed in the Eastern District of New York or that the defendant or any alleged co-conspirator was even physically present here.  It is sufficient to satisfy the venue requirement if an act in furtherance of the conspiracy occurred within the Eastern District of New York. This includes not just acts by the defendant or his co-conspirators, but also acts that the conspirators caused others to take that materially furthered the ends of the conspiracy.

Therefore, if you find that it is more likely than not that an act in furtherance of the conspiracy took place in the Eastern District of New York, the government has satisfied its burden of proof as to venue as to Count One.

Again, I caution you that the preponderance of the evidence standard applies only to venue. The government must prove each of the elements of Count One beyond a reasonable doubt.

* * * * *

In sum, if you find that the government has failed to prove any one of the elements beyond a reasonable doubt, then you must find the defendant EVAN GREEBEL not guilty of Count One. On the other hand, if you do find that the government has proven each element beyond a reasonable doubt and also has established venue by a preponderance of the evidence, then you must find the defendant guilty of Count One.

12

Authority

      Adapted from <u>Lange</u> and <u>Rivera</u>; Sand, <u>et al.</u>, <u>Modern Federal Jury Instructions</u>, Instruction 3-11.

REQUEST NO. 4
(Count Two: Securities Fraud Conspiracy)

I will next go over the securities fraud conspiracy charge.  Count Two of the

Indictment charges the defendant EVAN GREEBEL with conspiracy to commit securities fraud

as follows:

> In or about and between November 2012 and September 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant EVAN GREEBEL, together with others, did knowingly and willfully conspire to use and employ manipulative and deceptive devices and contrivances, contrary to Rule 10b-5 of the Rules and Regulations of the United States Securities and Exchange Commission, Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing devices, schemes and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices and courses of business which would and did operate as a fraud and deceit upon investors and potential investors in Retrophin, in connection with the purchase and sale of securities of Retrophin, directly and indirectly, by use of means and instrumentalities of interstate commerce and the mails, contrary to Title 15, United States Code, Sections 78j(b) and 78ff.

> In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendant EVAN GREEBEL, together with others, committed and caused to be committed, among others, the following overt acts:

> a.   On or about December 12, 2012, GREEBEL sent an email to Co-Conspirator 1, attaching six stock purchase agreements, and stated, in part, "attached are purchase agreements for the acquisition of the [unrestricted] stock. . . . Please ask each person to sign the last page and return it to me."

> b.   On or about December 13, 2012, GREEBEL sent an email to Co-Conspirator 1 and another one of the seven employees and contractors who received unrestricted or free trading shares, and stated, in part, "Please send me an email confirming the following: I represent that I am not an officer, a director, or holder of 10% or more of the outstanding equity securities of

14

Desert Gateway and do not, alone or together with any other person, exercise control over Desert Gateway."

c. On or about December 17, 2012, Martin Shkreli ("Shkreli") sent an email to all employees, copying six of the seven employees and contractors who received unrestricted and free trading shares, and stated that Retrophin now had four employees and that everyone else, including the employees and contractors who received the unrestricted or free trading shares, were no longer employees or consultants to Retrophin or MSMB even though they could continue using Retrophin's office space as a courtesy. Shkreli then forwarded this email to GREEBEL.

d. On or about December 20, 2012, GREEBEL sent an email to Shkreli, attaching a Schedule 13D, and stated, "Attached is a draft of the 13D. We should discuss."

e. On or about December 20, Shkreli filed a Schedule 13D with the SEC that failed to disclose his control over any of the unrestricted or free trading shares.

f. On or about January 2, 2013, Shkreli sent an email to GREEBEL requesting GREEBEL's thoughts on a draft email that Shkreli wanted to send to one of the seven employees and consultants who received unrestricted or free trading shares and who was selling his RTRX stock. In the draft email, Shkreli stated, in part, "I have decided to commence litigation against you for failing to honor the agreement we made in our office on December 10th. You agreed to work for MSMB . . . Instead you have failed to come to the office and will not even return my telephone calls." Less than thirty minutes later, GREEBEL replied to Shkreli, and stated, "Very risky given what you[r] agreement was – could be opening a much bigger can of worms."

g. On or about January 18, 2013, GREEBEL sent an email to Shkreli, and stated, in part, "I just need the [$100,000] and can be patient again; ive [sic] gotten you out of paying a lot of people, I cant [sic] be left stuck at this point on this." Later that day, GREEBEL sent another email, and stated, in part, "[I've] repeadtedy [sic] done all you ask and very rarely chase you for money."

