UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | ECF Case |
| -against- | S1 15 Cr. 637 (KAM) |
| MARTIN SHKRELI and EVAN GREEBEL, | |
| *Defendants.* | |

**EVAN GREEBEL'S PROPOSED REQUESTS TO CHARGE**

## TABLE OF CONTENTS

**Page**

REQUEST NO. 1: INTRODUCTION ................................................................. 2

REQUEST NO. 2: ROLE OF THE COURT .................................................... 3

REQUEST NO. 3: ROLE OF THE JURY ........................................................ 4

REQUEST NO. 4: ROLE OF COUNSEL ........................................................ 5

REQUEST NO. 5: THE GOVERNMENT AS A PARTY ................................ 6

REQUEST NO. 6: SYMPATHY OR BIAS ..................................................... 7

REQUEST NO. 7: ALL PERSONS EQUAL BEFORE THE LAW .............. 9

REQUEST NO. 8: PRESUMPTION OF INNOCENCE ............................... 10

REQUEST NO. 9: REASONABLE DOUBT STANDARD .......................... 11

REQUEST NO. 10: SUMMARY OF CHARGES ........................................ 13

REQUEST NO. 11: COUNT SEVEN – CONSPIRACY TO COMMIT WIRE FRAUD ........... 15

REQUEST NO. 12: COUNT SEVEN – ELEMENTS OF A CONSPIRACY ............................ 16

REQUEST NO. 13: COUNT SEVEN – CONSPIRACY FIRST ELEMENT
(EXISTENCE OF A CONSPIRACY) .......................................................... 17

REQUEST NO. 14: COUNT SEVEN – CONSPIRACY SECOND ELEMENT
(MEMBERSHIP IN THE CONSPIRACY) ................................................... 19

REQUEST NO. 15: COUNT SEVEN – CONSPIRACY THIRD ELEMENT (OVERT
ACT) ......................................................................................................... 22

REQUEST NO. 16: COUNT SEVEN – OBJECT OF THE CONSPIRACY ............................. 23

REQUEST NO. 17: COUNT EIGHT – CONSPIRACY TO COMMIT SECURITIES FRAUD ....................................................................................................................................... 29

REQUEST NO. 18: COUNT EIGHT – ELEMENTS OF A CONSPIRACY ............................. 30

REQUEST NO. 19: COUNT EIGHT – CONSPIRACY FIRST ELEMENT (EXISTENCE OF A CONSPIRACY) ............................................................................................ 31

REQUEST NO. 20: COUNT EIGHT – CONSPIRACY SECOND ELEMENT (MEMBERSHIP IN THE CONSPIRACY) .................................................................................. 33

REQUEST NO. 21: COUNT EIGHT – CONSPIRACY THIRD ELEMENT (OVERT ACT) ............................................................................................................................................ 36

REQUEST NO. 22: COUNT EIGHT – OBJECT OF THE CONSPIRACY ............................. 37

REQUEST NO. 23: VENUE ....................................................................................................... 43

REQUEST NO. 24: WHAT IS AND IS NOT EVIDENCE.......................................................... 45

REQUEST NO. 25: DIRECT AND CIRCUMSTANTIAL EVIDENCE ................................... 47

REQUEST NO. 26: RULINGS ON EVIDENCE AND OBJECTIONS..................................... 49

REQUEST NO. 27: NUMBER OF WITNESSES AND UNCONTRADICTED TESTIMONY ................................................................................................................................ 50

REQUEST NO. 28: WITNESS CREDIBILITY ........................................................................ 51

REQUEST NO. 29: BIAS OF WITNESSES .............................................................................. 53

REQUEST NO. 30: FALSUS IN UNO, FALSUS IN OMNIBUS .............................................. 54

REQUEST NO. 31: DEFENDANT'S TESTIMONY ................................................................. 55

REQUEST NO. 32: CHARACTER TESTIMONY ................................................................. 56

REQUEST NO. 33: EXPERT TESTIMONY ............................................................................. 57

REQUEST NO. 34: RULES OF CONDUCT............................................................................. 58

REQUEST NO. 35: DUTY TO DELIBERATE/UNANIMOUS VERDICT.............................. 60

REQUEST NO. 36: DUTIES OF FOREPERSON....................................................................... 63

EVAN GREEBEL respectfully requests that the Court include the following in its charge to the jury[1]:

---

[1] Defendant Evan Greebel reserves the right to modify, supplement, or amend the proposed Requests to Charge in response to the government's proposed Requests to Charge, in response to the case the government presents at trial or in response to any other circumstances that might occur between now and the end of trial.

## REQUEST NO. 1:  INTRODUCTION

Now it is time for me to instruct you as to the law that governs the case.  You have been handed a copy of the instructions I will read.  You should feel free to read along with me or to just listen to me.  You will be able to take your copies of the instructions into the jury room.

There are three parts to these instructions.  First, I'll give you general instructions about your role and about how you are to decide the facts of the case, *i.e.*, what happened.  Second, I'll give you instructions as to the specific charges in this case.  Third, I'll give you some final instructions about procedure.

It is important that you listen carefully.  I am reading these instructions from a prepared text because the law is made up of words that are very carefully chosen.  This is not a time to ad lib.  When I tell you what the law is, it's critical that I use exactly the right words.

**AUTHORITY**

*United States v. Valle*, 12 CR 0847 (PGG) (S.D.N.Y. Mar. 7, 2013), Trial Jury Charge, at 4.

## REQUEST NO. 2:  ROLE OF THE COURT

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and to apply them to the facts as you determine them.  With respect to legal matters, you must take the law as I give it to you.  If any lawyer has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.  You are to consider these instructions together as a whole; in other words, you are not to isolate or give undue weight to any particular instruction.  You must not substitute your own notions or opinions of what the law is or what it ought to be.

## AUTHORITY

*United States v. Dupree*, 10-cr-00627 (KAM) (E.D.N.Y. May 16, 2013), Trial Jury Charge, at 2-3; *United States v. Valle*, 12 CR 0847 (PGG) (S.D.N.Y. Mar. 7, 2013), Trial Jury Charge, at 4.

## REQUEST NO. 3:  ROLE OF THE JURY

As members of the jury, you are the sole and exclusive judges of the facts.  You decide what happened.  You decide the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony, and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them.

I shall later discuss with you how to pass on the credibility – or believability – of the witnesses.

You must determine the facts based solely on the evidence received in this trial.  It is your sworn duty under the oath you have taken as jurors, to determine the facts.  Any opinion I might have regarding the facts is of absolutely no consequence.

## AUTHORITY

Adapted from 3 L. Sand, *et al.*, Modern Fed. Jury Inst. – Crim., Inst. 2-3; *United States v. Dupree*, 10-cr-00627 (KAM) (E.D.N.Y. May 16, 2013), Trial Jury Charge, at 3-5; *United States v. Valle*, 12 CR 0847 (PGG) (S.D.N.Y. Mar. 7, 2013), Trial Jury Charge, at 4-5.

## <u>REQUEST NO. 4:  ROLE OF COUNSEL</u>

The personalities and the conduct of counsel in the courtroom are not in any way at issue. If you formed an opinion of any kind as to any of the lawyers in the case, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, that should not enter into your deliberations.

The lawyers and I have had sidebar conferences and other conferences out of your hearing.  These conferences involved procedural and evidentiary matters, and should not enter into your deliberations at all.

A lawyer has a duty to object when the other side offers testimony or other evidence that the lawyer believes is not admissible.  It is my job to rule on those objections.  Why an objection was made or how I ruled on it is not your concern.  You should not draw any inference simply from the fact that a lawyer objects to a question, or that I sustained or overruled an objection.

<u>AUTHORITY</u>

*United States v. Dupree*, 10-cr-00627 (KAM) (E.D.N.Y. May 16, 2013), Trial Jury Charge, at 5-6; *United States v. Valle*, 12 CR 0847 (PGG) (S.D.N.Y. Mar. 7, 2013), Trial Jury Charge, at 5.

## REQUEST NO. 5:  THE GOVERNMENT AS A PARTY

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to Mr. Greebel.  By the same token, it is entitled to no less consideration.  All parties, whether government or individuals, stand as equals at the bar of justice.

The question before you can never be:  will the government win or lose the case.  The government always wins when justice is done, regardless of whether the verdict is not guilty or guilty.

## AUTHORITY

Adapted from 3 L. Sand, *et al.*, Modern Fed. Jury Inst. – Crim., Inst. 2-5, cmt.; *United States v. Dupree*, 10-cr-00627 (KAM) (E.D.N.Y. May 16, 2013), Trial Jury Charge, at 3-5; *United States v. Valle*, 12 CR 0847 (PGG) (S.D.N.Y. Mar. 7, 2013), Trial Jury Charge, at 6-7.

## REQUEST NO. 6:  SYMPATHY OR BIAS

You must evaluate the evidence calmly and objectively, without prejudice or sympathy. You must be completely fair and impartial.  Your verdict must be based solely on the evidence developed at this trial, or the lack of evidence.  Our system of justice cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.  Under your oath as jurors you are not to be swayed by sympathy or prejudice.  You are to be guided solely by the evidence in this case, and the crucial, bottom-line question that you must ask yourselves as you sift through the evidence is:  has the government proven each element of the charges against Mr. Greebel beyond a reasonable doubt?

It is for you alone to decide whether the government has proven that Mr. Greebel is guilty of the crimes charged beyond a reasonable doubt, and you are to do so solely on the basis of the evidence and subject to the law as I explain it to you.  If you let fear or prejudice, or bias or sympathy, interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to Mr. Greebel's guilt, you should not hesitate for any reason to reach a verdict of not guilty.  But on the other hand, if you should find that the government has met its burden of proving beyond a reasonable doubt that Mr. Greebel is guilty, you should not hesitate because of sympathy to reach a verdict of guilty.

