# EXHIBIT A

Jury Instructions
July 28, 2017 Court Ex. 5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------- X

UNITED STATES OF AMERICA,                    :
                                             :
    -against-                                :
                                             :        15-CR-637 (KAM)
Martin Shkreli, Evan Greebel,                :
                                             :
              *Defendant.*                    :
                                             :
----------------------------------- x

**EVAN GREEBEL'S PROPOSED JURY INSTRUCTIONS**

                              */s/ Reed Brodsky*
                              Reed Brodsky
                              Winston Y. Chan
                              Lisa H. Rubin

                              GIBSON, DUNN & CRUTCHER LLP
                              200 Park Avenue
                              New York, NY 10166
                              (212) 351-4000
                              rbrodsky@gibsondunn.com

~~Jury Instructions~~
~~July 28, 2017 Court Ex. 5~~

*Counsel for Defendant Evan Greebel*

Jury Instructions
July 28, 2017 Court Ex. 5

## TABLE OF CONTENTS

Page

INTRODUCTION .......................................................................................................... 1

I. GENERAL RULES OF LAW ..................................................................................... ~~2~~1

1. Role of the Court ............................................................................................. ~~2~~1

2. Role of the Jury ............................................................................................... ~~3~~2

3. Conduct of Counsel ......................................................................................... ~~7~~5

4. Presumption of Innocence and Burden of Proof .......................................... ~~8~~6

5. Reasonable Doubt ............................................................................................ ~~9~~6

6. Forms of Evidence ........................................................................................... ~~10~~7

   A. What Is Evidence: ........................................................................... 10

   B. What Is Not Evidence: .................................................................... 12

7. Direct and Circumstantial Evidence: ........................................................ ~~13~~10

8. Inferences ....................................................................................................... ~~15~~11

9. Admission of Defendant ............................................................................ 16

~~10.~~ Defendant's Right Not to Testify ~~16~~ [if applicable] ............................... 12

~~11.~~ 10. Credibility of Witnesses ......................................................................... ~~17~~12

~~12.~~ 11. Number of Witnesses .............................................................................. ~~20~~14

~~13.~~ 12. Testimony of Government Employees/Law Enforcement Witnesses ....... ~~21~~15

~~14.~~ 13. Prior Inconsistent Statements ................................................................ ~~22~~16

~~15.~~ 14. Preparation for Testimony ..................................................................... ~~23~~17

~~16.~~ 15. No Duty to Call Witnesses or Produce Evidence or Use Particular
        Investigative Techniques .......................................................................... ~~23~~17

~~17.~~ 16. Informal Agreements .............................................................................. ~~24~~18

~~18.~~ 17. Consider Only this Defendant ................................................................ ~~26~~19

~~19.~~ 18. Approximate Dates ................................................................................. ~~27~~20

~~Jury Instructions~~
~~July 28, 2017 Court Ex. 5~~TABLE OF CONTENTS
(continued)

Page

II. THE CHARGES ...................................................... ~~27~~21

    1.    Summary of the Superseding Indictment; Consider Only the Charges; Consider
        Each Count Separately ................................. ~~27~~21

    2.    Knowingly, Willfully, and Intentionally Defined ........... ~~29~~21

        ~~A.  Knowingly ...................................... 29~~

        ~~B.  Willfully ...................................... 29~~

        ~~C.  Intentionally ................................. 30~~

~~COUNTS THREE AND SIX: Securities Fraud ...................... 31~~

        ~~A.  The Charges .................................... 31~~

        ~~B.  The Statute and Rule ........................... 32~~

        ~~C.  Definition and Elements ........................ 33~~

        ~~D.  Securities Fraud Venue ......................... 43~~

~~COUNTS ONE AND FOUR: Conspiracy to Commit Securities Fraud ... 46~~

        ~~A.  Conspiracy ..................................... 51~~

        ~~B.  Venue .......................................... 59~~

~~COUNTS TWO AND FIVE: Conspiracy to Commit Wire Fraud ........ 61~~

        ~~A.  Conspiracy to Commit Wire Fraud ................ 63~~

        ~~B.  Wire Fraud: Definition and Elements ............ 63~~

        ~~C.  Venue .......................................... 70~~

COUNT SEVEN ........................................ ~~71~~25

        ~~A.  Conspiracy to Commit Wire Fraud ................ 71~~

        ~~B.  Wire Fraud ..................................... 72~~

        ~~C.  Venue .......................................... 74~~

COUNT EIGHT ........................................ ~~74~~44

        ~~A.  Conspiracy ..................................... 77~~

iv

~~Jury Instructions~~
~~July 28, 2017 Court Ex. 5~~TABLE OF CONTENTS
(continued)

Page

~~B. Securities Fraud~~ ..................................................... ~~77~~

~~C. Venue~~ ..................................................... ~~79~~

III. Defenses ..................................................... ~~79~~55

   1.  Good Faith ..................................................... ~~79~~55

   ~~2.  Reliance on Counsel~~ ..................................................... ~~80~~

IV. CLOSING INSTRUCTIONS ..................................................... ~~81~~56

   1.  Selection of a Foreperson ..................................................... ~~82~~56

   2.  Verdict & Deliberations ..................................................... ~~82~~56

   3.  Note-Taking ..................................................... ~~85~~58

   4.  Communications with the Court ..................................................... ~~85~~58

   5.  Right to See Evidence ..................................................... ~~86~~59

   6.  Return of Verdict ..................................................... ~~86~~59

   7.  Conclusion ..................................................... ~~87~~60

## INTRODUCTION

You are about to enter your final duty, which is to decide the factual issues in the case.  I ask that you please pay close attention to me now.  I will go as slowly as I can and be as clear as possible.

I told you at the very start of the trial that your principal function during the trial would be to listen carefully and observe each witness who testified.  It has been obvious to me and to counsel that you have faithfully discharged this duty, and I thank you for your attentiveness and service.  Now that you have heard all of the evidence in this case and the arguments of each side, it is my duty to give you instructions as to the applicable law.  My instructions will be in three parts:

First:  I will state some general rules about your role and the way in which you are to review the evidence in this case;

Second:  I will instruct you ~~as to~~on the ~~particular crimes charged~~two counts alleged in this case and the elements that the government must prove beyond a reasonable doubt with respect to each; and

Third:  I will give you some general rules regarding your deliberations.

Do not single out any one instruction I give you as alone stating the law.  Rather, you should consider these instructions as a whole when you retire to the jury room to deliberate on your verdict.

1

*Jury Instructions*
*July 28, 2017 Court Ex. 5*

## I. GENERAL RULES OF LAW

**1.      Role of the Court**

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the government and for ~~the defendant, Martin Shkreli~~Evan Greebel.

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you.  Even if any attorney or witness has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not, any of you, be concerned about the wisdom of any rule that I state.  Regardless of any opinion that you may have as to what the law may be — or ought to be — it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

**2.      Role of the Jury**

As members of the jury, you are the sole and exclusive judges of the facts.  Your role is to pass upon the weight of the evidence; determine the credibility of the witnesses; resolve such conflicts as there may be in the testimony; and draw whatever reasonable inferences you decide to draw from the facts as you have determined them.

In determining the facts, you must rely upon your own recollection of the evidence.  What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence.  In this connection, you should bear in mind that a question put to a witness is never evidence.  It is only the answer that is evidence.  Nor is anything I may have said during the trial or may say during these instructions with respect to a fact matter to be taken in substitution for your own independent recollection.  What I say is not evidence.

The evidence before you consists of the answers given by witnesses--the testimony they gave, as you recall it–and the exhibits and stipulations that were received in evidence.

~~The evidence does not include questions.  Only the answers are evidence.  But you~~You may not consider any answer that I directed you to disregard or that I directed struck from the record.  Do not consider such answers.

Throughout this trial, I have reminded you not to conduct any outside research into this case.  I have also instructed you to consciously avoid any media about this case ~~or about Mr. Shkreli~~.  Likewise, during deliberations, you may only consider the evidence admitted at trial and may not utilize any other information obtained outside the courtroom, including, but not limited to, research on the internet, opinions or statements outside the courtroom, or other sources.  You must completely disregard any report that you have read in the press, seen on television, or heard on the radio.  Indeed, it would be unfair to consider such reports, since they are not evidence and the parties have no opportunity of contradicting their accuracy or otherwise explaining them away.  In short, it would be a violation of your oath as jurors to allow yourselves to be influenced in any manner by such   media.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be.  The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the ~~guilt of the defendant~~government has ~~been ~~proven that Mr. Greebel is guilty beyond a reasonable doubt.

4

Jury Instructions
July 28, 2017 Court Ex. 5

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses.  These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render or whether any of the witnesses may have been more credible than any other witness.  You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges.  You are to consider the evidence with impartiality.  Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.

In reaching your decision as to whether the government sustained its burden of proof beyond a reasonable doubt, it would be improper for you to consider any personal feelings you may have about the defendantMr. Greebel's race, religion, national origin, sex or, age, or profession.  It would be equally improper for you to allow any feelings you might have about the nature of the two crimes charged to interfere with your decision-making process.  All persons are entitled to the presumption of innocence and the government has the burden of prooffrom the start of the trial through the end, and that presumption of innocence never wears off unless and until you have decided unanimously that the government has proven its case beyond a reasonable doubt as to each count, as I will discuss in a moment.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation.  By the same token, it is entitled to no less consideration.  All parties, whether government or individuals, are equal before the law.

5

If you have a reasonable doubt as to a defendant's guilt, you should not hesitate for any reason to find a verdict of acquittal. ~~But on~~On the other hand, if you should find that the government has met its burden of proving ~~a defendant's guilt~~that Mr. Greebel is guilty beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

Proof beyond a reasonable doubt must, therefore, be proof of a convincing character that a reasonable person would not hesitate to rely upon in making an important decision in his or her life.

Under your oath as jurors you are not to be swayed by sympathy. You are to be guided solely by the evidence in this case, and the crucial question that you must ask yourselves as you sift through the evidence is: Has the government proven ~~the guilt~~that Mr. Greebel is guilty of the ~~defendant~~count you are considering beyond a reasonable doubt? It is for you alone to decide whether the government has proven that Mr. ~~Shkreli~~Greebel is guilty of each of the ~~crimes~~two counts charged solely on the basis of the evidence and subject to the law as I charge you. If you follow your oath, and try the issues without fear or prejudice or bias or sympathy, you will arrive at a true and just verdict.

3.    **Conduct of Counsel**

It is the duty of the attorneys on each side of a case to object when the other side offers testimony or other evidence which the attorneys believe is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the court. You should not show any prejudice against an attorney or his or her

client because the attorney objected to the admissibility of evidence, or asked for a conference

out of the hearing of the jury, or asked the court for a ruling on the law.

During the course of the trial, I may have admonished an attorney.  You should

draw no inference against the attorney or the client.  It is the duty of the attorneys to offer

evidence and press objections on behalf of their side.  It is my function to cut off counsel from an

improper line of argument or questioning, and to strike answers when I think it is necessary.  But

you should draw no inference from that.

In fact, in this case, I would like to express my

gratitude to each of the attorneys for their conscientious

efforts on behalf of their clients and for work well done.

## 4.    **Presumption of Innocence and Burden of Proof**

The defendant, Martin Shkreli, Evan Greebel is before you today

because he has been charged in an Indictment — here, a Superseding Indictment—

with violations of federal law.  The Superseding Indictment is merely a statement of charges, and

is not itself evidence.  Mr. Shkreli Greebel has pleaded not guilty to the two crimes against

him in the Superseding Indictment.  Mr. Shkreli Greebel is therefore presumed to be innocent

of the charges against him, and that presumption alone, unless overcome, is sufficient to acquit

him.

To convict Mr. Shkreli Greebel, the burden is on the government to prove each

and every element of each of the charged offenses two charges beyond a reasonable doubt.

This burden never shifts to a defendant, for the simple reason that the law presumes a defendant

to be innocent.  A defendant is never required to prove that he is innocent and never imposes

upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

Every ~~defendant~~person accused of a crime starts with a clean slate and is presumed innocent of each of the charges until such time, if ever, that you as a jury are satisfied unanimously that the government has proven that the ~~defendant~~person is guilty of a given charge beyond a reasonable doubt.  If the government fails to prove every element of a charge beyond a reasonable doubt, you must find Mr. ~~Shkreli~~Greebel not guilty as to that charge.

**5.    Reasonable Doubt**

What is a reasonable doubt?  It is a doubt based upon reason.  It is doubt that a reasonable person has after carefully weighing all of the evidence.  It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life.  Proof beyond a reasonable doubt must, therefore, be proof of a convincing character that a reasonable person would not hesitate to rely upon in making an important decision.

A reasonable doubt is not a caprice or whim; it is not a speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty.  The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is ~~sufficient~~what is necessary to convict a person of a count.

If, after fair and impartial consideration of all of the evidence or lack of evidence concerning a particular charge against Mr. ~~Shkreli~~Greebel, you have a reasonable doubt, you must find Mr. ~~Shkreli~~Greebel not guilty of that charge.  On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied ~~of the Mr. Shkreli's~~

8

~~guilt~~that the government has proven that Mr. Greebel is guilty beyond a reasonable doubt, you

should find Mr. ~~Shkreli~~Greebel guilty of that charge.

**6.    Forms of Evidence**

I now will instruct you as to what is evidence and how you should consider it.

**A.    What Is Evidence:**

The evidence in this case comes in several forms:

1.    Sworn testimony of witnesses, both on direct and cross-examination;

2.    Sworn testimony of expert witnesses, both on direct and cross-examination;

3.    Exhibits that have been received by the court in evidence;

~~3.~~4.    Certain exhibits admitted in evidence in the form of charts, summaries and demonstratives.  You should consider these charts and summaries as you would any other evidence; and

~~4.~~5.    Stipulations of fact to which all the attorneys have agreed.  A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact.  [Here, the attorneys for the United States and the attorneys for Mr. ~~Shkreli~~Greebel have entered into stipulations concerning certain facts and documents that are relevant to this case.  You should accept these stipulations as evidence and regard those facts as true, to be given whatever weight you choose.]

9

Jury Instructions
July 28, 2017 Court Ex. 5

If ~~evidence~~I instructed you that a certain document or statement was received

for a limited purpose, you must consider that ~~evidence~~document or statement for that limited

purpose only.

10

**B.     What Is Not Evidence:**

Certain things are not evidence and are to be disregarded by you in deciding what

the facts are:

1.     The Superseding Indictment is not evidence and is entitled to no weight in

your evaluation of the facts.

2.     Arguments or statements by the attorneys are not evidence.

3.     A lawyer's questions of a witness in and of themselves are not evidence -

only the answer constitutes evidence.

4.     Objections to the questions or to offered exhibits are not evidence.

Attorneys have a duty to object when they believe evidence should not be

received.  You should not be influenced by the objection or by the court's

ruling on it.  If the objection was sustained, ignore the question.  If the

objection was overruled, treat the answer like any other answer.

5.     Any testimony stricken by the court is not evidence.

6.     Any exhibits identified, but not admitted into evidence by the court, are

not evidence, however, testimony regarding such exhibits ~~can be~~

~~considered~~is evidence.

7.     Obviously, anything you may have seen or heard outside the courtroom is

not evidence.

8.     Any notes you may have taken during the course of the trial are not

evidence.

11

Your verdict must be based exclusively upon the evidence or the lack of evidence in this case.

