# EXHIBIT H

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS P. KOESTLER,<br><br>                            Petitioner,<br><br>     v.<br><br>MARTIN SHKRELI,<br><br>                            Respondent. | Index No. 16-cv-7175 |

## PETITION TO CONFIRM ARBITRATION AWARD AND ENTER JUDGMENT

Petitioner, Thomas P. Koestler ("Dr. Koestler"), acting through his undersigned counsel, petitions this Court for an Order and Judgment pursuant to Sections 6 and 9 of the Federal Arbitration Act, 9 U.S.C. § 1, (a) confirming the Final Award for Arbitration dated August 2, 2016 ("Final Award")(Exhibit A), (b) entering Judgment thereon pursuant to the Proposed Order and Judgment (Exhibit B), and (c) granting Dr. Koestler such other and further relief as this Court deems just and equitable, alleges:

## THE PARTIES

1. Petitioner, Dr. Koestler, is a PhD (in Medicine and Pathology), and an expert in the pharmaceutical industry. He is domiciled in Pennsylvania.

2. Respondent, Martin Shkreli ("Mr. Shkreli"), is an individual domiciled in New York, New York. Martin Shkreli founded Retrophin, LLC, and served as a director and Chief Executive Officer of Retrophin, LLC and later Retrophin, Inc., until September 2014.

3. Nonparty, Retrophin, LLC was formed as a Delaware limited liability company, on or about March 31, 2011. An Amended and Restated Limited Liability Company Agreement for Retrophin, LLC was executed on or about June 30, 2011.

4. On or about February 14, 2013, Retrophin, LLC (after merger, on or about December 17, 2012) became Retrophin, Inc. The newly-named company, Retrophin, Inc., and its predecessor Retrophin, LLC, were and are biopharmaceutical companies, focused on the discovery, development and commercialization of novel molecules for the treatment of a range of human disorders.

## JURISDICTION AND VENUE

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as Mr. Shkreli resides in this district and is subject to personal jurisdiction in this district. Further, a substantial part of the events giving rise to Dr. Koestler's claim against Mr. Shkreli occurred in this district.

6. Moreover, jurisdiction is proper in this district pursuant to the Federal Arbitration Act because the Arbitration Award Dr. Koestler seeks to confirm was rendered in this district. See 9 U.S.C. § 9.

## PRAYER FOR RELIEF

7. Dr. Koestler entered into an agreement with Mr. Shkreli to provide consulting services for Retrophin. Mr. Shkreli's obligations under the agreement were memorialized in a Transfer and Donee Representation Letter (the "Transfer Letter"). The Transfer Letter states that the Retrophin, LLC units to be transferred to Koestler would be "bound by and subject to" the terms of the March 31, 2011 "Founder's Agreement." See Transfer Letter (Exhibit C).

8. The Retrophin, LLC Limited Liability Company Agreement, dated as of March 31, 2011 is the "Founder's Agreement" referenced in the Transfer Letter. Section 13.4 of the "Founder's Agreement" provides for "arbitration in New York, New York before the

2

American Arbitration Association under the commercial arbitration rules then obtaining of said Association." See Founder's Agreement (Exhibit D) Section 13.4.

9. The Transfer Letter, executed by Mr. Shkreli and by Shkreli on behalf of Retrophin, LLC, also references the Amended and Restated Limited Liability Company Agreement for Retrophin, LLC dated as of June 30, 2011. Section 13.4 of the Amended and Restated Limited Liability Company Agreement contains the same language, calling for "arbitration in New York, New York before the American Arbitration Association under the commercial arbitration rules then obtaining of said Association."

10. For years, Dr. Koestler asked Mr. Shkreli to transfer the outstanding Retrophin shares due him under the Transfer Letter, but Mr. Shkreli never transferred them.

11. Dr. Koestler filed a Statement of Claim, dated July 15, 2015, with the American Arbitration Association asserting claims for breach of contract, breach of good faith/fair dealing, and *quantum meruit* among other claims.

12. An arbitrator, duly appointed, confirmed that the parties agreed that he had jurisdiction to hear the claims (Scheduling Order, Exhibit E) and subsequently held a hearing on June 13, 14, and 15, 2016, at which time each of the parties were given a full opportunity to present their respective positions with regard to the claims.

13. On August 3, 2106, the arbitrator rendered the Final Award and awarded Petitioner Dr. Koestler the following relief:

  a. Delivery of 155,000 shares of Retrophin shares, or if such delivery did not occur by August 31, 2016, then the principal amount of $2,325,000 (155,000 shares x $15/share);

3

b. Pre-judgment interest on $2,325,000 from April 1, 2015 onward at the rate of 6.5% (compounded quarterly) as required under Delaware law (thus, the amount of accrued interest that will be due as of October 1, 2016 will be $236,099);

c. Reimbursement of $26,161.69 to Dr. Koestler for his share of the payments towards the arbitrator's compensation and expenses;

d. The total awarded Dr. Koestler including reimbursement and pre-judgment interest would be $2,587,260.35 (assuming the matter is resolved on October 1, 2016 and no additional pre-judgment interest has accrued).

14. Dr. Koestler has made efforts to collect on the amounts described in the Final Award.

15. August 31, 2016 has come and gone and Dr. Koestler has not received a transfer of any shares from Mr. Shkreli (nor has Dr. Koestler received any payment of any kind from Mr. Shkreli).

16. Petitioner Dr. Koestler desires to have the attached Final Award reduced to judgment in order that Petitioner may enforce collection of this award against Respondent Mr. Shkreli.

17. Dr. Koestler has not made a prior application to this Court, or any court, for the relief requested in this Petition.

**WHEREFORE**, Petitioner, Thomas P. Koestler, respectfully requests that this Court issue the Order and Judgment pursuant to Sections 6 and 9 of the Federal Arbitration Act, (a) confirming the Final Award, (b) entering Judgment thereon, and (c) granting Petitioner such other relief as the Court deems just and equitable, including without limitation the costs and disbursements of this proceeding.

Dated: September 14, 2016

Respectfully submitted:

**PARK JENSEN BENNETT LLP**

By: /s/ Steven C. Bennett
Steven C. Bennett
Christopher W. Greer
40 Wall Street, 41st Floor
New York, NY 10005
Telephone: 646-200-6345
Facsimile: 646-200-6331

*Attorneys for Petitioner*
*Thomas P. Koestler*

5