UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-against-

EVAN GREEBEL,

*Defendant.*

ECF Case

No. 15-cr-00637 (KAM)

<u>ORAL ARGUMENT REQUESTED</u>

**MR. GREEBEL'S MOTION *IN LIMINE* TO ADMIT INTO EVIDENCE AT TRIAL CERTAIN OF THE GOVERNMENT'S STATEMENTS IN BRIEFS AND ON THE RECORD IN OPEN COURT REGARDING COMMINGLING**

## I. INTRODUCTION

We move for admission into evidence at trial of the government's statements in briefs and on the record in open court regarding the commingling between Retrophin, Inc. ("Retrophin"), on the one hand, and MSMB entities (including MSMB Capital Management LLC, MSMB Capital Management LP, MSMB Healthcare LLC, and MSMB Healthcare LP), on the other hand, as statements of a party opponent.

## II. BACKGROUND

There are a number of settlement agreements between Retrophin and third parties at issue in Count Seven.  *See* Indictment ¶ 26-30.  In sum and substance, and in relevant part, the government alleges that these settlement agreements are "fraudulent", that they were not in Retrophin's interests to execute, and that they defrauded Retrophin of its assets.

Whether these agreements were not in Retrophin's interest to execute and whether they defrauded Retrophin of its assets are among the critical facts in dispute in this case.  For example, certain third parties testified at the trial of *United States v. Martin Shkreli* that they threatened to sue Retrophin, Shkreli, and the MSMB entities in connection with their investment losses.  *See*, *e.g.*, Shkreli Trial Tr. 2585:23-2586:25 (Testimony of Schuyler Marshall); Shkreli Trial Tr. 2415:2-24 (Testimony of Richard Kocher); Shkreli Trial Tr. 3288:7-25 (Testimony of David Geller).  Part of Mr. Greebel's defense will demonstrate that, among other things, these settlements were in Retrophin's interests to execute and that they did not defraud Retrophin of its assets, because the litigation threats against Retrophin had to be taken seriously.  Among other things, the third-parties who threatened to sue Retrophin would likely have been able to pierce the corporate veil separating Retrophin and the MSMB entities.  A key factor in piercing the corporate veil, of course, is commingling between related entities.

1

During the government's prosecution of its cases against Mr. Shkreli and Mr. Greebel, the government made a number of significant admissions that there was commingling of Retrophin and the MSMB entities. In its brief opposing Mr. Shkreli's Motion to Suppress MSMB material, the government argued that "Shkreli [c]ommingled [b]usiness [r]elated to the MSMB Entities and to Retrophin[.] . . . The three entities were run by Shkreli out of the same physical space. . . . The MSMB entities and Retrophin also shared many of the same employees, and Shkreli caused MSMB Healthcare to invest millions of dollars in Retrophin." Dkt. No. 189 at 12.  During oral argument opposing Mr. Shkreli's motion to suppress, the government represented to the Court that Mr. Shkreli "commingled funds" and "commingled documents" between MSMB and Retrophin. Hearing Tr. 25:18-20 (Apr. 26, 2017). The government elaborated that "MSMB [email] addresses were being used to conduct Retrophin business so the [MSMB and Retrophin] documents were commingled for a very long time." *Id.* 15:21-23.

Further, in a letter to the Court regarding Mr. Shkreli's Motion to Suppress, the government asserted:

> The government has confirmed with Retrophin that no separate password was required to access emails that were sent to or from MSMB email addresses and were stored on Retrophin's servers. Instead, *emails sent to or from MSMB email addresses (both in current and archived form) were commingled on Retrophin's servers* with emails sent to or from Retrophin email addresses, and could be jointly accessed on those servers without the need to enter a separate password.

Dkt. No. 220 at 2 (emphasis added).

Attached hereto as Exhibit A is a chart containing additional government statements regarding commingling between Retrophin and the MSMB entities.

2

## III.  ARGUMENT

The government's statements relating to the commingling of MSMB and Retrophin "business", "physical space", "employees", "funds", "documents", "email addresses", and "servers" should be admitted into evidence as statements of a party-opponent pursuant to Federal Rule of Evidence 801(d)(2), and it is evidence that passes the Rule 401 and Rule 403 tests.

