UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-against-<br><br>EVAN GREEBEL,<br><br>*Defendant.* | ECF Case<br><br>No. 15-cr-00637 (KAM)<br><br><u>ORAL ARGUMENT REQUESTED</u> |

**MR. GREEBEL'S MOTION *IN LIMINE* TO ADMIT MARTIN SHKRELI'S PRIOR TESTIMONIAL STATEMENTS AND STATEMENTS TO LAW ENFORCEMENT UNDER MULTIPLE EXCEPTIONS TO THE HEARSAY RULE**

In our meet and confer conversations in preparation for today's motion deadline, we informed the government that we intend to offer several of Mr. Shkreli's prior statements as evidence in this case. The government stated that it will oppose our offering any such statements as inadmissible hearsay. We therefore respectfully move to admit specific statements made by Mr. Shkreli, either in the contexts of sworn deposition testimony or in his interviews with the FBI both before and after his December 12, 2015 arrest. Attached hereto as Exhibit A is the chart of Mr. Shkreli's statements the government sought to offer at Mr. Shkreli's trial. As indicated by our highlighting, we intend to offer in this case entries 1, 7, 9-10, 13, 15, 17, 20, 25-28, 30-33, 38-39, and 45-47 of the 48 statements identified by the government. Additionally, attached as Exhibit B is a chart of seven other statements made by Mr. Shkreli that we intend to offer in this case. All the statements we intend to offer are admissible under multiple exceptions to the hearsay rule.

First, "[s]tatements are not hearsay when offered not for their truth but to prove the extent of [a] declarant's knowledge or a recipient's notice of certain conditions." 5-801 Weinstein's Fed. Evid. § 801.1. Several of Mr. Shkreli's statements reflect that he alone was aware of various facts or his awareness of certain obligations under the securities laws.

Second, the statements include those that demonstrate Mr. Shkreli's "present sense impressions," pursuant to Federal Rule of Evidence ("FRE") 803(1), of certain conditions, such as the relationship between MSMB Capital Management and Retrophin or his perception of Mr. Greebel's role as counsel to MSMB Healthcare LP, or his then-existing state of mind, pursuant to FRE 803(3).

Further, notwithstanding Mr. Shkreli's inclusion on the government's August 11, 2017 witness list, nearly all of Mr. Shkreli's statements are admissible due to his expected invocation

1

of his Fifth Amendment privilege and his resulting unavailability. For example, some of his statements, including but not limited to his December 17, 2015 statements to the FBI immediately following his arrest and deposition testimony to the SEC, are admissible under FRE 804(b)(1). *See, e.g.*, *United States v. Hatfield*, No. 06-CR-0550, 2010 WL 2545828, at *1-2 (E.D.N.Y. June 21, 2010). More fundamentally, almost every one of these statements were against Mr. Shkreli's interest at the time when they were made—and were elicited in circumstances reflecting trustworthiness: depositions taken by the SEC or Merrill Lynch or interviews with the FBI. As such, they qualify for admission under FRE 804(b)(3). Nor can the government contest that these statements "would be probative in a trial against the declarant;" indeed, the government itself sought to offer the bulk of the statements identified through this motion against Mr. Shkreli at his own trial. *United States v. Persico*, 645 F.3d 85, 102 (2d Cir. 2011).

Moreover, pursuant to FRE 807, to the extent that Your Honor rules that one or more of these statements do not fall within any of the previous hearsay exceptions, a statement "not specifically covered by Rule 803 or 804" but having "equivalent circumstantial guarantees of trustworthiness," is admissible if (A) "the statement is offered as evidence of a material fact"; (B) the statement "is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts"; and (C) "admitting it will best serve the purposes of these rules and the interests of justice." Fed. R. Evid. 807. As our motion to dismiss makes plain, the government has failed to identify any person with whom Mr. Greebel allegedly conspired with respect to Count Seven *other* than Mr. Shkreli, yet Mr. Shkreli is wholly unavailable. Worse still, the statements either clearly exculpate Mr. Greebel or

2

demonstrate that Mr. Shkreli made some of the same representations (or misrepresentations) to federal law enforcement agencies that he did to Mr. Greebel.

As the Second Circuit has explained, a statement is admissible under this "catch-all" provision if "'(i) it is particularly trustworthy; (ii) it bears on a material fact; (iii) it is the most probative evidence addressing that fact; (iv) its admission is consistent with the rules of evidence and advances the interests of justice; and (v) its proffer follows adequate notice to the adverse party.'" *United States v. Morgan*, 385 F.3d 196, 208 (2d Cir. 2004) (admitting defendant's letter to boyfriend) (citation omitted); *see also Silverstein v. Chase*, 260 F.3d 142, 148-49 (2d Cir. 2001). Where, as here, the proffered statements satisfy each of these criteria and the most central figure in the government's alleged counts against Mr. Greebel will not testify, justice requires that Mr. Shkreli's statements should be admitted under FRE 807.

Finally, we expect that the government will attempt to offer statements made by Mr. Shkreli as statements of a co-conspirator. Although we will object to those efforts, if Your Honor allows the government to offer Mr. Shkreli's statements, certain of the statements we identify here also could be used to impeach those offered by the government. *See, e.g.*, *United States v. Rosario*, 111 F.3d 293, 295-96 (2d Cir. 1997) ("Rule 806 permits introduction of out-of-court statements of a co-conspirator for the purpose of impeaching that co-conspirator's statements admitted into evidence under Rule 801(d)(2)(E) of the Federal Rules of Evidence.")

For all these reasons, we respectfully request that Your Honor admit the statements highlighted in Exhibit A and all the statements in Exhibit B.

3

Dated: New York, New York
August 18, 2017

*/s/ Reed Brodsky*
Reed Brodsky
Winston Y. Chan
Randy M. Mastro
Lisa H. Rubin

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
(212) 351-4000
rbrodsky@gibsondunn.com
*Counsel for Defendant Evan Greebel*

4