UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

    -against-

EVAN GREEBEL,

                *Defendant.*

ECF Case

No. 15-cr-00637 (KAM)

<u>ORAL ARGUMENT REQUESTED</u>

**MR. GREEBEL'S MOTION *IN LIMINE* TO PRECLUDE THE GOVERNMENT FROM USING EVIDENCE OBTAINED FROM GRAND JURY SUBPOENAS ISSUED FOLLOWING THE SUPERSEDING INDICTMENT, AND TO PRODUCE COPIES OF ALL GRAND JURY SUBPOENAS PRIOR TO AND AFTER INDICTMENT**

# I. INTRODUCTION

We respectfully move to preclude the government from using any evidence obtained from grand jury subpoenas issued following the Superseding Indictment (S1 15 Cr. 637 (KAM)) in this case on or about June 3, 2016. We also move for production of copies of all grand jury subpoenas issued prior to and after the superseding indictment because the subpoenas are relevant.

# II. ARGUMENT

## A.      Background

On or about May 3, 2016, the government stated that it "would not be adding new defendants to this indictment" and that, "to the extent there's a superseding indictment," the government would make the decision in "less than a month." May 3, 2016 Hearing Tr. 11:21-12:14. On or about June 3, 2016, the grand jury returned a superseding indictment charging Mr. Shkreli and Mr. Greebel with one additional count, conspiracy to commit securities fraud in Count Eight.

Following the Superseding Indictment, the government appears to have continued to issue grand jury subpoenas.

On or about May 12, 2017, this Court held a hearing regarding Mr. Shkreli's Motion to Compel Production of Documents from Retrophin. During the hearing, the Court stated: "Well, I trust the Government understands what is proper and what is not. And they will not be using any documents yielded from the January Grand Jury subpoena in this case." May 12, 2017 Hearing Tr. 21:21-24. Following this hearing, the Court ordered the government to confer with Mr. Shkreli regarding his request to review the grand jury subpoenas issued to Retrophin, Inc. *See* Court May 19, 2017 Order, Dkt. No. 224. Following that Order, the government produced

the grand jury subpoena that it had issued to Retrophin, Inc., on or about January 30, 2017, to Mr. Shkreli's counsel. At our request, the government also produced a copy of the subpoena to us. *See* Jan. 30, 2017 Grand Jury Subpoena to Retrophin. The January 30, 2017, grand jury subpoena required the production of documents from Retrophin relating to "the arbitration proceeding involving Retrophin and MSMB Healthcare investor Steven Rosenfeld." *See id*.

On or about June 9, 2017, we asked the government to provide us with copies of all grand jury subpoenas issued by the government after the Superseding Indictment on or about June 3, 2016. Ex. A, June 9, 2017 Letter to the Government. On or about June 16, 2017, the government declined to produce the grand jury subpoenas. Ex. B, June 16, 2017 USAO Letter.

### 1.     Applicable Law

"The law is settled in this circuit and elsewhere that it is improper to utilize a Grand Jury for the sole or dominating purpose of preparing an already pending indictment for trial." *In re Grand Jury Subpoena Duces Tecum Dated Jan. 2, 1985 (Simels)*, 767 F.2d 26, 29 (2d Cir. 1985) (internal quotation marks and citation omitted). If the government were permitted to use grand jury subpoenas to gather evidence to support a case resulting from an indictment for trial, the grand jury subpoena would become a "prosecutor's tool." *United States v. Eisen*, No. CR-90-00018, 1990 WL 164681, at *11 (E.D.N.Y. Oct. 19, 1990), *aff'd*, 974 F.2d 246 (2d Cir. 1992). "The grand jury's function of considering whether citizens should not be accused of a crime should not become a fictional ruse to cloak its use by the prosecution to convict the defendant on accusations already made." *Id.* If the government wants to issue subpoenas with pretrial return dates to obtain evidence against a defendant, the government must abide by Rule 17(c)(1) and seek prior court approval. *United States v. Binh Tang Vo*, 78 F. Supp. 3d 171, 178 (D.D.C. 2015) ("Rule 17 governs the issuance of subpoenas in criminal cases.") (citation omitted).

