# EXHIBIT B



U.S. Department of Justice

United States Attorney
Eastern District of New York

JMK:AES/DKK
F.#2014R00501

271 Cadman Plaza East
Brooklyn, New York 11201

June 16, 2017

By E-mail

Reed Brodsky, Esq.
Winston Chan, Esq.
Lisa Rubin, Esq.
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166

      Re: United States v. Evan Greebel
          Criminal Docket No. 15-637 (KAM)

Dear Counsel:

      The government writes in response to your June 9, 2017 letter requesting "copies of all grand jury subpoenas sent by your Office and/or the FBI after the superseding indictment was returned in the above-captioned case on or about June 3, 2016" (the "Letter"). For the reasons below, we do not intend to provide any such subpoenas.

      The Letter does not explain why you seek or believe you are entitled to "all grand jury subpoenas" issued over the past year in this case. Instead, the Letter assumes that the government should provide those subpoenas because they are not, in the Letter's view, "confidential." But the government is not required to provide material to a defendant simply because such production is not prohibited. See, e.g., United States v. Messina, No. 11-CR-31 (KAM), 2011 WL 3471511, at *2 (E.D.N.Y. Aug. 8, 2011) ("Discovery in criminal cases is limited by Federal Rule of Criminal Procedure 16(a)(2)"); see generally Fed. R. Crim. Pro. 16(a).

      More important, however, the Letter's assumption that the government is free to provide grand jury subpoenas is flawed because the government is not free to do so. "An attorney for the government" generally may not disclose "a matter occurring before the grand jury." Fed. R. Crim. P. 6(e)(2)(B); see also id. 6(e)(6) ("subpoenas relating to grand-jury proceedings must be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury"). This prohibition "extends beyond the literal evidence that is presented" to the grand jury and includes "anything that may tend to reveal what transpired before [the grand jury]." E.g., United

States v. Skelos, No. 15-CR-317 (KMW), 2015 WL 6159326, at *9 (S.D.N.Y. Oct. 20, 2015) (quoting Eastern Air Lines Inc., 923 F.2d 241, 244 (2d Cir. 1991)). The prohibition against disclosure serves several important purposes: "Among other things, if matters relating to grand jury proceedings became public, prospective witnesses may be deterred from testifying, those who do testify may be less likely to do so truthfully, targets of investigations may flee, and persons who are the subject of an ultimately meritless investigation may face public embarrassment." United States v. Haller, 837 F.2d 84, 88 (2d Cir. 1988).

    A party seeking material protected by Rule 6(e) must make a "showing of particularized need by proving 'that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed.'" In re Grand Jury Subpoena, 103 F.3d 234, 239 (2d Cir. 1996) (quoting Douglas Oil Co. v. Petrol Stops Nw., 441 U.S. 211, 222 (1979)); see, e.g., United States v. Thomas, 545 F. Supp. 2d 1018, 1025 (N.D. Cal. 2008) (denying defendant's request for grand jury subpoenas where "particularized need" standard was not met); cf. United States v. Barret, 824 F. Supp. 2d 419, 446 (E.D.N.Y. 2011) ("[a] review of grand jury minutes is rarely permitted without specific factual allegations of government misconduct."). The Letter does not address these requirements, let alone satisfy them.

    Nor does the Letter cite any authority showing that Rule 6(e) allows the government to provide the subpoenas the Letter seeks. The Letter's reliance on United States v. Gigliotti and United States v. Nordlicht is misplaced because those cases address the question of whether the recipient of a grand jury subpoena may disclose that subpoena, not whether the government may disclose it. See Fed. R. Crim. P. 6(e) Advisory Committee's note 2 ("The rule does not impose any obligation of secrecy on witnesses."). Similarly, the NAV Consulting subpoena that the government produced in discovery was produced only after NAV Consulting, a third party, had produced it to the government with a Bates stamp. None of the Letter's citations even suggest that the government should disclose a currently undisclosed grand jury subpoena, let alone require that it do so.[1]

---

[1] With good reason, the Letter does not rely on the government's provision in this case of a limited set of grand jury subpoenas served on Retrophin. The government provided those subpoenas pursuant to an order of the Court and in connection with motions filed by defendant Martin Shkreli, not as the result of a broad request by a defendant for "all grand jury subpoenas." ECF Dkt. No. 224; see also Fed. R. Crim. P. 6(e)(3)(E)(i) (authorizing disclosure of grand jury materials with court authorization).

For the foregoing reasons, the government will not provide the defendant with copies of any grand jury subpoenas in this case served after June 3, 2016.

Respectfully submitted,

BRIDGET M. ROHDE
Acting United States Attorney

By:   /s/
Jacquelyn M. Kasulis
Alixandra E. Smith
David K. Kessler
Assistant U.S. Attorneys
(718) 254-6103/6370/7202

cc:   Counsel for Martin Shkreli (by email)

3

For the foregoing reasons, the government will not provide the defendant with copies of any grand jury subpoenas in this case served after June 3, 2016.

Respectfully submitted,

BRIDGET M. ROHDE
Acting United States Attorney

By:   /s/
Jacquelyn M. Kasulis
Alixandra E. Smith
David K. Kessler
Assistant U.S. Attorneys
(718) 254-6103/6370/7202

cc:   Counsel for Martin Shkreli (by email)