# EXHIBIT A

| | |
|---|---|
| **From:** | Smith, Alixandra (USANYE) 12 <Alixandra.Smith@usdoj.gov> |
| **Sent:** | Monday, August 14, 2017 1:43 PM |
| **To:** | Halperin, Jason P.W.; Kessler, David (USANYE); Pitluck, David (USANYE) |
| **Cc:** | Mastro, Randy M.; Brodsky, Reed; Chan, Winston Y.; Rubin, Lisa H.; Kasulis, Jacquelyn (USANYE) |
| **Subject:** | RE: Pretrial disclosures |

Given the defendant's disclosure of 10 expert witnesses, and the fact that it appears that a number of them will seek to present accompanying charts or analyses specific to particular documents in the case, as well as to other sets of unidentified documents, we would like to propose to the Court a schedule for dealing with final expert disclosures, objections and/or Daubert hearings.  We would propose that final expert disclosures for both parties (with accompanying charts, documents, resumes, etc.) be made by September 8; any objections or requests for Daubert hearings be made by September 15; and any responses be made by September 22, with oral argument and/or Daubert hearings to follow.  We would like to file a letter with a proposed schedule tomorrow, along with the defendant's position, so please let us know.

In addition, you stated that you would advise us early this week if you would seek to admit any arbitration findings as well as whether Mr. Brodsky will seek to cross-examine Mr. Pierotti, so we can make the appropriate filings on Friday.  We've given Mr. Chan times that we are available to speak to Gibson's counsel; we are also available to speak further on those two matters and/or the discovery schedule tomorrow afternoon.

Thanks,
Alix

**From:** Halperin, Jason P.W. [mailto:JHalperin@gibsondunn.com]
**Sent:** Friday, August 11, 2017 11:53 PM
**To:** Smith, Alixandra (USANYE) 12 <ASmith12@usa.doj.gov>; Kessler, David (USANYE) <DKessler@usa.doj.gov>; Pitluck, David (USANYE) <DPitluck@usa.doj.gov>
**Cc:** Mastro, Randy M. <RMastro@gibsondunn.com>; Brodsky, Reed <RBrodsky@gibsondunn.com>; Chan, Winston Y. <WChan@gibsondunn.com>; Rubin, Lisa H. <LRubin@gibsondunn.com>
**Subject:** Pretrial disclosures

Counsel:

Attached please find courtesy copies of our as-filed pretrial disclosures, as well as our witness list, which was not filed publicly.  Additionally, we have sent via mail electronic copies of our potential trial exhibits.  The password to the hard drive is 76.@^p]Aa,$K5s@b.

Regards, Jason


**Jason P.W. Halperin**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193

Tel +1 212.351.2690 • Fax +1 212.351.5290
JHalperin@gibsondunn.com • www.gibsondunn.com

---

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

---

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Reed Brodsky
Direct: +1 212.351.5334
Fax: +1 212.351.6235
RBrodsky@gibsondunn.com

Client: 36588-00001

August 15, 2017

VIA ELECTRONIC MAIL

AUSA Alixandra E. Smith
AUSA David K. Kessler
AUSA David C. Pitluck
U.S. Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201

Re:   Response to Expert Disclosures

Dear Alix, David, and David:

We write in response to your August 14, 2017 attached proposal that "final expert disclosures for both parties (with accompanying charts, documents, resumes, etc.) be made by September 8; any objections or requests for *Daubert* hearings be made by September 15; and any responses be made by September 22, with oral argument and/or *Daubert* hearings to follow." For the reasons explained herein, we respectfully decline your request. We are willing, of course, to discuss the matter with you during another meet and confer tomorrow, August 16. We are also willing to discuss what you need in terms of further disclosures relating to our expert witnesses, bearing in mind of course that we have not seen the government's case-in-chief against Evan Greebel yet.

First, pursuant to the Court's amended pretrial scheduling order dated July 14, 2017 (which postponed the deadlines at the government's request), the Court extended the pretrial deadline for disclosure of expert witnesses to August 11, 2017. *See* Dkt. 266. The government did not disclose any expert witnesses and thus the government has not met the Court's deadline for disclosure. The government, of course, was on notice that these deadlines for expert disclosures are important as the Court did not permit the government to call Deborah Oremland as an expert witness during the trial of *United States v. Martin Shkreli*. *See* Shkreli Trial Tr. 3855-58.

Second, you have not offered and we cannot identify good cause for the government's failure to provide us with notice of your experts by August 11. The government indicted the case in December 2015. Since that time, the government has had more than 19 months to speak with and identify any expert witnesses for the upcoming trial. The government did not identify

GIBSON DUNN

USAO/EDNY
August 15, 2017
Page 2

any expert witnesses in connection with the trial of *United States v. Martin Shkreli*. Indeed, we know the government was aware of the deadline to identify and notify experts since the government contacted our expert witness, Professor Stephen Gillers, during the Shkreli trial, apparently in search of an expert in legal ethics.

Third, with respect to the government's request that we provide "final expert disclosures" including "charts" and "documents", we note that our expert witnesses, should we call any or all of them to testify, will be responding to the government's case-in-chief and, therefore, it would be highly prejudicial to the defense and premature to require the accused to finalize expert disclosures before the government has even put on a case. As you informed us during a recent "meet and confer", your trial against Mr. Greebel is different than the one against Martin Shkreli and that, while we should assume that the government intends to use all of the evidence from the Shkreli trial against Mr. Greebel, the government will be using other evidence as well. Since the government bears the burden of proving its case beyond a reasonable doubt, it is an accused's constitutional right to respond to the government's evidence—should the accused decide to call any witnesses and/or offer any evidence—and we do not yet know the government's case-in-chief against Mr. Greebel.

We also note that we just received additional discovery from the government on Friday, August 11, and that you told us to expect to receive more discovery leading up to the trial. We need to know from all of the discovery, all the 3500 material, the government's direct and re-direct examinations at trial, and the government's exhibits received into evidence at trial what our expert witnesses may need to rebut. One important reason why we have identified 10 expert witnesses is that we are still at a loss as to what the government's case is against Mr. Greebel, and thus we need to be prepared to call various experts depending on the government's theories of prosecution. To require our experts to finalize their opinions before the government's case-in-chief would violate our client's constitutional right to defend himself and respond to the government's case-in-chief.

Fourth, what the government's proposal would do is impermissible. As you know, a defendant does not have to reveal his or her work product, trial strategies, and legal theories to the government. *See United States v. McKeon*, 738 F.2d 26, 33 (2d Cir. 1984) ("Moreover, where the attorney-client privilege, the privilege against self-incrimination, the fear of impeachment by a prior conviction, apprehension over having to change attorneys, the revelation of work product, trial tactics, or legal theories of defense counsel may be involved in explaining the changes in the defendant's version of events, the court should offer an opportunity to the defense to present those reasons *in camera*, outside the presence of the jury and of the prosecution."). The government's proposal would require disclosure of all of our potential defenses to all of the potential government theories of prosecution prior to the

**GIBSON DUNN**

USAO/EDNY
August 15, 2017
Page 3

government's presentation of its case-in-chief.  Such a proposal would improperly reveal our legal theories of defense and trial strategies.

Yours truly,

*/s/ Reed Brodsky*

Reed Brodsky