UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-against-<br><br>EVAN GREEBEL,<br>                    *Defendant.* | ECF Case<br><br>No. 15-cr-00637 (KAM)<br><br><u>ORAL ARGUMENT REQUESTED</u> |

**MR. GREEBEL'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF HIS MOTION *IN LIMINE* TO ADMIT MARTIN SHKRELI'S TESTIMONIAL
STATEMENTS AND STATEMENTS TO LAW ENFORCEMENT UNDER
MULTIPLE EXCEPTIONS TO THE HEARSAY RULE**

We respectfully submit this brief reply to the government's opposition to our motion to admit certain post-arrest statements and sworn testimony by Martin Shkreli. Both parties cross-moved relating to Mr. Shkreli's post-arrest statements. *See* Greebel MIL to Admit Martin Shkreli's Prior Testimonial Statements and Statements to Law Enforcement under Multiple Exceptions to the Hearsay Rule, Dkt. No. 332; Gov't MIL, Dkt. No. 329, at 8–13. Both parties then filed cross-opposition motions. *See* Greebel Opp'n MIL, Dkt. No. 347; Gov't Opp'n MIL, Dkt. No. 346. Having not seen our opposition motion at the time, the government argues that our initial motion "leaves the government . . . to guess which hearsay exceptions . . . apply to each statement [Mr. Greebel] offers." Gov't Opp'n MIL, Dkt. No. 346, at 15. However, our opposition motion set forth the bases of our application with specificity. *See* Greebel Opp'n MIL, Dkt. No. 347, at 10–23.

We appreciate that the government has relied on several of the cases that support our motion to admit Mr. Shkreli's statements. For example, the government relies on *United States v. DiMaria*, 727 F.2d 265, 270 (2d Cir. 1984) and *United States v. Cardascia*, 951 F.2d 474, 486 (2d Cir. 1991), in its opposition to our motion *in limine* to preclude the government from arguing that the Fearnow Share recipients became "affiliates" by merely being employed by Retrophin. *See* Gov't Opp'n MIL, Dkt. No. 346, at 54 (citing *DiMaria*, for the proposition that the "'verbal act' doctrine applies when 'the utterance is an operative fact which gives rise to legal consequences'" and quoting *Cardascia* for the point that "[i]f the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, [then] the statement is not hearsay."). The government also relies on *United States v. Jones*, 299 F.3d 103, 112 (2d Cir. 2002), in connection with the "present sense impression" exception to the hearsay rule and specifically with respect to the trustworthiness of statements

1

made while "perceiving the event or condition, or immediately thereafter," "because the contemporaneity of the event and its description limits the possibility for intentional deception or failure of memory."  Gov't Opp'n MIL, Dkt. No. 346, at 16.

In opposing our motion to admit certain post-arrest statements and sworn SEC testimony by Mr. Shkreli, the government argues that our client "can establish many of the same facts through his own testimony at trial that he seeks instead to establish by offering his co-conspirator's statements." *Id.* at 18–19.  The government further states that "Shkreli's unavailability does not prevent [Mr. Greebel] from taking the stand and putting apparently critical facts before the jury, or from offering other evidence to establish those facts." *Id*. at 19.  But Mr. Greebel has a Fifth Amendment right not to testify, and the government should not shift the burden to compel Mr. Greebel to testify by arguing for the exclusion of admissible evidence.  The Court should not take into account, and the government should not argue that it should, whether Mr. Greebel will or will not testify in making evidentiary determinations.

For the reasons set forth in our motion *in limine*, our opposition to the government's motion to preclude, and above, we respectfully submit that the Court should admit the specific post-arrest statements and sworn testimony of Mr. Shkreli identified in our motion *in limine*.

Dated: New York, New York
August 30, 2017

/s/ Reed Brodsky
Reed Brodsky
Winston Y. Chan
Randy M. Mastro
Lisa H. Rubin

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
(212) 351-4000
rbrodsky@gibsondunn.com

*Counsel for Defendant Evan Greebel*

3