UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

     -against-

EVAN GREEBEL,

                  *Defendant.*

ECF Case

No. 15-cr-00637 (KAM)

<u>ORAL ARGUMENT REQUESTED</u>

**MR. GREEBEL'S REPLY IN SUPPORT OF HIS MOTION TO ADMIT CERTAIN
GOVERNMENT STATEMENTS IN BRIEFS AND ON THE
RECORD IN OPEN COURT REGARDING COMMINGLING**

We respectfully reply to the government's opposition to our motion to admit into evidence at trial certain of the government's statements in briefs and on the record regarding commingling between MSMB entities and Retrophin.  The government's statements are admissions of a party opponent under Rule 801(d)(2).  It is the government that has a "fundamental misunderstanding of the applicable law".  Gov't Opp'n MIL, Dkt. No. 346, at 11. As explained below, the Second Circuit has repeatedly held that the special procedures set forth in *United States v. McKeon*, 738 F.2d 26 (2d Cir. 1984)—upon which the government solely relies in its opposition— apply ***only to "prior jury argument",*** not to statements by litigants to the court outside trial.  The government disregards the express language in *United States v. Arrington*, 867 F.2d 122 (2d Cir. 1989), *United States v. Amato*, 356 F.3d 216 (2d Cir. 2004), and their progeny.  Instead, the government relies on inapposite decisions that excluded government statements about the ***credibility of witnesses***.  Because we are moving for admission of the government's statements to this Court about commingling between MSMB entities and Retrophin—not statements about the credibility of witnesses—the statements we have identified are admissible under Rule 801(d)(2).

The government does *not* contest that the statements it made before this Court at hearings and in briefs about commingling between MSMB entities and Retrophin are relevant under Rule 401.  Indeed, the government submits *no* response to our explanation of relevance: "The government's statements make it more probable than it would be without the evidence that there was commingling of Retrophin and MSMB and, accordingly, there was a valid legal risk that the investors would be able to pierce the corporate veil between Retrophin and MSMB, and thus sue Retrophin directly."  Greebel MIL to Admit Into Evidence at Trial Certain of the Government's Statements in Briefs and on the Record in Open Court Regarding Comingling, Dkt. No. 331 at 6.

2

The government submits *no* response to our explanation that "[t]he government's statements will allow Mr. Greebel to show that the settlements in question were thus not 'fraudulent' at all but aimed at protecting a publicly traded company and its shareholders from, among other things, the financial and reputational costs associated with litigation." *Id*. The government also does *not* contest our argument that the statements are admissible pursuant to Rule 403. *Id*. The government's footnoted assertion that "it is not necessary at this time to litigate why the defendant's interpretation of the government's statements is legally and factually deficient or to engage in a relevance analysis under Fed. R. Evid 401 and 403," Gov't Opp'n MIL, Dkt. No. 346 at 14 n.6, does not provide a valid excuse to avoid addressing our Rule 401 and Rule 403 arguments. Moreover, we cannot contemplate how the government would argue that its own repeated representations to this Court are irrelevant under Rule 401 and unduly prejudicial to them under Rule 403.

Therefore, the sole question before this Court on our motion to admit the government's prior statements is whether *United States v. McKeon* has been limited to the evidentiary use of "prior jury argument". Our position is that *McKeon* has been so limited and thus the special procedures of *McKeon* do not apply; the government argues otherwise.

In *United States v. Amato*, 356 F.3d 216 (2d Cir. 2004), the Second Circuit held that the *McKeon* procedures are limited to situations where a party seeks to admit an opposing party's use of "prior jury argument". In *Amato*, the United States Attorney's Office for the Eastern District of New York moved to admit a statement in a letter by defendant's counsel to the court in connection with a bail hearing that the defendant wanted to find out the specific address of the cooperating witness to arrange for an interview by his counsel and an investigator. 356 F.3d at 218-19. The district court admitted the evidence at trial over the defendant's objection because it

helped disprove the defendant's claim that he had not sought to obtain the address of the cooperating witness. *Id*. at 219. On appeal, the defendant argued—just as the government asserts in its opposition here—that the district court should have applied the special procedures in *McKeon* before admitting defense counsel's statements. The Second Circuit explained: "Defendant's principal contention is that the Court 'ignored the procedures mandated by *McKeon*.'" *Id*.

