UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-against-

EVAN GREEBEL,

*Defendant.*

ECF Case

No. 15-cr-00637 (KAM)

<u>ORAL ARGUMENT REQUESTED</u>

**MR. GREEBEL'S REPLY MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION
*IN LIMINE* TO PRECLUDE THE GOVERNMENT FROM ASSERTING THAT MR.
SHKRELI WAS PERSONALLY LIABLE TO MSMB INVESTORS FOR ALLEGED
LOSSES WHEN, IN FACT, THE PRIVATE PLACEMENT MEMORANDA
GOVERNING THE INVESTMENTS EXPRESSLY STATED OTHERWISE**

We respectfully submit this reply to the government's opposition to our motion to preclude the government from asserting that Mr. Shkreli had personal liability for MSMB losses due to the express language in the MSMB private placement memoranda. *See* Greebel MIL to Preclude the Government from Asserting that Mr. Shkreli was Personally Liable to MSMB Investors for Alleged Losses when, in Fact, the Private Placement Memoranda Governing the Investments Expressly Stated Otherwise, ("Greebel Shkreli's Personal Liability MIL"), Dkt. No. 334; Gov't Opp'n MIL, Dkt. No. 346, at 37-39.

It appears that the parties agree that Mr. Shkreli does not have personal liability pursuant to the PPMs except:  (1) "as may be specifically provided by law" pursuant to the PPMs, Gov't Opp'n MIL, Dkt. No. 346, at 37; and (2) if and when Mr. Shkreli committed fraudulent conduct relating to his MSMB investors, *id*. at 38.  And the only manner that the government has identified where Mr. Shkreli may be liable "specifically provided by law" is proof that Mr. Shkreli committed fraudulent conduct relating to his MSMB investors.

Accordingly, we respectfully submit that, this Court should preclude the government from arguing to the jury in opening or summations that the MSMB investor losses are the personal debts of Mr. Shkreli without informing the jury accurately that Mr. Shkreli does "not generally have individual liability for [MSMB] debts and obligations" except if and when Mr. Shkreli committed fraud relating to his MSMB investors.  Statements that MSMB losses are Mr. Shkreli's "personal debts and obligations" would be inaccurate and misleading. *See, e.g.*, Shkreli Trial Tr. 4499:22-25 to 4501:1 (Court:  "But you say is it is his personal debt.  What I see is evidence that he's paying off Mulleady [sic] capital, an MSMB Capital investor and these health care investors are a little bit rare, more complicated . . . But what personal -- did he take Retrophin money and buy a condo or buy a fancy car?").

1

The government's statement that "explaining to the jury that Shkreli sought to pay off angry MSMB investors with Retrophin assets will not 'confuse and mislead the jury,'" (Gov't Opp'n MIL, Dkt. No. 346, at 39), will only be true if the government does not inaccurately convey that MSMB losses were the "personal debts and obligations" of Mr. Shkreli.

We do not understand, however, how the government can argue, on the one hand, that "[t]he story is a simple one that the government is confident the jury, with legal guidance from the Court, will be able to follow without confusion," *id.*, and yet on the other hand, not accept the jury's finding that Mr. Shkreli and Mr. Greebel were not guilty of entering into an illegal conspiracy pursuant to Count Seven of the Superseding Indictment.  The jury has already heard the government's "simple story."  And the jury rejected the government's theory.  We again appeal to the government to respect and listen to the jury's verdict on Count Seven.

Dated:   New York, New York
         August 30, 2017

                                        */s/ Reed Brodsky*
                                        Reed Brodsky
                                        Winston Y. Chan
                                        Randy M. Mastro
                                        Lisa H. Rubin

                                        GIBSON, DUNN & CRUTCHER LLP
                                        200 Park Avenue
                                        New York, NY 10166
                                        (212) 351-4000
                                        rbrodsky@gibsondunn.com
                                        *Counsel for Defendant Evan Greebel*

2