UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-against-<br><br>EVAN GREEBEL,<br><br>                              *Defendant.* | ECF Case<br><br>No. 15-cr-00637 (KAM)<br><br><u>ORAL ARGUMENT REQUESTED</u> |

**MR. GREEBEL'S REPLY MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION
IN LIMINE TO PRECLUDE ARGUMENT OR EVIDENCE
THAT RETROPHIN'S OUTSIDE AUDITOR DETERMINED THAT THE
SETTLEMENT AGREEMENTS WERE IMPROPER**

We respectfully submit this reply to the government's response to our motion *in limine* to preclude argument or evidence that Retrophin's outside auditor determined that the settlement agreements were improper.[1]  *See* Greebel MIL to Preclude Argument or Evidence that Retrophin's Outside Auditor Determined that the Settlement Agreements were Improper (Greebel Preclude Improper Evidence MIL), Dkt. No. 336; Gov't Opp'n MIL, Dkt. No. 346, at 48–51.

A.   **The Government's Argument that Marcum Concluded the Settlement Agreements Were Improper Misstates the Evidence**

The government argues that "[r]easonable minds may differ about whether Marcum's conclusions are properly characterized as a determination that the settlement agreements 'weren't proper.'"  Gov't Opp'n MIL, Dkt. No. 346, at 50.  However, simply because the government quotes Marcum, and then states that Marcum concluded it was a fraud, does not make it so.  Marcum expressly determined that there was no evidence of fraud or illegal acts.  And Marcum never said that the settlement agreements were improper.

The government's motion quotes the following from Marcum's November 2013 letter to Retrophin's Board of Directors:

> During the second quarter of 2013, the Company [Retrophin], its Chief Executive Officer and MSMB became parties to a series of agreements to settle up to $2,286,511 of liabilities which Company management believes are the primary obligation of MSMB. The Company and MSMB have entered into indemnification agreements

---

[1]   The government curiously notes that we have not sought "to exclude evidence or argument related to Marcum's analyses or conclusions."  Gov't Opp'n MIL, Dkt. No. 346, at 48.  To the extent the government is suggesting that we have waived our right to object to evidence as to Marcum's "analyses" or "conclusions," we have not done so.  We do not know what the government intends to elicit from Marcum's witnesses; none testified at Mr. Shkreli's trial.  Following the government's production of the statements of witnesses from Marcum pursuant to Title 18, United States Code, Section 3500, we may raise issues with the Court regarding their anticipated testimony.  If the government anticipates that we will object to "analyses" or "conclusions" that they may elicit from the Marcum witnesses, we respectfully suggest that the government should raise such matters at the earliest possible convenience.

1

> whereby MSMB has agreed to defend and hold the Company harmless against all such obligations and amounts, whether paid of unpaid, arising from these arrangements. . . . Concurrent with the execution of such settlement agreements, the Company received promissory notes from MSMB whereby MSMB agreed to pay the Company the principal amount of $593,111 plus interest . . . We are advised by the Company management that MSMB is currently in the process of dissolving its operations. . . . the Company has recorded the full amount of the settlements as a charge to its operations due to uncertainty as to whether the affiliate will have sufficient liquidity to repay the Company or fund the indemnification agreements should it become necessary."

Gov't Opp'n MIL, Dkt. No. 346, at 49 (*citing* Greebel Preclude Improper Evidence MIL, Dkt. No. 336, Ex. B at 5).

The government then states "[i]n plain English, the auditors described a fraud", *id.*, but that is simply not true according to Marcum's own words in the very same letter. Just a few paragraphs later, Marcum informs Retrophin's Board of Directors that, while an audit committee "should be adequately informed of fraud and illegal accts coming to the Accountant's attention during the course of the review," ***"No fraud or illegal acts were noted"*** by Marcum during its review of the company's interim condensed consolidated financial statements for the first and second quarters of 2013. *Id*. (emphasis added).

The government disregards—indeed contradicts—Marcum's finding of "no fraud or illegal acts" when it claims that what Marcum described was a "brazen fraud on Retrophin." Gov't Opp'n MIL, Dkt. No. 346, at 50. And then the government argues that it is entitled to inform the jury—despite Marcum's finding of "no fraud or illegal acts"—that Retropin's outside auditors at Marcum found that the settlement agreement were not proper.

But in doing so, the government would truly misstate the evidence. Marcum never found that the settlement agreements were improper. And Marcum expressly found that there was no fraud or illegal acts. As a result, it is not fair argument to tell the jury that Marcum found that

2

the settlement agreements were improper—that misstates the evidence, and the government should be precluding from saying it. *See United States v. Myerson*, 18 F.3d 153, 163 (2d Cir. 1994); *United States v. Certified Envtl. Servs., Inc.*, 753 F.3d 72, 95–97 (2d Cir. 2014) (vacating convictions due to the cumulative prejudice caused by prosecutorial misconduct, including evidentiary errors and the government's repeated improper comments during opening, witness questioning, and summation); *United States v. Gomez*, 617 F.3d 88, 91 (2d Cir. 2010) (vacating conviction, in part, due to the government's argument in both its opening statement and its summation where it explicitly argued for the improper hearsay use of evidence); *United States v. Reyes*, 18 F.3d 65, 69 (2d Cir. 1994) (vacating conviction where the government misstated the witness's testimony during its summation).

