

U.S. Department of Justice

United States Attorney
Eastern District of New York

JMK:AES/DCP/DKK
F.#2014R00501

271 Cadman Plaza East
Brooklyn, New York 11201

September 13, 2017

<u>By Hand and ECF</u>

Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re:   United States v. Evan Greebel
       <u>Criminal Docket No. 15-637 (KAM)</u>

Dear Judge Matsumoto:

  The government writes to reply briefly to certain issues raised in the defendant's letter (<u>see</u> Dkt. No. 366) responding to the government's request to set a briefing and hearing schedule for <u>Daubert</u> motions (<u>see</u> Dkt. No. 365).

  First, it is appropriate to consider and resolve <u>Daubert</u> motions prior to trial. The main considerations for a <u>Daubert</u> challenge are "the <u>principles and methodology</u> [employed by the expert], <u>not</u> on the conclusions that they generate." <u>Daubert v. Merrill Dow Pharmaceuticals</u>, 509 U.S. 579, 595 (1993) (emphasis added); <u>see also</u> <u>United States v. Ulbricht</u>, No. 14-CR-68 (KBF), 2015 WL 413318, at *7 (S.D.N.Y. Feb. 1, 2015), aff'd, 858 F.3d 71 (2d Cir. 2017) (a trial court "must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable. . . . This requires that a trial court make a preliminary assessment of whether the testimony's underlying reasoning or methodology is scientifically valid and . . . can be applied to the facts in issue.") (internal quotation marks omitted). Here, the defendant has already identified ten experts and briefly described the testimony and analyses he seeks to have those experts offer at trial. Based on this initial notice and the additional disclosures the defendant is required to make pursuant to Rule 16 and has committed to make (<u>see</u> Dkt. No. 365 at Exhibit A), the "principles and methodology" of the defendant's experts will be available for scrutiny pursuant to <u>Daubert</u> before trial.

  For example, the defendant has proffered that Brian Garner will employ a "linguistic analysis of written communications" between the defendant and others. (<u>See</u> Dkt.

No. 312-2 at 3). Presumably, the methodology that Garner will employ is already known, has already been employed by Garner, and will be the same regardless of the specific selection of emails that Garner ultimately analyzes using that methodology. In other words, Garner's methodology can be challenged pursuant to Daubert prior to trial even if Garner's opinions are not "final." The same is true for the methodology used by other proffered experts, such as the methodologies underlying Matthew Ferrante's "digital analysis of documents and related metadata" or Craig Lewis's "analysis of trading."[1] (Id. at 2, 4).

Second, addressing any Daubert challenges before trial, as the government's schedule proposes, is efficient. Before the trial, there will be time for briefing and a hearing that does not inconvenience the jury and otherwise disrupt and distract from the trial itself. The defendant contends only that pre-trial Daubert proceedings will result in the need for "two Daubert hearings" for each challenged expert. (Dkt. No. 366 at 1). Not so. Unless the defendant's experts intend to rely on methodologies different from the ones proffered in the expert disclosures, or to reach opinions on topics that have not yet been noticed, the government should be able to challenge the methods and principles already disclosed before the trial, and certainly prior to the close of the government's case-in-chief.

Third, there is nothing "unfair" about the government's proposed schedule.[2] (Dkt. No. 366 at 1). Courts have rejected arguments that the requirement for a defendant to make expert disclosures pursuant to Rule 16 violates either the defendant's Fifth Amendment or Sixth Amendment rights. See, e.g., United States v. Rajaratnam, No. S2 09 CR. 1184 (RJH), 2011 WL 723530, at *3 (S.D.N.Y. Feb. 25, 2011) (rejecting defendant's arguments that expert disclosures did not need to be made until the conclusion of the government's case-in-chief because, inter alia, "[n]othing in the Fifth Amendment privilege entitles a defendant as a matter of constitutional right to await the end of the government's case before announcing the nature of his defense" (citing Williams v. Florida, 399 U.S. 78 (1970)). It is also not appropriate, as the defendant contends, to delay a Daubert hearing because the defendant is waiting for the government's case to unfold. See Rajaratnam, 2011 WL 723530, at *5 (a defendant's obligation to make expert disclosures "does not turn on

---

[1] For these reasons, it is also not clear why the defendant proposes to wait two more weeks, until September 28, to disclose information about these methodologies.

[2] The defendant has cited no cases holding that a pre-trial Daubert hearing in a complex case such as this one is inappropriate. To the contrary, in the district court case from Louisiana on which the defendant appears to rely heavily for its proposition that the government is seeking some sort of improper expert discovery, the district court allowed a pre-trial Daubert hearing for two different experts. See United States v. St. Pierre, No. 09-CR-374, 2011 WL 2199375, at *2 (E.D. La. June 6, 2011). And although that court expressed a general concern about the potential that a pre-trial Daubert proceeding could be used improperly, the defendant in this case has not pointed to anything to suggest such exploitation. Nor could it, especially when the government now seeks only a briefing schedule on potential Daubert motions.

whether the government will call a certain witness or prove certain overt acts in furtherance of a conspiracy"). To the contrary, it is "both sensible and fair" to require the defendant to provide "the required level of detail as to the expert's opinions and the bases, reasons, and sources of those opinions." See Ulbricht, 2015 WL 413318, at *5-6. For these reasons, Daubert hearings are frequently held prior to trial when a defendant has properly noticed his or her experts prior to trial.

The remainder of the defendant's arguments address why the defendant believes the testimony proffered by his experts will survive any Daubert challenges. The government's letter seeks only a schedule pursuant to which such challenges can be briefed. Any arguments about the viability of those challenges should be reserved for the defendant's opposition briefs, and do not constitute a basis to refrain from setting a schedule.

    Respectfully submitted,

    BRIDGET M. ROHDE
    Acting United States Attorney

By:   /s/
    Alixandra E. Smith
    David C. Pitluck
    David K. Kessler
    Assistant U.S. Attorneys
    (718) 254-7000

cc:    All counsel (via ECF)