**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Reed Brodsky
Direct: +1 212.351.5334
Fax: +1 212.351.6235
RBrodsky@gibsondunn.com

October 13, 2017

<u>VIA ELECTRONIC MAIL</u>

The Honorable Kiyo A. Matsumoto
United States District Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   <u>United States v. Greebel</u>, S1 15 Cr. 637 (KAM)

Dear Judge Matsumoto:

We respectfully submit this letter to bring four important and time-sensitive issues to the Court's attention.

**<u>First</u>,** we ask the Court to order the government to provide us with the likely order of its witnesses next week by tomorrow at 5 p.m.  On or about October 11 (Wednesday), pursuant to the Court's direction, the government provided us with a list of eight witnesses whom "the government may call . . . during the first week of trial."  But the government listed the names *alphabetically*.  On or about October 12 (Thursday), we asked for the likely order of the witnesses so that we could allocate our resources efficiently.  That same day, the government said it "can provide a tentative order on Monday."  When we followed up again, the government stated that they "are unaware of any legal authority" for our request.  Given the large number of witnesses that the government provided for the first week of trial (8), and our limited time to prepare for them next week while we are in court for jury selection, we respectfully ask that the Court order the government to provide the likely order of witnesses by tomorrow at 5 p.m.  We understand and accept that the witness order may change depending on the length of jury selection, but surely the government has told certain witnesses to be available if the trial starts on Wednesday or if the trial starts on Thursday.  We do not understand why the government refuses to give us this information.  A criminal trial should never be a trial by ambush.

**<u>Second</u>**, we respectfully ask the Court to order the government to identify the specific co-conspirators for each of its three theories in Count Seven ("The Fabricated MSMB Capital Interest" theory; "The Fraudulent Settlement Agreements" theory; and "The Sham Consulting Agreements" theory) by tomorrow at 5 p.m.  There is no reason why the government cannot provide this information less than two days before the start of trial.  We need this information to prepare our opening statement and prepare our defense.  Moreover,

GIBSON DUNN

The Honorable Kiyo A. Matsumoto
October 13, 2017
Page 2

without this information, we will not be able to apprise the Court of any legal issues relating to the co-conspirators. We continue to have questions about whom the government is claiming Mr. Greebel allegedly conspired on the separate theories set forth in Count Seven.

On or about October 8 (Sunday), we sent the government an e-mail asking them "to identify all of the individuals whom the government is alleging are co-conspirators in Count Seven of the Superseding Indictment." After not hearing back from the government for a full day, we sent them a follow-up e-mail requesting this information again.

On or about October 10 (Tuesday), the government sent us a letter claiming that the alleged co-conspirators on Count Seven were Martin Shkreli, Evan Greebel, Kevin Mulleady, Thomas Fernandez, Marek Biestek, Lee Yaffe, and Marc Panoff.[1]

On or about October 11 (Wednesday), we sent the government a letter noting that we needed further information regarding their October 10 disclosure since Count Seven of the Indictment alleged three theories pursuant to Count Seven. Thus, we asked the government to "[p]lease identify the specific alleged co-conspirators with respect to each theory by the end of the day today [Wednesday]."

We have heard nothing back from the government on this issue since that time. Since Mr. Greebel is entitled to understand and have clear notice of the nature of the government's allegations when he is defending himself at trial against serious federal criminal charges, we respectfully request that the Court direct the government to provide us with this information by tomorrow at 5 p.m. We need this information to prepare for our opening statement.

**Third**, we ask the Court to require the government to identify as soon as reasonably possible the voluminous exhibits that they intend to offer through Special Agent Jon Polonitza of the FBI. On or about October 11, the government identified Special Agent Polonitza as one of the eight witnesses they may call during the first week of trial. Special Agent Polonitza could very well be the first witness at the trial. We need advance notice of the specific exhibits that the government intends to offer through him because we expect them to rely on hearsay exceptions to admit these exhibits and we will in all likelihood have objections.

---

[1] In the government's letter, the government mistakenly stated that we had never requested this information before. However, we requested this information on multiple occasions. Shortly after the original indictment came down in this case, we requested the identities of the co-conspirators during two separate in-person meetings with the government, but we received no answer. Moreover, on or about September 16, 2016, we filed a motion for a bill of particulars, in which, among other things, we asked for the same information. *See* Dkt. 85-86. The government doncet opposed our motion. *See* Dkt. 90 at 37.

GIBSON DUNN

The Honorable Kiyo A. Matsumoto
October 13, 2017
Page 3

**Fourth**, we ask the Court to direct the government to provide us with the approximately 25 witnesses that the government told us they anticipated calling on their list of 47. On or about September 26, the government told us in a meet and confer that it would call approximately 25 witnesses. We asked them twice since then to identify the approximately 25 witnesses they are most likely to call. On or about the evening of October 11 (Wednesday), without explanation, the government stated that it was "unable to further narrow our witness list prior to trial." Given that the government has informed the Court that its case-in-chief will be approximately 3 weeks, and the government called 25 witnesses during the Shkreli trial, we do not understand why the government will not provide us with this information. We know from our own information that at least one individual on the government witness list will not be a witness at all. We see absolutely no reason why the government – one business day before trial commences – should not be able to inform us which 25 witnesses it actually is most likely to call at trial.

Respectfully,

*/s/ Reed Brodsky*

Reed Brodsky

cc:   Alixandra E. Smith, Esq.
      David C. Pitluck, Esq.
      David K. Kessler, Esq.