# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Reed Brodsky
Direct: +1 212.351.5334
Fax: +1 212.351.6235
RBrodsky@gibsondunn.com

October 13, 2017

VIA ELECTRONIC MAIL

The Honorable Kiyo A. Matsumoto
United States District Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  *United States v. Evan Greebel*, S1 15 Cr. 637 (KAM)

Dear Judge Matsumoto:

We respectfully submit this letter[1] in response to learning during last Friday's hearing for the first time since the indictment of this case in December 2015 that the government will apparently be contending that a violation of the state standards of professional conduct is relevant to this federal criminal prosecution. We respectfully ask the Court to preclude the government from raising this issue in its opening statement and presenting any evidence on it at trial. We also respectfully request that the Court order the government to identify the bases for the government's contention that Evan Greebel had a fiduciary duty to his client to disclose material and/or other information. There is no mention of such duty in the Superseding Indictment, and we do not believe the government has raised this issue in any of its pretrial pleadings with the Court.

During the October 6, 2017 pretrial conference, the government explained, for the first time, that in its view, a violation of a lawyer's duty to disclose certain information to his client's board of directors rises to the level of a criminal violation:

> MR. KESSLER: Mr. Mastro also mentioned a duty to disclose as a reason that the settlement agreement theory is invalid. I assume Mr. Mastro and Gibson Dunn are not taking a position that an attorney in New York State does not have a duty to his client, a fiduciary to his client to disclose material and information. There are Second Circuit cases on that, there's New York State cases, there's Bar Associations advisories on that. So there's certainly a duty to disclose for Mr. Greebel. Mr. Shkreli had a duty to disclose. That was

---

[1]  We respectfully request that this letter submission and any government response is not filed publicly on the docket until after jury selection to avoid the creation of any further publicity.

Beijing • Brussels • Century City • Dallas • Denver • Dubai • Frankfurt • Hong Kong • Houston • London • Los Angeles • Munich
New York • Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

The Honorable Kiyo A. Matsumoto
October 13, 2017
Page 2

> addressed in the previous trial. There may have been other duties as well. So we can move on from that.

Oct. 6, 2017 Pre-Trial Conf. Tr. 60:13–23. This new theory does not appear in either the Indictment or the Superseding Indictment and has never before been disclosed to us.

As a matter of law, the government cannot base its theory of criminal prosecution on a purported violation of ethical rules. *See United States v. Covino*, 837 F.2d 65, 71–72 (2d Cir. 1988) (wire fraud conviction cannot rest on alleged breach of fiduciary duty). Indeed, courts are skeptical of applying state fiduciary law to criminal fraud statutes. *See United States v. Weimert*, 819 F.3d 351, 367 (7th Cir. 2016) (collecting cases).

In support of our position, we respectfully submit the attached declaration of Professor Michael S. Frisch, Adjunct Professor of Law and Ethics Counsel at Georgetown University Law Center ("Frisch Decl."). According to Professor Frisch, "the provisions of New York Rules of Professional Conduct do not create any basis for criminal liability," and he is "aware of no instance in which a court has looked to any of the New York Rules of Professional Conduct, including but not limited to, Rule 1.13, as a basis to invoke criminal liability." Frisch Decl. 2. The Scope of the New York Rules expressly states that the "[v]iolation of a Rule should not in itself give rise to a cause of action against a lawyer nor should it create any presumption in such a case that a legal duty has been breached. . . . They are not designed to be a basis for civil liability." N.Y. Rules of Prof'l Conduct, Scope ¶ 12.

Prior to the October 6, 2017 pretrial conference, the government had never notified us through any means of this novel theory of prosecution: not in the Indictment (Dkt. No. 1), not in the Superseding Indictment (Dkt. No. 60), not in its briefing on a bill of particulars (Dkt. No. 90), not in its Request to Charge (Dkt. No. 311-1), and not in any letter notice.

Although we may offer expert testimony from Professor Stephen Gillers regarding the nature of and ethical rules governing the attorney-client relationship, we would offer such relevant opinions pursuant to Federal Rules of Evidence 401 and 702. By contrast, the government's attempt to argue that a purported violation of some particular state ethics rule forms the basis for criminal prosecution is prohibited.

As we have said on many occasions, this is frightening for the legal profession and for every corporate lawyer in the United States simply doing their job representing clients, and to set a precedent allowing the government to wield ethical guidelines as swords of criminal liability would be extremely damaging to the entire bar.

Finally, we also request that the Court order the government to identify the bases for the government's contention that Mr. Greebel had a fiduciary duty to his client to disclose

GIBSON DUNN

The Honorable Kiyo A. Matsumoto
October 13, 2017
Page 3

material and/or other information.  The earlier the government identifies such bases, the earlier we can apprise the Court of any legal issues relating to the government's new theories of its case.

Respectfully submitted,

*/s/ Reed Brodsky*
Reed Brodsky

Enclosure

cc: Alixandra E. Smith, Esq. (via email)
    David C. Pitluck, Esq. (via email)
    David K. Kessler, Esq. (via email)