UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

    -against-

EVAN GREEBEL,

              *Defendant.*

---

ECF Case

S1 15 Cr. 637 (KAM)

## DECLARATION OF MICHAEL S. FRISCH

I, Michael S. Frisch, hereby declare pursuant to 28 U.S.C. § 1746:

1.     I am Ethics Counsel and Adjunct Professor of Law at Georgetown University Law Center ("Georgetown") where I teach an array of professional responsibility and/or ethics courses. I have been an active member of the District of Columbia Bar since 1975. I served as an Assistant Federal Public Defender for the District of Maryland, ran a law firm with both a civil and criminal practice, and was an Assistant and Senior Assistant Bar Counsel for the District of Columbia Court of Appeals from 1984 to 2001. I have taught courses in professional responsibility at Georgetown since 1991 and have served as its first Ethics Counsel since 2001.

2.     I have been retained and rendered opinions as an expert witness in the courts of a number of jurisdictions.

3.     It is my opinion that the rules governing the ethical conduct of members of the legal profession are rules of reason. *See* New York Rules of Professional Conduct, Scope at [6]. The determination of any particular alleged rule interpretation or violation is properly judged based on the circumstances as reasonably understood by an attorney or attorneys at the relevant time.

4.      Contrary to the arguments presented by the government in this matter,[1] the provisions of New York Rules of Professional Conduct do not create any basis for criminal liability.  As is made clear in the Scope section of the New York Rules, the alleged failure to comply with an obligation or prohibition imposed by any disciplinary rule is solely a basis for invoking the bar's disciplinary process.  Scope, at [11].  Indeed, "[v]iolation of a Rule should not in itself give rise to a cause of action against a lawyer nor should it create any presumption in such a case that a legal duty has been breached." *Id.* at [12].

5.      I am aware of no instance in which a court has looked to any of the New York Rules of Professional Conduct, including but not limited to, Rule 1.13, as a basis to invoke criminal liability.

6.      For example, Rule 1.13 creates a vehicle for an attorney for an organizational client to report up possible violation of the organization's legal obligations.  The rule provides an attorney with the discretion to reveal otherwise confidential information to the extent to which the lawyer reasonably believes necessary to prevent substantial injury to the organization.  Rule 1.13(c).  As the duty is discretionary ("the lawyer may reveal information . . ."), and the decision to report up involves many factors, the exercise of the discretion not to report even known misconduct could not be a basis for disciplinary, much less criminal, liability.  Scope at [12].

7.      The dilemma of the attorney corporate whistleblower is well known and well documented.  A lawyer who reports out on corporate alleged wrongdoing faces possible

---

[1]  Oct. 6, 2017 Pre-Trial Conf. Tr. at 60:13–23 ("MR. KESSLER:  Mr. Mastro also mentioned a duty to disclose as a reason that the settlement agreement theory is invalid. I assume Mr. Mastro and Gibson Dunn are not taking a position that an attorney in New York State does not have a duty to his client, a fiduciary to his client to disclose material and information. There are Second Circuit cases on that, there's New York State cases, there's Bar Associations advisories on that. So there's certainly a duty to disclose for Mr. Greebel. Mr. Shkreli had a duty to disclose. That was addressed in the previous trial. There may have been other duties as well. So we can move on from that.").

disciplinary prosecution for violating the ongoing and continuing duties to the client to protect information covered by the duty of confidentiality. *See, e.g., In re Koeck, Bd.*, Dkt. No. 14-BD-061 (D.C. Ct. App. Bd. Prof'l Responsibility Aug. 30, 2017) (recommending 60-day suspension for Koeck and informal admonition for Bernebei for violating Rule 1.6 (governing confidentiality of information) in reporting out alleged corporate crimes). Attempts to establish civil liability for wrongful discharge or whistleblowing face the same skepticism and hostility from the courts. *See, e.g., Kidwell v. Sybaritic, Inc.*, 784 N.W.2d 220 (Minn. 2010). *See also United States v. Weimert*, 819 F.3d 351, 367 (7th Cir. 2016) ("[A] breach of fiduciary duty combined with a mailing or wire communication is insufficient alone to establish mail or wire fraud.").

8.      The vagaries of Rule 1.13 are an appropriate subject for spirited debate across a range of issues. Scholars fairly disagree as to the scope, meaning and utility of the Rule. Prominent in that debate is the legitimate dilemma identified above where a reporting attorney must navigate the Scylla of Rule 1.13 with the Charybdis of Rule 1.6. Given the notable absence of any precedent for applying the principles of the Rule to a standard of criminal liability, any such exploration will inevitably lead to jury confusion.

Dated: October 13, 2017
       Clarksville, Maryland

_____
                                            Michael S. Frisch