

U.S. Department of Justice

United States Attorney
Eastern District of New York

JMK:AES/DCP/DKK
F.#2014R00501

271 Cadman Plaza East
Brooklyn, New York 11201

October 14, 2017

By Hand and ECF

Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:  United States v. Evan Greebel
           Criminal Docket No. 15-637 (KAM)

Dear Judge Matsumoto:

      The government respectfully submits this letter in response to the first of two letter-motions filed by the defendant yesterday evening. Dkt. No. 403 ("Def.'s Ltr."). The defendant provides no basis in law or practice for any of his requests, each of which is meritless.[1]

      First, the government is obviously not engaged in "trial by ambush." To the contrary, the government notified the defendant of its first eight witnesses a week prior to the beginning of testimony in this case. The government has further advised the defendant that it can provide a tentative order of those witnesses on the evening of Monday, October 16, 2017, once the parties have a sense of the pace of jury selection. As we have repeatedly advised the

---

[1] The government notes that the defendant did not originally file this letter on the public docket and provided no legal basis for doing so. Documents seeking relief from the Court in connection with the upcoming trial are judicial documents that must be publicly filed absent specific findings from the Court that sealing is necessary. See, e.g., Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 603 (1982) ("the press and the public have a constitutional right of access in public trials"); In re New York Times Co., 828 F.2d 110, 114 (2d Cir. 1987) (right of access extends to written documents submitted to the Court in connection with judicial proceedings); United States v. Gerena, 869 F.2d 82, 85 (2d Cir. 1989) (right of access extends to briefs and memoranda filed in connection with pre- and post-trial briefing); United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995) (judicial documents may only be redacted or sealed based on "specific, on-the-record findings").

defendant, the order in which the government may call its first witnesses is highly dependent on the length of jury selection, witness scheduling and travel, and the length of cross-examinations.[2]

Second, the defendant requests that the Court order the government to identify the "specific co-conspirators for each of its three theories of Count Seven." Def.'s Ltr. at 2. However, as we have repeatedly advised counsel, and as discussed in briefing and at the pretrial conference, Count Seven alleges a <u>single conspiracy</u> with a single set of co-conspirators. The government has already identified those co-conspirators to the defendant and the Court. There is nothing left to disclose.

Third, the defendant requests that the Court order the government to identify the exhibits the government may offer through one of its witnesses, FBI Special Agent Jon Polonitza.[3] There is no requirement that a party must disclose the exhibits it may use with a particular witness well in advance of that witness's testimony. Nor is it the regular practice to do so. The defendant's purported basis for his request—so that he can prepare to raise hearsay objections—is without merit. The defendant has filed numerous motions <u>in</u> <u>limine</u> objecting to specific evidence; to the extent he had additional objections, he could have raised those as well. In any event, the defendant can raise any objections during trial.

Fourth, the defendant requests that the government further narrow its witness list. As the government has repeatedly advised the defendant, it cannot do so at this time, nor should it be required to do so. Consistent with its practice in the Shkreli trial, which was acceptable to both parties and the Court, the government intends to disclose its list of likely witnesses for the following week of trial at the end of the prior week. The government also intends to disclose the witnesses we plan to call the following trial day on the prior trial day.[4]

---

[2] While the government has met (and in fact exceeded) its discovery and pretrial obligations, the defendant has refused—contrary to the Court's order—to identify the source of documents he previously produced to the government (on the basis that he will no longer use those previously-disclosed documents as exhibits) and, yesterday, informed the government of his position that he need not disclose documents he has apparently received in response to numerous Rule 17 subpoenas it issued. The government intends to raise these issues with the Court on Monday.

[3] The defendant incorrectly states that the government intends to offer "voluminous" exhibits through Agent Polonitza. Def.'s Ltr. at 1. The government simply advised the defendant that Agent Polonitza would introduce exhibits that are emails to or from the defendant. The government intends to introduce fewer than 20 documents, included on the government's exhibit list, through Agent Polonitza, although the exact universe of documents is still being refined.

[4] The government notes that the defendant still has 94 witnesses and eight experts on its witness list, despite representing that its defense case will last no more than 5-7 trial days. The government also notes that the defendant has not produced a single piece of Rule 26.2 material for those witnesses, despite the government's repeated requests. In the Shkreli trial, the defendant produced Rule 26.2 material for its potential witnesses prior to the start of trial.

For the reasons set forth above, the government respectfully submits that the various requests in the defendant's letter-motion are baseless and should be denied. We will be prepared to address any other questions the Court may have on Monday.

Respectfully submitted,

BRIDGET M. ROHDE
Acting United States Attorney

By:   /s/_____
Alixandra E. Smith
David C. Pitluck
David K. Kessler
Assistant U.S. Attorneys
(718) 254-7000

cc:     All counsel (via ECF)