

U.S. Department of Justice

United States Attorney
Eastern District of New York

JMK:AES/DCP/DKK
F.#2014R00501

271 Cadman Plaza East
Brooklyn, New York 11201

October 14, 2017

By Hand and ECF

Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:  United States v. Evan Greebel
           Criminal Docket No. 15-637 (KAM)

Dear Judge Matsumoto:

      Pursuant to the Court's order of last night, the government writes briefly to address a letter-motion and affidavit provided to the Court by the defendant at approximately 8:30 p.m. yesterday evening (and subsequently filed on the public docket, as ordered by the Court) related to the defendant's duty to disclose information to Retrophin, his client during the period of the charged crimes. See Dkt. No 404 ("Def.'s Ltr.").[1]  The defendant's motion is untimely and, in any event, baseless.

      First, this letter is untimely.  The defendant contends that the government disclosed its so-called "theory" about his duty to disclose information to Retrophin "for the first time" at the pretrial conference held just over a week ago.  But the government's statement at the conference, cited in the defendant's letter, was included almost verbatim in the government's opposition to the defendant's motion to dismiss Count Seven, nearly two months ago.  Compare Def.'s Ltr. at 1-2 (quoting the government) ("I assume Mr. Mastro and Gibson Dunn are not taking a position that an attorney in New York State does not have a duty to his client, a fiduciary to his client to disclose material [] information.  There are Second Circuit cases on that,

---

[1] The defendant has repeatedly described himself as Retrophin's attorney, not Martin Shkreli's attorney.  See, e.g., Def.'s Severance Mot., Dkt. No. 163 at 4 ("Mr. Greebel was one of multiple outside attorneys to Retrophin"); Def.'s Severance Reply Br., Dkt. No. 170 at 1-2 (citing "the attorney-client relationship between Katten Muchin Rosenman LLP . . . and MSMB/Retrophin"); id. at 3 n.2 ("Mr. Shkreli's continued claims that he was Mr. Greebel's client is inaccurate.  Katten Muchin represented MSMB/Retrophin, and a Katten Muchin partner other than Mr. Greebel represented MSMB and Mr. Shkreli in connection with Mr. Shkreli's testimony before the SEC . . . .").

there's New York State cases, there's Bar Associations advisories on that.  So there's certainly a duty to disclose for Mr. Greebel."), with Dkt. No. 345 at 20 n.9 ("The government has never suggested that the sole basis for Shkreli's and the defendant's obligation to disclose arose from Section 144.  The defendant's [Greebel's] duties arise under, among other things, Second Circuit and Delaware law, New York State common law and the New York Rules of Professional Conduct.").  The defendant does not explain why he waited more than a month, until the eve of trial, to raise any challenge to what he derides as a "theory," particularly when he failed to address this issue in the reply brief on his motion to dismiss, in which he spent nearly a page identifying but not refuting these exact statements.  See Dkt. No. 347 at 9-10 (quoting the various sources of disclosure identified by the government).

Second, it is unsurprising that the defendant did not previously challenge that he had a fiduciary duty to his client Retrophin—because it is settled law.  See, e.g., United States v. Chestman, 947 F.2d 551, 568 (2d Cir. 1991) (en banc) ("The common law has recognized that some associations are inherently fiduciary. Counted among these hornbook fiduciary relations are those existing between attorney and client . . . .").  Nor does the defendant offer any basis for the Court to consider, on this legal point, an affidavit from a law professor.  The use of an affidavit for such purpose is improper because it seeks to impermissibly step into the role of the Court—by substituting the judgment of Mr. Frisch for the judgment of the Court—and it should be disregarded.  See, e.g., United States v. Scop, 846 F.2d 135, 140 (2d Cir. 1988); McCormick on Evidence, 5th Ed., § 12 (Federal Rules of Evidence do not permit opinion on matters of law).[2]

Third, contrary to the defendant's suggestion, the government has never argued and does not intend to argue that the defendant should be found guilty merely because he violated state bar rules (or any other ethical obligations he may have had).  That suggestion is the straw-man addressed by the cases cited by the defendant.  It is entirely inapplicable here.

Here, the defendant is charged with conspiracy to commit wire fraud.  One element of the substantive crime of wire fraud—which need not be proven to establish an agreement to commit wire fraud—is that there was a scheme or artifice to defraud or to obtain money or property under false or fraudulent pretenses, which may be demonstrated through evidence of material misstatements and/or material omissions (so long as the defendant had a duty to disclose the omitted information).  See, e.g., United States v. Szur, 289 F.3d 200, 211 (2d Cir. 2002) ("[W]hen dealing with a claim of fraud based on material omissions, it is settled that a duty to disclose 'arises [only] when one party has information that the other [party] is entitled to know because of a fiduciary or other similar relation of trust and confidence between them.'").  As is relevant to the defendant's motion, that is precisely what it alleged here.  The defendant is not charged with violating a state bar rule.  He is charged with agreeing to engage in a scheme to defraud.  One way of the ways in which he agreed to do that was by agreeing to, and then in fact, failing to, disclose material facts that he had a duty to disclose.[3]

---

[2] In addition, Mr. Frisch was not disclosed to the parties or the Court as an expert, and the defendant appears to concede he is providing an opinion in the same area as Stephen Gillers, a previously disclosed expert.

[3] As the jury was properly instructed during his trial, Shkreli had his own duty to disclose material information to Retrophin by virtue of being a corporate officer.  See Dkt. No. 295 at 76.

       The defendant's argument also proves far too much.  For example, a violation of a corporate officer's duty to a company is <u>also</u> not in and itself a crime, but can be when made with the requisite intent to defraud, as was proven in the Shkreli trial.  So too here.  What the defendant is actually requesting is an extraordinary carve-out from criminal law when the defendant charged with a crime is a lawyer and the duty that the defendant has to the defrauded party is derived from the attorney-client relationship.  There is no basis in law for attorneys to receive such special treatment while all others who also have fiduciary duties—such as accountants, corporate officers—are held to a different standard.  And it would be particularly inappropriate to preclude evidence or argument about a duty derived from the attorney-client relationship in this case, because the defendant appears intent on challenging the fundamental and settled proposition that a lawyer owes a duty of disclosure to his or her client (rather than taking the view that while the duty existed, it was not violated here, or was violated but not as part of an agreement to defraud).

       For the foregoing reasons, all of the various forms of relief requested in the defendant's belated motion should be denied.

                                  Respectfully submitted,

                                  BRIDGET M. ROHDE
                                  Acting United States Attorney

                   By:   /s/_____
                                Alixandra E. Smith
                                David C. Pitluck
                                David K. Kessler
                                Assistant U.S. Attorneys
                                (718) 254-7000

cc:      All counsel (via ECF)

---

The defendant's actions to assist Shkreli in violating his duty constitute a separate basis to demonstrate that he was part of a conspiracy to commit wire fraud based in part on material omissions.