**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Randy M. Mastro
Direct: +1 212.351.3825
Fax: +1 212.351.5219
RMastro@gibsondunn.com

October 15, 2017

<u>VIA ECF</u>

The Honorable Kiyo A. Matsumoto
United States District Court Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   <u>United States v. Greebel</u>, S1 15 Cr. 637 (KAM)

Dear Judge Matsumoto:

We respectfully write as Evan Greebel's counsel to follow up on Your Honor's decision issued Friday evening denying our motion to dismiss Count Seven. While we understand the Court to have denied our motion at this juncture, now that Count Seven is going forward to trial, it would be a miscarriage of justice and misleading of the government to argue to the jury that Mr. Shkreli, Mr. Greebel, and others conspired to defraud Retrophin as charged in Count Seven without telling the jury that Mr. Shkreli was acquitted at his recent trial of the conspiracy charge in Court Seven.

As a threshold matter, the government never made a timely *in limine* motion to try to preclude us from informing the jury of Mr. Shkreli's acquittal on Count Seven. In fact, the government only first raised any objection to offering Mr. Shkreli's Count Seven acquittal into evidence *on reply*—at a time when we had no opportunity to respond. *See* Gov't Reply In Further Support of its Pre-Trial Motions and Opp. to Def. Cross-Mot (Dkt. 348), at 7 ("For the same reason, the jury's verdict at Shkreli's trial is also not admissible in any form at the defendant's trial, and the defendant should be precluded from introducing at his trial any evidence or argument regarding the acquittal of Shkreli on certain charged counts."). Accordingly, the government, having failed to timely move *in limine* to preclude this evidence, should now be barred from seeking to preclude the defense from telling this jury that Mr. Shkreli has been acquitted, and in any event, as a matter of fairness, this evidence should be admitted as highly relevant and necessary.

The overriding doctrine here is that "[t]he prosecution has a special duty not to mislead" the Court or a jury. *United States v. Universita*, 298 F.2d 365, 367 (2d Cir. 1962), *cert. denied*, 370 U.S. 950 (1962); *accord*, *United States v. Valentine*, 820

**GIBSON DUNN**

The Honorable Kiyo A. Matsumoto
October 15, 2017
Page 2

F.2d 565, 570-71 (2d Cir. 1987). It would be misleading to this jury to allow the government to argue that Mr. Shkreli conspired with Mr. Greebel and others to defraud Retrophin, in violation of Count Seven, without telling the jury that Mr. Shkreli was previously acquitted of the very same charge.

The government can then make any appropriate arguments it wishes why that acquittal should be discounted here, but it would be fundamentally unfair and misleading, given the government's intentions in this case, to deny this jury the legal outcome of Mr. Shkreli's trial on this issue.[1] Indeed, as Your Honor is well aware, in *Dupree*, the Second Circuit recognized that "[a] prior judgment is not hearsay . . . to the extent that it is offered as legally operative verbal conduct that determined the rights and duties of the parties." *United States v. Dupree*, 706 F.3d 131, 137 (2d Cir. 2013) (citing *United States v. Boulware*, 384 F.3d 794, 806 (9th Cir. 2004)). Here, the "legally operative" result that "determined" Mr. Shkreli's "rights"— settling for all time that he can no longer be charged and tried by the government for Count Seven conspiracy—is Mr. Shkreli's acquittal, which this jury has to be told in the interests of fairness and justice.

And we respectfully submit that this would be consistent with the rationales underlying the Second Circuit's decision in *Rodriguez* and Judge Irizarry's decision in *Battista*. Indeed, under similar circumstances, the court in *United States v. Butner* permitted collateral estoppel to be "asserted against the government" because, like here, "th[e] case is closely aligned both in time and subject matter with the previous proceeding, it is the same issue in essentially the same controversy, and the same United States Attorney's Office and the same courts are involved in both cases." 2000 WL 1842410, at *8 (W.D. Mo. Nov. 14, 2000) (copy enclosed as Exhibit A).[2] Similarly, here, if the government argues that

---

[1] Given that Mr. Greebel is charged only with two counts of conspiracy, and in light of the fact that conspiracy requires "a meeting of the minds," *Morpurgo v. Inc. Vil. of Sag Harbor*, 697 F. Supp. 2d 309, 337 (E.D.N.Y. 2010), aff'd, 417 F. App'x 96 (2d Cir. 2011), it would be particularly misleading for the government to omit the fact that an Eastern District jury has already determined that Mr. Shkreli did not enter into the very conspiracy alleged in Count Seven.

[2] While, in Butner, the court noted the government was taking contradictory positions in the two proceedings, the same is true here. The government apparently intends to argue here a far broader and very different conspiracy on Count Seven than anything it argued during the Shkreli trial.

**GIBSON DUNN**

The Honorable Kiyo A. Matsumoto
October 15, 2017
Page 3

Mr. Shkreli conspired with Mr. Greebel and others to defraud Retrophin in violation of Count Seven, the jury must know Mr. Shkreli's Count Seven acquittal involving "the same issue in essentially the same controversy."[3]

All of the cases cited by the government for the proposition that Mr. Shkreli's acquittal is inadmissible are inapposite: they all dealt exclusively with the admissibility of a *defendant's own acquittal* on prior adjudicated charges. *See, e.g.*, *United States v. Mahaffy*, 693 F.3d 113, 126 n.9 (2d Cir. 2012) ("Nwaigwe was acquitted at the first trial of making false statements to the SEC. He argues that evidence of that acquittal should have been admitted at the retrial."); *United States v. Viserto*, 596 F.2d 531, 536–37 (2d Cir. 1979) (finding inadmissible defendant's prior acquittal of income-tax evasion). That is not this case. Indeed, the government does not cite any case standing for the proposition that the prior acquittal of the undisputed leader of an alleged conspiracy is irrelevant to the subsequent prosecution of his alleged coconspirator.

For all of these reasons, should the government argue at trial that Mr. Shkreli conspired with Mr. Greebel (along with others) to defraud Retrophin in violation of Count Seven, we have to be able to inform the jury that Mr. Shkreli was acquitted of Count Seven. Indeed, we respectfully submit that precluding us from doing so would prejudice this entire trial process. As Your Honor recognized during the October 6 hearing, this is a "rather complicated" and a "pretty unique situation," where "there isn't clear guidance" (Tr. at 73:4-9), so prudence should dictate putting the relevant information before the jury and letting the parties argue whatever they will about its import to ensure a full and fair trial. The government, of course, is free to explain why the jury reached a different verdict and make whatever appropriate arguments they wish, but to inform the jury that Mr. Shkreli conspired with Mr. Greebel to defraud Retrophin in violation of Count Seven without disclosing Mr. Shkreli's acquittal would be misleading and improper.

---

[3] While other courts have been reticent to admit acquittals and apply the non-mutual collateral estoppel doctrine against the government, *see United States v. Mendoza*, 464 U.S. 154, 159-64 (1984); *United States v. Viterbo*, 596 F.2d 531, 537 (2d Cir. 1979), their rationale does not apply here, where the same Count Seven is being brought in the same indictment by the same U.S. Attorney's Office.

**GIBSON DUNN**

The Honorable Kiyo A. Matsumoto
October 15, 2017
Page 4


Respectfully,

*/s/ Randy M. Mastro*

Randy M. Mastro

cc: Alixandra E. Smith, Esq. (by e-mail)
    David C. Pitluck, Esq. (by e-mail)
    David K. Kessler, Esq. (by e-mail)