

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JMK:AES/DCP/DKK  *271 Cadman Plaza East*
F.#2014R00501  *Brooklyn, New York 11201*

October 16, 2017

By Hand and ECF

Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: United States v. Evan Greebel
     Criminal Docket No. 15-637 (KAM)

Dear Judge Matsumoto:

  The government respectfully submits this letter in response to the defendant's motion filed at 11:21 PM last night seeking an order that the government inform the jury that the defendant's co-conspirator was acquitted of Count Seven of the Superseding Indictment ("Mot."). This motion should be denied.

  First, the letter is untimely, filed approximately two months after motions in limine were due. The excuse in the motion for waiting until the night before jury selection to file—that the government "first raised any objection to offering Mr. Shkreli's Count Seven acquittal into evidence on reply—at a time when we had no opportunity to respond"—is plainly not credible. The government's objection was raised in its August opposition to the defendant's "cross-motion." See Dkt. No. 348 at 2-9 ("The Defendant's 'Cross-Motion' to Preclude Certain Evidence is Both Untimely and Meritless"). The defendant declined to file, or even ask to file, a reply to his cross-motion. Moreover, the defendant has repeatedly filed motions after the motion deadline, but failed to file this motion in particular until late in the evening the night before jury selection. Finally, during the pretrial conference, defense counsel suggested that informing the jury of the not guilty verdict was an "alternative approach" being raised for the first time, without acknowledging that the "alternative approach" could have been raised as an alternative approach in August. (Pretrial Conf. Tr. 79.) In sum, the timing of this filing appears to be nothing more than an effort to force the government to respond to a frivolous argument just as the trial is beginning.[1]

---

[1] The various explanations offered today by defense counsel fare no better. First, counsel argued "They put a paragraph in a brief in opposition to our motions that address this issue that really didn't relate at all to those motions." (10/16/2017 Tr. 199.) But that does not explain why

Second, the basis for the defendant's motion, that the jury should not be misled, is disingenuous at best. (See Mot. at 2-3.) The government agrees that a jury should never be misled. But a jury is never presented with all facts related to what happened before a trial, as the rules of evidence preclude the introduction of various information. And the government will not argue that Mr. Shkreli was convicted of Count Seven, the only statement that would mislead the jury as to what happened at the Shkreli trial. Moreover, despite a purported desire to avoid misleading the jury, the defendant did not suggest that the jury also be informed of the following: (1) Mr. Shkreli was convicted of conspiring with the defendant as charged in Count Eight; and (2) jurors have publicly commented that they voted "not guilty" on Count Seven because they misunderstood the standard for intent, and not because they believed the charged conspiracy was not proven.

Third, the legal argument in the motion is meritless because the "not guilty" verdict in the Shkreli trial is not relevant. As discussed in the briefing on the motion to dismiss Count Seven, the law does not allow the inference that a "not guilty" verdict means the jury believed a crime was not committed. As a result, the "not guilty" verdict does not make it more or less likely that the defendant is guilty. See Fed. R. Evid. 401. And, in this case, it would be particularly inappropriate to view the "not guilty" verdict in the manner the defendant suggests, because the public record shows that, if anything, the jury believed the conspiracy existed but mistakenly applied too high a standard related to intent.

It is black letter law in the Second Circuit and in this district that evidence of a prior acquittal is inadmissible at trial. For example, Judge Cogan recently granted a government motion to preclude a defendant from referring to the prior acquittals of co-defendants:

---

counsel declined to address a properly presented argument in an opposition brief. Then, counsel argued: "you don't make a motion in limine to say can I put in a piece of evidence, you make it to exclude the other side's evidence." (Id. Tr. 200.) But parties in this courthouse routinely make motions in limine to admit evidence, and the defendant made several motions to do just that. See, e.g., Dkt. No. 311 at 1 (defendant's motion for "admission into evidence at trial of the government's statements in briefs and on the record in open court"); Dkt. No. 330 at 1 ("The Court should admit the powerful, relevant, and admissible evidence about the arbitration decisions and awards"). Next, counsel argued: "They didn't make a motion in limine knowing that we wanted the Shkreli verdict on Count Seven to be before the jury." (10/16/2017 Tr. 200.) It should not be surprising that the government did not move to preclude the defendant from offering, as discussed herein, patently inadmissible evidence, but in any event the government addressed the issue in opposing the defendant's motion in August. Finally, defense counsel argued the Sunday filing reflected defense counsel's "doing something in abundance of caution; otherwise, we would have just opened on it and said by the way, guess what really happened to Shkreli?" (10/16/2017 Tr. 200.) But that does not explain why defense counsel waited months to raise the issue, or why it did not simply inquire of the Court as to whether the denial of the motion to dismiss Count Seven denied the defense request to mention the "not guilty" verdict as well.

2

> The Government's motion to preclude reference to the prior acquittals of co- defendants . . . is granted. Evidence of a prior acquittal, when offered to deny that defendant has committed any wrongdoing, is impermissible hearsay. . . . As the Second Circuit has noted, "a judgment of acquittal is not usually admissible to rebut inferences that may be drawn from the evidence that was admitted." . . . Here, the Court is presented with not the defendant's own prior acquittal, but with the prior acquittals of his *co-defendants*, arguably making evidence of the prior acquittals even less relevant. In any case, even if the prior acquittals had any probative value, such probative value is outweighed by the risk of prejudice and confusing the jury.

