UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| **United States of America,** | : | |
| | : | |
| | : | |
| v. | : | Criminal Action |
| | : | No. 1:15-cr-00637 (KAM) |
| | : | |
| **Evan Greebel, Defendant.** | : | |
| | : | |
| | : | |

**Motion to Quash Pretrial Rule 17 Subpoena *Duces Tecum* by
Non-Party U.S. Securities and Exchange Commission**

Pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure (FRCrP), the U.S. Securities and Exchange Commission (SEC), a non-party to this action, moves to quash the subpoena *duces tecum* (Subpoena) that Defendant, Evan Greebel (Defendant or Greebel), served on it. On or about June 26, 2017, Greebel served that Subpoena, dated March 17, 2017, on the SEC's Washington headquarters (See Attachment 1.) The Subpoena's return date is October 18, 2017. The SEC brings this motion out of an abundance of caution in view of the fact that Greebel has not responded to an SEC offer to resolve the parties' differences about the Subpoena.

**Statement of Facts**

The Subpoena seeks six broad categories of documents from three SEC investigations and related litigation:

1) Testimony from approximately 50 individuals whom Greebel identified as possible witnesses in the SEC's investigations;

2) Background questionnaires of any such witnesses;

3) Written communications between SEC Staff and counsel for either defendant or entities related to the criminal proceeding;

1

4) Communications between the SEC and the media;

5) Documents reflecting communications between SEC Staff and any witness to its investigation or any witness in this criminal proceeding concerning either contacts with Greebel or Shkreli's claimed deceit of Greebel or others; and

6) Any documents that the SEC collected pursuant to administrative subpoenas that the SEC did not produce to the U.S. Attorney's Office for the Eastern District of New York (USAO).

In a letter dated August 23, 2017, the SEC noted that it did not anticipate producing any documents in response to the subpoena for two reasons:

1) Greebel will receive most, if not all, of the documents his Subpoena seeks from the USAO in criminal discovery because the SEC had given the prosecutors virtually all non-privileged documents in its files for the three SEC investigations the subpoena identifies. Any other documents that the SEC did not provide to the USAO are most likely not relevant to Greebel's defense.

2) Greebel's subpoena is an improper "general 'fishing expedition.'" It seeks entire categories of documents, rather than seeking specific documents.

In September 2017, Counsel to the SEC and Greebel discussed possible ways to resolve their differences and appeared to be close to a resolution. In a letter dated September 14, 2017, the SEC made an offer to Greebel that the SEC believed addressed the issues they had been discussing. Greebel has not responded to the SEC's offer, nor has he withdrawn his subpoena on the SEC. Thus, exercising an abundance of caution, the SEC brings this motion.

## ARGUMENT

I. **The Subpoena Seeks Discovery That Is Not Available to Defendants in Federal Criminal Proceedings.**

Federal Rule of Criminal Procedure 17(c), which controls the issuance of pretrial subpoenas, provides that "[a] subpoena may order the witness to produce any books, papers,

2

documents, data, or other objects the subpoena designates." Over sixty years ago, the Supreme Court held that Rule 17 is not a general discovery device:

> It was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms. . . . *Rule 17(c) was not intended to provide an additional means of discovery*. Its chief innovation was to expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials.

*Bowman Dairy Company v. United States*, 341 U.S. 214, 220 (1951) (emphasis added).

Twenty-three years later, the Court held that production of evidence under Rule 17(c) is available only if the moving party can show:

> (1) that the documents are evidentiary and relevant; (2) that they are *not otherwise procurable reasonably in advance of trial* by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the *application is made in good faith and is not intended as a general "fishing expedition."*

*United States v. Nixon*, 418 U.S. 683, 698-700, (1974) (emphasis added). *See also United States v. Rivera*, 2015 WL 1540517, at 3-5, note 1, (E.D.N.Y. April 7, 2015, Matsumoto, J.); *United States v. RW Prof. Leasing Servs. Corp.*, 228 F.R.D. 158, 162 (E.D.N.Y. 2005).

**II.     Greebel's Subpoena Is Improper.**

Greebel cannot make the showing required by *Nixon*. First, he has not shown that the documents he seeks are not available through ordinary criminal discovery from the USAO. SEC staff gave the USAO access to all non-privileged documents in its files for the investigations identified in the subpoena, and the USAO identified the documents it wanted the SEC to provide to it. Mr. Greebel has not provided any basis for believing that he will not receive all relevant SEC documents from the USAO.

The subpoena is also an improper "general 'fishing expedition'" because it seeks entire categories of documents and does not aim to obtain specific documents. *See, e.g., United States v. Jabar*, 2016 WL 8671207, at *4 (W.D.N.Y. 2016) ("when . . . the defendant asks for 'any' and 'all' documents, and otherwise describes the subpoenaed materials in general terms, the defendant likely is using the subpoena to fish for discovery"); *United States v. Sawinski*, 2000 WL 1702032, at *2 (S.D.N.Y. 2000) ("[I]f the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up, the requirement of specificity will not have been met.").

## CONCLUSION

For the reasons stated above, the SEC requests that the Court quash defendant Greebel's Rule 17 subpoena *duces tecum* on it.

Respectfully submitted,

    */s/James M. McHale*

Melinda Hardy, Assistant General Counsel
James M. McHale, Senior Counsel
McHale EDNY Bar Id. JM8286
McHale: N.Y. Bar No. 1578350
McHale: D.C. Bar No. 111773
Office of the General Counsel
Attorneys for Non-Party
U.S. Securities and Exchange Commission
100 F Street, N.E.
Washington, DC 20549-9613
Phone: (202) 551-5046 (McHale)
Fax: (202) 772-9263
*mchalejm@sec.gov*

Dated: October 17, 2017

4

## CERTIFICATE OF SERVICE

I certify that this October 17, 2017, I served the foregoing Motion to Quash by the U.S. Securities and Exchange Commission on the attorneys for Evan Greebel, Defendant, through the court's electronic facilities, as provided by Local rule 5.2(a) and by e-mail as follows:

**Reed Brodsky/Lisa Rubin**
**Gibson, Dunn & Crutcher, LLP**
**200 Park Avenue**
**New York, NY  10166-0193**
**and by e-mail to**
**rbrodsky@gibsondunn.com**
**lrubin@gibsondunn.com**


/S/

James M. McHale