

U.S. Department of Justice

United States Attorney
Eastern District of New York

AES/DCP/DKK
F.#2014R00501

271 Cadman Plaza East
Brooklyn, New York 11201

November 20, 2017

By Hand and ECF
Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: United States v. Evan Greebel
     Criminal Docket No. 15-637 (KAM)

Dear Judge Matsumoto:

   The government respectfully submits this letter regarding the defendant's refusal to identify the source of a document that purports to be an email and that the defendant is attempting to introduce into evidence through government witness TP.

I. Background

   As the Court is aware, during cross-examination of government witness TP earlier today, the defendant sought to show the witness a document marked as DX 120-57. The defendant argued that the source of the document was protected by the work product doctrine and refused to disclose it, even through an in camera submission. The document, which has no Bates number, was not on the defendant's exhibit list, and does not appear to have been produced pursuant to a subpoena, purports to be a December 12, 2011 email from Shkreli to government witness TP, and others. The defendant subpoenaed Retrophin for a version of this document last week, seeking an "email exchange, including any attachments, including [TP], Martin Shkreli, and others on December 12, 2011 regarding Retrophin and MSMB tasks." Retrophin responded to other items sought in that subpoena but did not produce any version of DX 120-57.

II. Argument

   A. The Source of the Document is Not Protected by the Work Product Doctrine

   The source of DX 120-57 is not protected by the work product doctrine. As this Court has held, a party's request for the source of documents that an opposing party may use does not implicate the work product doctrine because it "does not seek thought processes, opinions or mental processes of [opposing] counsel." Strauss v. Credit Lyonnais, S.A., 242. F.R.D. 199, 231 (E.D.N.Y. 2007) (Matsumoto, J.); Weiss v. National Westminster Bank, PLC,

242 F.R.D. 33, 62 (E.D.N.Y. 2007) (Matsumoto, J.) (same). The result in this case should be no different, so the defendant should disclose the source of the document.

    B.    <u>If TP Does Not Recognize the Document as an Accurate Copy of an Email He Received, the Court Should not Admit It</u>

Under Federal Rule of Evidence 901(a), the proponent of a document "[m]ust produce evidence sufficient to support a finding that the item is what the proponent claims it is." Under Rule 901(b)(1), a party can satisfy the authenticity requirement through testimony of a witness with knowledge that an "item is what it is claimed to be." As the Second Circuit recently explained, "Rule 901 does not definitely establish the nature or quantum of proof that is required preliminarily to authenticate an item of evidence. The type and quantum of evidence required is related to the purpose for which the evidence is offered, and depends upon a <u>context-specific determination</u> whether the proof advanced is sufficient to support a finding that the item in question is what its proponent claims it to be." <u>United States v. Vayner</u>, 769 F.3d 125, 130 (2d Cir. 2014) (emphasis added).

The "context-specific determination" in this case should be informed by the circumstances under which the defendant is seeking to offer the document. The defendant refuses to disclose the document's source; Retrophin does not appear to have the document; and the document, which does not appear to be printed from any email program like Outlook, appears to be in a different format than other emails produced in this case. <u>See</u> <u>Bell v. Rochester Gas & Elec. Corp.</u>, 329 Fed. Appx. 304, 306 (2d Cir. May 8, 2009) (summary order) (affirming exclusion of printout of email where, among other things, there was no "evidence that the email was ever sent or received through [the company's] email system."). If government witness TP reviews the document and recognizes it as an accurate copy of an email that he actually received, the defendant will likely have met Rule 901's admissibility requirements. However, if TP does not remember the document or recognize it as an accurate copy of an email that he received, then the document should not be admitted. It is insufficient for the defendant to establish that the document lists TP's email address or that TP does not have a reason to dispute the document's authenticity. Such testimony would be insufficient to establish that DX 120-57 "is what it is claimed to be." Rule 901(b)(1).[1]

                                          Respectfully submitted,

                                          BRIDGET M. ROHDE
                                          Acting United States Attorney

                           By:    /s/
                                          Alixandra E. Smith
                                          David C. Pitluck
                                          David K. Kessler
                                          Assistant U.S. Attorneys

---

[1] Should Witness TP fail to authenticate DX 120-75, the defendant should be precluded from asking any other questions that suggest to the jury the content of the unauthenticated email.