

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

AES/DCP/DKK                                  *271 Cadman Plaza East*
F.#2014R00501                                *Brooklyn, New York 11201*

November 28, 2017

By Hand and ECF

Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

        Re:  United States v. Evan Greebel
             Criminal Docket No. 15-637 (KAM)

Dear Judge Matsumoto:

      Pursuant to the Court's order on November 15, 2017 (Tr. 5162), the government submits the attached revised Requests to Charge. For the Court's convenience, the government is also attaching a redline version showing changes made to the Requests to Charge that the government submitted on August 11, 2017. The government has included a footnote providing authority for its proposed charge related to an attorney's duty of disclosure, but the government requests that the footnote not be included in the version of the charge that would go to the jury.

      In addition, as the government has previously explained, the government is not proceeding on a "right to control" theory of wire fraud with respect to Count Seven. Accordingly, the government respectfully submits that a jury instruction related to the "right to control" is unnecessary. Nevertheless, should the Court consider an instruction related to a "right to control" theory, the government respectfully submits that such an instruction should be added immediately following this sentence in the current proposed charge: "In addition to proving that a statement was false or fraudulent and related to a material fact, in order to establish a scheme to defraud, the government must prove that the alleged scheme contemplated depriving another of money or property." The expanded charge would therefore read as follows:

> In addition to proving that a statement was false or fraudulent and related to a material fact, in order to establish a scheme to defraud, the government must prove that the alleged scheme contemplated depriving another of money or property. Property includes intangible interests such as the right to control the use of one's assets. This interest is injured when a victim is deprived of potentially valuable economic information it would consider valuable in deciding how to use its assets. For example, where a false representation is directed to the quality, adequacy, or price, the fraudulent intent is apparent because a victim is made to

>    bargain without facts obviously essential in deciding whether to
>    enter a bargain.

See Charge of the Hon. Rosylnn R. Mauskopf, United States v. Finazzo., No. 10-CR-457 (E.D.N.Y. 2013), aff'd by United States v. Finazzo, 850 F.3d 94, 107-113 (2d Cir. 2017) (affirming instruction as "consistent with our prior decisions"); United States v. Binday, 804 F.3d 558, 578 (2d Cir. 2015) ("'Misrepresentations amounting only to a deceit are insufficient' to support conviction for mail or wire fraud because 'the deceit must be coupled with a contemplated harm to the victim.' . . . 'Where the false representations are directed to the quality, adequacy or price of the goods themselves, the fraudulent intent is apparent because the victim is made to bargain without facts obviously essential in deciding whether to enter the bargain.'").

        Respectfully submitted,

        BRIDGET M. ROHDE
        Acting United States Attorney

By:   /s/
      Alixandra E. Smith
      David C. Pitluck
      David K. Kessler
      Assistant U.S. Attorneys
      (718) 254-7000

cc:    All Counsel (via ECF)