

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

AES/DCP/DKK                                    *271 Cadman Plaza East*
F.#2014R00501                                  *Brooklyn, New York 11201*

November 30, 2017

By Hand and ECF
Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

       Re:   United States v. Evan Greebel
           Criminal Docket No. 15-637 (KAM)

Dear Judge Matsumoto:

       The government submits this letter in response to the defendant's letter motion asking the Court to "compel the government to immediately disclose its proposed experts [sic] opinions and the bases for them." (Dkt. No. 462 ("Ltr.") at 6.) This request comes notwithstanding the fact that the government has already identified rebuttal experts, identified areas of potential testimony, and provided potential bases for the expert's opinions, all before the defendant has even committed to putting on a case, let alone disclosed which experts he will attempt to call or which opinions those experts will offer. Moreover, the government has committed to provide notice of rebuttal opinions once the defense informs the Court and the government of which experts it will call and what those experts' opinions will actually be.[1] For these reasons, as detailed below, the defendant's request is baseless and premature.

       First, the defendant's request for "immediate[]" disclosure conflicts not just with the arbitrary deadline he attempted to set for the government yesterday evening[2] but also with the

---

      [1] Of course, the government will not be able at this time to identify rebuttal opinions that react directly to specific testimony offered by the defense experts during the defense case.

      [2] At 9 PM on November 29, 2017, the defendant requested that the government "commit" to provide supplemental rebuttal expert disclosures by noon on December 1, 2017, approximately 12 hours after the defendant has indicated he will disclose whether and to what extent he will put on a case. We responded to that demand this morning at approximately 10 AM. At 11:30 AM, the defendant filed this 6-page motion and did not attach our 10 AM response or engage with that response, the substance of which is set forth herein. Our 10 AM response is also attached to this letter as Exhibit A.

defendant's position in another filing approximately 36 hours ago.  In arguing why it should not have to comply with its Rule 16 obligations, the defendant wrote:

> Similarly, we also understand that if we choose to put on a defense case-in-chief, that then the government will have an opportunity to put on a rebuttal case. We certainly agree that the same rules that we articulate in this letter would apply to any possible government rebuttal case. That is, we have not insisted – nor could we – that the government tell us already which witnesses it might call in rebuttal or which exhibits they might choose to put on. It was only today that the government informed us that they will identify any rebuttal expert witnesses in any rebuttal case—the government has not and could not possibly respond to a defense case without hearing the testimony of the witnesses during any defense case.

(Dkt. No. 457 p. 4 (emphases added).)  The defendant does not address this argument, which directly contradicts his current position, or explain why his position of 36 hours ago has apparently changed.

Second, the defendant's demand makes no sense.  Unlike an expert offered in a case-in-chief presented by either the government or the defense, a rebuttal expert may only testify to opinions that respond to testimony offered by defense witnesses.  But the defendant has not yet told the Court or the government whether he is putting on a case; which experts he will call; which previously disclosed opinions his experts will offer; or whether, and to what extent, he will attempt to offer any materially revised or new opinions.  Moreover, all of the defendant's previously disclosed opinions were "subject to change" and/or based on "ongoing" analyses.[3] And even setting aside whatever finalized disclosures the defendant may make, we do not know what any expert the defense calls will actually testify about.[4]  Under these circumstances, the government has provided rebuttal expert disclosures far earlier than required and in as fulsome a manner as practicable.

Third, the government has already committed to providing the defendant timely notice of rebuttal expert opinions once the defendant informs the Court and the government of which experts it will be calling and what those experts' opinions will actually be.

---

[3] The government's concern that the previously-disclosed opinions for the defendant's experts may not in fact represent the final opinions that such experts will give is well-founded. As detailed in the government's November 18, 2017 filing regarding Alan Johnson (see Dkt. No. 451), the opinions offered by Johnson during the Daubert hearing differed substantially from the expert disclosures provided for Johnson prior to the hearing.

[4] In addition, the defense experts are subject to pending relevance objections.  The Court's rulings on the government's objections will also affect what opinions, if any, the government may offer in a rebuttal case.

Fourth, the defendant's reliance on United States v. Tin Yat Chin, 476 F.3d 144 (2d Cir. 2007) is entirely misplaced.[5]  There, the government did not disclose until the day before the end of the defense case that it had retained a handwriting expert to offer rebuttal testimony about analysis he had already conducted.  Here, the government has – prior to the close of its case and before the defense has stated whether it is putting on a case – disclosed the identities and qualifications of the expert witnesses it may call in a potential rebuttal case.[6]  The government is waiting to learn which of the defendant's eight experts the defense will call, and what final opinions those experts intend to offer.  Once the defendant makes those disclosures, the government will provide ample notice of the opinions its rebuttal experts may offer.  Of course, the full scope of any such opinions will be contingent upon the testimony of the defense experts at trial.

Respectfully submitted,

BRIDGET M. ROHDE
Acting United States Attorney

By:     /s/_____
        Alixandra E. Smith
        David C. Pitluck
        David K. Kessler
        Assistant U.S. Attorneys
        (718) 254-7000

---

[5] The defendant's reliance on Rule 16 is also misplaced because Rule 16 does not apply to the government's rebuttal case.  See, e.g., United States v. Frazier, 387 F.3d 1244, 1269 (11th Cir. 2004) (Rule 16 does not require disclosure of government rebuttal witnesses); United States v. Windham, 489 F.2d 1389, 1392 (5th Cir. 1974) ("Rebuttal witnesses are a recognized exception to all witness disclosure requirements.");  United States v. DiCarlantonio, 870 F.2d 1058, 1063 (6th Cir. 1989) (Rule 16 does not require disclosure of expert rebuttal testimony not offered during government's case-in-chief); United States v. Barrett, 766 F.2d 609, 617 (1st Cir. 1985) (same); United States v. Angelini, 607 F.2d 1305, 1308–09 (9th Cir. 1979) (same).