# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Reed Brodsky
Direct: +1 212.351.5334
Fax: +1 212.351.6235
RBrodsky@gibsondunn.com

December 3, 2017

VIA ECF

The Honorable Kiyo A. Matsumoto
United States District Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    *United States v. Evan Greebel*, S1 15 Cr. 637 (KAM)

Dear Judge Matsumoto:

We respectfully submit this letter regarding proposed redactions to Steven Rosenfeld's final arbitration award. We have been in negotiations with the government over the extent of the redactions to be made to that award. Those negotiations have reached an impasse. Although Mr. Greebel has not yet determined whether he will put on a case-in-chief, should he decide to do so, Mr. Rosenfeld would likely be called as a witness. Given the timing of any such case-in-chief, which might require Mr. Rosenfeld to take the stand later this coming week, we respectfully request a ruling from Your Honor on the scope of the redactions.

During the October 6 final pretrial conference, Your Honor ruled that the arbitration ruling can be offered into evidence. The Court ruled that "this decision can come in," so long as it is a balanced admission. Pretrial Conf. Tr. 104:12–14. We maintain the position we have held since the pretrial conference, which is that, at minimum, the following portions of the arbitration ruling should be admissible: the fact that Dr. Rosenfeld filed the arbitration against Retrophin to enforce his consulting agreement; that Retrophin's argument was that the consulting agreement was a sham; and that the arbitrator ruled in favor of Dr. Rosenfeld that it was not a sham and that Retrophin owed the remainder of the money on the consulting agreement. *See* Pretrial Conf. Tr. 103:10–25.

To that end, Your Honor stated during the October 6 conference that at trial, "the rights of the parties would be admissible in terms of what [was articulated during the pretrial conference], that there was an arbitration, that Dr. Rosenfeld wanted to enforce the agreements that the arbitrator found that he had given minimal services in exchange for the consideration that he received, and . . . rejecting the sham argument of Retrophin, and ruling that Retrophin owed him money." Pretrial Conf. Tr. 104:14–21. In addition, Your Honor

**GIBSON DUNN**

The Honorable Kiyo A. Matsumoto
December 3, 2017
Page 2

accepted that "the fact that she held the hearing on a number of days, and listened to X number of witnesses," Pretrial Conf. Tr. 105:2–4, would be admissible to make it balanced.

During the trial, on November 22, 2017, Your Honor directed Mr. Greebel to provide proposed redactions to the arbitration award. *See* Trial Tr. 60:17–18. We did that, pursuant to Your Honor's order, on Monday, November 27. The government responded to our proposed redactions with a counterproposal on December 1 that included significant additional redactions. Because the parties have not yet been able to reach a set of redactions on which we agree, we include for Your Honor's review and decision a version of the arbitration award with each side's proposed redactions highlighted in different colors (our proposed redactions are in yellow highlighting; the government would keep all of our redactions and would then also redact the sections in orange highlighting).

The parts of the arbitration award that would remain admissible after Mr. Greebel's proposed redactions fit well within the bounds of what Your Honor deemed permissible during the pretrial conference. We respectfully request that Your Honor rule that the version containing our proposed redactions comports with the Court's prior rulings.

*   *   *

Respectfully,

*/s Reed Brodsky*
Reed Brodsky

Attachment

cc:   Alixandra E. Smith, Esq.
      David C. Pitluck, Esq.
      David K. Kessler, Esq.