15

h. On or about February 19, 2013, Shkreli filed an amended Schedule 13D with the SEC that failed to disclose his control over any of the unrestricted or free trading shares.

i. On or about March 8, 2013, GREEBEL sent an email to Shkreli, and stated, "[John Doe 1] and the 'purchasers' are signing an amendment to their purchase agreement and in the amendment the 'purchaser' is directing [John Doe 1] to have the stock delivered to the designated people."

j. On or about April 10, 2013, GREEBEL sent an email to John Doe 1 and Shkreli, and stated, in part, "The 50k [unrestricted or free trading] shares that were owed to [Co-Conspirator 1] should be broken down as follows . . . ."

k. On or about May 9, 2013, in response to an email from GREEBEL requesting the source of unrestricted or free trading shares to settle a dispute with a defrauded MSMB Healthcare investor, Shkreli stated, "Take from anyone – I don't care – do the math?"

l. On or about January 15, 2014, GREEBEL sent an email to Shkreli concerning a request by Investor 1 for, inter alia, 100,000 unrestricted or free trading shares and stated, in part, "As you may recall, we discussed that [Co-Conspirator 1] could transfer 100k shares of stock to [Investor 1] and we could have the board approve a 100k grant of new RTRX stock to [Co-Conspirator 1]." In response, Shkreli stated, in part, "Smarter thing to do is to give him 200K restricted stock and have him swap any and all he wants for free trading from our employees."

A. <u>Conspiracy</u>

I already instructed you on conspiracy generally. Those same instructions apply here. As a reminder, the government need not prove that the defendant EVAN GREEBEL actually committed the unlawful acts charged as the objects of the conspiracy in Count Eight, that is, securities fraud. Rather, the government must prove, beyond a reasonable doubt, the following:

<u>First</u>, that two or more persons entered into an agreement to commit securities fraud;

16

Second, that the defendant knowingly and intentionally became a member of the conspiracy;

Third, that one of the members of the conspiracy knowingly committed at least one of the overt acts charged in the Indictment; and

Fourth, that the overt act or acts that you find were committed were done specifically to further some objective of the conspiracy.

B.     The Statute

The relevant statute is Section 10(b) of the Securities Exchange Act of 1934. That law provides in relevant part that:

> It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or any facility of any national securities exchange –
> (b) To use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered . . . any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [Securities and Exchange Commission ("SEC")] may prescribe as necessary or appropriate in the public interest or for the protection of investors.

Based on its authority under this statute, the SEC enacted Rule 10b-5, which provides:

> It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange,
>
> (a) To employ any device, scheme, or artifice to defraud,
>
> (b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or
>
> (c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

17

C.      Definition and Elements

In order to meet its burden of proof as to Count Two, the government must establish beyond a reasonable doubt the following elements of the crime of conspiracy to commit securities fraud:

First, that, in connection with the purchase or sale of a security in Retrophin, the defendant EVAN GREEBEL did any one or more of the following:

(1) employed a device, scheme, or artifice to defraud, or

(2) made an untrue statement of a material fact or omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, misleading, or

(3) engaged in an act, practice, or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller.

Second, that the defendant EVAN GREEBEL acted willfully, knowingly and with the intent to defraud.

Third, that the defendant EVAN GREEBEL knowingly used, or caused to be used, any means or instrumentalities of transportation or communication in interstate commerce or the use of the mails in furtherance of the fraudulent conduct.