The question of possible punishment of Mr. Greebel is of no concern to the jury and should not enter into or influence your deliberations.  If the government proves that Mr. Greebel is guilty beyond a reasonable doubt, the duty of imposing a sentence rests exclusively on me. Your function is to weigh the evidence in the case and to determine whether or not Mr. Greebel has been proven guilty beyond a reasonable doubt, solely on the basis of such evidence or lack of

evidence.  Your verdict must be based exclusively on the evidence or the lack of evidence in this case.

**<u>AUTHORITY</u>**

Adapted from *United States v. Valle*, 12 CR 0847 (PGG) (S.D.N.Y. Mar. 7, 2013), Trial Jury Charge, at 56; *United States v. Jiang*, 15-cr-00628 (CBA) (E.D.N.Y. Nov. 8, 2016), Trial Jury Charge, at 2.

## <u>REQUEST NO. 7:  ALL PERSONS EQUAL BEFORE THE LAW</u>

In reaching your verdict, you must remember that all parties stand equal before a jury in the courts of the United States.  The fact that the government is a party and that the prosecution is brought in the name of the United States does not entitle the government or its witnesses to any greater consideration than that accorded to any other party.  By the same token, you must give it no less consideration.

In reaching your decision as to whether the government sustained its burden of proving guilt beyond a reasonable doubt, you may not consider any personal feelings you may have about Mr. Greebel.  All persons are entitled to the same presumption of innocence.

As with any other individual charged with a crime, the issue is whether the government has met its burden of demonstrating each element of the offense beyond a reasonable doubt.

## <u>AUTHORITY</u>

*United States v. Jiang*, 15-cr-00628 (CBA) (E.D.N.Y. Nov. 8, 2016), Trial Jury Charge, at 2;
*United States v. Valle*, 12 CR 0847 (PGG) (S.D.N.Y. Mar. 7, 2013), Trial Jury Charge, at 6-7.

9

## REQUEST NO. 8:  PRESUMPTION OF INNOCENCE

Mr. Greebel has pleaded not guilty.  In doing so, Mr. Greebel has denied the two charges against him.  As a result, the government has the burden of proving each of the two charges against him beyond a reasonable doubt.  This burden never shifts to Mr. Greebel for the simple reason that the law never imposes on a defendant in a criminal case the burden or duty of testifying, of calling any witness, or of locating or producing any evidence.

The law presumes that Mr. Greebel is innocent of all charges against him.  The presumption of innocence means that Mr. Greebel starts the trial with a clean slate.  This presumption was with Mr. Greebel when the trial began, remains with him even now as I speak to you, and will continue with him during your deliberations unless and until you are convinced that the prosecution has proven Mr. Greebel guilty of each count beyond a reasonable doubt.

This presumption of innocence alone is sufficient to acquit him unless you as jurors are unanimously convinced beyond a reasonable doubt of his guilt on each count, after a careful and impartial consideration of all of the evidence in this case.

If the government fails to sustain its burden, then you must find Mr. Greebel not guilty. In other words, I instruct you that Mr. Greebel is presumed by you to be innocent throughout your deliberations until such time, if ever, you as a jury are satisfied that the government has proven him guilty of each count beyond a reasonable doubt.

## AUTHORITY

Adapted from 3 L. Sand, *et al.*, Modern Fed. Jury Inst. – Crim., Inst. 4-1; *United States v. Dupree*, 10-cr-00627 (KAM) (E.D.N.Y. May 16, 2013), Trial Jury Charge, at 7; *United States v. Steinberg*, S4 12 Cr. 121 (RJS) (S.D.N.Y. Nov. 6, 2013), Joint Prop. Jury Charge, at 3-4.

## <u>REQUEST NO. 9:  REASONABLE DOUBT STANDARD</u>

I will now address reasonable doubt.  What is reasonable doubt?  It is a doubt founded in reason and arising out of the evidence in the case, or the lack of evidence.  A reasonable doubt is a doubt based on reason that would make a reasonable person hesitate to act.  Reasonable doubt is a doubt that arises from your own judgment and experience when applied to the evidence.  It is a doubt that a reasonable person has after carefully weighing all of the evidence.  It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life.  Proof beyond a reasonable doubt must, therefore, be proof of a convincing character that a reasonable person would not hesitate to rely on in making an important decision.

If, after a fair and impartial consideration of all the evidence, you are not satisfied of the guilt of Mr. Greebel, if you do not have an abiding conviction of his guilt, you must find him not guilty.  In other words, if you have such a doubt as would cause you, as a prudent person, to hesitate before acting in matters of importance to yourself, then you have a reasonable doubt, and it is your duty to find Mr. Greebel not guilty.

On the other hand, if after a fair and impartial consideration of all the evidence you do have an abiding conviction of Mr. Greebel's guilt—in other words, a conviction you would be willing to act on without hesitation in important matters in your own life, then you do not have reasonable doubt, and it is your duty to convict.

Reasonable doubt is not whim or speculation.  It is not an excuse to avoid the performance of an unpleasant duty.  The law does not require that the prosecution prove guilt beyond all possible doubt; rather, proof beyond a reasonable doubt is necessary.  The burden

11

never shifts to Mr. Greebel, which means that it is always the prosecution's burden to prove each

of the elements of the two crimes charged against Mr. Greebel beyond a reasonable doubt.

**AUTHORITY**

Adapted from 3 L. Sand, *et al.*, Modern Fed. Jury Inst. – Crim., Inst. 4.2; *United States v. Dupree*, 10-cr-00627 (KAM) (E.D.N.Y. May 16, 2013), Trial Jury Charge, at 8; *United States v. Steinberg,* S4 12 Cr. 121 (RJS) (S.D.N.Y. Nov. 6, 2013), Joint Prop. Jury Charge, at 4-5.

## REQUEST NO. 10:  SUMMARY OF CHARGES

As you know, the charges against Mr. Greebel are contained in an Indictment.  An Indictment is not evidence.  It is merely an accusation, a statement of the charges made against Mr. Greebel.  It gives Mr. Greebel notice of the charges against him.  It informs the court and the public of the nature of the accusation.  To be clear, you should not assume that facts alleged in the Indictment are accurate or correct.

Mr. Greebel begins this trial with an absolutely clean slate and without any evidence against him.  The two charges in the Indictment against Mr. Greebel are merely an accusation.  You cannot consider the Indictment or facts alleged therein as evidence of the guilt of Mr. Greebel.  What matters is the evidence that you heard and saw during the trial.

Count Seven of the Indictment charges Evan Greebel with conspiring, that is agreeing with Martin Shkreli, to violate the federal statute that makes it unlawful to commit wire fraud.  Specifically, Count Seven charges an illegal agreement between Mr. Shkreli and Mr. Greebel to misappropriate Retrophin assets through material and fraudulent affirmative misrepresentations through the wires.

Count Eight of the Indictment charges Mr. Greebel with conspiring, that is agreeing with Mr. Shkreli, to violate the statute that makes it unlawful to commit securities fraud.  Specifically, Count Eight charges an illegal agreement between Mr. Shkreli and Mr. Greebel to _____.  (The alleged unlawful objective is unclear and subject to a current motion to dismiss. *See* Dkt. 177.)

Mr. Greebel is not charged with committing any crimes other than the offenses contained in Counts Seven and Eight of the Indictment.  Mr. Greebel affirmatively states that he is not guilty of the charges.

**<u>AUTHORITY</u>**

Adapted from *United States v. Valle*, 12 CR 0847 (PGG) (S.D.N.Y. Mar. 7, 2013), Trial Jury
Charge, at 19-20; *United States v. Steinberg*, S4 12 Cr. 121 (RJS) (S.D.N.Y. Nov. 6, 2013), Joint
Prop. Jury Charge, at 12-13; *United States v. Newman*, 12 CR 121 (RJS) (S.D.N.Y. Dec. 12,
2012), Trial Tr. Jury Charge, at 4020-21. *See also Superseding Indictment* (June 3 2016), at ¶¶
21-40.

## REQUEST NO. 11:  COUNT SEVEN –
## CONSPIRACY TO COMMIT WIRE FRAUD

**[Conspiracy to Commit Wire Fraud – 18 U.S.C. § 1343 *et seq.*]**

Count Seven of the Indictment charges the Evan Greebel with conspiring, that is agreeing with Mr. Shkreli, to violate the federal statute that makes it unlawful to commit wire fraud. Specifically, the Indictment charges an illegal agreement between Mr. Shkreli  and Mr. Greebel to misappropriate Retrophin assets through material and fraudulent affirmative misrepresentations through the wires.  To be clear, you should not assume that facts alleged in the Indictment are accurate or correct.

A conspiracy is a kind of criminal partnership—an agreement by two or more persons to join together to accomplish an unlawful purpose.

**AUTHORITY**

*United States v. Dupree*, 10-cr-00627 (KAM) (E.D.N.Y. May 16, 2013), Trial Jury Charge, at 29-30; *United States v. Valle*, 12 CR 0847 (PGG) (S.D.N.Y. Mar. 7, 2013), Trial Jury Charge, at 22-23.

## REQUEST NO. 12:  COUNT SEVEN – ELEMENTS OF A CONSPIRACY

To meet its burden of proving the wire fraud conspiracy charged in Count Seven of the Indictment, the government must prove the following elements beyond a reasonable doubt.

First, that the conspiracy charged in Count Seven existed—that is, that an agreement or understanding between Mr. Shkreli and Mr. Greebel existed in or about February 2011, up to and including September 2014, to commit wire fraud—*i.e.*, to misappropriate Retrophin assets through material and fraudulent affirmative misrepresentations through the wires.