**7.      Direct and Circumstantial Evidence:**

I told you that evidence comes in various forms such as the sworn testimony of witnesses, expert witnesses, exhibits, charts and summaries, and stipulations.  There are, in addition, different types of evidence - direct and circumstantial.

1.      **Direct evidence**:  Direct evidence is evidence that proves a fact directly.  For example, when a witness testifies to what he or she saw, heard or observed, that is called direct evidence.

2.      **Circumstantial evidence**:  Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts.  To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but the courtroom blinds were drawn and you could not look outside.  Then later, as you were sitting here, someone walked in with a dripping wet umbrella and, soon after, ~~somebody else~~several other people walked in with ~~a~~wet umbrellas and dripping wet ~~raincoat~~raincoats.  Because you cannot look outside of the courtroom and cannot see whether or not it is raining, you have no direct evidence that it is raining.  But, on the combination of the facts about the dripping wet ~~umbrella~~umbrellas and ~~raincoat~~raincoats, it would be reasonable for you to infer that it had begun to rain.  That is all there is to circumstantial evidence.  Using your reason and experience, you infer

12

from established facts the existence or the nonexistence of some other

fact.  Whether a given inference should be drawn is entirely a matter for

you, the jury, to decide.  Please note, however, that drawing an inference

is not a matter of speculation or guess; it is a matter of logical inference.

The law makes no distinction between direct and circumstantial evidence.

Circumstantial evidence is of no less value than direct evidence, and you may consider either or

both, and may give them such weight as you conclude is warranted.

**8.    Inferences**

The attorneys have asked you to infer, on the basis of your reason, experience,

and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess.  It is a reasoned, logical decision to

conclude that a disputed fact exists on the basis of another fact that you know exists.

There are times when different inferences may be drawn from facts, whether

proved by direct or circumstantial evidence.  The government may ask you to draw one set of

inferences, while the defense may ask you to draw another.  It is for you, and you alone, to

decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of

guesswork or speculation.  An inference is a deduction or conclusion that you, the jury, are

permitted to draw-but not required to draw-from the facts that have been established by either

direct or circumstantial evidence.  In drawing inferences, you should exercise your common

sense.

13

So, while you are considering the evidence presented to you, you are permitted, but not required, to draw from the facts that you find to be proven beyond a reasonable doubt such reasonable inferences as would be justified in light of your experience.

Here again, let me remind you that, whether based on direct or circumstantial evidence, or on the logical, reasonable inferences drawn from such evidence, you must be satisfied ~~of the guilt of the defendant~~that the government has proven that Mr. Greebel is guilty beyond a reasonable doubt before you may convict~~.~~ on any charge.  And your decision must be unanimous.

~~9.   Admission of Defendant~~

~~There has been evidence that Mr. Shkreli made certain statements to the Securities and Exchange Commission (also referred to as the SEC) in which the government claims he admitted certain facts charged in the Superseding Indictment.  I instruct you that you are to give the statements such weight as you feel they deserve in light of all the evidence.~~

**9.**   ~~10.~~  **Defendant's Right Not to Testify [if applicable]**

Mr. ~~Shkreli~~Greebel did not testify in this case.  Under the United States Constitution, a ~~defendant~~person accused of a crime has no obligation to testify or to present any evidence, because it is the government's burden to prove ~~the defendant~~that any person accused of a crime is guilty beyond a reasonable doubt.  That burden remains with the government throughout the entire trial and never shifts to the ~~defendant.   A defendant~~accused.  A person accused of a crime is never required to prove that he is

14

innocent, because his innocence is presumed. from the time that the accused first walks into this courtroom, throughout the trial, and throughout your deliberations, unless and until you find unanimously that the government has met its burden of proving that Mr. Greebel is guilty beyond a reasonable doubt.

Therefore, you must not attach any significance to the fact that Mr. ~~Shkreli~~Greebel did not testify in this case.  You must not draw any adverse inference against him because he did not take the witness stand and you may not consider or even discuss it in any way in your deliberations in the jury room.

**10.   ~~11.~~  Credibility of Witnesses**

You the jury are the sole judges of the credibility – or believability – of the witnesses and the weight their testimony deserves.  You should carefully scrutinize all of the testimony given, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decisions in this respect may depend on how each witness impressed you.  Was the witness candid and forthright or did the witness seem to be hiding something, being evasive or suspect in some way?  How did the witness's testimony on direct examination compare with the witness's testimony on cross-examination?  Was the witness consistent in the testimony given or were there contradictions?  Did the witness appear to know what she or he was talking about and did the witness strike you as someone who was trying to report that knowledge accurately?  These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is, or is not, truthful.

You should also consider whether a witness had an opportunity to observe the facts he or she testified about.  Also, you should consider whether the witness's recollection of the facts stands up in light of the other evidence in the case.

How much you choose to believe a witness may also be influenced by the witness's bias.  Does the witness have a relationship with the Government or Mr. ~~Shkreli~~Greebel that may affect how he or she testified?  Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth?  Does the witness have some bias, prejudice, or hostility that may cause the witness to give you something other than a completely accurate account of the facts he or she testified to?

Evidence that a witness is biased, prejudiced or hostile toward Mr. ~~Shkreli~~Greebel requires you to view that witness' testimony with caution, to weigh it with care, and to subject it to close and searching scrutiny.

You should also take into account any evidence that the witness who testified may benefit in some way from the outcome of this case.  Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his own interests.  Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely.  It is for you to decide to what extent, if at all, the witness's interest has affected or colored his or her testimony.

16

You have also heard evidence of discrepancies in the testimony of certain witnesses, and counsel have argued that such discrepancies are a reason for you to reject the testimony of those witnesses.  Evidence of discrepancies may be a basis to disbelieve a witness's testimony.  On the other hand, discrepancies in a witness's testimony or between his or her testimony and that of others do not necessarily mean that the witness's entire testimony should be discredited.  People sometimes forget things and even a truthful witness may be nervous and contradict him- or herself.  It is also a fact that two people witnessing an event may see or hear it differently.  Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance.

A willful falsehood always is a matter of importance and should be considered seriously.  If any witness is shown to have willfully lied about any material matter, you have the right to conclude that the witness also lied about other matters.  You may either disregard all of that witnesses' testimony, or you may accept whatever part of it you think deserves to be believed.  It is for you to decide, based on your total impression of a witness, how to weigh his or her testimony.  You should, as always, use common sense and your own good judgment.

**11.**   ~~12.~~   **Number of Witnesses**

You ~~do not have to accept~~ may reject the testimony of any witness who has ~~not~~ been contradicted or impeached, if you find the witness not to be credible.  You also have to decide which witnesses to believe and which facts are true.  To do this you must look at all the evidence, drawing upon your own common sense and personal experience.  ~~Mr. Shkreli has chosen not to call any witnesses.~~ You should keep in mind

17

Jury Instructions
July 28, 2017 Court Ex. 5

that the burden of proof is always on the government and that ~~the defendant~~Mr. Greebel is

not required to call any witnesses or offer any evidence, because he is presumed to be innocent.

**12.**   ~~13.~~   **Testimony of Government Employees/Law Enforcement Witnesses**

In this case, you have also heard testimony from a witness who works for the FBI,

a law enforcement agency.  The testimony of this witnesses should be evaluated in the same

manner as the testimony of any other witness.  The fact that a witness may be employed by the

government does not mean that you may accord his or her testimony any more or less weight

than that of any other witness.  At the same time, it is common for defense counsel to try to

question the credibility of a witness employed by the government, including a witness who

works in law enforcement, on the grounds that his or her testimony may be colored by a personal

or professional interest in the outcome of the case.  It is for you to decide, after weighing all the

evidence, in light of the instructions I have given you about factors relevant to determining the

credibility of any witness, whether you accept the testimony of a government employee witness

and what weight, if any, it deserves.

**PROPOSED INSTRUCTION 1 - EXPERT WITNESSES**

In this case, I have permitted certain witnesses to express their opinions about matters

that are in issue.  A witness may be permitted to testify to an opinion on those matters about

which he or she has special knowledge, skill, experience and training.  Such testimony is

presented to you on the theory that someone who is experienced and knowledgeable in the field

can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or

her opinions, the reasons for testifying, as well as all the other considerations that ordinarily

18

apply when you are deciding whether or not to believe a witness's testimony.  You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion.  Nor should you substitute it for your own reason, judgment and common sense.  The determination of the facts in this case rests solely with you.[1]

### 13.   ~~14.~~   Prior Inconsistent Statements

You have heard evidence that a witness made a statement on an earlier occasion which counsel argues is inconsistent with the witness's trial testimony.  Evidence of what is arguably a prior inconsistent statement was placed before you for the limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself or herself.  If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any,

---

[1]  3 L. Sand, et al., Modern Federal Jury Inst. – Crim., Inst. 7-21; *United States v. Simon,* 425 F.2d 796 (2d Cir. 1969).

weight to be given to the inconsistent statement in determining whether to believe all, part, or none of the witness's testimony.

**14.**   ~~15.~~   **Preparation for Testimony**

During the course of trial, you heard testimony that the attorneys for the parties interviewed witnesses when preparing for and during trial.  Attorneys have an obligation to prepare their case as thoroughly as possible, and in the discharge of that responsibility properly interview witnesses in preparation for the trial and from time to time as may be required during the course of the trial.

**15.**   ~~16.~~   **No Duty to Call Witnesses or Produce Evidence or Use Particular Investigative Techniques**

Although the government bears the burden of proof beyond a reasonable doubt, and although a reasonable doubt can arise from the lack of evidence, you are instructed that there is no legal requirement that the government use any specific investigative techniques ~~or pursue every investigative lead to prove its case~~.  Therefore, although you are to carefully consider the evidence adduced by the government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques.

20

**Jury Instructions**
**July 28, 2017 Court Ex. 5**

In this regard, I also charge you that all persons who may have been present at any time or place mentioned in the case, or who may appear to have some knowledge of the issues in this case, need not be called as witnesses.  Both the government and the defense have the same right to subpoena witnesses to testify on their behalf.  There is no duty on either side, however, to call a witness whose testimony would be merely cumulative of testimony already in evidence, or who would merely provide additional testimony to facts already in evidence.  Nor does the law require that all things mentioned during the course of the trial be produced as exhibits.  I remind you, however, that because the law presumes ~~the defendant to be~~ that Mr. Greebel is innocent, the burden of proving the ~~defendant's~~ his guilt beyond a reasonable doubt is on the government throughout the trial~~.   The defendant~~ and never leaves unless and until the jury unanimously finds that Mr. Greebel is guilty beyond a reasonable doubt.  A person accused of a crime never has the burden of proving his innocence or of producing any evidence or calling any witnesses at all.

**16.** ~~17.~~ **Informal Agreements**

You have heard the testimony of ~~a witness~~ Lee Yaffe [and additional witness(es) called by the government who received non-prosecution agreement(s)] who has been promised by the government that in exchange for testifying truthfully, completely, and fully, he will not be prosecuted for any crimes that he may have admitted either here in court or in interviews with the prosecutors.  This promise was not a formal order of immunity by the court, but was arranged directly between the witness and the government.

21

The government is permitted to make these kinds of promises and is entitled to call as witnesses people to whom these promises are given.  You are instructed that you may convict a ~~defendant~~person accused of a crime on the basis of such a witness' testimony alone, if you find that his testimony proves that the ~~defendant~~accused is guilty beyond a reasonable doubt.

However, the testimony of a witness who has been promised that he will not be prosecuted should be examined by you with greater care than the testimony of an ordinary witness.  You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon the ~~defendant~~accused in order to further the witness' own interests; for, such a witness, confronted with the realization that he can win his own freedom from prosecution by helping to convict another, has a motive to falsify his testimony.

Such testimony should be received by you with suspicion and you may give it such weight, if any, as you believe it deserves.

**17.   18.  Consider Only this Defendant**

You have heard evidence about the involvement of ~~certain other people in the crimes charged in the Superseding Indictment~~one other co-conspirator in Count Seven, Martin Shkreli, and [insert number of] co-conspirators in Count Eight, Martin Shkreli, [and additional individuals proved by the government to be co-conspirators].  You may not draw any inference, favorable or unfavorable, towards the government or Mr. ~~Shkreli~~Greebel from the fact that certain persons are not on trial before you, or that certain persons were not named as defendants in the Superseding Indictment or that certain persons were named as co-conspirators but not indicted.  It is not your concern that these

22

other individuals are not on trial before you, nor should you speculate as to whether or not they were indicted.  You should neither speculate as to the reason these other people are not on trial before you nor allow their absence as parties to influence in any way your deliberations in this case.  Nor should you draw any inference from the fact that any other person is not present at this trial or may or may not be indicted.  Your concern is solely the ~~defendant~~person on trial before you, Mr. ~~Shkreli~~Greebel.

Your verdict should be based solely upon the evidence or lack of evidence as to ~~this defendant~~Mr. Greebel, in accordance with my instructions and without regard to whether the guilt of other people has or has not been proven.

**18.**   ~~19.~~  **Approximate Dates**

The Superseding Indictment charges that the offenses at issue took place "in or about" and "between" certain dates.  The proof need not establish with certainty the exact date of the alleged offenses.  The law ~~only~~ requires a substantial similarity between the date alleged in the Superseding Indictment and the date established by the evidence.

## II. THE CHARGES

I will now turn to the second part of my instructions.  In this part, I will instruct you as to the specific elements of the crimes charged that the government must prove beyond a reasonable doubt to warrant a finding of guilt in this case.

1.    **Summary of the Superseding Indictment; Consider Only the Charges; Consider Each Count Separately**

I will begin by summarizing for you the ~~various~~two charges alleged in the Superseding Indictment, which as I mentioned is merely a statement of the charges, and is not evidence.  Mr. ~~Shkreli~~Greebel is not charged with committing any crime other than the offenses contained in the Superseding Indictment.  ~~You have heard evidence of other acts allegedly committed by Mr. Shkreli.  When such evidence was introduced, I instructed you that Mr. Shkreli was not charged with such acts in the Superseding Indictment.~~

The Superseding Indictment contains a total of ~~eight~~two counts against Mr. Greebel.  Each ~~count charges Mr. Shkreli with a different crime.  The charges in Counts One through Three are related to an entity known as MSMB Capital.  In Count One, Mr. Shkreli, is charged with conspiracy to commit securities fraud, in Count Two he is charged with conspiracy to commit wire fraud and in Count Three he is charged with a substantive count of securities fraud in relation to MSMB Capital.The charges in Counts Four through Six are related to an entity known as MSMB Healthcare.  In Count~~

24

~~Four, Mr. Shkreli is charged with conspiracy to commit securities fraud, in Count Five, he is charged with conspiracy to commit wire fraud, and in Count Six, he is charged with a substantive count of securities fraud in relation to MSMB Healthcare.~~ of the two counts alleges that Mr. Greebel committed a different crime.

In Count Seven, Mr. ~~Shkreli~~ Greebel is charged with conspiracy to commit wire fraud~~, and in~~. In Count Eight, he is charged with conspiracy to commit securities fraud ~~in relation to an entity known as Retrophin~~.

You must consider ~~each count of the Superseding Indictment~~ Counts Seven and Eight separately, and you must return a separate verdict ~~on the defendant~~ for each count in which he is charged.  Whether you find Mr. ~~Shkreli~~ Greebel guilty or not guilty as to one offense should not affect your verdict as to ~~any other~~ the second offense ~~charged~~.