**A.    The Government's Statements are Admissible Under Rule 801(d)(2)**

Rule 801(d)(2) provides that a statement is admissible as non-hearsay if "the statement is offered against a party and is (A) the party's own statement, in either an individual or representative capacity," "(B) a statement of which the party has manifested an adoption or belief in its truth," "(C) was made by a person whom the party authorized to make a statement on the subject," or "(D) was made by the party's agent or employee on a matter within the scope of that relationship."  Fed. R. Evid. 801(d)(2).  As a general matter, "[s]tatements made by an attorney concerning a matter within his employment may be admissible against the party retaining the attorney."  *United States v. GAF Corp.*, 928 F.2d 1253, 1258-60 (2d Cir. 1991) (citation omitted); *United States v. Margiotta,* 662 F.2d 131, 142 (2d Cir. 1981), *cert. denied,* 461 U.S. 913 (1983) (same); *United States v. Demizio*, 2009 WL 2163099, at *3 (E.D.N.Y. July 20, 2009) (same).  "Like other admissions of a party-opponent[,] . . . they do not implicate the rule against hearsay, and are admissible subject to generally applicable rules involving, *e.g.*, relevance and potential for unfair prejudice or confusion."  *Demizio*, 2009 WL 2163099, at *3.

The Second Circuit upheld the district court's admission of a statement in a brief filed by the defendants in a prior, related case as an admission of a party-opponent.  *See Purgress v. Sharrock*, 33 F.3d 134, 143 (2d Cir. 1994).  Relying on Rule 801(d)(2), the Second Circuit held that the statement in question "*constituted* an admission of a party.  It was made in a legal brief filed with the court subject to the penalty of sanctions.  There can be little dispute, therefore, that

3

defendants' counsel was acting in an authorized capacity when making the assertion." *Id.* at 144.[1]

In *United States v. Paloscio*, at the request of the defendant, the district court admitted statements made by the government during court hearings and in a letter to the court as statements made by a party opponent pursuant to Rule 801(d)(2). 2002 WL 1585835, at *1 (S.D.N.Y. July 17, 2002). The defendant, on trial for homicide, moved to admit the government's statements that the "top boss of the [] Family" had "sanctioned and ordered the murder." *Id.* at *2. The defendant also moved to admit the government's subsequent statement that it had "come to the conclusion that [the alleged boss] was not involved in [the victim's] murder." *Id.* Because the government's statements during hearings and in a letter were "assertions of fact" and "proffers of evidence[] based on the knowledge of investigating agents[,]" the government's statements were admissible under Rule 801(d)(2)(B) and (D). *Id.* at *2; *see also See also United States v. GAF Corp.*, 928 F.2d 1253 (2d Cir. 1991) (government's bill of particulars was admissible because it was "prepared, reviewed, and presented by an agent of the United States"; was "signed by the Assistant United States Attorney"; and was based on "the government's review of the evidence"). The statements were "also more than an investigative theory, since they were presumably made with the intention that the Court rely on them[.]" *Id*. Notably, the district court held that the government's statements would assist the jury in evaluating the defendant's motive: "The government's withdrawal of the contention that Palermo sanctioned and ordered the [victim's] murder could *certainly be viewed by the jury as*

---

[1] *United States v. McKeon*, 738 F.2d 26, 30–1 (2d Cir. 1984), is inapposite. In *McKeon*, the Second Circuit established a framework for admitting a defense counsel's statements during openings as admissions against a party-opponent given the special role played by defense counsel in criminal cases. *See United States v. Amato*, 356 F.3d 216, 219 (2004) ("[T]this Court specifically limited *McKeon* to a defense attorney's prior jury argument.").

4

*suggesting that defendant would not have had a motive of the sort alleged in Counts Three and Four.*" *Id.* at *3 (emphasis added).

Like the statements at issue in *Purgess*, the government's written statements relating to commingling in this case were made "in a legal brief filed with the court subject to the penalty of sanctions." *Purgess*, 33 F.3d at 144. And like the statements at issue in *Paloscio*, the government's representations regarding commingling were "assertions of fact . . . based on the knowledge of investigating agents." The government's statements were also "made with the intention that the Court rely on them." *Paloscio*, 2002 WL 1585835, at *2. Indeed, the government successfully defeated Mr. Shkreli's Motion to Suppress by arguing that, among other things, due to substantial commingling between the two entities, MSMB documents should be treated as the property of Retrophin. *See* Hearing Tr. 15:4-11 (Apr. 26, 2017). Further, especially in light of the government's allegation that settlements with MSMB investors were fraudulent, the government's statements will be particularly helpful to the jury in assessing whether Mr. Greebel "had a motive of the sort alleged in Count[] [Seven]." *Paloscio*, 2002 WL 1585835, at *3. Thus, the government's factual assertions regarding commingling between MSMB entities and Retrophin satisfy the requirements of Rule 801(d)(2) and should be admitted into evidence as statements of a party opponent.