The timing of a grand jury subpoena may reflect evidence of improper use.  In *Simels*, a week after the grand jury returned a superseding indictment, the government issued a trial subpoena to the defendant's attorney.  767 F.2d at 28.  The defendant's attorney vigorously attacked the government's trial subpoena and ultimately the trial subpoena was adjourned pending reconsideration of the issue by the United States Attorney.  *Id.*  Three months later, during which time the grand jury investigation was inactive, the government issued a grand jury subpoena to the defendant's attorney requesting the same information as the trial subpoena, claiming that it "offered the promise of . . . additional charges against [the defendant], and additional defendants in a superseding indictment."  *Id.*  The Second Circuit found that the grand jury subpoenas were improperly issued because "the government's dominant purpose, both in [the trial subpoena] and [the grand jury subpoena], was pretrial preparation."  *Id.* at 30.

While ultimately deciding to quash the subpoena as an abuse of the grand jury process, the Second Circuit in *Simels* held that another appropriate remedy for the government's improper use of grand jury subpoenas was "simply [] barring the use at trial of evidence obtained pursuant to the [grand jury] subpoena."  767 F.2d at 30.  In *United States v. Brothers Construction Company of Ohio*, while the district court did not find that improper post-indictment use of grand jury subpoenas to obtain discovery warranted dismissal of the charges, the district court nevertheless excluded certain evidence at trial.  219 F.3d 300, 314 n.5 (4th Cir. 2000).  The district court prohibited the government from impeaching or examining witnesses using the grand jury evidence and from calling certain witnesses given that the "grand jury testimony seems to impart some things that may very well be considered discovery."  *Id.* Even where the government's conduct falls short of abuse, "the circumstances and timing" of a grand jury investigation following an indictment, including the investigation of "issues closely intertwined

with the underlying charges," warrants restrictions on the use of the evidence obtained by post-indictment grand jury subpoenas. *United States v. McTague*, No. 5:14-CR-00055, 2015 WL 13158499, at *7 (W.D. Va. Dec. 10, 2015) (precluding the government from (1) admitting the post-indictment grand jury testimony, (2) calling the witnesses to testify in its case-in-chief on subjects covered in the grand jury testimony, and (3) impeaching or examining the witnesses on their grand jury testimony), *reconsideration denied sub nom. United States v. Rosalba*, No. 5:14-CR-055, 2017 WL 1064952 (W.D. Va. Jan. 9, 2017).

The potential abuse of the grand jury process warrants heightened scrutiny. The Second Circuit holds that its review of the purpose of grand jury action may "be more rigorous than would otherwise be appropriate under the 'clearly erroneous' standard." *Simels*, 767 F.2d at 29. Furthermore, courts have "an obligation to enforce Rule 17," *Binh Tang Vo*, 78 F. Supp. 3d at 175, and "an independent duty to review the propriety" of a subpoena. *United States v. Vasquez*, 258 F.R.D. 68, 72 (E.D.N.Y. 2009). It is the "duty" of the court to ensure "that the subpoena power is invoked legitimately and legally." *Binh Tang Vo*, 78 F. Supp. 3d at 176 (internal quotation omitted).

## 2. Evidence Obtained From Grand Jury Subpoenas Issued Following the Superseding Indictment on June 3, 2016 Should Not be Admissible at Trial

It is indisputable that the government issued post-indictment grand jury subpoenas in this case. As a result of the Court's May 19, 2017 Order, the government produced a copy of the January 30, 2017 grand jury subpoena issued to Retrophin, Inc. Given that the government has declined to provide us with copies of any and all grand jury subpoenas issued post-indictment in connection with this case, it seems likely that the government issued other post-indictment grand jury subpoenas to obtain evidence which it intends to present at trial. If there were no other

4

grand jury subpoenas issued after the superseding indictment, the government would presumably

tell us that and there would be nothing to be produced in response to our request.

Moreover, the post-indictment grand jury subpoena to Retrophin, Inc., seeking and

obtaining documents relating to "the arbitration proceeding involving Retrophin and MSMB

Healthcare investor Steven Rosenfeld" seems to relate solely to preparing for trial in this case.