And just as the Second Circuit in *Amato* rejected the defendant's contention that *McKeon*'s procedures applied to counsel's statements to the court, this Court should do the same here. The Second Circuit in *Amato* explained:

> Although the district court explicitly considered *United States v. McKeon*, 738 F.2d 26 (2d Cir. 1984), that case is inapposite. In *McKeon*, the government introduced, at defendant's retrial, his counsel's opening statement from an earlier trial, which contained assertions inconsistent with his subsequent defense theory. *See id*. at 28. The Court noted that 'statements made by an attorney concerning a matter within his employment may be admissible against the party retaining the attorney.' *Id*. at 30 (quotation marks and citation omitted). **However, the Court concluded that 'the evidentiary use of prior jury argument must be circumscribed** in order to avoid trenching upon other important policies.' *Id*. at 32. The Court outlined factors and procedures a district court should consider and follow **before admitting an attorney's prior jury argument.**

356 F.2d at 219 (emphasis added). The *Amato* Court further explained that the Second Circuit had previously limited the application of *McKeon*'s procedures to "prior jury argument" and that these procedures did ***not*** apply to statements by counsel to the court. The Court stated:

> In *United States v. Arrington*, 867 F.2d 122, 127-28 (2d Cir. 1989), **this Court specifically limited McKeon *to a defense attorney's prior jury argument*.** We upheld the admission of testimony concerning a defense attorney's alleged threats at a meeting with a cooperating government witness and **rejected the argument that before admitting such testimony the Court was required to follow the McKeon *procedures*:** 'Contrary to defendant's assertion that

4

> these procedures apply to the use of all statements by defense counsel, ***we clearly stated in* McKeon *that we were 'circumscrib[ing] the evidentiary use of* prior jury argument*.***' " 867 F.2d at 127 (quoting *McKeon*, 738 F.2d at 33, alterations in *Arrington*). ***The Court thus found 'no support for [defendant's] contention that there are special procedures to be followed, or balancings to be performed as a prerequisite to the evidentiary use of a defendant counsel's out-of-court statements*.***"** *Id.* at 128.

356 F.2d at 219 (emphasis added).

The government's complete disregard of *Amato* is fatal to its position. *See* Gov't Opp'n MIL, Dkt. No. 346 at 13 n.5. The *Amato* court spelled out in detail that the district court had correctly admitted defense counsel's statements in a letter to the court without applying *McKeon*'s heightened requirements. The court stated that "[a]n examination of the five factors that *McKeon* cited in support of its circumscribed rule of admissibility only reinforces this conclusion." 356 F.2d at 219. First, the *Amato* Court stated that the admission of jury arguments at earlier trials in *McKeon* posed a problem because it required later triers of fact "to explore the evidence offered at earlier trials" and that this concern did not apply to the statements at issue. *Id*. The same is true here with the government's statements. Second, the *Amato* Court stated that "*McKeon* observed that admission of defense counsel's jury arguments from an earlier trial may be misleading because the jury may view counsel's earlier reliance on weaknesses in the government's evidence as an implied concession on other elements of the case." *Id.* However, the Court held that this concern did not apply to defense counsel's statement to the court—the same is true about the government's statements to this Court. *Id*. at 220. Third, the *Amato* Court stated that *McKeon*'s expressed concern about deterring legitimate jury arguments "carries little weight when counsel's prior statement is an out-of-court representation of fact rather than a jury argument." *Id*. The same is true here. The *Amato*'s fourth and fifth points distinguishing

5

*McKeon*'s limitation to jury argument—compromising a defendant's privileges or leading to counsel's disqualification—do not apply.  *See id.*

Just as the *Amato* court easily upheld the district court's admission of a defense counsel's statement in connection with a bail hearing pursuant to Rule 801(d)(2), this Court should so rule with respect to the government's repeated statements to this Court about commingling of MSMB and Retrophin.  The Second Circuit was blunt:  "It is abundantly clear that the admissibility of the Rubinstein letter is not governed by *McKeon* but rather the Federal Rules of Evidence.  *See* Fed. R. Evid. § 801(d)(2)(D)."  *Amato*, 356 F.2d at 220.  In applying Rule 801(d)(2)(D), the court further said that there was no dispute that the criteria of this rule were met "nor would there be merit to such an argument."  *Id*.