B. **The Government's Argument or Offer of Evidence that Marcum Concluded the Accounting Treatment of the Settlement Agreements Violated GAAP Is Not Relevant**

The government argues that it should be permitted to assert or offer evidence that Marcum had determined that Retrophin's failure to include the settlement agreements in its financial reporting for year-end 2012 and the first quarter of 2013 violated GAAP. The government cites to only one sentence in one case, *United States v. Forbes*, No. 02-CR-264 (AHN), 2006 WL 2850413, at *2 (D. Conn. Oct. 3, 2006), in support of its argument, and that case is inapposite. In *Forbes*, the district court made the following and complete statement relating to the admissibility of GAAP violations: "As Judge Thompson [the prior judge who oversaw the first trial] determined, evidence about the conspirators' GAAP violations and the quantitative effects of those GAAP violations on CUC's reported earnings, when viewed in combination with other evidence in the case, is relevant and admissible ***as circumstantial evidence of Forbes's knowledge of the fraud***." *Id.* (emphasis added). In other words, the

3

district court found that the GAAP violations were admissible for the sole and narrow purpose of proving that Mr. Forbes had knowledge of the alleged fraud.

By contrast, the government is not claiming, and could not claim, that any alleged GAAP violation relating to the settlement agreements provides any probative evidence of Mr. Greebel's knowledge of the charged conspiracy. Indeed, the government claims that the GAAP violation is for the purpose of "explain[ing] Marcum's analysis and conclusions related to the settlement agreements, which were conveyed to the defendant and the Retrophin Board of Directors." Gov't Opp'n MIL, Dkt. No. 346, at 51. But what Marcum determined and concluded is not at issue. And Marcum's determination that there was "no fraud or illegal acts" completely undercuts any government suggestion that a finding of a GAAP violation is somehow proof of Mr. Greebel's knowledge of any alleged fraud.

C. **Admission of Argument or Evidence Regarding Marcum's Conclusions Would Be Unfairly Prejudicial**

Even if the government could argue that Marcum concluded (1) the settlement agreements were improper or a fraud (which it cannot based on Marcum's letters to Retrophin's Board of Directors), or (2) the accounting of the settlement agreements constituted GAAP violations, any probative value of such conclusions would be substantially outweighed by the risk of unfair prejudice to Mr. Greebel, confusion, and misleading the jury. The jury may, for example, mistakenly think that Marcum's alleged conclusions compel the finding that the settlement agreements constituted fraud or establish Mr. Greebel's knowledge of the alleged fraud. As the government concedes, it cannot "argue that the defendant is guilty because there was a GAAP violation or that a GAAP violation itself establishes the relevant *mens rea*." Gov't Opp'n MIL, Dkt. No. 346, at 51. In *United States v. Kaplan*, 490 F.3d 110, 119–124 (2d Cir. 2007), the Second Circuit vacated defendant's convictions because of the risk of unfair prejudice

4

from a lay witnesses testifying about the knowledge of individuals other than the defendant. "[T]he risk of *unfair* prejudice . . . —in particular, the likelihood that jurors would render a decision on an improper basis by giving this testimony undue weight or improperly holding [the defendant] liable because they believed he should have known of the fraud—was great" *Id.* at 123.  The Second Circuit found that this error was not harmless due, in relevant part, to the fact that the defendant's knowledge "was the central disputed issue in the case" and thus the lay witness's testimony was "vitally important—just the sort of evidence that might well sway a jury confronted with a marginal circumstantial case." *Id.*  Like in *Kaplan*, the risk of unfair prejudice against Mr. Greebel is extremely high if the government is permitted to make the unsubstantiated, and questionably probative (and misleading, in our view), argument that Marcum concluded the settlement agreements were improper and that the accounting of the settlement agreements violated GAAP.

      Accordingly, we respectfully submit that the Court preclude the government from arguing or submitting evidence that Retrophin's outside auditor determined that the settlement agreements were improper.

Dated:   New York, New York
         August 30, 2017

                                      */s/ Reed Brodsky*
                                      Reed Brodsky
                                      Winston Y. Chan
                                      Randy M. Mastro
                                      Lisa H. Rubin

                                      GIBSON, DUNN & CRUTCHER LLP
                                      200 Park Avenue
                                      New York, NY 10166
                                      (212) 351-4000
                                      rbrodsky@gibsondunn.com
                                      *Counsel for Defendant Evan Greebel*