United States v. Joel Cacace, No. 08 Cr. 0240 (BMC), Dkt. No. 1887 (E.D.N.Y. Oct. 29, 2013). The result should be no different in this case.

The defendant attempts to dismiss the Second Circuit cases that hold a prior acquittal may not be admitted on the grounds that those cases "dealt exclusively with the admissibility of a defendant's own acquittal" (Mot. at 3), but he does not explain why the law should be different for a co-conspirator. And it should not be. The basis for preclusion has nothing to do with the fact that the defendant was the individual on trial at the prior trial, but for the more fundamental reason that a "judgment of acquittal is not usually admissible to rebut inferences that may be drawn from the evidence that was admitted." United States v. Mahaffy, 693 F.3d 113, 127 (2d Cir. 2012). Moreover, a "judgment of acquittal is hearsay. The Federal Rules of Evidence except from the operation of the hearsay rule only judgments of conviction, Rule 803(22), not judgments of acquittal." United States v. Viserto, 596 F.2d 531, 537 (2d Cir. 1979); see, e.g., United States v. Ashburn, No. 11-CR-0303 NGG, 2015 WL 729818, at *3 (E.D.N.Y. Feb. 19, 2015) ("[Defendant] is merely prohibited from referring to his prior acquittal in state court as evidence in support of this argument, since this acquittal is irrelevant under Rule 401."); United States v. Gambino, 818 F. Supp. 536, 539 (E.D.N.Y. 1993) ("The defendant seeks to avoid the barrier of Rule 803(22) by the expected assertion that the proof is not being offered for the truth of the matter asserted, but rather to establish the government's bias against Mr. Gambino. That assertion is disingenuous. The acquittal is being offered precisely for its truth. Even if one were to assume that it is not hearsay, it would be inadmissible as irrelevant.").[2]

---

[2] Other circuits have reached the same conclusion. See, e.g., Prince v. Lockhart, 971 F.2d 118, 122 (8th Cir. 1992) ("There are two primary reasons why a judgment of acquittal is not generally admissible to rebut inferences that may be drawn from evidence that was the basis of a previous trial. First, judgments of acquittal are hearsay. . . . Second, judgments of acquittal are not generally relevant . . . because they do not prove innocence; they simply show that the government did not meet its burden of proving guilt beyond a reasonable doubt."); United States v. Jones, 808 F.2d 561, 566 (7th Cir. 1986) ("Evidence of an acquittal is not otherwise relevant 'because it does not prove innocence but rather merely indicates that the prior prosecution failed to meet its burden of proving beyond a reasonable doubt at least one element of the crime.' . . . Even if evidence of the acquittal were relevant, it may be excluded if its probative value is substantially outweighed by the likelihood of unfair prejudice."); United States v. Kerley, 643

The single, unpublished decision from the Western District of Missouri upon which the defendant relies does not involve admitting a "not guilty" verdict with respect to a co-conspirator. Instead, Butner simply addressed the effects of the doctrine of collateral estoppel when, in one case, the government argued a witness's statement was not material and then, in a subsequent prosecution of the same witness for perjury, argued the same statement was material. United States v. Butner, No. CRIMA980017401CRW1, 2000 WL 1842410, at *11 (W.D. Mo. Nov. 14, 2000) (examining "the government's contradictory position as to the materiality of Butner's statements"); see also United States v. Segal, 299 F. Supp. 2d 840, 845 (N.D. Ill. 2004) (describing Butner as "a trial in which the prosecution used evidence or arguments that contradicted evidence or arguments used in a previous trial"). Here the government is not offering a contradictory argument: it argued in the Shkreli trial that Shkreli conspired with the defendant, and it will make the same argument here.

Fourth, the defendant's suggestion that "the relevant information" be put before the jury so that the parties can "argue whatever they will about its import," would lead to an enormous and distracting trial-about-another-trial. (Mot. at 3.) Such a result warrants denying the defendant's motion pursuant to Rule 403. For example, if the defendant wants to put "the relevant information" before the jury, then the government will offer evidence not just of Shkreli's conviction on Count Eight—where he was found to have conspired with the defendant and others—but also evidence, including testimony and documents, related to the jury deliberations and the reason for the jury's "not guilty" verdict on Count Seven.

For the foregoing reasons, the defendant's motion should be denied, and the defendant should not be permitted to mention, in opening or otherwise, the "not guilty" verdict on Count Seven in the Shkreli trial.

    Respectfully submitted,

    BRIDGET M. ROHDE
    Acting United States Attorney

By:   /s/
    Alixandra E. Smith
    David C. Pitluck
    David K. Kessler
    Assistant U.S. Attorneys
    (718) 254-7000

cc:    All counsel (via ECF)

---

F.2d 299, 300–01 (5th Cir. 1981) ("We agree with the Government's position that evidence of a prior acquittal is not relevant because it does not prove innocence but rather merely indicates that the prior prosecution failed to meet its burden of proving beyond a reasonable doubt at least one element of the crime.").