1.      First Element - Fraudulent Act

The first element that the government must prove beyond a reasonable doubt is that, in connection with the purchase or sale of a security in Retrophin, the defendant EVAN GREEBEL did one or more of the following:

(1) employed a device, scheme or artifice to defraud, or

(2) made an untrue statement of a material fact or omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, misleading, or

(3) engaged in an act, practice or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller.

To prove this element, it is not necessary for the government to establish all three types of unlawful conduct in connection with the sale or purchase of securities of Retrophin. Any one will be sufficient for a conviction, if you so find, but you must be unanimous as to which type of unlawful conduct you find to have been proven beyond a reasonable doubt as to each defendant.

Let me now explain some of these terms.

<u>Device, Scheme, or Artifice to Defraud</u>

A device, scheme or artifice to defraud is merely a plan for the accomplishment of any objective. Fraud is a general term which embraces all efforts and means that individuals devise to take advantage of others. The law that the defendant is alleged to have violated prohibits all kinds of manipulative and deceptive acts. The fraudulent or deceitful conduct alleged need not relate to the investment value of the securities involved in this case.

<u>False Statements and Omissions</u>

A statement, representation, claim, or document is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made. A representation or statement is fraudulent if it was made with the intention to deceive. The concealment of material facts in a manner that makes what is said or represented deliberately misleading may also constitute false or fraudulent statements under the statute.

19

The deception need not be based upon spoken or written words alone.  The arrangement of the words, or the circumstances in which they are used, may convey the false and deceptive appearance.  If there is deception, the manner in which it is accomplished does not matter.

"In Connection With"

You need not find that the defendant actually participated in any securities transaction if the defendant was engaged in fraudulent conduct that was "in connection with" a purchase or sale.  The "in connection with" aspect of this element is satisfied if you find that there was some nexus or relation between the allegedly fraudulent conduct and the sale or purchase of securities.  Fraudulent conduct may be "in connection with" the purchase or sale of securities if you find that the alleged fraudulent conduct "touched upon" a securities transaction.

It is no defense to an overall scheme to defraud that the defendant was not involved in the scheme from its inception or played only a minor role with no contact with the investors and purchasers of the securities in question.  Nor is it necessary for you to find that the defendant was the actual seller or offeror of the securities.  It is sufficient if the defendant participated in the scheme or fraudulent conduct that involved the purchase or sale of stock.  By the same token, the government need not prove that the defendant personally made the misrepresentation or that he omitted the material fact.  It is sufficient if the government establishes that the defendant caused the statement to be made or the fact to be omitted.  With regard to the alleged misrepresentations and omissions, you must determine whether the statement was true or false when it was made, and, in the case of alleged omissions, whether the omission was misleading.

Material Fact

20

If you find that the government has established beyond a reasonable doubt that a statement was false or omitted, you must next determine whether the fact misstated or omitted was material under the circumstances.  A material fact is one that would have been significant to a reasonable investor's investment decision.  This is not to say that the government must prove that the misrepresentation would have deceived a person of ordinary intelligence.  Once you find that there was a material misrepresentation or omission of a material fact, it does not matter whether the intended victims were gullible buyers or sophisticated investors, because the securities laws protect the gullible and unsophisticated as well as the experienced investor.

Nor does it matter whether the alleged unlawful conduct was successful or not, or that the defendant profited or received any benefits as a result of the alleged scheme.  Success is not an element of the crime charged.  However, if you find that the defendant did profit from the alleged scheme, you may consider that in relation to the element of intent, which I will discuss in a moment.

If you find that the government has not proven this element beyond a reasonable doubt, you must find the defendant not guilty.  On the other hand, if you do find that the government has proven that a fraudulent act was committed by the defendant beyond a reasonable doubt, then you must consider the second element.  You need not find that the government has proven each of the alleged fraudulent acts, but I remind you that you must reach a unanimous decision as to at least one fraudulent act in connection with each element.