Second, that Mr. Greebel intentionally and knowingly became a member of that conspiracy.

Third, that during the life of the conspiracy, a conspirator knowingly committed at least one overt act in furtherance of the conspiracy in the Eastern District of New York.

We will separately consider each of these three elements.

## AUTHORITY

*Superseding Indictment* (June 3, 2016), at ¶ 55-56; *United States v. Dupree*, 10-cr-00627 (KAM) (E.D.N.Y. May 16, 2013), Trial Jury Charge, at 29-30; *United States v. Valle*, 12 CR 0847 (PGG) (S.D.N.Y. Mar. 7, 2013), Trial Jury Charge, at 23; *United States v. Steinberg*, S4 12 Cr. 121 (RJS) (S.D.N.Y. Nov. 6, 2013), Joint Prop. Jury Charge, at 33-34; *United States v. Newman*, 12 CR 121 (RJS) (S.D.N.Y. Dec. 12, 2012), Trial Tr. Jury Charge, at 4049; *United States v. Rajaratnam*, 09 CR 1184 (RJH) (S.D.N.Y. Apr. 25, 2011), Trial Tr. Jury Charge, at 5638.

## REQUEST NO. 13:  COUNT SEVEN – CONSPIRACY
## FIRST ELEMENT (EXISTENCE OF A CONSPIRACY)

A conspiracy is a combination, agreement, or understanding of two or more persons to accomplish, by concerted action, a criminal or unlawful purpose.  For Count Seven, the unlawful purpose alleged to be the object of the conspiracy is to misappropriate Retrophin assets through material and fraudulent affirmative misrepresentations through the wires.

The gist, or essence, of the crime of conspiracy is an unlawful agreement between two or more people to violate the law.  The first element of the crime of conspiracy thus has two parts: (i) the agreement; and (ii) the unlawful object of the conspiracy.

To establish a conspiracy, you must find beyond a reasonable doubt that two or more people impliedly or tacitly, come to an understanding to violate the law.  Express language or specific words are not required to indicate assent or agreement to the conspiracy.  You need to find that two or more people entered into an unlawful agreement alleged in Count Seven to find that a conspiracy existed.

In determining whether there has been an unlawful agreement as alleged in Count Seven, you may judge the acts and conduct of any alleged co-conspirators, proven beyond a reasonable doubt, that were taken to carry out the apparent criminal purpose.

In deciding whether the conspiracy charged in Count Seven existed, you may consider all the evidence of the acts, conduct, and statements of those you determine the government has proven were co-conspirators of Mr. Greebel beyond a reasonable doubt.  When people enter into a conspiracy to accomplish an unlawful end, they become agents or partners of one another in carrying out the conspiracy.  In determining the factual issues before you, you may take into account against Mr. Greebel any acts or statements made by any of the alleged co-conspirators

during the course of the conspiracy, even though such acts or knowledge were not made in the presence of Mr. Greebel or were made without his knowledge.

To establish the existence of the conspiracy, you must find, beyond a reasonable doubt, that Mr. Greebel and at least one other person had an understanding and agreement, as I have explained, to work together to accomplish the illegal objective of the conspiracy charged in Count Seven.

The second part of the first element relates to the object, or objective, of the conspiracy. According to the Indictment, the object of the conspiracy charged in Count Seven was to commit wire fraud by misappropriating Retrophin assets through material and fraudulent affirmative misrepresentations through the wires.

**AUTHORITY**

*Superseding Indictment* (June 3, 2016), at ¶¶ 21-35; 3 L. Sand, *et al.*, Modern Fed. Jury Inst. – Crim., Inst. 19.4; *United States v. Dupree*, 10-cr-00627 (KAM) (E.D.N.Y. May 16, 2013), Trial Jury Charge, at 31-32.

## REQUEST NO. 14:  COUNT SEVEN – CONSPIRACY
## SECOND ELEMENT (MEMBERSHIP IN THE CONSPIRACY)

If you conclude that the government has proven beyond a reasonable doubt that the charged conspiracy existed, and that the conspiracy had as its object the illegal purpose charged in the Indictment, then you must next determine the second question:  Whether Mr. Greebel participated in the conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful objective.

The government must prove beyond a reasonable doubt that Mr. Greebel knowingly and intentionally entered into the conspiracy with a criminal intent—that is, with a purpose to violate the law—and that he agreed to take part in the conspiracy to promote and cooperate in its unlawful objective.

The term "unlawfully" and "intentionally" and "knowingly" are intended to ensure that if you find that Mr. Greebel joined the conspiracy, you also conclude beyond a reasonable doubt that, in doing so, he knew what he was doing; in other words, that he took the actions in question deliberately and voluntarily, and with full knowledge of the alleged conspiracy's unlawful objective.

"Unlawfully" simply means contrary to law.  Mr. Greebel need not have known that he was breaking any particular law, but he must have been aware of the generally unlawful nature of his actions.  An act is done "knowingly" and "intentionally" if it is done deliberately and purposely; that is, Mr. Greebel's acts must have been the product of his conscious objective, rather than the product of a mistake or accident, or mere negligence, or other innocent reason. Knowledge and intent are, of course, matters of inference from the proven facts.

The key question, therefore, is whether Mr. Greebel entered into the agreement with an awareness of at least some of the basic aims and purposes of the unlawful agreement.  It is

19

important for you to note that Mr. Greebel's participation in the conspiracy must be established by independent evidence of his own acts or statements, and the reasonable inferences that may be drawn from them.

The government contends that the evidence demonstrates beyond a reasonable doubt that Mr. Greebel agreed with Mr. Shkreli to commit fraud by misappropriating Retrophin assets through material and fraudulent affirmative misrepresentations through the wires.  If you find the government has met its burden, you will conclude that Mr. Greebel participated in the charged conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful objective.

As I have said a number of times, Mr. Greebel has no burden to prove anything in this case.  The burden is always on the government to prove all elements of the charged offenses beyond a reasonable doubt, including those elements that relate to knowledge and intent.

The duration and extent of Mr. Greebel's participation has no bearing on the issue of the his guilt.  However, I want to caution you that a person's mere association with a member of a conspiracy does not make that person a member of the conspiracy, even when that association is coupled with knowledge that a conspiracy is taking place.  In other words, knowledge without agreement and participation is not sufficient.  You would need to conclude beyond a reasonable doubt that Mr. Greebel joined in the conspiracy with knowledge of its unlawful purpose, and with an intent to aid in the accomplishment of its unlawful objective.

In sum, you must decide whether Mr. Greebel, with an understanding of the unlawful character of the conspiracy, intentionally engaged, advised, and assisted in it for the purpose of furthering an illegal undertaking so that he would have become a knowing and willing participant in the unlawful agreement—that is to say, a conspirator.  If you do not reach this conclusion beyond a reasonable doubt, then you must acquit Mr. Greebel of this charge.

**<u>AUTHORITY</u>**

Adapted from 3 L. Sand, *et al.*, Modern Fed. Jury Inst. – Crim., Inst. 19-6; *United States v. Dupree*, 10-cr-00627 (KAM) (E.D.N.Y. May 16, 2013), Trial Jury Charge, at 32-35; *United States v. Valle*, 12 CR 0847 (PGG) (S.D.N.Y. Mar. 7, 2013), Trial Jury Charge, at 25-28; *United States v. Steinberg*, S4 12 Cr. 121 (RJS) (S.D.N.Y. Nov. 6, 2013), Joint Prop. Jury Charge, at 36, 38.

## REQUEST NO. 15:  COUNT SEVEN – CONSPIRACY
## THIRD ELEMENT (OVERT ACT)

The third element is the requirement of an overt act.  To sustain its burden of proof, the government must show beyond a reasonable doubt that at least one overt act was committed in furtherance of the conspiracy by at least one of the co-conspirators.

The purpose of the overt act requirement is clear.  There must have been something more than mere agreement; some overt step or action must have been taken by at least one of the conspirators in furtherance of the conspiracy.  The only requirement is that one of the members of the conspiracy has taken some step or action in furtherance of the conspiracy during the life of the conspiracy.

For the government to satisfy the overt act requirement, beyond a reasonable doubt, it is not necessary to prove any particular overt act, or that Mr. Greebel committed an overt act.  It is sufficient for the government to show that Mr. Greebel or one of his alleged co-conspirators knowingly committed an overt act in furtherance of the conspiracy.

However, you must all agree on at least one overt act that a conspirator committed to satisfy this element.  In other words, it is not sufficient for you to agree that some overt act was committed without agreeing on which overt act was committed.

You should bear in mind that the overt act standing alone may be an innocent, lawful act.  Sometimes, however, an apparently innocent act may shed its harmless character if it carries out, promotes, aids, or assists the conspiratorial scheme.

## AUTHORITY

*United States v. Valle*, 12 CR 0847 (PGG) (S.D.N.Y. Mar. 7, 2013), Trial Jury Charge, at 28; *United States v. Steinberg*, S4 12 Cr. 121 (RJS) (S.D.N.Y. Nov. 6, 2013), Joint Prop. Jury Charge, at 39-40; *United States v. Rajaratnam*, 09 CR 1184 (RJH) (S.D.N.Y. Apr. 25, 2011), Trial Tr. Jury Charge, at 5638-39, 5642.

## REQUEST NO. 16:  COUNT SEVEN – OBJECT OF THE CONSPIRACY

In order to prove Mr. Greebel guilty of Count Seven, Conspiracy to Commit Wire Fraud, the government must prove that Mr. Greebel conspired with Mr. Shkreli with the specific intent to commit each element of wire fraud. The elements of wire fraud are as follows:

First, that there was a scheme or artifice to defraud or to obtain money or property by materially false and fraudulent pretenses, representations, or promises;

Second, that Mr. Greebel knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; and

Third, that in execution or in furtherance of the scheme, Mr. Greebel used or caused the use of interstate or international wires. An interstate wire must pass between two or more states; for example, between New York and New Jersey.