## 2.    <u>Knowingly, Willfully, and Intentionally Defined</u>

During these instructions, you will hear me use the terms "knowingly," "willfully," and "intentionally."  Therefore, I will define these terms for you.

## A.    <u>Knowingly</u>

To act "knowingly" means to act intentionally and voluntarily, and not because Mr. Greebel was misled, deceived, had material information omitted from him, or because of ignorance, mistake, accident, negligence, or carelessness.  Whether Mr. ~~Shkreli~~ Greebel acted knowingly or because he was misled or due to ignorance, mistake, accident, negligence or

carelessness may be proven by his conduct and by all of the facts and circumstances surrounding

the case.

**B.    Willfully**

Certain allegations in the Superseding Indictment Both

Counts Seven and Eight require that the government prove beyond a reasonable doubt that Mr.

Shkreli Greebel acted "willfully.  "Willfully" means to act with knowledge that one's conduct

is unlawful and with an intent to do something the law forbids; that is to say, with a bad purpose

either to disobey or to disregard the law.  A defendant person's conduct is not "willful" if it

was due to negligence, inadvertence, or mistake, being misled or deceived by someone else,

having material information omitted or withheld, or was the result of a good faith

misunderstanding.[2]

**C.    Intentionally**

A person acts "intentionally" when he acts deliberately and purposefully.  That is,

the defendant's acts actions of a person accused of a crime must have been the product of

his conscious objective decision rather than the product of a mistake, misunderstanding,

deception, having material information withheld or omitted from him, or accident.

Whether a person acted knowingly, willfully, or and intentionally is a question of

fact for you to determine, like any other fact question.  Direct proof of knowledge and fraudulent

intent is almost never available.  It would be a rare case where it

could be shown that a person wrote or stated that as of a given

---

  [2]  *United States v. Cassesse*, 428 F.3d 92, 98 (2d Cir. 2005) (willfulness requires "a realization on the
            defendant's part that he was doing a wrongful act, in a situation where the knowingly wrongful act
            involved a significant risk of effecting the violation that has occurred.").

**Jury Instructions**
**July 28, 2017 Court Ex. 5**

~~time in the past he committed an act with fraudulent intent.~~

~~Such direct proof~~may not be available and is not required.  The ultimate facts of

knowledge and criminal intent, though subjective, may be established by circumstantial

evidence, based upon a person's outward manifestations, ~~his~~ words, ~~his~~ conduct, ~~his~~ acts

and all the surrounding circumstances disclosed by the evidence and the rational or logical

inferences that may be drawn therefrom.  ~~In either case~~Regardless of whether a person

acted knowingly, willfully or intentionally, the essential elements of the crime charged must be

established beyond a reasonable doubt.  You may consider whether a person was deceived,

misled, or had material information omitted or withheld from him in determining whether the

government has proved beyond a reasonable doubt that the person acted intentionally.

**[PROPOSED INSTRUCTION 2 – CONDUCT UNRELATED TO THE CHARGES if**
**applicable]**

Mr. Greebel is not accused of participating in any schemes relating to MSMB Capital or

MSMB Healthcare.  Katten Muchin Rosenman LLP, where Mr. Greebel worked as a partner,

represented MSMB Capital and MSMB Healthcare in a limited capacity related to situations

where the funds proactively took public positions relating to trading in certain public companies.

Katten Muchin Rosenman LLP, including Mr. Greebel, did not represent MSMB Capital or

MSMB Healthcare in connection with the assets under management at those funds, the

management of those funds, the auditing of those funds, the registration of those funds with the

SEC, or the communications by those funds with investors.  Mr. Greebel is not accused of

participating in any alleged schemes by Mr. Shkreli to induce investors and potential investors in

MSMB Capital and/or MSMB Healthcare through material misrepresentations and omissions.  I

27

Jury Instructions
July 28, 2017 Court Ex. 5

instruct you that you cannot consider any alleged misconduct by Mr. Shkreli against MSMB

Capital and/or MSMB Healthcare investors against Mr. Greebel.[3]

---

[3]  *See U.S. v. Serrano*, 640 Fed.Appx. 94, 97-98 (2d Cir. 2016) (court did not abuse its discretion in admitting, with clear limiting instruction, background evidence to explain mutual trust that existed between defendant and this conspirator); *United States. v. Bumagin*, 136 F.Supp.3d 361, 368, 370 (E.D.N.Y. 2015) ("[T]he Court will provide a limiting instruction if so requested by the Defendant.").

COUNTS THREE AND SIX: Securities Fraud

## COUNT SEVEN

The defendant MARTIN SHKRELI is formally charged in a Superseding Indictment.  I am going to begin with the substantive securities fraud charges.  Counts Three and Six of the Superseding Indictment charge Mr. Shkreli with securities fraud.

A.    The Charges I will next instruct you on the wire fraud conspiracy charge.  Count Three Seven of the Superseding Indictment charges Mr. Shkreli with securities fraud in relation to **MSMB Capital**, as follows:

In or about and between September 2009 and September 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant MARTIN SHKRELI, together with others, did knowingly and willfully use and employ one or more manipulative and deceptive devices and contrivances, contrary to Rule 10b-5 of the Rules and Regulations of the United States Securities and Exchange Commission, Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing one or more devices, schemes and artifices to defraud; (b) making one or more untrue statements of material fact and omitting to state one or more material facts necessary in order to make the statements made, in light of the circumstances in which they were made, not misleading; and (c) engaging in one or more acts, practices and courses of business which would and did operate as a fraud and deceit upon one or more investors or potential investors in MSMB Capital, in connection with the purchase and sale of investments in MSMB Capital, directly and indirectly, by use of means and instrumentalities of interstate commerce and the mails.Count Six of the Superseding Indictment charges Mr. Shkreli with committing securities fraud in

29

Jury Instructions
July 28, 2017 Court Ex. 5

~~relation to **MSMB Healthcare**~~ Greebel with wire fraud conspiracy in connection with Retrophin as follows:

In or about and between February 2011 and September 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ~~MARTIN SHKRELI, together with others, did knowingly and willfully use and employ one or more manipulative and deceptive devices and contrivances, contrary to Rule 10b-5 of the Rules and Regulations of the United States Securities and Exchange Commission, Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing one or more devices, schemes and artifices to defraud; (b) making one or more untrue statements of material fact and omitting to state one or more material facts necessary in order to make the statements made, in light of the circumstances in which they were made, not misleading; and (c) engaging in one or more acts, practices and courses of business which would and did operate as a fraud and deceit upon one or more investors or potential investors in MSMB Healthcare, in connection with the purchase and sale of investments in MSMB Healthcare, directly and indirectly, by use of means and instrumentalities of interstate commerce and the mails.~~ EVAN GREEBEL and Martin Shkreli, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud Retrophin, and to obtain money and property from Retrophin by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Section 1343.

**B.    The Statute and Rule**

The relevant statute is Section 10(b) of the Securities Exchange Act of 1934.  That law provides in relevant part that:

It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or any facility of any national securities exchange –
(b) To use or employ, in connection with the purchase

30

or sale of any security registered on a national securities exchange or any security not so registered . . . . any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [Securities and Exchange Commission ("SEC")] may prescribe as necessary or appropriate in the public interest or for the protection of investors.

Based on its authority under this statute, the SEC enacted Rule 10b-5, which provides:

It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange,
(a)  To employ any device, scheme, or artifice to defraud,
(b)  To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or
(c)  To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

**C.   Definition and Elements**

In order to meet its burden of proof as to Counts Three and Six, the government must establish beyond a reasonable doubt the following elements of the crime of securities fraud:

1.   First Element – Fraudulent Act

The first element that the government must prove beyond a reasonable doubt is that, in connection with the purchase or sale of a security in MSMB Capital for Count Three, and MSMB

Healthcare for Count Six, Mr. Shkreli did one or more of the following:

(1) employed a device, scheme or artifice to defraud, or

(2) made an untrue statement of a material fact or omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

(3) engaged in an act, practice or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller of any security.

To prove this element, it is not necessary for the government to establish all three types of unlawful conduct in connection with the sale or purchase of investments in MSMB Capital for Count Three, or MSMB Healthcare for Count Six. Any one will be sufficient for a conviction, if you so find, but you must be unanimous as to which type of unlawful conduct you find to have been proven beyond a reasonable doubt.

Let me now explain some of these terms.

- *Device, Scheme, or Artifice to Defraud*: A device, scheme or artifice to defraud is a plan for the accomplishment of a fraud. Fraud is a general term which embraces all efforts

32

and means that individuals devise to take advantage of others.  The law that the defendant is alleged to have violated prohibits all kinds of manipulative and deceptive acts.  The fraudulent or deceitful conduct alleged need not relate to the investment value of the securities involved in this case.

- *False Statements and Omissions*:  A statement, representation, claim, or document is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made.  A representation or statement is fraudulent if it was made with the intention to deceive.  False or fraudulent statements under the statute may include the concealment of material facts in a manner that makes what is said or represented deliberately misleading.

    The deception need not be based upon spoken or written words alone.  The arrangement of the words, or the circumstances in which they are used, may convey the false and deceptive appearance.  If there is deception, the manner in which it is accomplished does not matter.

- *"In Connection With"*: You need not find that Mr. Shkreli actually participated in any securities transaction if he

33

was engaged in fraudulent conduct that was "in connection with" a purchase or sale of securities. The "in connection with" aspect of this element is satisfied if you find that there was some nexus or relation between the allegedly fraudulent conduct and the sale or purchase of securities. Fraudulent conduct may be "in connection with" the purchase or sale of securities if you find that the alleged fraudulent conduct "touched upon" a securities transaction.

It is no defense to an overall scheme to defraud that the defendant may not have been involved in the scheme from its inception or may have played only a minor role with no contact with the investors and purchasers of the securities in question. Nor is it necessary for you to find that the defendant was the actual seller or offeror of the securities. It is sufficient if the defendant participated in the scheme or fraudulent conduct that involved the purchase or sale of securities. By the same token, the government need not prove that the defendant personally made the misrepresentation or that he omitted the material fact. It is sufficient if the government establishes that the defendant caused the statement to be made or the fact to be omitted. With regard to the alleged misrepresentations and omissions, you must determine whether the statement was true

34

or false when it was made, and, in the case of alleged

omissions, whether the omission was misleading.

- *Material Fact*: If you find that the government has

  established beyond a reasonable doubt that a statement was

  false or omitted in connection with the purchase or sale of

  any securities, you must next determine whether the fact

  misstated or omitted was material under the circumstances.

  "A misrepresentation is material under Section 10(b) of the

  Securities Exchange Act and Rule 10b-5 where there is a

  substantial likelihood that a reasonable investor would find

  the misrepresentation important in making an investment

  decision." If you find that there was a material

  misrepresentation or omission of a material fact, it does

  not matter whether the intended victims were gullible buyers

  or sophisticated investors, because the securities laws

  protect the gullible and unsophisticated as well as the

  experienced investor.

       Nor does it matter whether the alleged unlawful conduct

  was successful or not, or that the defendant profited or received

  any benefits as a result of the alleged scheme.  Success is not

  an element of the crime charged.  However, if you find that the

  defendant did profit from the alleged scheme, you may consider

that in relation to the element of intent, which I will discuss in a moment.

If you find that the government has not proven this element beyond a reasonable doubt, you must find Mr. Shkreli not guilty. On the other hand, if you do find that the government has proven that a fraudulent act was committed by Mr. Shkreli, beyond a reasonable doubt, then you must consider the second element. You need not find that the government has proven each of the alleged fraudulent acts, but I remind you that you must reach a unanimous decision as to at least one fraudulent act.

2. Second Element – Knowledge, Intent and Willfulness

The second element that the government must establish as to Count Three for MSMB Capital and Count Six for MSMB Healthcare is that Mr. Shkreli acted knowingly, willfully and with intent to defraud.

As I explained before, a person acts "knowingly" if he acts purposely and voluntarily and not because of ignorance, mistake, accident, negligence, or carelessness.

"Willfully" means to act knowingly and purposely, with an intent to do something the law forbids, that is to say, with bad purpose either to disobey or to disregard the law.

"Intent to defraud" in the context of the securities laws means to act knowingly and with intent to deceive.

36

The question of whether a person acted knowingly, willfully and with intent to defraud is a question of fact for you to determine, like any other fact question.  This question involves one's state of mind.

Direct proof of knowledge and fraudulent intent is almost never available.  It would be a rare case where it could be shown that a person wrote or stated that, as of a given time in the past, he committed an act with fraudulent intent.  Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

I already have instructed you as to what circumstantial evidence is and the inferences that may be drawn from it.  Those instructions also apply here.  What is referred to as drawing inferences from circumstantial evidence is no different from what people normally mean when they say, "use your common sense." Using your common sense means that, in deciding whether Mr. Shkreli possessed or lacked an intent to defraud, you do not limit yourself to what Mr. Shkreli said, but you also look at

37

what he did and what others did in relation to Mr. Shkreli and, in general, everything that occurred.

Circumstantial evidence, if believed, is of no less value than direct evidence.  In either case, the essential elements of the crime charged must be established by the government beyond a reasonable doubt.

Under the anti-fraud statutes, even false representations or omissions of material facts do not amount to a fraud unless done with fraudulent intent.  However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith.  An honest belief in the truth of the representations made by a defendant is a complete defense, however inaccurate the statements may turn out to be.

In considering whether or not a defendant acted in good faith, you are instructed that a belief by the defendant, if such belief existed, that ultimately everything would work out so that no investors would lose any money does not require a finding by you that the defendant acted in good faith.  No amount of honest belief on the part of a defendant that the scheme ultimately will make a profit for the investors will excuse fraudulent actions or false representations by him.

As a practical matter, then, to prove the charge against a defendant, the government must establish beyond a

38

reasonable doubt that the defendant knew that his conduct as a participant in the scheme was calculated to deceive and, nonetheless, he associated himself with the alleged fraudulent scheme.

If you find that Mr. Shkreli did not act knowingly and with the intent to deceive, then you must find the defendant not guilty. On the other hand, if you find that the government has established beyond a reasonable doubt not only the first element, but also this second element, that Mr. Shkreli acted knowingly and with the intent to deceive, then you must consider the third element. I remind you that you must reach a unanimous decision in connection with each element.

3. Third Element - Instrumentality of Interstate Commerce

The third and final element that the government must prove beyond a reasonable doubt as to Count Three for MSMB Capital and Count Six for MSMB Healthcare is that Mr. Shkreli knowingly used, or caused to be used, the mails or any means or instrumentalities of transportation or communication in interstate commerce in furtherance of the scheme to defraud. This would include the use of a telephone, a bank wire transfer or an email sent over the Internet that traveled across state lines.

It is not necessary that a defendant be directly or personally involved in any mailing, wire, or use of an instrumentality of interstate commerce.  If the defendant was an active participant in the scheme and took steps or engaged in conduct which he knew or reasonably could foresee would naturally and probably result in the use of interstate means of communication, then you may find that he caused the mails or an instrumentality of interstate commerce to be used.

When one does an act with the knowledge that the use of interstate means of communication will follow in the ordinary course of business, or where such use reasonably can be foreseen, even though not actually intended, then he causes such means to be used.

It is not necessary that the items sent through interstate means of communication contain the fraudulent material, or anything criminal or objectionable.  The interstate means of communication may be entirely innocent.