**B.** **The Government's Statements Are Relevant Under Rule 401 and Their Probative Value is Not Substantially Outweighed by the Danger of Unfair Prejudice, Confusion, or Misleading the Jury**

The government's statements regarding commingling of Retrophin and MSMB easily satisfy Rule 401's low threshold of relevance. *See* Fed. R. Evid. 401. The government's written and oral statements about commingling have a tendency to make the fact of whether the settlement agreements were in the interests of Retrophin more probable than it would be without the evidence. The commingling of Retrophin and MSMB "business", "physical space",

5

"employees", "funds", "documents", "email addresses", and "servers" made the company vulnerable to a lawsuit by those who had invested money in MSMB entities and who, directly and indirectly, invested money in Retrophin. The government's statements make it more probable than it would be without the evidence that there was commingling of Retrophin and MSMB and, accordingly, there was a valid legal risk that the investors would be able to pierce the corporate veil between Retrophin and MSMB, and thus sue Retrophin directly. *See*, *e.g.*, *Lowen v. Tower Asset Mgmt., Inc.*, 829 F.2d 1209, 1221 (2d Cir. 1987) (piercing the corporate veil was appropriate where there was "extensive intermixing of assets among the corporations, and among the corporations and individual defendants, without observing the appropriate formalities, simultaneous sharing of employees and office space by the corporate and individual defendants"); *NetJets Aviation, Inc. v. LHC Commc'ns*, LLC, 537 F.3d 168, 176 (2d Cir. 2008) ("To prevail under the alter-ego theory of piercing the veil, a plaintiff need not prove that there was actual fraud but must show a mingling of the operations of the entity and its owner plus an 'overall element of injustice or unfairness.'"). The government's statements will allow Mr. Greebel to show that the settlements in question were thus not "fraudulent" at all but aimed at protecting a publicly traded company and its shareholders from, among other things, the financial and reputational costs associated with litigation.

Lastly, these highly relevant statements do not pose any risk of prejudicing or confusing the jury. *See* Fed. R. Evid. 403. Indeed, "[t]o the extent that the government is prejudiced, it is fair prejudice," especially where the government has made factual assertions to the Court with the intention that the Court rely on them. *Paloscio*, 2002 WL 1585835, at *2; *see also United States v. GAF Corp.*, 928 F.2d 1262 (2d Cir. 1991) ("[I]f the government chooses to change its strategy at successive trials, and contradict its previous theories of the case and version of

6

historical facts, the jury is entitled to be aware of what the government had previously claimed[.]"); *United States v. McKeon*, 738 F.2d 26, 31 (2d Cir. 1984) (The government cannot "advance one version of the facts in its pleadings, conclude that its interests would be better served by a different version, and amend its pleadings to incorporate that version, safe in the belief that the trier of fact will never learn of the change in stories.").

For the foregoing reasons, the government's statements that "Shkreli [c]ommingled [b]usiness [r]elated to the MSMB Entities and to Retrophin"; that the "entities were run by Shkreli out of the same physical space"; and that the companies "shared many of the same employees," "commingled funds," and "commingled documents" should be admitted into evidence pursuant to Rules 801(d)(2) and 401.

## IV.  CONCLUSION

For the foregoing reasons, we respectfully request that the Court admit into evidence at trial the government's statements in briefs and on the record in open court regarding the commingling between Retrophin on the one hand, and the MSMB entities on the other hand, as statements of a party opponent.

Dated:   New York, New York
         August 18, 2017

>                               */s/ Reed Brodsky*
>                               Reed Brodsky
>                               Winston Y. Chan
>                               Randy M. Mastro
>                               Lisa H. Rubin
>
>                               GIBSON, DUNN & CRUTCHER LLP
>                               200 Park Avenue
>                               New York, NY 10166
>                               (212) 351-4000
>                               rbrodsky@gibsondunn.com
>                               *Counsel for Defendant Evan Greebel*

7