*See* Jan. 30, 2017 Grand Jury Subpoena to Retrophin, Inc.  Prior to the return of the superseding

indictment, the government had already interviewed Dr. Rosenfeld on one or more occasions,

and the government had contended that Dr. Rosenfeld's consulting agreement was a sham

contract.  Dr. Rosenfeld, however, told the government that the agreement was not a sham.  On

or about April 29, 2015, Dr. Rosenfeld, in fact, filed an arbitration claim against Retrophin, Inc.,

seeking to enforce his agreement.  (Dr. Rosenfeld had to pursue his remedy in arbitration

pursuant to the terms of the agreement.)  Over six months after the return of the Superseding

Indictment, the government knew that Dr. Rosenfeld had pursued enforcement of his consulting

agreement with Retrophin, Inc., in arbitration and sought to obtain the records relating to Dr.

Rosenfeld's arbitration.  The government could have used a trial subpoena.  But, the government

did not.  The government used a grand jury subpoena to obtain the evidence.  As a result of its

conduct, the government has been able to use the grand jury process in preparation for Mr.

Greebel's trial.  Accordingly, Mr. Greebel respectfully requests that the Court bar the use at trial

of all evidence obtained pursuant to the grand jury subpoenas issued after the return of the

Superseding Indictment on or about June 3, 2016.

### 3.      The Government Should Be Ordered to Produce Copies of the Grand Jury Subpoenas

We move for the production of copies of all grand jury subpoenas that the government

issued to obtain evidence in this case before and after the superseding indictment.

Grand jury subpoenas are not confidential.  *See* Mem. of Decision & Order at 4, *United States v. Gigliotti*, No. 15-cr-00204 (RJD) (E.D.N.Y. Dec. 23, 2015), Dkt. 114 (admonishing the government that "it was improper . . . to include [] Non-Disclosure Language in grand jury subpoenas issued to witnesses").  Indeed, in discovery in this case, the government produced a pre-indictment grand jury subpoena that had been issued to NAV Consulting, Inc.  *See* Jan. 16, 2015 NAV Consulting Grand Jury Subpoena.

The grand jury subpoenas issued by the government before and after the superseding indictment are relevant to facts of consequence in this case.  Any copies produced will be subject to the Court's Protective Order.  We are entitled to evaluate what documents the government sought from various parties, and what documents the government did ***not*** seek from those same parties.  We are entitled to evaluate what steps, for example, the government took and did not take in furtherance its investigation; and whether there are documents in possession of certain parties which have not been produced.  We are entitled to cross-examine government witnesses about the extent to which they complied with the grand jury subpoenas.  For example, if we have evidence that certain government witnesses did not produce all documents responsive to grand jury subpoenas, and such documents are exculpatory for Mr. Greebel, we are entitled to cross-examine such witnesses regarding their non-compliance with the grand jury subpoenas.  Moreover, we should be permitted to evaluate the grand jury subpoenas issued by the government following the superseding indictment to evaluate the extent to which the government sought and obtained evidence against Mr. Greebel through the grand jury's powers after June 3, 2016 for purposes of obtaining discovery and/or preparing for trial.

## III. CONCLUSION

For the foregoing reasons, the Court should preclude the government from using any evidence obtained from grand jury subpoenas issued following the Superseding Indictment (S1 15 Cr. 637 (KAM)) in this case on or about June 3, 2016.  We also move for production of copies of all grand jury subpoenas issued prior to and after the superseding indictment because the subpoenas are relevant.


Dated:   New York, New York
         August 18, 2017

                                        */s/ Reed Brodsky*_____
                                        Reed Brodsky
                                        Winston Y. Chan
                                        Randy M. Mastro
                                        Lisa H. Rubin

                                        GIBSON, DUNN & CRUTCHER LLP
                                        200 Park Avenue
                                        New York, NY 10166
                                        (212) 351-4000
                                        rbrodsky@gibsondunn.com
                                        *Counsel for Defendant Evan Greebel*