*United States v. Paloscio*, No. 99 CR 1199 (LMM), 2002 WL 1585835, at *2 (S.D.N.Y. July 17, 2002), is squarely on all fours with *Amato*'s decision that the *McKeon* procedures do not apply to counsel statements in letters to the court.  Judge McKenna expressly stated: "The Second Circuit has pointed out that the rules set out in *McKeon* in circumscription of the admissibility of prior statements of counsel ***are applicable in prior jury argument only***."  2002 WL 1585835, at *2 (emphasis added) (citing *Arrington*, 867 F.2d at 127).  That the district court went on to find that the *McKeon* factors were nevertheless met because the statements were contradictory, assertions of fact, and testimonial as proffers of evidence does not change that *McKeon*'s procedures were not required.

The government's reliance on three decisions that (1) summarily conclude that the government statements are inadmissible, (2) preclude admission of government statements about the credibility of witnesses in two of them, and (3) do not mention, much less address, *United States v. Arrington* and *United States v. Amato* is misplaced.  In *United States v. Ford*, the

6

Second Circuit correctly held in one paragraph that government counsel's statements ***about the credibility of a witness*** could not be admitted into evidence.  435 F.3d 204, 215 (2d Cir. 2006). *Ford* did not mention, much less address or overrule, the Second Circuit's prior decisions in *Arrington* and *Amato*.  The *Ford* court's statement in a summary paragraph without explanation and in reliance on a 1991 Second Circuit decision (*United States v. Salerno*, 937 F.2d 797 (2d Cir. 1991)) that admission of the government attorney's statements must meet *McKeon*'s three criteria is incorrect.  The Second Circuit's three sentence-decision in *United States v. Williams* that the government's prior statements concerning wire transfers were inadmissible, 496 Fed. App'x 147, 149 (2d Cir. 2012), relies on *Ford* and does not mention, much less address or overrule, *Arrington* and *Amato*.  Finally, in *United States v. Alston*, the district court applied *Ford* in holding that the government's contradictory statements ***about the credibility of one of its witnesses*** was inadmissible.  No. 15 Cr. 435 (CM), 2016 WL 5806790, at *6 (S.D.N.Y. Sept. 27, 2016).  The court's analysis was limited to five paragraphs in which it relied on *Ford* and did not mention, much less address, *United States v. Arrington* and *United States v. Amato*.

Both the Tenth Circuit and the Third Circuit have recognized that the Second Circuit has circumscribed the application of McKeon's standard to "prior jury argument."  *See United States v. Pursley*, 577 F.3d 1204, 1226 n.14 (10th Cir. 2009) ("Even the Second Circuit has circumscribed McKeon's reach. *See United States v. Amato*, 356 F.3d 216, 219–20 (2d Cir. 2004); *United States v. Arrington*, 867 F.2d 122, 127–28 (2d Cir. 1989) (limiting *McKeon* to defense attorney's prior jury argument, as opposed to defense attorney's prior out-of-court statements)."); *United States v. Butler*, 496 F. App'x 158, 160 (3d Cir. 2012) ("Although the Second Circuit in McKeon, addressing the admissibility of statements made by counsel to a jury in a previous trial, has articulated a heightened standard for admitting such statements, that

standard applies only to jury arguments in previous trials. *McKeon*, 738 F.2d at 33; *United States v. Amato*, 356 F.3d 216, 219 (2d Cir. 2004).")).  Indeed in Butler, the Third Circuit did not apply the special McKeon requirements applicable to jury arguments:  "Upon review, we conclude that the District Court did not abuse its discretion in ruling that previous statements by counsel, which had been made on the record in the course of pretrial proceedings in the present case, were admissible under § 801(d)(2)(D)."

In sum, pursuant to Rule 801(d)(2), this Court should admit the government's prior statements of commingling between MSMB and Retrophin into evidence.  The government's attempt to apply *McKeon*'s heightened requirements to these statements fails as a matter of law.

Dated:   New York, New York
        August 30, 2017

                                       */s/ Reed Brodsky*
                                       Reed Brodsky
                                       Winston Y. Chan
                                       Randy M. Mastro
                                       Lisa H. Rubin

                                       GIBSON, DUNN & CRUTCHER LLP
                                       200 Park Avenue
                                       New York, NY 10166
                                       (212) 351-4000
                                       rbrodsky@gibsondunn.com
                                       *Counsel for Defendant Evan Greebel*