2.    Second Element - Knowledge, Intent And Willfulness

The second element that the government must establish as to Count Two is that the defendant EVAN GREEBEL acted knowingly, willfully and with intent to defraud.

As I explained before, a person acts "knowingly" if he acts purposely and voluntarily and not because of ignorance, mistake, accident, or carelessness.

21

"Willfully" means to act knowingly and purposely, with an intent to do something the law forbids, that is to say, with bad purpose either to disobey or to disregard the law.

"Intent to defraud" in the context of the securities laws means to act knowingly and with intent to deceive.

The question of whether a person acted knowingly, willfully and with intent to defraud is a question of fact for you to determine, like any other fact question.  This question involves one's state of mind.

Direct proof of knowledge and fraudulent intent is almost never available.  It would be a rare case where it could be shown that a person wrote or stated that, as of a given time in the past, he committed an act with fraudulent intent.  Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

I already have instructed you as to what circumstantial evidence is and the inferences that may be drawn from it.  Those instructions also apply here.  What is referred to as drawing inferences from circumstantial evidence is no different from what people normally mean when they say, "use your common sense."  Using your common sense means that, in deciding whether a defendant possessed or lacked an intent to defraud, you do not limit yourself to what the defendant said, but you also look at what he did and what others did in relation to the defendant and, in general, everything that occurred.

22

Circumstantial evidence, if believed, is of no less value than direct evidence.  In either case, the essential elements of the crime charged must be established by the government beyond a reasonable doubt.

Under the anti-fraud statutes, even false representations or omissions of material facts do not amount to a fraud unless done with fraudulent intent.  However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith.  An honest belief in the truth of the representations made by a defendant is a complete defense, however inaccurate the statements may turn out to be.

In considering whether or not a defendant acted in good faith, you are instructed that a belief by the defendant, if such belief existed, that ultimately everything would work out so that no investors would lose any money does not require a finding by you that the defendant acted in good faith.  No amount of honest belief on the part of a defendant that the scheme ultimately will make a profit for the investors will excuse fraudulent actions or false representations by him.

As a practical matter, then, to prove the charge against a defendant, the government must establish beyond a reasonable doubt that the defendant knew that his conduct as a participant in the scheme was calculated to deceive and, nonetheless, he associated himself with the alleged fraudulent scheme.

If you find that the defendant did not act knowingly and with the intent to deceive, then you must find the defendant not guilty.  On the other hand, if you find that the government has established beyond a reasonable doubt not only the first element, but also this second element, that the defendant acted knowingly and with the intent to deceive, then you must

consider the third element.  I remind you that you must reach a unanimous decision in connection with each element.

        3.    <u>Third Element - Instrumentality Of Interstate Commerce</u>

The third and final element that the government must prove beyond a reasonable doubt as to Count Two is that the defendant EVAN GREEBEL knowingly used, or caused to be used, the mails or any means or instrumentalities of transportation or communication in interstate commerce in furtherance of the scheme to defraud.  This would include the use of a telephone all, a bank wire transfer or an email sent over the Internet that traveled across state lines.

It is not necessary that a defendant be directly or personally involved in any mailing or use of an instrumentality of interstate commerce.  If the defendant was an active participant in the scheme and took steps or engaged in conduct which he knew or reasonably could foresee would naturally and probably result in the use of interstate means of communication, then you may find that he caused the mails or instrumentality of interstate commerce to be used.

When one does an act with the knowledge that the use of interstate means of communication will follow in the ordinary course of business, or where such use reasonably can be foreseen, even though not actually intended, then he causes such means to be used.

It is not necessary that the items sent through interstate means of communication contain the fraudulent material, or anything criminal or objectionable.  The interstate means of communication may be entirely innocent.

The use of interstate communications need not be central to the execution of the scheme, and may even be incidental to it.  All that is required is that the use of the interstate communications bear some relation to the object of the scheme or fraudulent conduct.  In fact, the actual offer or sale need not be accomplished by the use of interstate communications, so

long as the defendant is still engaged in actions that are a part of the fraudulent scheme when interstate communications are used.