The wired material need not contain a fraudulent representation.  The use of the wires must, however, further or assist in the carrying out of the scheme to defraud.  In addition, Mr. Greebel need not have been directly involved in the wiring, so long as the wiring was reasonably foreseeable in the execution of the alleged scheme to defraud in which Mr. Greebel is accused of participating.

## AUTHORITY

Adapted from 3 L. Sand, *et al.*, Modern Fed. Jury Inst. – Crim., Inst. 44-3; *United States v. Dupree*, 10-cr-00627 (KAM) (E.D.N.Y. May 16, 2013), Trial Jury Charge, at  44-45.

A.  Wire Fraud – First Element[2]

The first element of wire fraud is that there was a scheme or artifice to defraud a victim of money or property by means of false or fraudulent pretenses, representations, or promises. Thus, to find Mr. Greebel guilty for Count Seven—conspiracy to commit wire fraud—you must find that the government proved beyond a reasonable doubt that Mr. Greebel knowingly conspired with Mr. Shkreli to defraud Retrophin by means of false or fraudulent pretenses, representations, or promises.

This first element is almost self-explanatory.  A "scheme or artifice" is a plan for the accomplishment of an object.  A scheme to defraud is a plan, device, or course of action to obtain money or property by means of false or fraudulent pretenses, representations, or promises reasonably calculated to deceive persons of average prudence.

"Fraud" is a general term that embraces all the various means that human ingenuity can devise and that are resorted to by an individual to gain an advantage over another by false representations, suggestions, or suppression of the truth.  Thus, a "scheme to defraud" is a plan to deprive another of money or property by trick, deceit, deception, or swindle.

The scheme to defraud is alleged to have been carried out by making false statements or representations with respect to (i) MSMB's investment in Retrophin, (ii) Retrophin's settlement agreements with certain MSMB investors, and (iii) Retrophin's consulting agreements with other investors.  A statement, representation, claim, or document is false if it is untrue when made and was then known to be untrue at the time by the person making it or causing it to be made.  A representation or statement is fraudulent if it was falsely made with the intention to deceive.

---

[2]  Adopted from 3 L. Sand, et al., Modern F ed. Jury Inst. – Crim., Inst. 44-4.

Deceitful statements of half-truths while under a duty to speak, and the expression of an opinion not honestly entertained, may constitute false or fraudulent statements under the statute. The deception need not be premised on spoken or written words alone.  The arrangement of the words, or the circumstances in which they are used may convey the false and deceptive appearance. If there is deception, the manner in which it is accomplished is immaterial.

The failure to disclose information or the omission of information may constitute a fraudulent representation if Mr. Greebel was under a legal, professional, or contractual duty to make such a disclosure, Mr. Greebel actually knew such disclosure was required to be made, and Mr. Greebel failed to make such disclosure with the intent to defraud.

The false or fraudulent representation or failure to disclose must relate to a material fact or material matter.  A material fact is one that would reasonably be expected to be of concern to a reasonable and prudent person in relying on the representation or statement in making a decision (*e.g.*, with respect to a proposed investment).

This means that if you find a particular statement of fact to have been false, you must determine whether that statement was one that a reasonable person or investor would reasonably have expected to be important in making his or her decision.  The same principle applies to fraudulent half-truths or omissions of material facts.

In addition to proving that a statement was false or fraudulent and related to a material fact, to establish a scheme to defraud, the government must prove beyond a reasonable doubt that Mr. Greebel conspired with Mr. Shkreli to deprive another of money or property.

A scheme to defraud need not be shown by direct evidence, but may be established by all of the circumstances and facts in the case.  If you find that the government has sustained its

burden of proof that a scheme to defraud, as charged, did exist, you next should consider the second element.

B. Wire Fraud – Second Element[3]

The second element of wire fraud is that Mr. Greebel participated in the scheme to defraud knowingly, willfully, and with specific intent to defraud.   Thus, to find Mr. Greebel guilty of Count Seven—conspiracy to commit wire fraud—you must find that the government proved beyond a reasonable doubt that Mr. Greebel knowingly conspired with Mr. Shkreli with the specific intent to defraud Retrophin.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

"Willfully" means to act knowingly and purposely, with an intent to do something the law forbids; that is to say, with bad purpose either to disobey or to disregard the law.   "Intent to defraud" means to act knowingly and with the specific intent to deceive, for the purpose of causing some financial or property loss to another person.

The question of whether a person acted knowingly, willfully, and with intent to defraud is a question of fact for you to determine, like any other fact question.   This question involves one's state of mind.

Direct proof of knowledge and fraudulent intent is not required.   The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based on a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

---

[3]   Adopted from 3 L. Sand, et al., Modern F ed. Jury Inst. – Crim., Inst. 44-5.

Circumstantial evidence, if believed, is of no less value than direct evidence. In either case, the essential elements of the crime must be established beyond a reasonable doubt.

Since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of Mr. Greebel is a complete defense to a charge of wire fraud.  A defendant, however, has no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable doubt.

As a practical matter, then, to sustain the charges against Mr. Greebel, the government must establish beyond a reasonable doubt that he knew that his conduct as a participant in the scheme was calculated to deceive and, nonetheless, he associated himself with the alleged fraudulent scheme for the purpose of causing some loss to another.

To conclude on this element, if you find that Mr. Greebel was not a knowing participant in the conspiracy to knowingly defraud Retrophin or that he lacked the specific intent to defraud, you should find Mr. Greebel not guilty.  On the other hand, if you find that the government has established beyond a reasonable doubt the first element, namely the existence of the scheme to defraud, and this second element, that Mr. Greebel was a knowing participant and acted with specific intent to defraud, and if the government also establishes the third element, as to which I am about to instruct you, then you may convict Mr. Greebel.

## C.  Wire Fraud – Third Element[4]

The third and final element of wire fraud is the use of an interstate or international wire communication in furtherance of the scheme to defraud.  Thus, to convict Mr. Greebel for Count Seven—conspiracy to commit wire fraud—the government must prove beyond a reasonable

---

[4]   Adopted from 3 L. Sand, et al., Modern F ed. Jury Inst. – Crim., Inst. 44-7.

doubt that Mr. Greebel knowingly conspired with Mr. Shkreli with the specific intent to use an interstate or international wire communication in furtherance of the scheme to defraud.

The wire communication must pass between two or more states as, for example, a telephone call between New York and New Jersey; or it must pass between the United States and a foreign country, such as a telephone call between New York and London.

The use of the wires need not itself be a fraudulent representation.  It must, however, further or assist in the carrying out of the scheme to defraud.

It is not necessary for Mr. Greebel to be directly or personally involved in the wire communication, as long as the communication was reasonably foreseeable in the execution of the alleged scheme to defraud in which Mr. Greebel is accused of participating.

In this regard, it is sufficient to establish this element of the crime if the evidence justifies a finding beyond a reasonable doubt that Mr. Greebel caused the wires to be used by others.  This does not mean that Mr. Greebel must specifically have authorized others to make the call (or transfer the funds).  When one does an act with knowledge that the use of the wires will follow in the ordinary course of business or where such use of the wires can reasonably be foreseen, even though not actually intended, then he causes the wires to be used.

With respect to the use of the wires, the government must establish beyond a reasonable doubt the particular use charged in the Indictment.  However, the government does not have to prove that the wires were used on the exact date charged in the indictment.  It is sufficient if the evidence establishes beyond a reasonable doubt that the wires were used on a date substantially similar to the dates charged in the indictment.

## REQUEST NO. 17:  COUNT EIGHT – CONSPIRACY TO COMMIT SECURITIES FRAUD

**[Conspiracy to Commit Securities Fraud – 18 U.S.C. § 371]**

Count Eight of the Indictment charges Evan Greebel, with conspiring, that is agreeing, with Mr. Shkreli, to violate the federal statute that makes it unlawful to commit securities fraud. Specifically, Count Eight charges an illegal agreement between Mr. Shkreli and Mr. Greebel to _____.  (The alleged unlawful objective is unclear and subject to a current motion to dismiss. *See* Dkt. 177.)  To be clear, you should not assume that facts alleged in the Indictment are accurate or correct.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to join together to accomplish an unlawful purpose.

## AUTHORITY

*Superseding Indictment* (June 3, 2016), at ¶ 55-56; *United States v. Dupree*, 10-cr-00627 (KAM) (E.D.N.Y. May 16, 2013), Trial Jury Charge, at 29-30; *United States v. Valle*, 12 CR 0847 (PGG) (S.D.N.Y. Mar. 7, 2013), Trial Jury Charge, at 23; *United States v. Steinberg*, S4 12 Cr. 121 (RJS) (S.D.N.Y. Nov. 6, 2013), Joint Prop. Jury Charge, at 33-34; *United States v. Newman*, 12 CR 121 (RJS) (S.D.N.Y. Dec. 12, 2012), Trial Tr. Jury Charge, at 4049; *United States v. Rajaratnam*, 09 CR 1184 (RJH) (S.D.N.Y. Apr. 25, 2011), Trial Tr. Jury Charge, at 5638.

## REQUEST NO. 18:  COUNT EIGHT – ELEMENTS OF A CONSPIRACY

To meet its burden of proving the securities fraud conspiracy charged in Count Eight of the Indictment, the government must prove the following elements beyond a reasonable doubt.