The use of interstate communications need not be central to the execution of the scheme, and may even be incidental to it.  All that is required is that the use of the interstate communications bear some relation to the object of the scheme or fraudulent conduct.  In fact, the actual offer or sale need not be accomplished by the use of interstate communications,

40

so long as the defendant is still engaged in actions that are a part of the fraudulent scheme when interstate communications are used.

**D.    Securities Fraud Venue**

I have explained to you the elements the government must prove beyond a reasonable doubt as to the securities fraud charged in Counts Three and Six.  The government must also prove venue.  Unlike the elements I just explained to you that the government must prove beyond a reasonable doubt, the government must prove venue by a preponderance of the evidence.  To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not.  A preponderance of the evidence means the greater weight of the evidence, both direct and circumstantial.  It refers to the quality and persuasiveness of the evidence, not to the quantity of evidence.

To establish venue for securities fraud as charged in Counts Three and Six, the government must prove that it is more likely than not that: (1) the defendant intentionally and knowingly caused an act or transaction constituting a securities fraud to occur, at least in part, in the Eastern District of New York, which consists of the Counties of Kings (also known as Brooklyn), Queens, Richmond (also known as Staten Island),

41

Nassau, and Suffolk, or (2) it was foreseeable that such an act or transaction would occur in the Eastern District of New York, and it did.  The government need not prove that the defendant personally was present in the Eastern District of New York.  It is sufficient to satisfy the venue requirement if the defendant intentionally and knowingly caused an act or transaction constituting a securities fraud to occur, at least in part, within the Eastern District of New York.

The government also must prove that the act or transaction must be a part of the actual crime of securities fraud and not merely a step taken in preparation for the commission of the crime.

Therefore, if you find that it is more likely than not that an act or transaction in furtherance of the securities fraud took place in the Eastern District of New York, the government has satisfied its burden of proof as to venue as to Count Three.

Again, I caution you that the preponderance of the evidence standard applies only to venue.  The government must prove each of the elements of securities fraud in Counts Three and Six beyond a reasonable doubt.

* * * * *

In sum, if you find that the government has failed to prove any one of the elements for either Count Three for MSMB

42

Capital or Count Six for MSMB Healthcare beyond a reasonable doubt, then you must find Mr. Shkreli not guilty of securities fraud for that count.  To find Mr. Shkreli guilty of securities fraud as charged in Count Three or Count Six, you must find that the government has proven, beyond a reasonable doubt, each element of the securities fraud charged in Count Three for MSMB Capital or Count Six for MSMB Healthcare, and also that the government has established venue for that count by a preponderance of the evidence.

**COUNTS ONE AND FOUR: Conspiracy to Commit Securities Fraud**

I will next instruct you on the securities fraud conspiracy charges.  Count One of the Superseding Indictment charges Mr. Shkreli with conspiracy to commit securities fraud with respect to MSMB Capital, and Count Four charges him with conspiring to commit securities fraud with respect to MSMB Healthcare.

Count One of the Superseding Indictment charges Mr. Shkreli with conspiracy to commit securities fraud in connection with **MSMB Capital** as follows:

> In or about and between September 2009 and September 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant MARTIN SHKRELI, together with others, did knowing and willfully conspire to use and employ manipulative and deceptive devices and contrivances, contrary to Rule 10b-5 of the Rules and Regulations of

43

the United States Securities and Exchange Commission, Title 17, Code of Federal Regulations, Section 240.10b-5, by : (a) employing devices, schemes and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices and courses of business which would and did operate as a fraud and deceit upon investors and potential investors in MSMB Capital, in connection with the purchase and sale of investments in MSMB Capital, directly and indirectly, by use of means and instrumentalities of interstate commerce and the mails, contrary to Title 15, United States Code, Sections 78j(b) and 78ff.

In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendant MARTIN SHKRELI, together with others, committed and caused to be committed, among others, the following overt acts:

a.   On or about October 24, 2009, Marek Biestek sent an email to Steven Richardson, copying SHKRELI and enclosing the "MSMB Capital Investor Kit," which included a presentation and a private placement memorandum.

c.   On or about June 9, 2010, SHKRELI sent an email to Darren Blanton, attaching MSMB Capital documents, and stated, in part: "The fund is a 1/20 fee structure with no lock-ups.   .   .   .   we have a daily results email some people like to see .   .   .   hedge fund performance should be easy enough to report/calculate estimates on a daily basis, and it is.   .   .   .   I'd love to have you as an investor – it looks like we see eye-to-eye on a number of topics."

d.   On or about October 6, 2010, SHKRELI sent an email to the Capital Limited Partners, including Steven Richardson, and attached a letter entitled "MSMB Capital Management Limited Partnership Letter for Q3 2010." In the letter, SHKRELI stated, in part, that the

44

"partnership performed well, returning 9% in Q3 2010" and that brought the "gross year-to-date return to 44%."

e.  On or about December 2, 2010, SHKRELI sent an email to Darren Blanton, and stated, in part, that MSMB Capital's current assets under management were $35 million, its auditor was Rothstein Kass, and its administrator was NAV Consulting.

f.  On or about January 3, 2011, SHKRELI sent an email to the Capital Limited Partners, including Steven Richardson, and stated that MSMB Capital had "returned +30.44% in 2010" and "+30.97% since inception on 11/1/2009."

g.  On or about February 2, 2011, SHKRELI sent an email to Marek Biestek and an employee and attached a spreadsheet detailing MSMB Capital's OREX trading.

h.  On or about February 9, 2011, SHKRELI sent an email to the Capital Limited Partners, including Darren Blanton and Steven Richardson, and stated that MSMB Capital had "returned +3.80% gross of fees year-to-date" and "+35.95% since inception on 11/1/2009."

i.  On or about November 17, 2011, Darren Blanton sent a letter to SHKRELI providing written notice of a request for a full withdrawal of his investment in MSMB Capital based on the fund's net asset value as of November 30, 2011.

j.  On or about January 25, 2012, SHKRELI sent an email to Darren Blanton, copying others, and stated, in part: "You invested $1,250,000 for the 12/31/2010 period. The value of this investment is now approximately $1,318,872, net of fees .  .  .  We acknowledge your redemption and this will be your last statement."

k.  On or about September 10, 2012, SHKRELI sent an email to the Capital Limited Partners, including Steven Richardson, and stated, in part: "I have decided to wind down our hedge fund partnerships with a goal of completing the liquidation of the funds by November or December 1st, 2012.  .  .  .  Original MSMB investors

45

(2009) have just about doubled their money net of fees.
. . . investors will have their limited partnership
interests redeemed by the fund for cash.
Alternatively, investors may ask for a redemption of
Retrophin shares, or a combination of Retrophin shares
and cash."

Count Four of the Superseding Indictment charges Mr.

Shkreli with conspiracy to commit securities fraud in connection

with **MSMB Healthcare** as follows:

In or about and between February 2011 and September
2014, both dates being approximate and inclusive,
within the Eastern District of New York and elsewhere,
the defendant MARTIN SHKRELI, together with others, did
knowingly and willfully conspire to use and employ
manipulative and deceptive devices and contrivances,
contrary to Rule 10b-5 of the Rules and Regulations of
the United States Securities and Exchange Commission,
Title 17, Code of Federal Regulations, Section
240.10b-5, by: (a) employing devices, schemes and
artifices to defraud; (b) making untrue statements of
material fact and omitting to state material facts
necessary in order to make the statements made, in
light of the circumstances under which they were made,
not misleading; and (c) engaging in acts, practices and
courses of business which would and did operate as a
fraud and deceit upon investors and potential investors
in MSMB Healthcare, in connection with the purchase and
sale of investments in MSMB Healthcare, directly and
indirectly, by use of means and instrumentalities of
interstate commerce and the mails, contrary to Title
15, United States Code, Sections 78j(b) and 78ff.

In furtherance of the conspiracy and to effect its
objects, within the Eastern District of New York and
elsewhere, the defendant MARTIN SHKRELI, together with
others, committed and caused to be committed, among
others, the following overt acts:

a.   On or about December 16, 2011, SHKRELI sent an
email to Kevin Mulleady and stated that MSMB Healthcare
had $45 million in assets under management, and $80

million in assets under management if the full value of Retrophin was taken into account.

b.  On or about April 18, 2012, SHKRELI sent an email to Kevin Mulleady, and stated that MSMB Healthcare had $55 million in assets under management.

c.  On or about April 19, 2012, in response to an inquiry by a potential sophisticated investor about how MSMB Healthcare could pay employee salaries with a modest asset base of $55 million, SHKRELI stated: "Lots of ways – many of us have zero salaries or low salaries.  We have some expenses the fund pays for and yet other deferments that are creative.  Will tell more when we meet!"

d.  On or about September 10, 2012, SHKRELI sent an email to the Healthcare Limited Partners, including Alan Geller, and stated, in part: "I have decided to wind down our hedge fund partnerships with a goal of completing the liquidation of the funds by November or December 1st, 2012.  .  .  .  Original MSMB investors (2009) have just about doubled their money net of fees. .  .  .  investors will have their limited partnership interests redeemed by the fund for cash. Alternatively, investors may ask for a redemption of Retrophin shares, or a combination of Retrophin shares and cash."

I have already explained to you the crime of securities fraud.  To find that Mr. Shkreli is guilty of Count One, you must find that the Mr. Shkreli conspired to commit securities fraud as to MSMB Capital.  To find Mr. Shkreli guilty of Count Four you must find that Mr. Shkreli conspired to commit securities fraud as to MSMB Healthcare.

For Counts One and Four, the government need not prove that Mr. Shkreli actually committed securities fraud, the

47

Jury Instructions
July 28, 2017 Court Ex. 5

unlawful acts charged as the objects of the conspiracy in Counts One and Four. However, you must find, beyond a reasonable doubt, that Mr. Shkreli conspired with one or more individuals to commit securities fraud.

In sum, the government has alleged and has the burden of proving beyond a reasonable doubt that Mr. Greebel and Mr. Shkreli knowingly, willfully, and intentionally engaged in a conspiracy to defraud Retrophin to (i) transfer Retrophin shares to MSMB Capital even though MSMB Capital never invested in Retrophin; (ii) enter into settlement agreements with allegedly defrauded MSMB Capital and MSMB Healthcare investors to settle liabilities owed by MSMB Capital and MSMB Healthcare and Mr. Shkreli; and (iii) enter into a sham consulting agreement with an allegedly defrauded MSMB Capital or Elea Capital investor as an alternative means to settle liabilities owed by the MSMB Capital and MSMB Healthcare and Mr. Shkreli. Specifically, the government alleges that Retrophin was defrauded as a result of Mr. Greebel's and Mr. Shkreli's failure to disclose the settlement and consulting agreements to the board of directors prior to their execution. In order to find Mr. Greebel guilty of carrying out this unlawful objective, I instruct you that you must find beyond a reasonable doubt all of the following: (1) that Mr. Shkreli did not have authority under the policies and procedures of Retrophin to enter into these agreements, (2) that Mr. Shkreli had a duty to disclose the agreements or the substance thereof to the board of directors, (3) that these agreements or the substance thereof were not disclosed to the board of directors, (4) that Mr. Greebel knew that Mr. Shkreli did not have the authority to enter into these agreements and that they were not disclosed to the board, (5) that Mr. Greebel had a duty to determine that Mr. Shkreli failed in his

duties to disclose such agreements or the substance thereof to the board of directors and that the agreements were not disclosed, (6) that Mr. Greebel had a duty to disclose the agreements or the substance thereof to the board of directors, (7) that the agreements or the substance thereof were not otherwise disclosed to the board of directors or its members by Mr. Greebel or otherwise, and (8) that had Retrophin's board of directors learned of the agreements or the substance thereof prior to their execution, they would not have entered into them.  In determining whether any person had a duty to disclose information, you should consider whether the bylaws of Retrophin or other written direction or policy given to such person specifically require such disclosure.

## A.     Conspiracy

I will now instruct you on conspiracy.  The relevant portion of the conspiracy statute, Title 18, United States Code, Section 371, provides, in relevant part that it shall be unlawful for "two or more persons [to] conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy[.]"

A conspiracy is a kind of criminal partnership, at the heart of which is an agreement or understanding by two or more persons to violate other laws.  A conspiracy to commit a crime is an entirely separate and different offense from the underlying crime that the conspirators intended to commit.  Thus, if a conspiracy exists, it is still punishable as a crime, even if it should fail to achieve its purpose.  A ~~defendant~~person accused of conspiracy may be found guilty of conspiracy even if he was incapable of committing the substantive crime. Consequently, for a ~~defendant~~person to be guilty of conspiracy, there is no need for the

49

Jury Instructions
July 28, 2017 Court Ex. 5

government to prove that he or any other conspirator actually succeeded in their criminal goals or even that they could have succeeded.

To prove the crime of conspiracy to commit ~~securities~~wire fraud, the government must prove ~~four~~five elements beyond a reasonable doubt:

First, that two or more persons entered into an agreement to commit ~~securities fraud, as I have defined the crime of securities~~every element of wire fraud ~~on page 32~~; and

Second, that the defendant knowingly, willfully, and intentionally became a member of the conspiracy with the specific intent to cause the contemplated harm alleged in Count Seven of the Superseding Indictment; and

Third, that one of the members of the conspiracy committed at least one of the overt acts ~~charged in the Superseding Indictment~~for the purpose of advancing or helping the alleged conspiracy; and

Fourth, that at least one overt act was in furtherance of some object or purpose of the conspiracy as charged in the Superseding Indictment.

Fifth, that either the agreement was formed or that an overt act was committed in the Eastern District of New York, which includes the boroughs of Queens, Brooklyn, Staten Island, and the counties of Suffolk and Nassau, New York.[4]

---

[4]  The Second Circuit has held that venue need only be proven by a preponderance of the evidence.  *See United States v. Rommy*, 506 F.3d 119 (2d Cir. 2007).  In light of *Blakely v. Washington*, 542 U.S. 296 (2004), however, every issue must be proven beyond a reasonable doubt, so defendants seek to preserve this argument for en banc or certiorari review.

1.    First Element: Existence of the Agreement

The first element that the government must prove beyond a reasonable doubt for

~~Counts One and Four~~Count Seven is that two or more persons entered into the charged

agreement with specific intent to commit ~~securities~~every element of wire fraud.  One

person cannot commit a conspiracy alone.

~~Rather, the~~In this case, the government has alleged that there are two

co-conspirators in Count Seven:  Mr. Greebel and Mr. Shkreli.  The proof must convince you

that at least two persons joined together in a common criminal scheme with respect to the

essentials of the alleged plan.  The government need not prove that members of the conspiracy

met together or entered into any express or formal agreement.  You need not find that the alleged

conspirators stated, in words or writing, what the scheme was, its object or purpose, or the means

by which the scheme was to be accomplished.  It is sufficient to show that the conspirators

tacitly came to a mutual understanding to accomplish an unlawful act by means of a joint plan or

common design.  But proof that people simply met together from time to time and talked about

common interests, or engaged in similar conduct, is not enough to establish a criminal

agreement.[5]

You may, of course, find that the existence of an agreement between two or more

persons to violate the law has been established by direct proof.  But since, by its very nature, a

conspiracy is characterized by unusual secrecy, direct proof may not be available.  Therefore,

you may infer the existence of a conspiracy from the circumstances of this case and the conduct

---

    [5]  Sand, Instruction 19-4 (modified); Sixth Circuit Pattern Criminal Jury Instruction 3.02 ("This does not require
    proof of any formal agreement, written or spoken.  Nor does this require proof that everyone involved
    agreed on all the details.  But proof that people simply met together from time to time and talked about
    common interests, or engaged in similar conduct, is not enough to establish a criminal agreement.")
    (endorsed by Sand).

of the parties involved.  In a very real sense, then, in the context of conspiracy cases, actions often speak louder than words.  In determining whether an agreement existed here, you may consider the actions and statements of all those you find to be participants in the conspiracy as proof that a common design existed to act together for the accomplishment of the alleged unlawful purpose stated in the Superseding Indictment.  On the other hand, if you find that the actions and statements of Mr. Greebel and Mr. Shkreli are not consistent with proof of a common design to act together for the accomplishment of the alleged unlawful purpose stated in the Superseding Indictment, or that Mr. Greebel was deceived, misled, or had material information omitted or withheld from him, then you must find that there was no agreement to commit wire fraud.  I remind you that you must reach a unanimous decision in connection with each element.