     D.    <u>Securities Fraud Venue</u>

        I have explained to you the elements the government must prove beyond a reasonable doubt as to Count Two.  The government must also prove venue.  Unlike the elements I just explained to you that the government must prove beyond a reasonable doubt, as I explained to you earlier, the government must prove venue by a preponderance of the evidence.  I remind you that to establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not.  A preponderance of the evidence means the greater weight of the evidence, both direct and circumstantial.  It refers to the quality and persuasiveness of the evidence, not to the quantity of evidence.

        To establish venue for conspiracy to commit securities fraud as charged in Count Two, the government must prove that it is more likely than not that an overt act in furtherance of the conspiracy was committed in the Eastern District of New York, which consists of the Counties of Kings (also known as Brooklyn), Queens, Richmond (also known as Staten Island), Nassau, and Suffolk.  The overt act does not have to be an overt act in furtherance of the conspiracy that is specified in the Indictment.  In this regard, the government need not prove that the crime charged was committed in the Eastern District of New York or that the defendant or any alleged coconspirator was even physically present here.  It is sufficient to satisfy the venue requirement if an overt act in furtherance of the conspiracy occurred within the Eastern District of New York.  This includes not just acts by the defendant or his coconspirators, but also acts that the conspirators caused others to take that materially furthered the ends of the conspiracy.

        Therefore, if you find that it is more likely than not that an overt act in furtherance of the conspiracy took place in the Eastern District of New York, the government has satisfied its

burden of proof as to venue as to Count Two.  Again, I caution you that the preponderance of the

evidence standard applies only to venue.  The government must prove each of the elements of

Count Two beyond a reasonable doubt.

* * * * *

In sum, if you find that the government has failed to prove any one of the

elements beyond a reasonable doubt, then you must find the defendant not guilty of conspiracy to

commit securities fraud on Count Two.  On the other hand, if you do find that the government

has proven each element beyond a reasonable doubt, and also has established venue by a

preponderance of the evidence, then you must find the defendant guilty of conspiracy to commit

securities fraud on Count Two.

Authority

Adapted from Lange; Sand, et al., Modern Federal Jury Instructions, Instructions
57-20, 57-21, 57-25; Hon. Denny Chin, United States v. Nouri, No. 07-CR-1029 (S.D.N.Y.);
Hon. Leonard B. Sand, United States v. Pignatiello, No. 96-CR-032 (S.D.N.Y.).  See United
States v. Santoro, 302 F.3d 76, 81 (2d Cir. 2002) ("Unlike customers who independently find
their stocks and whose brokers merely execute trades at their command, customers who rely on
investment recommendations reasonably trust their brokers to fully disclose all information
pertinent to the recommendation and quality of the investment."); United States v. Szur, 289 F.3d
200, 210 (2d Cir. 2002).  See also United States v. Lange, 834 F.3d 58, 69-71 (2d Cir. 2016)
(citing United States v. Tzolov, 642 F.3d 314, 319 (2d Cir. 2011); United States v. Svoboda, 347
F.3d 471, 483 (2d Cir. 2003) (securities fraud venue)).

<u>REQUEST NO. 5</u>
(Charts and Summaries)

Certain exhibits have been admitted in evidence in the form of charts, summaries and demonstratives.  You should consider these charts and summaries as you would any other evidence.

In addition, other charts and summaries were shown to you but were not admitted into evidence.  Those charts and summaries were shown to you in order to make the other evidence more meaningful and to aid you in considering the evidence.  They are no better than the testimony or the documents upon which they are based, and are not themselves independent evidence.  Therefore, you are to give no greater consideration to those charts or summaries than you would give to the evidence upon which they are based.  It is for you to decide whether the charts, schedules, summaries, or demonstratives correctly present the information contained in the testimony and in the exhibits on which they were based.  You are entitled to consider the charts, schedules, and summaries if you find that they are of assistance to you in analyzing the evidence and understanding the evidence.