First, that the conspiracy charged in Count Eight existed—that is, that an agreement or understanding between Mr. Shkreli and Mr. Greebel existed in or about November 2012, up to and including September 2014, to commit securities fraud.

Second, that Mr. Greebel intentionally and knowingly became a member of that conspiracy.

Third, that during the life of the conspiracy, a co-conspirator knowingly committed at least one overt act in furtherance of the conspiracy in the Eastern District of New York.

We will separately consider each of these three elements.

**AUTHORITY**

*Superseding Indictment* (June 3, 2016), at ¶ 55-56; *United States v. Dupree*, 10-cr-00627 (KAM) (E.D.N.Y. May 16, 2013), Trial Jury Charge, at 29-30; *United States v. Valle*, 12 CR 0847 (PGG) (S.D.N.Y. Mar. 7, 2013), Trial Jury Charge, at 23; *United States v. Steinberg*, S4 12 Cr. 121 (RJS) (S.D.N.Y. Nov. 6, 2013), Joint Prop. Jury Charge, at 33-34; *United States v. Newman*, 12 CR 121 (RJS) (S.D.N.Y. Dec. 12, 2012), Trial Tr. Jury Charge, at 4049; *United States v. Rajaratnam*, 09 CR 1184 (RJH) (S.D.N.Y. Apr. 25, 2011), Trial Tr. Jury Charge, at 5638.

## REQUEST NO. 19:  COUNT EIGHT – CONSPIRACY
## FIRST ELEMENT (EXISTENCE OF A CONSPIRACY)

A conspiracy is a combination, agreement, or understanding of two or more persons to accomplish, by concerted action, a criminal or unlawful purpose.  For Count Eight, the unlawful purpose alleged to be the object of the conspiracy is to _____.  (The alleged unlawful objective is unclear and subject to a current motion to dismiss. *See* Dkt. 177.).

The gist, or essence, of the crime of conspiracy is an unlawful agreement between two or more people to violate the law.  The first element of the crime of conspiracy thus has two parts: (i) the agreement; and (ii) the unlawful object of the conspiracy.

To establish a conspiracy, you must find beyond a reasonable doubt that two or more people come to an understanding to violate the law.  Express language or specific words are not required to indicate assent or agreement to the conspiracy.  You need to find that two or more people entered into an unlawful agreement alleged in Count Eight to find that a conspiracy existed.

In determining whether there has been an unlawful agreement as alleged in Count Eight, you may judge the acts and conduct of any alleged, proven beyond a reasonable doubt, co-conspirators that were taken to carry out the apparent criminal purpose.

In deciding whether the conspiracy charged in Count Eight existed, you may consider all the evidence of the acts, conduct, and statements of those you determine the government has proven were co-conspirators of Mr. Greebel beyond a reasonable doubt.  When people enter into a conspiracy to accomplish an unlawful end, they become agents or partners of one another in carrying out the conspiracy.  In determining the factual issues before you, you may take into account against Mr. Greebel any acts or statements made by any of the alleged co-conspirators

31

during the course of the conspiracy, even though such acts or knowledge were not made in the presence of Mr. Greebel or were made without his knowledge.

To establish the existence of the conspiracy, you must find beyond a reasonable doubt, that Mr. Greebel and at least on other person had an  understanding and agreement, as I have explained, to work together to accomplish the illegal objective of the conspiracy charged in Count Eight.

The second part of the first element relates to the object, or objective, of the conspiracy. According to the Indictment, the object of the conspiracy charged in Count Eight was to

<mark>       </mark>.  (The alleged unlawful objective is unclear and subject to a current motion to dismiss. *See* Dkt. 177.)

**<u>AUTHORITY</u>**

*Superseding Indictment* (June 3, 2016), at ¶¶ 21-35; 3 L. Sand, *et al.*, Modern Fed. Jury Inst. – Crim., Inst. 19.4; *United States v. Dupree*, 10-cr-00627 (KAM) (E.D.N.Y. May 16, 2013), Trial Jury Charge, at 31-32; *United States v. Valle*, 12 CR 0847 (PGG) (S.D.N.Y. Mar. 7, 2013), Trial Jury Charge, at 23-25.

**REQUEST NO. 20:  COUNT EIGHT – CONSPIRACY**
**SECOND ELEMENT (MEMBERSHIP IN THE CONSPIRACY)**

If you conclude that the government has proven beyond a reasonable doubt that the

charged conspiracy existed, and that the conspiracy had as its object the illegal purpose charged

in the Indictment, then you must next determine the second question:  Whether Mr. Greebel

participated in the conspiracy with knowledge of its unlawful purpose and in furtherance of its

unlawful objective.

The government must prove beyond a reasonable doubt that Mr. Greebel knowingly and

intentionally entered into the conspiracy with a criminal intent—that is, with a purpose to violate

the law—and that he agreed to take part in the conspiracy to promote and cooperate in its

unlawful objective.

The term "unlawfully" and "intentionally" and "knowingly" are intended to ensure that if

you find that Mr. Greebel joined the conspiracy, you also conclude beyond a reasonable doubt

that, in doing so, he knew what he was doing; in other words, that he took the actions in question

deliberately and voluntarily, and with full knowledge of the alleged conspiracy's unlawful

objective.

"Unlawfully" simply means contrary to law.  Mr. Greebel need not have known that he

was breaking any particular law, but he must have been aware of the generally unlawful nature

of his actions.  An act is done "knowingly" and "intentionally" if it is done deliberately and

purposely; that is, Mr. Greebel's acts must have been the product of his conscious objective,

rather than the product of a mistake or accident, or mere negligence, or other innocent reason.

Knowledge and intent are, of course, matters of inference from the proven facts.

The key question, therefore, is whether Mr. Greebel entered into the agreement with an

awareness of at least some of the basic aims and purposes of the unlawful agreement.  It is

important for you to note that Mr. Greebel's participation in the conspiracy must be established by independent evidence of his own acts or statements, and the reasonable inferences that may be drawn from them.

The government contends that the evidence demonstrates beyond a reasonable doubt that Mr. Greebel agreed with Mr. Shkreli to ▓▓▓▓▓▓▓▓▓▓▓▓▓.  (The alleged unlawful objective is unclear and subject to a current motion to dismiss. *See* Dkt. 177.)   If you find the government has met its burden, you will conclude that Mr. Greebel participated in the charged conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful objective.

As I have said a number of times, Mr. Greebel has no burden to prove anything in this case.  The burden is always on the government to prove all elements of the charged offenses beyond a reasonable doubt, including those elements that relate to knowledge and intent.

The duration and extent of Mr. Greebel's participation has no bearing on the issue of the his guilt.  However, I want to caution you that a person's mere association with a member of a conspiracy does not make that person a member of the conspiracy, even when that association is coupled with knowledge that a conspiracy is taking place.  In other words, knowledge without agreement and participation is not sufficient.  You would need to conclude beyond a reasonable doubt that Mr. Greebel joined in the conspiracy with knowledge of its unlawful purpose, and with an intent to aid in the accomplishment of its unlawful objective.

In sum, you must decide whether Mr. Greebel, with an understanding of the unlawful character of the conspiracy, intentionally engaged, advised, and assisted in it for the purpose of furthering an illegal undertaking so that he would have become a knowing and willing participant in the unlawful agreement—that is to say, a conspirator.  If you do not reach this conclusion beyond a reasonable doubt, then you must acquit Mr. Greebel of this charge.

**<u>AUTHORITY</u>**

Adapted from 3 L. Sand, *et al.*, Modern Fed. Jury Inst. – Crim., Inst. 19-6; *United States v. Dupree*, 10-cr-00627 (KAM) (E.D.N.Y. May 16, 2013), Trial Jury Charge, at 32-35; *United States v. Valle*, 12 CR 0847 (PGG) (S.D.N.Y. Mar. 7, 2013), Trial Jury Charge, at 25-28; *United States v. Steinberg*, S4 12 Cr. 121 (RJS) (S.D.N.Y. Nov. 6, 2013), Joint Prop. Jury Charge, at 36, 38.

## REQUEST NO. 21:  COUNT EIGHT – CONSPIRACY
## THIRD ELEMENT (OVERT ACT)

The third element is the requirement of an overt act.  To sustain its burden of proof, the government must show beyond a reasonable doubt that at least one overt act was committed in furtherance of the conspiracy by at least one of the co-conspirators.

The purpose of the overt act requirement is clear.  There must have been something more than mere agreement; some overt step or action must have been taken by at least one of the conspirators in furtherance of the conspiracy.  The only requirement is that one of the members of the conspiracy has taken some step or action in furtherance of the conspiracy during the life of the conspiracy.

For the government to satisfy the overt act requirement beyond a reasonable doubt, it is not necessary to prove any particular overt act, or that Mr. Greebel committed an overt act.  It is sufficient for the government to show that Mr. Greebel or one of his alleged co-conspirators knowingly committed an overt act in furtherance of the conspiracy.

However, you must all agree on at least one overt act that a conspirator committed to satisfy this element.  In other words, it is not sufficient for you to agree that some overt act was committed without agreeing on which overt act was committed.

You should bear in mind that the overt act standing alone may be an innocent, lawful act.  Sometimes, however, an apparently innocent act may shed its harmless character if it carries out, promotes, aids, or assists the conspiratorial scheme.

## AUTHORITY

*United States v. Valle*, 12 CR 0847 (PGG) (S.D.N.Y. Mar. 7, 2013), Trial Jury Charge, at 28; *United States v. Steinberg*, S4 12 Cr. 121 (RJS) (S.D.N.Y. Nov. 6, 2013), Joint Prop. Jury Charge, at 39-40; *United States v. Rajaratnam*, 09 CR 1184 (RJH) (S.D.N.Y. Apr. 25, 2011), Trial Tr. Jury Charge, at 5638-39, 5642.