### 2. Second Element: Membership in the Conspiracy

The second element the government must prove beyond a reasonable doubt for ~~Counts One and Four~~Count Seven is that ~~the defendant~~Mr. Greebel knowingly, willfully, and intentionally became a member in the charged conspiracy.  I have explained to you what it means to act knowingly and intentionally.  A person acts knowingly and intentionally if he acts voluntarily, deliberately, and purposefully, and not because of ignorance, mistake, accident, negligence or carelessness or being misled, deceived or having material information withheld from or omitted by someone else.  In other words, did ~~the defendant~~Mr. Greebel participate in the conspiracy with knowledge of its unlawful purpose and with the specific intention of furthering its business or objective?  Knowledge and intent may be inferred from ~~a~~

Jury Instructions
July 28, 2017 Court Ex. 5

~~secretive or~~an irregular manner in which activities are carried out.[6]  Whether a ~~defendant~~person acted knowingly may be proven by the ~~defendant~~person's conduct and by all of the facts and circumstances surrounding the case.

In order for a ~~defendant~~person to be deemed a member of a conspiracy, he need not have had a stake in the venture or its outcome.  While proof of a financial or other interest in the outcome of a scheme is not essential, if you find that a ~~defendant~~person did have such an interest, it is a factor you may properly consider in determining whether or not the ~~defendant~~person was a member of the conspiracy charged in the Superseding Indictment.

~~A defendant~~Mr. Greebel's participation in the alleged conspiracy must be established by independent evidence of his own acts or statements~~, as well as those of the other alleged co-conspirators,~~ and the reasonable inferences that may be drawn from them.

A ~~defendant~~person's knowledge may be inferred from the facts proved.  In that connection, I instruct you that, to become a member of the conspiracy, a ~~defendant~~person need not have been apprised of all of the activities of all members of the conspiracy.  Moreover, a ~~defendant~~person need not have been fully informed as to all of the details, or the scope, of the conspiracy in order to justify an inference of knowledge on his part. In addition, a defendant need not have joined in all of the conspiracy's unlawful objectives.

~~In considering whether a defendant participated in a conspiracy, be advised that a conspirator's liability is not~~

---

[6]  Given that the attorney-client relationship is based on confidentiality, and it is incumbent upon an attorney to maintain the client's secrets, we respectfully submit that any instruction that "secrecy" is somehow evidence of improper conduct is wrong as a matter of law in this case.

Jury Instructions
July 28, 2017 Court Ex. 5

measured by the extent or duration of his participation as he
need not have been a member of the conspiracy for the entire time
of its existence.   In addition, eachEach member of the conspiracy may
perform separate and distinct acts and may perform them at different times.[7]  Some alleged
conspirators may play major roles, while others may play minor parts in the alleged scheme.  An
equal role is not what the law requires.  Even a single act may be sufficient to draw a defendant
within the ambit of the conspiracy.  The key inquiry is simply whether a defendant joined the
conspiracy charged with an awareness of at least some of the basic aims and purposes of the
unlawful agreement and with the intent to help it succeed.

I caution you that mere knowledge or acquiescence, without participation, in the
alleged unlawful plan is not sufficient.  Moreover, the fact that the acts of a defendantperson,
without knowledge, merely happen to further the purposes or objectives of the alleged
conspiracy, does not make the defendantperson a member.  More is required under the law.
Additionally, mere presence of Mr. Greebel where a crime is being committed, even coupled
with knowledge by Mr. Greebel that a crime is being committed, is not sufficient to prove Mr.
Greebel's membership in the alleged conspiracy.  What is required is that a defendant must have
participated with knowledge of at least some of the purposes or objectives of the conspiracy and
with the specific intention of aiding in the accomplishment of every element of those unlawful
ends.  In sum, a defendant, with an understanding of the unlawful character of the conspiracy,
must have intentionally engaged, advised, or assisted in it for the purpose of furthering the illegal

---

[7]   We respectfully ask the Court to delete its instruction that Mr. Greebel's "liability is not measured by the
extent or duration of his participation" in a conspiracy since the government has alleged Mr. Greebel
participated for the whole duration of both charged conspiracies.

undertaking.[8]  I remind you that you must reach a unanimous decision in connection with each element.

    3.    <u>Third Element: Overt Acts</u>

The government must prove that ~~one of the members~~a member of the conspiracy knowingly committed <u>at least one</u> of the overt acts charged in the Superseding Indictment~~, as I read them before~~ for the purpose of advancing or helping the alleged conspiracy.

    In order for the government to satisfy this element, it is not required that all of the overt acts alleged in the Superseding Indictment be proven or that the overt act was committed at precisely the time alleged in the Superseding Indictment.  It is sufficient if you are convinced beyond a reasonable doubt that the <u>alleged</u> overt act occurred at or about the time and place stated.  Similarly, you need not find that the defendant himself committed the overt act.  It is sufficient for the government to show that one of the conspirators knowingly committed an overt act in furtherance of the conspiracy, since, in the eyes of the law, such an act becomes the act of all of the members of the conspiracy.  I remind you that you must reach a unanimous decision in connection with each element.

    4.    <u>Fourth Element: In Furtherance of Some Objective of the Conspiracy</u>

    If you find that overt act or acts were committed, the government must prove beyond a reasonable doubt that the overt act or acts were done specifically to further some objective of the conspiracy.

    In order for the government to satisfy this element, it must prove, beyond a reasonable doubt, that at least one overt act was knowingly and willfully done, by at least one

---

[8]  Sand, Instructions 11-2 (modified).

conspirator, in furtherance of some object or purpose of the conspiracy as charged in the Superseding Indictment.  In this regard, you should bear in mind that the overt act, standing alone, may be an innocent, lawful act.  Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding or assisting the conspiratorial scheme.  Therefore, you are instructed that the overt act does not have to be an act which, in and of itself, is criminal or constitutes an objective of the conspiracy.

In sum, in order to prove that Mr. ~~Shkreli~~Greebel is guilty of ~~Counts One and Four~~Count Seven, the government must prove, beyond a reasonable doubt: 1) that Mr. ~~Shkreli~~Greebel entered into an agreement with one or more individuals to commit ~~securities~~every element of wire fraud; 2) that Mr. ~~Shkreli~~Greebel knowingly, willfully, and intentionally ~~joined the conspiracy~~became a member with the specific intent to cause the contemplated harm alleged in the Superseding Indictment; 3) that at least one of the overt acts alleged in the Superseding Indictment was committed by at least one member of the conspiracy; ~~and~~4) that the overt act was committed specifically to further some objective of the conspiracy; and 5) that either the agreement was formed or at least one overt act was committed in the Eastern District of New York.  I remind you that you must reach a unanimous decision in connection with each element.

If you find that the government has not proven any one of these elements beyond a reasonable doubt, then you must find Mr. ~~Shkreli~~Greebel not guilty of ~~Counts One and Four~~Count Seven.

B.   Venue

I have explained to you the elements the government must prove beyond a reasonable doubt as to Counts One and Four. The government also must prove venue.  As I explained to you earlier, the government must prove venue only by a preponderance of the evidence.  I remind you that to establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not.

I have already explained venue for the securities fraud counts charged in Counts Three and Six.  To establish venue for conspiracy to commit securities fraud as charged in Counts One, Four and Eight or conspiracy to commit wire fraud as charged in Counts Two, Five and Seven, the government must prove that it is more likely than not that an overt act in furtherance of the conspiracy was committed in the Eastern District of New York, which consists of the Counties of Kings (also known as Brooklyn), Queens, Richmond (also known as Staten Island), Nassau, and Suffolk.  The overt act does not have to be an overt act that is charged in the Superseding Indictment in furtherance of the conspiracy.  In this regard, the government need not prove that the crime charged was committed in the Eastern District of New York or that Mr. Shkreli or any alleged co-conspirator was even physically present here.  It is sufficient to satisfy the venue

57

requirement if an overt act in furtherance of the conspiracy occurred within the Eastern District of New York.

This includes not just acts by Mr. Shkreli or his co-conspirators, but also acts that the conspirators caused others to take that materially furthered the ends of the conspiracy.

Therefore, if you find that it is more likely than not that an overt act in furtherance of the conspiracy took place in the Eastern District of New York, the government has satisfied its burden of proof as to venue as to Counts One, Two, Four, Five, Seven and Eight.  Again, I caution you that the preponderance of the evidence standard applies only to venue.

The government must prove each of the elements of all the counts beyond a reasonable doubt.

* * * * *

In sum, if you find that the government has failed to prove any one of the elements for either Count One for MSMB Capital or Count Four for MSMB Healthcare, beyond a reasonable doubt, then you must find Mr. Shkreli not guilty of securities fraud conspiracy for that count.  To find Mr. Shkreli guilty of conspiring to commit securities fraud as charged in Count One or Count Four, you must find that the government has proven, beyond a reasonable doubt, each element of the conspiracy to commit securities fraud in Count One for MSMB Capital or Count Four for

58

MSMB Healthcare, and that the government has also established

venue for that count by a preponderance of the evidence.

**COUNTS TWO AND FIVE: Conspiracy to Commit Wire Fraud**

**PROPOSED INSTRUCTION 3 – "SPECIFIC INTENT TO DEFRAUD" DEFINED**

I will now instruct you on the wire fraud conspiracy

charges.  Count Two of the Superseding Indictment charges Mr.

Shkreli with conspiracy to commit wire fraud as to MSMB Capital,

and Count Five charges him with conspiracy to commit wire fraud

as to MSMB Healthcare.

Count Two of the Superseding Indictment charges Mr.

Shkreli with conspiracy to commit wire fraud in connection with

MSMB Capital as follows:

In or about and between September 2009 and September
2014, both dates being approximate and inclusive,
within the Eastern District of New York and elsewhere,
the defendant MARTIN SHKRELI, together with others, did
knowingly and intentionally conspire to devise a scheme
and artifice to defraud investors and potential
investors in MSMB Capital, and to obtain money and
property from them by means of materially false and
fraudulent pretenses, representations and promises, and
for the purpose of executing such scheme and artifice,
to transmit and cause to be transmitted by means of
wire communication in interstate and foreign commerce
writings, signs, signals, pictures and sounds, contrary
to Title 18, United States Code, Section 1343.

Count Five of the Superseding Indictment charges Mr.

Shkreli with conspiracy to commit wire fraud in connection with

MSMB Healthcare as follows:

In or about and between February 2011 and September 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant MARTIN SHKRELI, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud investors and potential investors in MSMB Healthcare, and to obtain money and property from them by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Section 1343.

**A.   Conspiracy to Commit Wire Fraud** I have already explained what it means to conspire to commit an offense. As a reminder, You have been instructed that in order to sustain its burden of proof the government must also prove that the defendant Mr. Greebel acted with the specific intent to defraud Retrophin. Fraudulent intent is established when some actual harm or injury was contemplated by the schemer against Retrophin. It can be described as a plan to deprive a person of something of value by trick, deceit, chicanery or overreaching. Thus, it is not enough for the government need not prove that Mr. Shkreli actually committed the unlawful acts charged as the object of the conspiracy in Counts Two and Five, that is, wire fraud. Rather to prove that Mr. Greebel knowingly and willfully engaged in wire fraud; rather, the government must also prove each one of the following

60

~~two elements~~ beyond a reasonable doubt~~:~~ that the defendant acted with an intent to harm Retrophin.[9]

~~First, that two or more persons entered into an agreement to commit wire fraud; and~~

~~Second, that Mr. Shkreli knowingly and intentionally became a member of the conspiracy.~~

~~The overt act elements on which I instructed you with respect to Counts One and Four, which charge conspiracy to commit securities fraud, do not apply to Counts Two and Five, which charge conspiracy to commit wire fraud.~~

**B.    Wire Fraud: Definition and Elements**

I will now define wire fraud, which is alleged to be the object of the conspiracy charged in Count ~~Two involving MSMB Capital, and Count Five involving MSMB Healthcare~~Seven.  The relevant statute regarding wire fraud is Section 1343 of Title 18 of the United States Code, which provides that:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures or sounds for the purpose of executing such scheme or artifice, shall be [guilty of a crime].

The elements of wire fraud are:

[9]  *United States v. Gole*, 158 F.3d 166, 16768 (2d Cir. 1998); *Dinome*, 86 F.3d at 283; *United States v. D'Amato*, 39 F.3d 1249, 1257 (2d Cir. 1994); *United States v. Soto*, 716 F.2d 989, 993 (2d Cir. 1983); *United States v. Autori*, 212 F.3d 105, 115 (2d Cir. 2000) (quoting *McNally v. United States*, 483 U.S. 350, 358 (1987)) (There must be a plan to deprive a person "'of something of value by trick, deceit, chicane or overreaching.'").

61

First, that there was a scheme or artifice to defraud or to obtain money or property by false and fraudulent pretenses, representations or promises, as alleged in the Superseding Indictment;

Second, that the defendant knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to ~~defraud~~ commit a contemplated harm; and

Third, that in the execution of that scheme, the defendant used or caused the use of interstate wires.

1.     First Element – Existence of a Scheme or Artifice to Defraud

The first element of wire fraud is that there was a scheme or artifice to defraud ~~investors and potential investors in MSMB Capital as to Count Two, and MSMB Healthcare as to Count Five, and to obtain money or property from them by means of false or fraudulent pretenses, representations or promises.~~ Retrophin by causing Retrophin to: (i) transfer Retrophin shares to MSMB Capital even though MSMB Capital never invested in Retrophin; (ii) enter into settlement agreements with allegedly defrauded MSMB Capital and MSMB Healthcare investors to settle liabilities owed by the MSMB Capital and MSMB Healthcare and Mr. Shkreli; and (iii) enter into a sham consulting agreement with an allegedly defrauded MSMB Capital or Elea Capital investor as an alternative means to settle liabilities owed by MSMB Capital and MSMB Healthcare and Mr. Shkreli.  Specifically, the government alleges that Retrophin was defrauded as a result of Mr. Greebel's and Mr. Shkreli's failure to disclose the settlement and consulting agreements to the board of directors prior to their execution.  To find

that the government has proven beyond a reasonable doubt that there was a scheme to defraud Retrophin through the settlement and consulting agreements, you must find beyond a reasonable doubt all of the following:  (1) that Mr. Shkreli did not have authority under the policies and procedures of Retrophin to enter into these agreements, (2) that Mr. Shkreli had a duty to disclose the agreements or the substance thereof to the board of directors, (3) that these agreements or the substance thereof were not disclosed to the board of directors, (4) that Mr. Greebel knew that Mr. Shkreli did not have the authority to enter into these agreements and that they were not disclosed to the board, (5) that Mr. Greebel had a duty to determine that Mr. Shkreli failed in his duties to disclose such agreements or the substance thereof to the board of directors and that the agreements were not disclosed, (6) that Mr. Greebel had a duty to disclose the agreements or the substance thereof to the board of directors, (7) that the agreements or the substance thereof were not otherwise disclosed to the board of directors or its members by Mr. Greebel or otherwise, and (8) that had Retrophin's board of directors learned of the agreements or the substance thereof prior to their execution, they would not have entered into them.  In determining whether any person had a duty to disclose information, you should consider whether the bylaws of Retrophin or other written direction or policy given to such person specifically require such disclosure.