<u>Authority</u>

Adapted from <u>Rivera</u>; Sand, <u>et</u> <u>al.</u>, <u>Modern Federal Jury Instructions</u>, Instructions 5-12 and 5-13.

REQUEST NO. 6
(Interested Witnesses)

In evaluating the credibility of witnesses, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case. Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his or her own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness's interest has affected or colored his or her testimony.

Authority

Adapted from Rivera; Sand, et al., Modern Federal Jury Instructions, Instruction 7-3.

<u>REQUEST NO. 7</u>
(Defendant's Interest If Defendant Testifies)

In a criminal case, a defendant cannot be required to testify, but, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf.  In this case, the defendant decided to testify.  You should examine and evaluate the testimony of the defendant just as you would the testimony of any witness with an interest in the outcome of this case.


<u>Authority</u>

Adapted from <u>Rivera</u>; Sand, <u>et al.</u>, <u>Modern Federal Jury Instructions</u>, Instruction 7-4.

29

REQUEST NO. 8
(Testimony of Government Employees/Law Enforcement Witnesses)

In this case, you have also heard testimony from witnesses who work for one of several government agencies, including law enforcement agencies.  The testimony of these witnesses should be evaluated in the same manner as the testimony of any other witness.  The fact that a witness may be employed by the government does not mean that you may accord his or her testimony any more or less weight than that of any other witness.  At the same time, it is common for defense counsel to try to attack the credibility of a witness employed by the government, including a witness who works in law enforcement, on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.  It is for you to decide, after weighing all the evidence, in light of the instructions I have given you about factors relevant to determining the credibility of any witness, whether you accept the testimony of a government employee witness and what weight, if any, it deserves.

Authority

Adapted from Rivera; Sand, et al., Modern Federal Jury Instructions, Instruction 7-16.

30

REQUEST NO. 9
(Expert Witnesses)

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue.  A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience, and training.  Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion.  Nor should you substitute it for your own reason, judgment, and common sense.  The determination of the facts in this case rests solely with you.

Authority

Adapted from Rivera; Sand, et al., Modern Federal Jury Instructions, Instruction 7-21.

31

REQUEST NO. 10
(Impeachment By Prior Inconsistent Statement)

You have heard evidence that a witness made a statement on an earlier occasion which counsel argues is inconsistent with the witness's trial testimony.  Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence bearing on the defendant's guilt.  Evidence of the prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself or herself.  If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to be given to the inconsistent statement in determining whether to believe all, part, or none of the witness's testimony.

Authority

Adapted from Rivera; Sand, et al., Modern Federal Jury Instructions, Instruction 7-19.

32

REQUEST NO. 11
(Discrepancies in Testimony)

You have heard evidence of discrepancies in the testimony of certain witnesses, and counsel have argued that such discrepancies are a reason for you to reject the testimony of those witnesses.

Evidence of discrepancies may be a basis to disbelieve a witness's testimony. On the other hand, discrepancies in a witness's testimony or between his or her testimony and that of others do not necessarily mean that the witness's entire testimony should be discredited.

People sometimes forget things and even a truthful witness may be nervous and contradict him- or herself. It is also a fact that two people witnessing an event may see or hear it differently. Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance. A willful falsehood always is a matter of importance and should be considered seriously.

It is for you to decide, based on your total impression of a witness, how to weigh the discrepancies in his or her testimony. You should, as always, use common sense and your own good judgment.


Authority

Adapted from Rivera.

33

<u>REQUEST NO. 12</u>
(Admission of Defendant)

There has been evidence that the defendant made certain statements to government officials in which the government claims he admitted certain facts charged in the Indictment.  In deciding what weight to give the defendant's statements, you should first examine with great care whether each statement was made and whether, in fact, it was voluntarily and understandingly made.  I instruct you that you are to give the statements such weight as you feel they deserve in light of all the evidence.

<u>Authority</u>

Adapted from <u>Rivera</u>; Sand, <u>et al.</u>, <u>Modern Federal Jury Instructions</u>, Instruction 5-19.