## REQUEST NO. 22:  COUNT EIGHT – OBJECT OF THE CONSPIRACY

In order to prove Mr. Greebel guilty of Count Eight, Conspiracy to Commit Securities Fraud, the government must prove that Mr. Greebel conspired with Mr. Shkreli with the specific intent to violate each substantive element of securities fraud.  The elements of securities fraud are as follows:

In order to meet its burden of proof, the government must establish beyond a reasonable doubt the following elements of the crime of securities fraud:

First, that in connection with the purchase or sale of (insert name of stock) the defendant did any one or more of the following:

(1) employed a device, scheme or artifice to defraud, or

(2) made an untrue statement of a material fact or omitted to state a material fact which made what was said, under the circumstances, misleading, or

(3) engaged in an act, practice or course of business that operated, or would operate, as a fraud or deceit on a purchaser or seller.

Second, that the defendant acted willfully, knowingly and with the intent to defraud.

Third, that the defendant knowingly used, or caused to be used, any means or instruments of transportation or communication in interstate commerce or the use of the mails in furtherance of the fraudulent conduct.

## AUTHORITY

Adapted from 3 L. Sand, *et al.*, Modern Fed. Jury Inst. – Crim., Inst. 57-20; *United States v. Teyibo*, 877 F. Supp. 846 (S.D.N.Y. 1995), *aff'd mem.* 101 F.3d 681 (2d Cir. 1996).

A.  Securities Fraud – First Element[5]

In order to prove Mr. Greebel guilty of Count Eight, Conspiracy to Commit Securities

Fraud, the government must prove that Mr. Greebel conspired with Mr. Shkreli with the specific

intent to violate each substantive element of securities fraud.  The first element of securities

fraud is that in connection with the purchase or sale of Retrophin stock, Mr. Greebel did any one

or more of the following:

> (1) employed a device, scheme or artifice to defraud, or
>
> (2) made an untrue statement of material fact, or omitted to state a material fact
>
> which made what was said, under the circumstances, misleading, or
>
> (3) engaged in an act, practice or course of business that operated, or would
>
> operate, as a fraud or deceit on a purchaser or seller;

A device, scheme or artifice to defraud is a plan for the accomplishment of any objective.

Fraud is a general term that embraces all efforts and means that individuals devise to take

advantage of others.  The law that Mr. Greebel is alleged to have violated prohibits all kinds of

manipulative and deceptive acts.

The fraudulent or deceitful conduct alleged need not relate to the investment value of the

securities involved in this case.

The "in connection with" aspect of this element is satisfied if you find that there was a

nexus or relation between the allegedly fraudulent conduct and the sale or purchase of securities.

Fraudulent conduct may be "in connection with" the purchase or sale of securities if you find that

the alleged fraudulent conduct "touched upon" a securities transaction.

---

[5]  Adapted from 3 L. Sand, et al., Modern Fed. Jury Inst. – Crim., Inst. 57-21 .

With regard to the alleged misrepresentations (and omissions), you must determine whether the statement was true or false when it was made, (and, in the case of alleged omissions, whether the omission was misleading).

If you find that the government has established beyond a reasonable doubt that a statement was false (or omitted), you must next determine whether the fact misstated was material under the circumstances.  A material fact is one that would have been significant to a reasonable investor's investment decision. This is not to say that the government must prove that the misrepresentation would have deceived a person of ordinary intelligence.  Once you find that there was a material misrepresentation (or omission of a material fact), it does not matter whether the intended victims were gullible buyers or sophisticated investors, because the securities laws protect the gullible and unsophisticated as well as the experienced investor.

Nor does it matter whether the alleged unlawful conduct was successful or not, or that Mr. Greebel profited or received any benefits as a result of the alleged scheme.  Success is not an element of the crime charged.  However, if you find that Mr. Greebel did profit from the alleged scheme, you may consider that in relation to the third element of intent, which I will discuss in a moment.  And if you find that Mr. Greebel did not profit from the alleged scheme, you may consider that in relation to the third element of intent.

B.  Securities Fraud – Second Element[6]

To prove Mr. Greebel guilty of Count Eight, Conspiracy to Commit Securities Fraud, the government must prove that Mr. Greebel conspired with Mr. Shkreli with the specific intent to violate each substantive element of securities fraud.  The second element of securities fraud is

---

[6]  Adapted from 3 L. Sand, et al., Modern Fed. Jury Inst. – Crim., Inst. 57-24; *United States v. Leonard*, 529 F.3d 83 (2d Cir. 2008); *United States v. Cassese*, 428 F.3d 92 (2d Cir. 2005).

that Mr. Greebel participated in the scheme to defraud knowingly, willfully and with intent to defraud.

To act "knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.  To act "willfully" means to act knowingly and purposely, with an intent to do something the law forbids, that is to say, with bad purpose either to disobey or to disregard the law.

"Intent to defraud" in the context of the securities laws means to act knowingly and with the intent to deceive.

The question of whether a person acted knowingly, willfully and with intent to defraud is a question of fact for you to determine, like any other fact question.  This question involves one's state of mind.

Direct proof of knowledge and fraudulent intent is not required.  The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based on a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

Since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of Mr. Greebel is a complete defense to a charge of securities fraud.  Mr. Greebel, however, has no burden to establish a defense of good faith.  The burden is on the government to prove fraudulent intent and consequent lack of good faith beyond a reasonable doubt.

Under the antifraud statutes, even false representations or statements or omissions of material facts do not amount to a fraud unless done with fraudulent intent.  However misleading

or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. An honest belief in the truth of the representations made by Mr. Greebel is a good defense, however inaccurate the statements may have turned out to be.

As a practical matter, then, to sustain the charges against Mr. Greebel, the government must establish beyond a reasonable doubt that he knew that his conduct as a participant in the scheme was calculated to deceive and nonetheless, he associated himself with the alleged fraudulent scheme.

To conclude on this element, if you find that Mr. Greebel was not a knowing participant in the scheme and lacked the intent to deceive, you should acquit Mr. Greebel. On the other hand, if you find that the government has established beyond a reasonable doubt not only the first element, namely, the existence of a scheme to defraud, but also this second element, that Mr. Greebel was a knowing participant and acted with intent to defraud, and if the government also establishes the third element, as to which I am about to instruct you, then you have a sufficient basis on which to convict Mr. Greebel.

### C.   Securities Fraud – Third Element[7]

In order to prove Mr. Greebel guilty of Count Eight, Conspiracy to Commit Securities Fraud, the government must prove that Mr. Greebel conspired with Mr. Shkreli with the specific intent to violate each substantive element of securities fraud. The third and final element of securities fraud is that Mr. Greebel knowingly used, or caused to be used, an instrumentality of interstate commerce in furtherance of the scheme to defraud or fraudulent conduct.

---

[7]   Adapted from 3 L. Sand, et al., Modern Fed. Jury Inst. – Crim., Inst. 57-25; *Pereira v. United States*, 347 U.S. 1 (1954); *United States v. Brown*, 555 F.2d 336 (2d Cir. 1977).

It is not necessary that Mr. Greebel be directly or personally involved in any interstate commerce.  If Mr. Greebel was an active participant in the scheme and took steps or engaged in conduct which he knew or could reasonably foresee would naturally and probably result in the use of interstate commerce, then you may find that he the instrumentality of interstate commerce.

When one does an act with the knowledge that the use of interstate means of communication will follow in the ordinary course of business, or where such use can reasonably be foreseen, even though not actually intended, then he causes such means to be used.

Nor is it necessary that the items sent through interstate commerce contain the fraudulent material, or anything criminal or objectionable. The matter sent by interstate commerce may be entirely innocent.

The use of interstate commerce need not be central to the execution of the scheme, and may even be incidental to it. All that is required is that the use of interstate commerce bear some relation to the object of the scheme or fraudulent conduct.

In fact, the actual purchase or sale need not be accompanied or accomplished by the use of interstate commerce, so long as Mr. Greebel is still engaged in actions that are a part of a fraudulent scheme.

**REQUEST NO. 23:  VENUE**

For each count, if and only if you find that the government has proven beyond a reasonable doubt that Mr. Greebel conspired to commit the alleged illegal objective, you must go on to consider venue.  To establish venue to commit wire fraud, the government must prove by a preponderance of the evidence that any act in furtherance of the alleged conspiracy occurred at least in part in the Eastern District of New York.  To establish venue to commit securities fraud, the government must prove by a preponderance of the evidence that any act in furtherance of the alleged conspiracy occurred at least in part in the Eastern District of New York.

To establish a fact by a "preponderance of the evidence" means to prove that the fact is more likely true than not.  A preponderance of the evidence means the greater weight of the evidence, and it refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents.

The Eastern District of New York encompasses Brooklyn, Queens, Long Island, and Staten Island.  In this regard, the government need not prove that the crime charged was committed in the Eastern District of New York or that Mr. Greebel or any alleged coconspirator was even physically present here.  It is sufficient to satisfy the venue requirement if any act in furtherance of the conspiracy occurred within the Eastern District of New York.  Such an act would include, for example, a telephone call or email in furtherance of the conspiracy either to or from a location in this district.  Therefore, if you find that it is more likely than not that any act in furtherance of the conspiracy to commit wire fraud and/or securities fraud took place in the Eastern District of New York, the government has satisfied its burden of proof as to venue.  Again, let me caution you that the preponderance of the evidence standard applies only to the question of venue.  With respect to the elements of Count Seven and Eight in the Superseding Indictment, the government always has the burden of proving its case beyond a reasonable doubt.