A "scheme or artifice" is simply a plan for the accomplishment of an objective. "Fraud" is a general term which embraces all the various means that an individual can devise and that are used by an individual to gain an advantage over another by false representations, suggestions, suppression or omission of the truth, or deliberate disregard for the truth.

A "scheme or artifice to defraud" for the purposes of the wire fraud statute is any plan, device, or course of action designed to obtain money or property by means of false representations.  Thus, a "scheme to defraud" is a plan to deprive another of money or property by trick, deceit, deception or swindle, or overreaching.  ~~The schemes to defraud giving rise to the wire fraud conspiracy charged in Counts Two and Five are alleged to have been carried out by making false representations~~Count Seven alleges that there was a scheme or artifice to defraud or to obtain money or property by false and fraudulent pretenses, representations or promises, as alleged in the Superseding Indictment.  A statement, representation, claim, or document is false if it is untrue when made and was known at the time to be untrue by the person making it or causing it to be made.  A representation or statement is fraudulent if it was falsely made with the intention to deceive.

Deceitful statements of half-truths or the concealment or omission of material facts when under a duty to disclose those facts, and the expression of an opinion not honestly entertained may constitute false or fraudulent representations under the statute.  The fraudulent representation must relate to a material fact or matter.  A material fact in the context of wire fraud is one that reasonably would be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision.  A misrepresentation must be more than white lies repugnant to standards of business morality.  A scheme to defraud does not exist when the alleged false representations were not directed to the nature of the bargain.[10]

[10]   *United States v. Regent Office Supply Co.*, 421 F.2d 1174, 1179 (2d Cit. 1970).

64

~~The deception need not be premised upon spoken or written words alone.  The arrangement of words, or the circumstances in which they are used may convey a false and deceptive appearance.  If there is intentional deception, the manner in which it is accomplished does not matter.~~

In addition to proving that a statement was false or fraudulent and related to a material fact, in order to establish a scheme to defraud, the government must prove that the alleged scheme contemplated depriving ~~another~~Retrophin of money or property.

It is not necessary that the government prove that the defendant actually realized any gain from the scheme or that the intended victim actually suffered any loss.

I remind you that you must reach a unanimous decision in connection with each element.

2.   Second Element – Participation in Scheme with Intent

The second element of wire fraud is that ~~the defendant~~Mr. Greebel participated in the scheme to defraud knowingly, willfully and with the specific intent to defraud.

I already instructed you as to the meaning of "knowingly" and "willfully." I refer you to those instructions as they apply here also.  For the purposes of the wire fraud statute, an "intent to defraud" means to act knowingly and with specific intent to deceive for the purpose of causing some financial or property loss to another.

I will remind you, however, that the question of whether a person acted knowingly, willfully and with intent to defraud is a question of fact for you to determine, like any other fact question.  This question involves the defendant's state of mind. ~~As I said~~

65

before, direct proof of knowledge and fraudulent intent is not necessary.  The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his or her words, his or her conduct, his or her acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.  Circumstantial evidence, if believed, is of no less value than direct evidence.

Under the wire fraud statute, even false representations or statements, or omissions of material facts, do not amount to a fraud unless done with fraudulent intent.

However Where the allegedly defrauded party perceived no fraud and felt no harm, there is no fraudulent intent.  Fraudulent intent is also lacking when the falsity of the alleged representations were not shown to be capable of affecting the allegedly defrauded party's understanding of the bargain nor of influencing his assessment of the value of the bargain to him.[11]

Additionally, I instruct you that however misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith.  An honest belief in the truth of the representations made by a defendant is a complete defense, however inaccurate the statements may turn out to be.  A defendant, however, has no burden to establish a defense of good faith.

There is another consideration to bear in mind in deciding whether or not the defendant acted in good faith.  You

---

[11]  *United States v. D'Amato*, 39 F.3d 1249, 1257 (2d Cir. 1994); *United States v. Regent Office Supply Co.*, 421 F.2d 1174, 1179 (2d Cit. 1970).

are instructed that if the defendant conspired to commit wire fraud, then a belief by the defendant, if such a belief existed, that ultimately everything would work out so that no one would lose any money does not require you to find that the defendant acted in good faith.  No amount of honest belief on the part of the defendant that the scheme would, for example, ultimately make a profit for investors, will excuse fraudulent actions or false representations caused by him to obtain money or property.  I reiterate, however, that an "intent to defraud" for the purposes of the wire fraud statute means to act knowingly and with specific intent to deceive for the purpose of causing financial loss or property loss to another.  As a practical matter, then, you may find intent to defraud if the defendant knew that his conduct as a participant in the scheme was calculated to deceive and, nonetheless, he associated himself with the alleged fraudulent scheme for the purpose of causing loss to another. I remind you that you must reach a unanimous decision in connection with each element.

3.     Third Element – Use of the Wires

The third and final element of wire fraud is the use of an interstate or international wire communication in furtherance of the scheme to defraud.  The wire communication must pass between two or more states, or it must pass between the United States and a foreign

country.  A wire communication includes a wire transfer of funds between banks in different

states, telephone calls, emails and facsimiles between two different states.

The item sent through the wires need not itself contain a fraudulent

representation.  However, it must further or assist in the carrying out of the scheme to defraud.  It

is not necessary for the defendant to be directly or personally involved in the wire

communication, as long as the communication was reasonably foreseeable in the execution of

the alleged scheme to defraud in which the defendant is accused of participating.  A wire

communication is not in furtherance of a scheme to defraud when it is not sent in the execution

of, or for the purpose of, executing the scheme.  If a wire communication increases the

probability that the defendant would be detected and apprehended, it is not "in furtherance of" a

scheme to defraud.  When a wire communication is immaterial to any consummation of the

scheme, the federal wire fraud statute is not implicated.  The government must prove a sufficient

connection between the wire and the execution of the scheme.[12]

I remind you that the government need not prove that Mr. ~~Shkreli~~Greebel

actually committed wire fraud, the unlawful act charged as the object of the conspiracy in

~~Counts Two and Five~~Count Seven.  Rather, what the government must prove beyond a

reasonable doubt is that ~~the purpose of the conspiracy was to commit wire~~

~~fraud, and that the defendant knowingly~~Mr. Greebel knowingly, willfully, and

intentionally joined that conspiracy~~.~~ with the specific intent to commit every element of wire

fraud.  I remind you that you must reach a unanimous decision in connection with each element.

---

[12]  *Kann v. United States,* 323 U.S. 88, 94-95 (1944).

**C.      Venue**

I have ~~previously instructed you on venue for conspiracy counts.  Those instructions apply here.~~ explained to you the elements the government must prove beyond a reasonable doubt as to Count Seven.  The government also must prove venue.  As I explained to you earlier, the government must prove venue beyond a reasonable doubt.[13]

To establish venue for conspiracy to commit wire fraud as charged in Count Seven, the government must prove beyond a reasonable doubt that an overt act in furtherance of the conspiracy was committed in the Eastern District of New York, which consists of the Counties of Kings (also known as Brooklyn), Queens, Richmond (also known as Staten Island), Nassau, and Suffolk.  The overt act does not have to be an overt act that is charged in the Superseding Indictment in furtherance of the conspiracy.  In this regard, the government need not prove that the alleged crime was committed in the Eastern District of New York or that Mr. Greebel or any alleged co-conspirator was physically present here.  It is sufficient to satisfy the venue requirement if an overt act in furtherance of the conspiracy occurred within the Eastern District of New York.

This includes not just acts by Mr. Greebel or his co-conspirators, but also acts that the conspirators caused others to take that materially furthered the ends of the conspiracy.

---

[13]    The Second Circuit has held that venue need only be proven by a preponderance of the evidence.  *See United States v. Rommy*, 506 F.3d 119 (2d Cir. 2007).  In light of *Blakely v. Washington*, 542 U.S. 296 (2004), however, every issue must be proven beyond a reasonable doubt, so defendants seek to preserve this argument for en banc or certiorari review.

~~Jury Instructions~~
~~July 28, 2017 Court Ex. 5~~

Therefore, if you find beyond a reasonable doubt that an overt act in furtherance of the conspiracy took place in the Eastern District of New York, the government has satisfied its burden of proof as to venue as to Count Seven.

I remind you that the government must prove each of the elements of all the counts beyond a reasonable doubt.

\* \* \* \* \*

In sum, if you find that the government has failed to prove ~~either~~any one of the elements ~~of conspiracy~~ for ~~either Count Two for MSMB Capital or Count Five for MSMB Healthcare~~Count Seven, beyond a reasonable doubt, then you must find Mr. ~~Shkreli~~Greebel not guilty of wire fraud conspiracy for that count.  To find Mr. ~~Shkreli~~Greebel guilty of ~~conspiracy~~conspiring to commit wire fraud as charged in Count ~~Two or Count Five~~Seven, you must find that the government has proven, beyond a reasonable doubt, ~~both elements of conspiracy as charged in Count Two for MSMB Capital or Count Five for MSMB Healthcare, and that the government has also established venue on that count by a preponderance of the evidence.~~each and every element of the conspiracy to commit wire fraud as alleged in Count Seven.

### ~~COUNT SEVEN~~

~~Count Seven of the Superseding Indictment charges Mr. Shkreli with wire fraud conspiracy in connection with **Retrophin** as follows:~~

Jury Instructions
July 28, 2017 Court Ex. 5

In or about and between February 2011 and September 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant MARTIN SHKRELI, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud Retrophin, and to obtain money and property from Retrophin by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Section 1343.

**A. Conspiracy to Commit Wire Fraud**

**PROPOSED INSTRUCTION 4 – DUTY TO MSMB INVESTORS**

I have already explained what it means to conspire to commit an offense. Those same instructions apply to Count Seven. I further remind you that the government need not prove that Mr. Shkreli actually committed wire fraud, the unlawful act charged as the object of the conspiracy in Count Seven. Rather, the government must prove each one of the following two elements

The government has elicited testimony from investor witnesses that they "would have liked to have known" about [to be determined]. Mr. Greebel owed no fiduciary or other similar duty of disclosure to MSMB Capital and/or MSMB Healthcare investors. Any and all disclosure obligations to MSMB Capital and/or MSMB Healthcare investors were the responsibility of Martin Shkreli. In the public corporation context, a corporation is not required to disclose a fact merely because a reasonable investor would very much like to know that fact.

71

Jury Instructions
July 28, 2017 Court Ex. 5

Rather an omission is actionable only when the corporation is subject to a duty to disclose the omitted facts pursuant to the applicable federal securities laws.  When determining whether the government has proved beyond a reasonable doubt : the elements of any of the charges, you therefore cannot consider a witness's testimony regarding what he/she "would have liked to have known."[14]

First, that two or more persons entered into an agreement to commit wire fraud; and

Second, that the defendant knowingly and intentionally became a member of the conspiracy.

B.  Wire Fraud

I have already instructed you on the elements of wire fraud.  Those same instructions apply to Count Seven.  As a reminder, as I instructed you on page 63, the elements of wire fraud are:

First, that there was a scheme or artifice to defraud or to obtain money or property by false and fraudulent pretenses, representations or promises, as alleged in the Superseding Indictment.  A fraudulent representation may include the failure to disclose material information if the defendant was under a legal, professional or contractual duty to make such a

---

[14] *In re Time Warner Securities Litigation*, 9 F.3d 259, 267 (2d Cir. 1993) (In the public corporation context, a corporation "is not required to disclose a fact merely because a reasonable investor would very much like to know that fact. Rather, an omission is actionable under the securities law only when the corporation is subject to a duty to disclose the omitted facts."); *San Leandro Emergency Medical Group Profit Sharing Plan v. Philip Morris Companies, Inc.*, 75 F.3d 801, 810-11 (2d Cir. 1996) (no requirement to disclose internal deliberations regarding alternative marketing strategies).

disclosure.  You have heard testimony regarding the fiduciary duties of corporate officers and directors.  One such duty, the duty of loyalty, mandates that the best interest of the corporation and its shareholders takes precedence over any interest possessed by a director or officer, and not shared by the stockholders generally.  However, in order for a failure to disclose material information to constitute a fraudulent representation for purposes of the wire fraud statute, the defendant must have actually known such disclosure was required to be made, and must have failed to make such disclosure with the intent to defraud.

**PROPOSED JURY INSTRUCTION 5 – STANDARDS UNCLEAR**

Second, that the defendant knowingly andIf the law or disclosure standards were vague, unclear, or subject to more than one interpretation, or if a person believed that the law or the applicable disclosure standards were ambiguous, vague, unclear, or subject to more than one interpretation, a person cannot be found to have acted knowingly, willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature, and with a specific intent to defraud; andThird, that in the execution of that scheme, the defendant used or caused the use of interstate wires.  That is to say, the person cannot be found to have entered into an agreement to knowingly and willfully achieve any of the unlawful objectives charged in Count Seven.

73

Jury Instructions
July 28, 2017 Court Ex. 5

Specifically, as to Count Seven, the government alleges that Mr. Shkreli, together with others, conspired to defraud Retrophin by causing it to: (i) transfer Retrophin shares to MSMB Capital even though MSMB Capital never invested in Retrophin; (ii) enter into settlement agreements with defrauded MSMB Capital and MSMB Healthcare investors to settle liabilities owed by the MSMB Funds and SHKRELI; and (iii) enter into a sham consulting agreement with a defrauded MSMB Capital or Elea Capital investor as an alternative means to settle liabilities owed by the MSMB Funds and SHKRELI.  You can find Mr. Shkreli guilty of Count Seven only if the government has proven both elements of the conspiracy The government has the burden of proving beyond a reasonable doubt as to one of the above means specified in (i), (ii), or (iii), or as to any one of the settlement and consulting agreements, but you must be unanimous as to that finding. that the law and the applicable disclosure standards were clear and that the defendant understood the law and the disclosure standards in question.  If the government fails to satisfy this burden of proof, you must enter a verdict of not guilty.[15]

---

[15]  *United States v. Whiteside*, 285 F.3d 1345, 1351 (11th Cir. 2002); *United States v. Pirro*, 212 F.3d 86, 90-91 (2d Cir. 2000); *Siddiqi v. United States*, 98 F.3d 1427, 1439 (2d Cir. 1996); *United States v. Migliaccio*, 34 F.3d 1517, 1525 (10th Cir. 1994); *United States v. Levin*, 973 F.2d 463 (6th Cir. 1992); *Funke v. Life Fin. Corp.*, 237 F. Supp. 2d 458, 468-69 (S.D.N.Y. 2002).