REQUEST NO. 13
(Preparation of Witnesses)

There was testimony at trial that the attorneys and agents for the government interviewed witnesses when preparing for and during the course of the trial.  You must not draw any unfavorable inference from that fact.

On the contrary, attorneys are obliged to prepare their case as thoroughly as possible, and one way to accomplish this is to properly interview witnesses before the trial and as necessary throughout the course of the trial.

Authority

Adapted from Rivera; Sand, et al., Modern Federal Jury Instructions, Seventh Circuit Pattern Jury Instruction 3.02.

35

REQUEST NO. 14
(No Duty to Call Witnesses or Produce Evidence or Use Particular Investigative Techniques)

Although the government bears the burden of proof, and although a reasonable doubt can arise from lack of evidence, you are instructed that there is no legal requirement that the government use any specific investigative techniques or pursue every investigative lead to prove its case. Therefore, although you are to carefully consider the evidence adduced by the government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques.

In this regard, I also charge you that all persons who may have been present at any time or place mentioned in the case, or who may appear to have some knowledge of the issues in this case, need not be called as witnesses. Nor does the law require that all things mentioned during the course of the trial be produced as exhibits. I remind you, however, that the government bears the burden of proof.

Authority

Adapted from Rivera; Sand, et al., Modern Federal Jury Instructions, Instruction 4-4.

36

REQUEST NO. 15
(Other Persons Not At Trial)

You have heard evidence about the involvement of certain other people in the crimes charged in the Indictment.  You may not draw any inference, favorable or unfavorable, towards the government or the defendant from the fact that certain persons are not on trial before you.  That these other individuals are not on trial before you is not your concern.  You should neither speculate as to the reason these other people are not on trial before you nor allow their absence as parties to influence in any way your deliberations in this case.  Nor should you draw any inference from the fact that any other person is not present at this trial.  Your concern is solely the defendant on trial before you.


Authority

Adapted from Rivera; Sand, et al., Modern Federal Jury Instructions, Fifth Circuit Pattern Instruction 1.19.

37

REQUEST NO. 16
(Witnesses Equally Available)

Both the government and the defense have the same right to subpoena witnesses to testify on their behalf.  There is no duty on either side, however, to call a witness whose testimony would be merely cumulative of testimony already in evidence, or who would merely provide additional testimony to facts already in evidence.

I remind you, however, that because the law presumes the defendant to be innocent, the burden of proving the defendant's guilt beyond a reasonable doubt is on the government throughout the trial.  The defendant never has the burden of proving his innocence or of producing any evidence or calling any witnesses at all.

Authority

Adapted from Rivera; Sand, et al., Modern Federal Jury Instructions, Instruction 6-7.

38

REQUEST NO. 17
(Stipulations)

The evidence in this case includes facts to which the parties have agreed or stipulated.  A stipulation means simply that the government and the defendants accept the truth of a particular proposition or fact.  As there is no disagreement, there is no need for evidence apart from the stipulation.  You must accept the stipulation as evidence and regard that fact and give it whatever weight you choose.

Authority

Adapted from Lange; Sand, et al., Modern Federal Jury Instructions, Instruction 5-6.

39

<u>CONCLUSION</u>

The government respectfully requests that the Court include the foregoing in its instructions to the jury.  In addition, the government requests the opportunity to submit further instructions or amend those submitted as appropriate.

Dated:  Brooklyn, New York
       April 21, 2017

                                    Respectfully submitted,

                                      BRIDGET M. ROHDE
                                      Acting United States Attorney
                                      Eastern District of New York

By:      /s/ G. Karthik Srinivasan
                                        Jacquelyn M. Kasulis
                                      Alixandra E. Smith
                                      G. Karthik Srinivasan
                                      Assistant U.S. Attorneys
                                      (718) 254-7000

cc:    Clerk of the Court (KAM) (by ECF)
       All counsel of record (by ECF)