**<u>AUTHORITY</u>**

*United States v. Dupree*, 10-cr-00627 (KAM) (E.D.N.Y. May 16, 2013), Trial Jury Charge, at 45-47.

## REQUEST NO. 24:  WHAT IS AND IS NOT EVIDENCE

In determining the facts, you must rely on your own recollection of the evidence.  The evidence in this case is the testimony of the witnesses, the exhibits received in evidence, and the stipulation as to certain facts entered into by the parties.  If I have sustained an objection to a question or stricken testimony, the answers given by a witness are not part of the evidence in this case and may not be considered by you.  For the same reasons, you are not to consider a lawyer's questions as evidence.  It is the witnesses' answers that are evidence, not the questions.

Also, if certain testimony was received for a limited purpose, you must follow the limiting instructions I have given, and use the evidence only for the purpose I indicated.

The only exhibits that are evidence in this case are those that were received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials that were used only to refresh a witness's recollection.

As I told you at the start of this case, arguments by lawyers are not evidence, because the lawyers are not witnesses.  What they have said to you in their opening statements and in their closing arguments is intended to help you understand the evidence to reach your verdict.   If your recollection of the facts, however, differs from what the lawyers argued, it is your recollection that controls.  You must determine the facts based solely on the evidence received in this trial.  In determining the facts, you must rely on your own recollection of the evidence.  What the lawyers said in opening statements, in closing arguments, in objections, or in questions is not evidence.

I remind you also that nothing I have said during the trial or will say during these instructions is evidence.  Similarly, the rulings I have made during the trial are not any indication of my views of what your decision should be.  I should also repeat that my discussion of the evidence is no reflection of any kind that I have any view as to the weight of the evidence, the

credibility of the evidence or how you are to decide the case.  Those are your functions, as the jury and as the judges of the facts.

It is for <u>you alone</u> to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

**<u>AUTHORITY</u>**

Adapted from 3 L. Sand, *et al.*, Modern Fed. Jury Inst. – Crim., Inst. 5-1; *United States v. Dupree*, 10-cr-00627 (KAM) (E.D.N.Y. May 16, 2013), Trial Jury Charge, at 9-11.

## REQUEST NO. 25:  DIRECT AND CIRCUMSTANTIAL EVIDENCE

Generally, there are two types of evidence that you may consider in reaching your verdict:  direct evidence and circumstantial evidence.

Direct evidence is testimony by a witness about something he or she knows by virtue of his or her own senses—something seen, felt, touched, or heard.  For example, if a witness testified that when he left his house this morning, it was raining, that would be direct evidence about the weather.  Direct evidence may also be in the form of an exhibit.

Circumstantial evidence is evidence from which you may infer the existence of certain facts.  For example, assume that when you came into the courthouse this morning the sun was shining and it was a nice day.  Assume that the courtroom blinds were drawn and you could not look outside.  As you were sitting here, someone walked in with an umbrella, which was dripping wet.  Then a few minutes later another person entered with a wet raincoat.  Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So you have no direct evidence of that fact.  But, on the combination of facts that I have asked you to assume, you could conclude that it had been raining.

That is all there is to circumstantial evidence.  On the basis of reason and experience, you infer from one established fact the existence or non-existence of some other fact.

The matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a logical, factual conclusion that you might reasonably draw from other facts that have been proven.  Circumstantial evidence may be given as much weight as direct evidence.  The law makes no distinction between direct and circumstantial evidence, but simply requires that before convicting Mr. Greebel, the jury must be satisfied of Mr. Greebel guilt beyond a reasonable doubt, based on all the evidence in the case, circumstantial and direct.

There are times when different inferences may be drawn from the evidence.  The government asks you to draw one set of inferences.  Mr. Greebel asks you to draw another.  It is for you, and for you alone, to decide what inferences you will draw weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

**AUTHORITY**

*United States v. Dupree*, 10-cr-00627 (KAM) (E.D.N.Y. May 16, 2013), Trial Jury Charge, at 12-13; *United States v. Jiang*, 15-cr-00628 (CBA) (E.D.N.Y. Nov. 8, 2016), Trial Jury Charge, at 6; *United States v. Valle*, 12 CR 0847 (PGG) (S.D.N.Y. Mar. 7, 2013), Trial Jury Charge, at 10-11.

## **REQUEST NO. 26:  RULINGS ON EVIDENCE AND OBJECTIONS**

You should draw no inference or conclusion for or against any party based on a lawyer's objection or my ruling on the objection.  Counsel has an obligation to object when he or she believes that evidence is not properly admitted under the rules of evidence.

You should likewise draw no inference or conclusion of any kind, favorable or unfavorable, with respect to any witness or party in the case, by reason of any question I posed to a witness.

**AUTHORITY**

*United States v. Jiang*, 15-cr-00628 (CBA) (E.D.N.Y. Nov. 8, 2016), Trial Jury Charge, at 11;
*United States v. Valle*, 12 CR 0847 (PGG) (S.D.N.Y. Mar. 7, 2013), Trial Jury Charge, at 11.

49

## REQUEST NO. 27:  NUMBER OF WITNESSES AND UNCONTRADICTED TESTIMONY

The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should find the facts in favor of the side offering the most witnesses.  Nor should you accept the testimony of any witness who has not been contradicted or impeached, if you find the witness not to be credible.  You also have to decide which witnesses to believe and which facts are true.  To do this, you must look at all the evidence, drawing on your own reason and personal experience.  After examining all the evidence, you may decide that the party calling the most witnesses has not persuaded you because you do not believe its witnesses, or because you do believe the fewer witnesses called by the other side.

Of course, you should keep in mind that the burden of proof is always on the government.  Mr. Greebel is presumed to be innocent and is not required to call any witnesses or offer any evidence.

**AUTHORITY**

*United States v. Steinberg*, S4 12 Cr. 121 (RJS) (S.D.N.Y. Nov. 6, 2013), Joint Prop. Jury Charge, at 8.

## REQUEST NO. 28:  WITNESS CREDIBILITY

How do you determine whether witnesses are credible and reliable, whether the witnesses told the truth at this trial, and whether they knew what they were talking about?  It is really just a matter of using your reason, your good judgment, and your experience.

First, consider how well the witness was able to observe or hear what he or she testified about.  The witness may be honest, but mistaken.  Ask yourself whether the witness appeared honest, open, and informed.  Did the witness appear evasive or as though he or she was trying to hide something?  How responsive was the witness to the questions asked on direct examination and on cross-examination?  Consider the witness's demeanor, manner of testifying, and the strength and accuracy of the witness's recollection.  Consider whether any outside factors may have affected the witness's ability to perceive events.

Second, consider the substance of the testimony.  How does the witness's testimony compare with other proof in the case?  Is it corroborated or is it contradicted by other evidence? If there is a conflict, does any version appear reliable, and if so, which version seems more reliable? In addition, you consider whether a witness had any possible bias or relationship with a party or any possible interest in the outcome of the case.

If you find that any witness has lied under oath at this trial, you should view the testimony of that witness cautiously and weigh it with great care.  It is, however, for you to decide how much of the witness's testimony, if any, you wish to believe.  You must determine whether to accept or reject all or to accept some and reject the balance of that witness's testimony.

You have heard some testimony during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.  Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that

there is nothing either unusual or improper about a witness meeting with lawyers before

testifying so that the witness can be aware of the subjects he will be questioned about, focus on

those subjects, and have the opportunity to review relevant exhibits before being questioned

about them.  Such consultation helps conserve your time and the Court's time.

It is for you, the jury, and for you alone—not the lawyers, or the witnesses, or me as the

judge—to decide the credibility of witnesses who testified and the weight that their testimony

deserves.  You do not leave your reason, good judgment, or life experiences behind you when

you walk into the courtroom.  You carry that background into the jury room during your

deliberations.  Please remember, however, that you may not use your experience and reason to

fill in or create evidence that does not exist.  You use it to draw reasonable inferences from

proven facts or to weigh and evaluate the evidence presented during the trial.

**<u>AUTHORITY</u>**

Adapted from *United States v. Dupree*, 10-cr-00627 (KAM) (E.D.N.Y. May 16, 2013), Trial
Jury Charge, at 13-15; *United States v. Valle*, 12 CR 0847 (PGG) (S.D.N.Y. Mar. 7, 2013), Trial
Jury Charge, at 12-13; *United States v. Steinberg*, S4 12 Cr. 121 (RJS) (S.D.N.Y. Nov. 6, 2013),
Joint Prop. Jury Charge, at 8-10; *United States v. Rajaratnam*, 09 CR 1184 (RJH) (S.D.N.Y. Apr.
25, 2011), Trial Tr. Jury Charge, at 5603-04.

## REQUEST NO. 29:  BIAS OF WITNESSES

In deciding whether to believe a witness, you should consider whether there is any evidence that the witness is biased in favor or against one side or the other.  Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.  You should also take into account any evidence of any benefit that a witness may receive from the outcome of the case.  Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his own interests.  It is your duty to consider whether the witness intentionally or unintentionally has permitted any such bias or interest to color or distort his or her testimony.  In short, if you find that a witness is biased, you should view his or her testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

In connection with your evaluation of the credibility of witnesses, you should specifically consider evidence of resentment or anger that some government witnesses may have towards Mr. Greebel.

Evidence that a witness is biased, prejudiced, or hostile toward Mr. Greebel requires you to view that witness's testimony with caution, to weigh it with care, and subject it to close and searching scrutiny.

## AUTHORITY

*United States v. Valle*, 12 CR 0847 (PGG) (S.D.N.Y. Mar. 7, 2013), Trial Jury Charge, at 13-14; *United States v. Rajaratnam*, 09 CR 1184 (RJH) (S.D.N.Y. Apr. 25, 2011), Trial Tr. Jury Charge, at 5602; 3 L. Sand, *et al.*, Modern Fed. Jury Inst. – Crim., Inst. 7-2.