Jury Instructions
July 28, 2017 Court Ex. 5

C.   Venue

## PROPOSED INSTRUCTION 6 – ALTER EGO/PIERCING THE CORPORATE VEIL

I have previously instructed you on venue for wire fraud conspiracy.  Those instructions apply here.  Under Delaware law, *alter ego* liability depends on several factors that reveal how the corporation operates and the particular defendant's relationship to that operation.  These factors include whether the corporation was adequately capitalized for the corporate undertaking; whether the corporation was solvent; whether dividends were paid, corporate records kept, officers and directors functioned properly, and other corporate formalities were observed; whether the dominant shareholder siphoned corporate funds; and whether, in general, the corporation simply functioned as a facade for the dominant shareholder.[16]  To prevail under the alter-ego theory of piercing the veil, a plaintiff need not prove that there was actual fraud but must show a mingling of the operations of the entity and its owner plus an overall element of injustice or unfairness.[17]

## PROPOSED INSTRUCTION 7 – THE ATTORNEY-CLIENT RELATIONSHIP

A fundamental principle in the client-lawyer relationship is that, in the absence of the client's informed consent, the lawyer must not reveal information relating to the representation.  This contributes to the trust that is the hallmark of the client-lawyer relationship.  The client is thereby encouraged to seek legal assistance and to communicate fully and frankly with the lawyer even as to embarrassing or legally damaging subject matter.  The lawyer needs

---

[16] *United States v. Golden Acres, Inc.*, 702 F. Supp. 1097, 1104 (D. Del. 1988), *aff'd sub nom. Golden Acres, Inc. v. Sutton Place Corp.*, 879 F.2d 857 (3d Cir. 1989), *and aff'd sub nom. Appeal of J.L. Capano, Inc.*, 879 F.2d 857 (3d Cir. 1989), *and aff'd*, 879 F.2d 860 (3d Cir. 1989).

[17] *NetJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F.3d 168, 176 (2d Cir. 2008)

this information to represent the client effectively and, if necessary, to advise the client to refrain from wrongful conduct. Almost without exception, clients come to lawyers in order to determine their rights and what is, in the complex of laws and regulations, deemed to be legal and correct.[18] Therefore, an attorney has a reasonable expectation that his or her client will honestly and openly share all information necessary for the attorney to provide full, fair, and appropriate legal advice.

[18] ABA Model Rule 1.6 Comment [2].

## COUNT EIGHT

Count Eight of the Superseding Indictment charges Mr. ~~Shkreli~~Greebel with

conspiracy to commit securities fraud in connection with Retrophin as follows:

In or about and between November 2012 and September 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ~~MARTIN SHKRELI~~EVAN GREEBEL and Martin Shkreli, together with others, did knowingly and willfully conspire to use and employ manipulative and deceptive devices and contrivances, contrary to Rule 10b-5 of the Rules and Regulations of the United States Securities and Exchange Commission, Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing devices, schemes and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices and courses of business which would and did operate as a fraud and deceit upon investors and potential investors in Retrophin, in connection with the purchase and sale of securities of Retrophin, directly and indirectly, by use of means and instrumentalities of interstate commerce and the mails, contrary to Title 15, United States Code, Sections 78j(b) and 78ff.

~~In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendant MARTIN SHKRELI, together with others, committed and caused to be committed, among others, the following overt acts:~~

~~a. On or about December 12, 2012, Evan Greebel sent an email to Marek Biestek, attaching six stock purchase agreements, and stated, in part, "attached are purchase agreements for the acquisition of the [unrestricted] stock. . . . Please ask each person to sign the last page and return it to me."~~

~~b. On or about December 13, 2012, Evan Greebel sent an email to Marek Biestek and another one of the seven employees and contractors who received unrestricted or free trading shares, and stated, in part, "Please send me an email confirming the following: I represent that I am not an officer, a director, or holder of 10% or more of the outstanding equity securities of Desert~~

77

Gateway and do not, alone or together with any other person, exercise control over Desert Gateway."

c.  On or about December 17, 2012, SHKRELI sent an email to all employees, copying six of the seven employees and contractors who received unrestricted and free trading shares, and stated that Retrophin now had four employees and that everyone else, including the employees and contractors who received the unrestricted or free trading shares, were no longer employees or consultants to Retrophin or MSMB even though they could continue using Retrophin's office space as a courtesy. SHKRELI then forwarded this email to Evan Greebel.

d.  On or about December 20, 2012, Evan Greebel sent an email to SHKRELI, attaching a Schedule 13D, and stated, "Attached is a draft of the 13D.  We should discuss."

e.  On or about December 20, SHKRELI filed a Schedule 13D with the SEC that failed to disclose his control over any of the unrestricted or free trading shares.

f.  On or about January 2, 2013, SHKRELI sent an email to Evan Greebel requesting Evan Greebel's thoughts on a draft email that SHKRELI wanted to send to one of the seven employees and consultants who received unrestricted or free trading shares and who was selling his RTRX stock.  In the draft email, SHKRELI stated, in part, "I have decided to commence litigation against you for failing to honor the agreement we made in our office on December 10th.  You agreed to work for MSMB . . . .  Instead you have failed to come to the office and will not even return my telephone calls." Less than thirty minutes later, Evan Greebel replied to SHKRELI, and stated, "Very risky given what you[r] agreement was – could be opening a much bigger can of worms."

g.  On or about February 19, 2013, SHKRELI filed an amended Schedule 13D with the SEC that failed to disclose his control over any of the unrestricted or free trading shares.

h.  On or about March 8, 2013, Evan Greebel sent an email to SHKRELI, and stated, "[Michael Fearnow] and the 'purchasers' are signing an amendment to their

Jury Instructions
July 28, 2017 Court Ex. 5
purchase agreement and in the amendment the 'purchaser' is directing [Michael Fearnow] to have the stock delivered to the designated people."

i.   On or about April 10, 2013, Evan Greebel sent an email to Michael Fearnow and SHKRELI, and stated, in part, "The 50k [unrestricted or free trading] shares that were owed to [Marek Biestek] should be broken down as follows . . . ."

j.   On or about May 9, 2013, in response to an email from Evan Greebel requesting the source of unrestricted or free trading shares to settle a dispute with a defrauded MSMB Healthcare investor, SHKRELI stated, "Take from anyone – I don't care – do the math?"

## A.    Conspiracy

Again, I already instructed you on conspiracy generally (see page 51 32).

Those same instructions apply here.  As a reminder, the government need not prove that Mr.

Shkreli Greebel actually committed securities fraud, the unlawful acts act charged as the

objects object of the conspiracy in Count Eight.  Rather, the government must prove, beyond a

reasonable doubt, the following:

First, that two or more persons entered into an agreement to commit securities

fraud;

Second, that the defendant Mr. Greebel knowingly, willfully, and

intentionally became a member of the alleged conspiracy;

Third, that one of the members of the conspiracy knowingly committed at least

one of the overt acts charged in the Superseding Indictment; and

79

Jury Instructions
July 28, 2017 Court Ex. 5

Fourth, that the overt act or acts that you find were committed were done

specifically to further some objective of the securities fraud conspiracy.

I remind you that you must reach a unanimous decision in connection with each

element.

**B.     Securities Fraud - The Statute and Rule**

I have already instructed you on the elements

The relevant statute is Section 10(b) of the Securities Exchange Act of 1934.

That law provides in relevant part that:

It shall be unlawful for any person, directly or indirectly, by the use of any means
or instrumentality of interstate commerce or of the mails, or any facility of any
national securities exchange –
(b) To use or employ, in connection with the purchase or sale of any security
registered on a national securities exchange or any security not so registered . . .
any manipulative or deceptive device or contrivance in contravention of such
rules and regulations as the [Securities and Exchange Commission ("SEC")] may
prescribe as necessary or appropriate in the public interest or for the protection of
investors.

Based on its authority under this statute, the SEC enacted Rule 10b-5, which

provides:

It shall be unlawful for any person, directly or indirectly, by the use of any means
or instrumentality of interstate commerce, or of the mails or of any facility of any
national securities exchange,
(a)  To employ any device, scheme, or artifice to defraud,
(b)  To make any untrue statement of a material fact or to omit to state a material
fact necessary in order to make the statements made, in the light of the
circumstances under which they were made, not misleading, or
(c)  To engage in any act, practice, or course of business which operates or would
operate as a fraud or deceit upon any person, in connection with the purchase or
sale of any security.

Jury Instructions
July 28, 2017 Court Ex. 5

## C.     Securities Fraud - Definition and Elements

In order to meet its burden of proof as to Count Eight, the government must prove beyond a reasonable doubt that Mr. Greebel conspired with the specific intent to commit every element of the crime of securities fraud at page 32 of these instructions.  As a reminder, the elements of securities fraud are:.  Those elements are:

### 1.     First Element - Fraudulent Act

First The first element that the government must prove beyond a reasonable doubt is that, in connection with the purchase or sale of a security, MARTIN SHKRELI did one or more of the following in Retrophin, Mr. Greebel conspired with Mr. Shkreli to:

(1) employed employ a device, scheme, or artifice to defraud the market of potential investors in Retrophin, or

(2)  made an untrue statement of a material fact or omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

(3)  engaged in an act, practice, or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller of Retrophin.

To prove this element, it is necessary for the government to establish one of these three allegedly unlawful acts in connection with the sale or purchase of Retrophin stock.  But you must be unanimous as to which type of allegedly unlawful conduct you find to have been proven beyond a reasonable doubt.

Let me now explain some of these terms.

81

- *Device, Scheme, or Artifice to Defraud*:  A device, scheme or artifice to defraud is a plan for the accomplishment of a fraud.  Fraud is a general term that embraces all efforts and means that individuals devise to take advantage of others through lies and deception.

- *False Statements and Omissions*:  A statement, representation, claim, or document is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made.  A representation or statement is fraudulent if it was made with the intention to deceive.  False or fraudulent statements under the statute may include the concealment of material facts in a manner that makes what is said or represented deliberately misleading.

  The deception need not be based on spoken or written words alone.  The arrangement of the words, or the circumstances in which they are used, may convey the false and deceptive appearance.  If there is deception, the manner in which it is accomplished does not matter.

- *"In Connection With"*:  You need not find that Mr. Greebel actually participated in any securities transaction if you find that the government proved beyond a reasonable doubt that he was engaged in fraudulent conduct that was "in connection with" a purchase or sale of securities.  To find that the "in connection with" element is satisfied, you must find beyond a reasonable doubt that there was some nexus or relation between the allegedly fraudulent conduct and the sale or purchase of securities.  Fraudulent conduct may be "in connection with" the purchase or sale of securities if you find that the alleged fraudulent conduct "touched upon" a securities transaction.

Jury Instructions
July 28, 2017 Court Ex. 5

It is no defense to an overall scheme to defraud that the defendant may not have been involved in the scheme from its inception or may have played only a minor role with no contact with the investors and purchasers of the securities in question.  Nor is it necessary for you to find that the defendant was the actual seller or offeror of the securities.  It is sufficient if the defendant participated in the scheme or fraudulent conduct that involved the purchase or sale of securities.  By the same token, the government need not prove that the defendant personally made the misrepresentation or that he omitted the material fact.  It is sufficient if the government proves beyond a reasonable doubt that the defendant caused the statement to be made or the fact to be omitted.  With regard to the alleged misrepresentations and omissions, you must determine whether the statement was true or false when it was made, and, in the case of alleged omissions, whether the omission was misleading and that there was a duty to disclose the omissions.

As a reminder, however, Mr. Greebel is charged only with conspiring in an alleged unlawful plan to commit securities fraud, not a substantive crime of securities fraud.  Mere knowledge or acquiescence, without participation, in such unlawful plan is not sufficient.  Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the alleged conspiracy, does not make the defendant a member.  More is required under the law.  Additionally, mere presence of Mr. Greebel where a crime is being committed, even coupled with knowledge by Mr. Greebel that a crime is being committed, is not sufficient to prove Mr. Greebel's membership in the alleged conspiracy.  What is required is that a defendant must have

83

participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the specific intention of aiding in the accomplishment of every element of those unlawful ends.  In sum, a defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised, or assisted in it for the purpose of furthering the illegal undertaking.

- *Material Fact*: If you find that the government has established beyond a reasonable doubt that a statement was false or omitted in connection with the purchase or sale of any securities, you must next determine whether the fact misstated or omitted was material under the circumstances.  "A misrepresentation is material under Section 10(b) of the Securities Exchange Act and Rule 10b–5 where there is a substantial likelihood that a reasonable investor would find the misrepresentation important in making an investment decision."  It is not enough that a statement is false or incomplete, if the misrepresented fact is otherwise insignificant.  Therefore, the government must prove beyond a reasonable doubt that the misleading information would have been reasonably likely to influence Retrophin shareholders under the circumstances in making a determination required to be made.[19]  If you find that there was a material misrepresentation or omission of a material fact when there was a duty to disclose, it does not matter whether the

---

[19]  *Basic Inc. v. Levinson*, 485 U.S. 224 (1988) ("It is not enough that a statement is false or incomplete, if the misrepresented fact is otherwise insignificant."); *United States v. Bonventre*, 646 Fed. App'x 73, 85 (2d Cir. 2016) (misrepresentations were "reasonably likely to influence" lenders' subjective decisions regarding whether to extend a loan); *United States v. Rigas*, 290 F.3d 208, 234 (2d Cir. 2008) (misleading information would have been "reasonably likely to influence" a reasonable hedge fund investor under the circumstances "in making a determination required to be made") (citing *Weinstock v. United States*, 231 F.2d 699, 701 (D.C. Cir. 1956) ("materiality must be judged by the facts and circumstances in the particular case")); ABA, Model Jury Instructions: Securities Litigation § 2.03[2][a] (modified).

intended victims were gullible buyers or sophisticated investors, because the securities

laws protect the gullible and unsophisticated as well as the experienced investor.

## PROPOSED INSTRUCTION 8 - PUFFERY; FORWARD-LOOKING STATEMENTS; OPTIMISM

Even if a statement is untrue or misleading, it is not material and cannot support a charge

of securities fraud if it constitutes puffery or sales talk that no reasonable investor would

consider important in deciding whether to invest.  People in charge of a company are not

required to take a gloomy, fearful or defeatist view of the future.  Marketing pitches, expressions

of general optimism, self-praise, and similar corporate cheerleading may be immaterial because

they qualify as mere puffery, the type of superlatives that are common in business, and therefore

are not the type of statements upon which a reasonable investor would rely.

Statements of optimism and opinion are also not considered material when accompanied

by cautionary language or disclosures, such as the disclosures of risks.  Statements that are

accompanied by appropriate cautionary language and disclosures of risk cannot be considered

material and cannot support a securities fraud charge.

Likewise, statements of mere belief or disbelief in current or future events, not

accompanied by objective evidence that the statement also expressly or impliedly asserted

something false or misleading about its subject matter, are not material as a matter of law, because no one would reasonably rely on another person's ability to predict the future.[20]

I remind you that you must reach a unanimous decision in connection with each element.

2. Second, to act willfully, knowingly and with the intent to defraud, Element - Knowledge, Intent and Willfulness

The second element that the government must establish as to Count Eight is that Mr. Greebel conspired knowingly, willfully and with intent to defraud.

As I explained before, a person acts "knowingly" if he acts purposely and voluntarily and not because of ignorance, mistake, accident, negligence, or carelessness, or as a result of being misled, deceived, had material information omitted from him, by someone else.