## REQUEST NO. 30:  FALSUS IN UNO, FALSUS IN OMNIBUS

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness's other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

## AUTHORITY

Easter District of Michigan, Model Criminal Jury Instruction, at 15, *available at* https://www.mied.uscourts.gov/pdffiles/robertsctnso11-03.pdf.

54

## <u>REQUEST NO. 31:  DEFENDANT'S TESTIMONY</u>

A defendant in a criminal case never has any duty to testify or come forward with any evidence.  This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the government at all times, and Mr. Greebel is presumed innocent.  In this case, Mr. Greebel did testify and he was subject to cross-examination like any other witness.  You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of the case.  You should not disregard Mr. Greebel's testimony simply because he is charged as Mr. Greebel in this case.

The fact that Mr. Greebel elected to testify does not shift the burden of proof to him.  The burden remains at all times on the government to prove all the elements of the offense beyond a reasonable doubt.  As I stated before, the law never imposes on a defendant in a criminal case the burden or duty of calling any witness or of producing any evidence.

## <u>AUTHORITY</u>

Adapted from 3 L. Sand, *et al.*, Modern Fed. Jury Inst. – Crim., Inst. 7-4 (following *Gaines*); *United States v. Steinberg*, S4 12 Cr. 121 (RJS) (S.D.N.Y. Nov. 6, 2013), Joint Prop. Jury Charge, at 4647; *United States v. Gaines*, 457 F.3d 238, 249 n.9 (2d Cir. 2006) (utilizing this model language).

## REQUEST NO. 32:  CHARACTER TESTIMONY

You have heard testimony from witness[es] who, although having no personal knowledge of the transactions at issue in this case, have formed an opinion of Mr. Greebel's general character for honesty based on other contacts, or have testified about Mr. Greebel's reputation for honesty in the community.  This testimony is not to be taken by you as the witness's opinion as to whether Mr. Greebel is not guilty or guilty of the crimes charged, but you may consider this character evidence, together with all the other facts and all the other evidence in the case, and give it such weight as you deem appropriate.

## AUTHORITY

Adapted from 3 L. Sand, *et al.*, Modern Fed. Jury Inst. – Crim., Inst. 5-15; *United States v. Steinberg*, S4 12 Cr. 121 (RJS) (S.D.N.Y. Nov. 6, 2013), Joint Prop. Jury Charge, at 47-48; *United States v. Gupta*, 11 CR 907 (JSR) (S.D.N.Y. Jun. 14, 2012), Trial Tr. Jury Charge, at 3366.

## REQUEST NO. 33:  EXPERT TESTIMONY

You have heard from what we call expert witnesses.  Expert witnesses are witnesses who, by education or experience, have acquired learning in a science or a specialized area of knowledge.  Such witnesses are permitted to give their opinions as to relevant matters in which they profess to be experts and give their reasons for their opinions.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Your role in judging credibility applies to experts as well as to other witnesses.  You should consider the expert opinions that were received in evidence in this case and give them as much or as little weight as you think they deserve.  If you should decide that the opinion of an expert was not based on sufficient education, experience, or data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, or if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

On the other hand, if you find the opinion of an expert is based on sufficient data, education, and experience, and the other evidence does not give you reason to doubt his or her conclusions, you would be justified in placing reliance on the expert's testimony.


## AUTHORITY

Adapted from 3 L. Sand, *et al.*, Modern Fed. Jury Inst. – Crim., Inst. 7-21; *United States v. Dupree*, 10-cr-00627 (KAM) (E.D.N.Y. May 16, 2013), Trial Jury Charge, at 19-20; *United States v. Steinberg*, S4 12 Cr. 121 (RJS) (S.D.N.Y. Nov. 6, 2013), Joint Prop. Jury Charge, at 51.

## REQUEST NO. 34:  RULES OF CONDUCT

During you deliberations, all the rules of conduct concerning outside influences remain in effect.  As I have instructed you many times, your verdict must be based solely on the evidence presented in this courtroom.  Accordingly, you are still not permitted to discuss this case with anyone but your fellow jurors.

Again, due to the highly publicized nature of this case, let me repeat what I said to you at the outset of this case about potential publicity relating to this case.

First, you must disregard any and all reports that you have read, seen, or heard through the news media, and any statements or inferences contained therein.  Such matters are not in evidence in this case.  You must not permit such matters to influence your judgment in arriving at a true verdict in this case.

Second, you must not read or listen to anything touching on this case in any way.  This includes anything related to Martin Shkreli, MSMB Capital, MSMB Healthcare, Retrophin Inc., or even just investment funds and investing.  If there is any publicity relating to this case, you are instructed not to read, listen to, or watch any news reports or commentary about this trial, or any other court proceeding that is in any way related to this trial.  You must not be influenced by anything you might hear or see outside the courtroom.  If anyone should try to talk to you about this case, you must bring it to my attention right away.  Do not tell anyone else, do not tell your fellow jurors; just inform the Court.

Third, you must not talk about or read this case or the facts and circumstances of this case on any social networking sites such as Facebook, Twitter, or any other websites.  You cannot engage in any contemporaneous commentary through Twitter or one of the social networking sites.  None of you can engage in any real world or cyberworld communication in any way relating to this trial.

Fourth, you must not do any research or investigation about this case or anything touching on this case.  Do not go on the Internet and do any searches about anything related to this case, or these kinds of cases, or any of the parties or lawyers or even me, on Google or any other website on the Internet.

Indeed, it would be extremely unfair for you to consider any publicity related to this case, because that is not evidence and the parties have not had an opportunity to contradict their accuracy or otherwise explain them away.  In short, it would be a violation of your oath as jurors to allow yourselves to be influenced in any manner by such publicity.

**AUTHORITY**

Adapted from 3 L. Sand, *et al.*, Modern Fed. Jury Inst. – Crim., Inst. 2-16, 2-17; *United States v. Valle*, 12 CR 0847 (PGG) (S.D.N.Y. Mar. 7, 2013), Trial Jury Charge, at 19; *United States v. Rajaratnam*, 09 CR 1184 (RJH) (S.D.N.Y. Mar.. 4, 2011).

## REQUEST NO. 35:  DUTY TO DELIBERATE/UNANIMOUS VERDICT

Your function is to weigh the evidence in this case and to decide whether the government has proven beyond a reasonable doubt each of the essential elements of the crimes with which Mr. Greebel is charged.  If the government has succeeded in meeting its burden, your verdict should be guilty; if it has failed to so, it should be not guilty.  You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged on your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  As you deliberate, please listen to the opinions of your fellow jurors, and ask for an opportunity to express your own views.  Every juror should be heard.  No one juror should hold center stage in the jury room and no one juror should control or monopolize the deliberations.

Each of you must decide the case for yourself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous.  Discuss and weigh your respective opinions dispassionately, without regard to sympathy or to prejudice or favor for either party, and adopt that conclusion that in your good conscience appears to be in accordance with the truth.

Your verdict must be unanimous as to each count in the Indictment.  But you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors.  Each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors.  No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

But you should not hesitate to change an opinion that, after discussion with your fellow jurors, appears erroneous.  If, however, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your conviction simply because you are outnumbered.

Remember at all times, you are not partisans.  You are judges—judges of the facts.  Your sole interest is to determine whether the government has proven Mr. Greebel's guilt beyond a reasonable doubt.

If you are divided, do <u>not</u> report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open court.

**<u>AUTHORITY</u>**

3 L. Sand, *et al.*, Modern Fed. Jury Inst. – Crim., Inst. 9-7; *United States v. Dupree*, 10-cr-00627 (KAM) (E.D.N.Y. May 16, 2013), Trial Jury Charge, at 57-59; *United States v. Valle*, 12 CR 0847 (PGG) (S.D.N.Y. Mar. 7, 2013), Trial Jury Charge, at 35-36.

## REQUEST NO. 36:  DUTIES OF FOREPERSON

When you get into the jury room, before you begin your deliberations, you should by your own vote select one of your members to sit as your foreperson.  The foreperson doesn't have any more power or authority than any other juror, and his or her vote or opinion doesn't count for any more than any other juror's vote or opinion.  The foreperson is merely your spokesperson to the Court.  He or she will send out any notes, and when the jury has reached a verdict, he or she will notify the marshal that the jury has reached a verdict, and you will come into open court and give the verdict.

## AUTHORITY

Adapted from 3 L. Sand, *et al.*, Modern Fed. Jury Inst. – Crim., Inst. 9-5; *United States v. Valle*, 12 CR 0847 (PGG) (S.D.N.Y. Mar. 7, 2013), Trial Jury Charge, at 36-37; *United States v. Steinberg*, S4 12 Cr. 121 (RJS) (S.D.N.Y. Nov. 6, 2013), Joint Prop. Jury Charge, at 54.

Dated:   New York, New York
         April 21, 2017

                                        */s/* Reed Brodsky_____
                                        Reed Brodsky
                                        Winston Y. Chan
                                        Lisa H. Rubin

                                        GIBSON, DUNN & CRUTCHER LLP
                                        200 Park Avenue
                                        New York, NY 10166
                                        (212) 351-4000
                                        rbrodsky@gibsondunn.com

                                        *Counsel for Defendant Evan Greebel*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 21, 2017, I caused a true and correct copy of the foregoing to be served by electronic means, via the Court's CM/ECF system, on all counsel registered to receive electronic notices.  I also certify that I have caused copies of the aforementioned document to be served via first class mail, postage prepaid on all non- CM/ECF participants.

/s/ Reed Brodsky
Reed Brodsky