"Willfully" means to act knowingly and purposely, with an intent to do something the law forbids, that is to say, with bad purpose either to disobey or to disregard the law. A person's conduct is not "willful" if it was due to negligence, inadvertence, or mistake, being misled or deceived by someone else, having material information omitted or withheld, or was the result of a good faith misunderstanding.

"Intent to defraud" in the context of the securities laws means to act knowingly and with intent to deceive. A person acts "intentionally" when he acts deliberately and purposefully. That is, the actions of a person accused of a crime must have been the product of

---

[20] *Shields v. Citytrust Bancorp.*, 25 F.3d 1124, 1129-30 (2d Cir. 1994) ("People in charge of an enterprise are not required to take a gloomy, fearful or defeatist view of the future; subject to what current data indicates, they can be expected to be confident about their stewardship and the prospects of the business that they manage."); *Rombach v. Chang*, 355 F.3d 164, 174 (2d Cir. 2004); *Vulcan Metals Co. v. Simmons Mfg. Co.*, 248 F. 853, 857 (2d Cir. 1918) (Hand, J.); *Eca & Local 134 IBEW Joint Pension Trust of Chi. v. JP Morgan Chase Co.*, 553 F.3d 187, 197-98 (2d Cir. 2009); *San Leandro Emergency Medical Group Profit Sharing Plan v. Phillip Morris Comp., Inc.*, 75 F.3d 801 (2d Cir. 1996); *Parnes v. Gateway 2000*, 122 F.3d 539, 548 (7th Cir. 1997); Va. *Bankshares v. Sandberg*, 501 U.S. 1083, 1095-96 (1991) (statements of mere belief or disbelief in current or future events, not accompanied by objective evidence . . . that the statement also expressly or impliedly asserted something false or misleading about its subject matter, are not material as a matter of law).

his conscious objective decision rather than the product of a mistake, misunderstanding, deception, having material information withheld or omitted from him, or accident.

The question of whether a person acted knowingly, willfully and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves one's state of mind.

Direct proof of knowledge and fraudulent intent may not be available. It would be uncommon if it could be shown that a person wrote or stated that, as of a given time in the past, he committed an act with fraudulent intent. Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based on a person's outward manifestations, words, conduct, acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

I already have instructed you as to what circumstantial evidence is and the inferences that may be drawn from it. Those instructions also apply here. What is referred to as drawing inferences from circumstantial evidence is no different from what people normally mean when they say, "use your common sense." Using your common sense means that, in deciding whether Mr. Greebel possessed or lacked an intent to defraud, you do not limit yourself to what Mr. Greebel said, but you also look at what he did and what others did in relation to Mr. Greebel and, in general, everything that occurred.

Circumstantial evidence, if believed, is of no less value than direct evidence. In either case, the essential elements of the crime charged must be established by the government beyond a reasonable doubt.

Under the anti-fraud statutes, even false representations or omissions of material facts do not amount to a fraud unless done with fraudulent intent.  However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith.  An honest belief in the truth of the representations made by a defendant is a complete defense, however inaccurate the statements may turn out to be.

As a practical matter, then, to prove the charge against a defendant, the government must establish beyond a reasonable doubt that the defendant knew that his conduct as a participant in the scheme was calculated to deceive and, nonetheless, he associated himself with the alleged fraudulent scheme.

If you find that Mr. Greebel did not act knowingly, willfully, and with the intent to deceive, then you must find Mr. Greebel not guilty.  On the other hand, if you find that the government has established beyond a reasonable doubt not only the first element, but also this second element, that Mr. Greebel acted knowingly, willfully, and with the intent to deceive, then you must consider the third element.  I remind you that you must reach a unanimous decision in connection with each element.

3.   Third, to knowingly Element - Instrumentality of Interstate Commerce

The third and final element that the government must prove beyond a reasonable doubt as to Count Eight is that Mr. Greebel knowingly conspired with the specific intent to use, or caused to be used, the mails or any means or instrumentalities of transportation or communication in interstate commerce or the use of the mails in furtherance of the fraudulent conduct.  Any conduct that is designed to deceive or defraud investors by controlling or artificially

Jury Instructions
July 28, 2017 Court Ex. 5

affecting the price of securities is prohibited.  An essential element of manipulation of securities is the deception of investors into believing that the prices at which they purchase and sell securities are determined by the natural interplay of supply and demand in furtherance of the scheme to defraud.  This would include the use of a telephone, a bank wire transfer or an email sent over the Internet that traveled across state lines.

It is not necessary that a defendant be directly or personally involved in any mailing, wire, or use of an instrumentality of interstate commerce.  If the defendant was an active participant in the scheme and took steps or engaged in conduct that he knew or reasonably could foresee would naturally and probably result in the use of interstate means of communication, then you may find that he caused the mails or an instrumentality of interstate commerce to be used.

When one does an act with the knowledge that the use of interstate means of communication will follow in the ordinary course of business, or where such use reasonably can be foreseen, even though not actually intended, then he causes such means to be used.

It is not necessary that the items sent through interstate means of communication contain the fraudulent material, or anything criminal or objectionable.  The interstate means of communication may be entirely innocent.

The use of interstate communications need not be central to the execution of the scheme, and may even be incidental to it.  All that is required is that the use of the interstate communications bear some relation to the object of the scheme or fraudulent conduct.  In fact,

89

the actual offer or sale need not be accomplished by the use of interstate communications, so long as the defendant is still engaged in actions that are a part of the fraudulent scheme when interstate communications are used.  I remind you that you must reach a unanimous decision in connection with each element.

You have also heard the parties use the term "affiliate."  An "affiliate" of an issuer under the law means a  person that directly, or indirectly through one or more intermediaries controls, or is controlled by, or is under common control with, such issuer.  Whether a person is an affiliate of Retrophin is a question of fact for the jury., such as an executive officer, a director or a 10% or more shareholder, in a relationship of "control" with the issuer.  "Control" means the power to direct the management and policies of the company in question, whether through the ownership of voting securities, by contract, or otherwise.  If you buy securities from a controlling person or "affiliate," you take restricted securities, even if they were not restricted in the affiliate's hands.[21]

**D.**    ~~C.~~  **Venue**

I have previously instructed you on venue for ~~securities~~wire fraud conspiracy.  Those instructions apply here as well.

---

[21]   17 C.F.R. 230.144; United States Securities & Exchange Commission, *Rule 144: Selling Restricted and Control Securities, available at* https://www.sec.gov/reportspubs/investor-publications/investorpubsrule144htm.html; American Standard, SEC No-Action Letter, 1972 SEC No Act. LEXIS 3787 at *1 (Oct. 11, 1972) (referring to a person's status as a "10% shareholder" as one of the indicia of "control").

## III. ~~VIII.~~ Defenses

1. **Good Faith**

~~Good faith is a complete~~Because the government must prove beyond a reasonable doubt that Mr. Greebel, whom you are considering, acted knowingly, willfully, and with a specific intent to defraud, good faith is an absolute defense to ~~the charges~~every charge in this case.

A statement made with good faith belief in its accuracy does not amount to a false statement and is not a crime.  This is so even if the statement is, in fact, erroneous.  If the defendant believed in good faith that he was acting properly, even if he was mistaken in that belief, and even if others were injured by his conduct, there would be no crime.

~~If you believe that Mr. Shkreli believed in the truth of the representations that he made, then it does not make any difference if the representations were untrue.~~  The burden of establishing lack of good faith and criminal intent rests on the ~~government.  A defendant~~prosecution.  Mr. Greebel is under no burden to prove his good faith; rather, the ~~government~~prosecution must prove bad faith or knowledge of falsity beyond a reasonable doubt.

~~As a reminder, I instruct you that when considering the defense of good faith, you consider it in conjunction with my instructions on pages 41 and 68, regarding the defendant's~~

91

belief, if such belief existed, that ultimately everything would work out so that no one would lose money.

**2.   Reliance on Counsel**

You have heard evidence that, with regard to Counts Seven and Eight, Mr. Shkreli received advice from a lawyer, and you may consider that evidence in deciding whether Mr. Shkreli acted willfully and with knowledge, and with fraudulent intent.

The mere fact that Mr. Shkreli may have received legal advice does not, in itself, necessarily constitute a complete defense.  Instead, you must consider whether:

(1)  Mr. Shkreli honestly and in good faith sought the advice of a competent lawyer as to what he may lawfully do;

(2)  whether he fully and honestly laid all the facts before his lawyer; and

(3)  whether in good faith he honestly followed such advice, relying on it and believing it to be correct.

In short you should consider whether, in seeking and obtaining advice from a lawyer, Mr. Shkreli intended that his acts shall be lawful.  If he did so, it is the law that a defendant cannot be convicted of a crime that involves willful and unlawful intent, even if such advice was an inaccurate construction of the law.

92

Jury Instructions
July 28, 2017 Court Ex. 5

On the other hand, a defendant cannot willfully and knowingly violate the law and excuse himself from the consequences of his conduct by arguing that he followed the advice of his lawyer. Whether Mr. Shkreli acted in good faith for the purpose of seeking guidance as to the specific acts in this case, whether he made a full and complete report to his lawyer, and If the evidence in the case leaves you with a reasonable doubt as to whether he Mr. Greebel, whom you are considering, acted substantially in accordance with the advice received, are questions for you to determine. in good faith, you must find Mr. Greebel not guilty.

**PROPOSED INSTRUCTION 9 - DEFENSE THEORY OF THE CASE**

**[to be supplemented at the end of trial]**

## IV. ~~IX.~~   CLOSING INSTRUCTIONS

I have now outlined for you the rules of law applicable to the charges in this case and the processes by which you should weigh the evidence and determine the facts.  In a few minutes, you will retire to the jury room for your deliberations.

**1.      Selection of a Foreperson**

When you retire, you will choose one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.  In order for your deliberations to proceed in an orderly fashion, you must have a foreperson, but of course, his or her opinion or vote are not entitled to any greater weight than that of any other juror.

**2.      Verdict & Deliberations**

The government, to prevail, must prove the essential elements by the required degree of proof, as already explained in these instructions.  If the government succeeds, your verdict should be guilty as to the count; if it fails, your verdict should be not guilty as to the count.  To report a verdict, it must be unanimous.

Your function is to weigh the evidence in the case and determine whether or not the defendant is guilty, based solely upon such evidence.

Each juror is entitled to his or her opinion; each should, however, exchange views with his or her fellow jurors.  That is the very purpose of jury deliberation — to discuss and consider the evidence; to listen to the views of fellow jurors; to present your individual views; to consult with one another; and to reach an agreement based solely and wholly on the evidence — if you can do so without violence to your own individual judgment.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case.

But you should not hesitate to change an opinion that, after discussion with your fellow jurors, appears erroneous.

However, if, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your conviction simply because you are outnumbered.

Your final vote must reflect your conscientious conviction as to how the issues should be decided. Your verdict, whether guilty or not guilty, must be unanimous.

As you deliberate, your function is to weigh the evidence in the case and to determine whether the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you may not consider any consequences, including the punishment that may be imposed upon a defendant, if he is convicted, to influence your verdict, or in any way enter into your deliberations. The duty of imposing punishment rests exclusively with the court.

In addition, during your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the internet, any internet service, any text or instant messaging service, any internet chat room, blog, or website such as Facebook, MySpace, Instagram, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case. In other words, you cannot talk to anyone on the phone, correspond with anyone, or

95

electronically communicate with anyone about this case, except with your fellow jurors in the jury room during deliberations.

Along the same lines, you should not try to access any information about the case or do research on any issue that arose during the trial from any outside source, including dictionaries, reference books, or anything on the Internet.

Information that you may find on the Internet or in a printed reference might be incorrect or incomplete. In our court system, it is important that you not be influenced by anyone or anything outside this courtroom. Your sworn duty is to decide this case solely and wholly on the evidence that was presented to you in this courtroom.

**3.      Note-Taking**

Your notes are to be used solely to assist you and are not to substitute for your recollection of the evidence in the case. Do not assume simply because something appears in a juror's notes that it necessarily took place in court. Instead, it is your collective memory that must control as you deliberate upon the verdict. The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror and your notes are not to be shown to any other juror during your deliberations.

**4.      Communications with the Court**

If it becomes necessary during your deliberations to communicate with me for any reason, simply send me a note signed by your foreperson or by one or more other members of the jury. No member of the jury should ever attempt to communicate with me or with any court personnel by any means other than a signed writing. I will not communicate with any member of the jury on any subject touching on the merits of this case other than in writing or

orally here in open court. Do not ever disclose how the jury stands numerically or otherwise on the question of guilt or innocence.

**5.      Right to See Evidence**

You will have the exhibits and a list of exhibits received in evidence during the course of the trial in the jury room with you. If you wish to have any portion of the testimony repeated, you may simply indicate that in a note. Be as specific as you can be if you make such a request. Let us know which exhibit or which part of which witness's testimony you want to hear, and please be patient while we locate it. If you need further instructions on any point of law, you should also indicate that in a note.

**6.      Return of Verdict**

When you have reached a verdict, simply send me a note signed by your foreperson that you have reached a verdict. Do not indicate in the note what the verdict is.

To report a verdict, it must be unanimous, and you must be prepared to render a verdict for the defendant as to ~~each count~~both Counts Seven and Eight of the Superseding Indictment. To help you, I have prepared a verdict form that may be of assistance to you in your deliberations. On the verdict sheet are spaces marked "guilty" or "not guilty" for ~~each count~~both counts. The form is in no way intended to indicate how you must deliberate or decide the facts of this case. The foreperson should use a check mark in the appropriate space indicating "guilty" or "not guilty" for each count of the Superseding Indictment with which Mr. ~~Shkreli~~Greebel is charged. The foreperson should also place his or her initials and the date beside each mark on the verdict form.

**PROPOSED INSTRUCTION 10 - NEED FOR UNANIMITY**

As I have instructed you, in order to find Mr. Greebel guilty on Count Seven or Count Eight, you must unanimously agree that the government has proven beyond a reasonable doubt that Mr. Greebel knowingly, and willfully, with the intent to defraud, entered into an agreement with at least one other person to commit every element of wire fraud in Count Seven or every element of securities fraud in Count Eight.

Your verdict must also be unanimous in another sense.  All twelve of you must agree on the specific object Mr. Greebel allegedly agreed to try to accomplish.  It is not enough to convict if some of you find that the government has proven an agreement to knowingly, willfully, and with intent to defraud accomplish one unlawful objective while others of you find that the government has proven an agreement to accomplish a different unlawful objective.  If you do not all agree unanimously that the government has proven beyond a reasonable doubt an agreement to knowingly and willfully accomplish the same unlawful objective, you must return a verdict of not guilty.[22]

## 7.    Conclusion

Finally, I want to remind you of the oath you took when you were sworn as a juror at the beginning of this case.  Remember, in your deliberations, that this case is no passing matter for the government or Mr. ~~Shkreli~~Greebel.  The parties and the court rely upon you to give full and conscientious deliberation and consideration to the issues and evidence before you. By so doing, you carry out to the fullest your oaths as jurors:  to well and truly try the issues of this case and a true verdict render.

Before asking you to retire and begin your deliberations, let me first consult with counsel to be certain I have not overlooked any point.

[22]   Sand, Instruction 9-7A (modified); *United States v. Helmsley*, 941 F.2d 71, 91 (2d Cir. 1991).

102342125.1