

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

AES/DCP/DKK
F.#2014R00501

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 6, 2017

<u>By Hand and ECF</u>
Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:  United States v. Evan Greebel
>      <u>Criminal Docket No. 15-637 (KAM)</u>

Dear Judge Matsumoto:

The government respectfully submits this letter regarding the defendant's request to introduce the fact of his <u>Miranda</u> waiver as evidence of "consciousness of innocence."  (See, e.g., Tr. 7872).[1]  The fact of the defendant's <u>Miranda</u> waiver is irrelevant under Rule 401 and should be precluded under Rule 403.  Moreover, the defendant's argument that his <u>Miranda</u> waiver is – in and of itself – so-called "evidence of innocence" requires the assumption that the defendant did in fact tell the truth after waiving.  As such, the defendant's argument rests on hearsay and is prohibited under Rule 802.  Finally, the impropriety of the defendant's argument is shown by the substantial constitutional concerns it implicates.  It is not surprising that we have identified no case that adopts the argument advanced by the defendant, and numerous cases that reject it directly or by extension.  For these reasons, and those set forth below, the defendant's request is contrary to the law and should be denied.

I.  <u>Argument</u>

A.  <u>The Defendant's Miranda Waiver Is Not Relevant</u>

Under Federal Rule of Evidence 401, evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  As the Second Circuit has explained, "[w]hen the defendant offers his own statement simply to show that it was made, rather than to establish

---

[1] The government apologizes for filing this submission at such a late hour, but felt it was important to thoroughly research this issue, which was raised for the first time during the cross-examination of the case agent this afternoon.

the truth of the matter asserted, the fact that the statement was made must be relevant to the issues in the lawsuit." United States v. Marin, 669 F.2d 73, 84 (2d Cir. 1982).

Here, the defendant is not—and cannot—offer any of his post-arrest statements, which are indisputably hearsay. Thus, he cannot argue that "the fact that the statement was made" is relevant because there is no statement he can introduce. Instead, he seeks to argue that the fact that a statement was made—the substance of which the jury will not hear—is somehow relevant to whether he is guilty of the two charged conspiracies. It plainly is not.

B.   The Defendant's Miranda Waiver Should Be Excluded Under Rule 403

The entirety of the defendant's argument appears to rely on United States v. Biaggi, 909 F.2d 662 (2d Cir. 1990), in which the Second Circuit held that the defendant's rejection of an immunity offer was relevant to show that the defendant lacked knowledge of the criminal conduct with which he was charged. The Court stated:

> When a defendant rejects an offer of immunity on the ground that he is unaware of any wrongdoing about which he could testify, his action is probative of a state of mind devoid of guilty knowledge. Though there may be reasons for rejecting the offer that are consistent with guilty knowledge, such as fear of reprisal from those who would be inculpated, a jury is entitled to believe that most people would jump at the chance to obtain an assurance of immunity from prosecution and to infer from rejection of the offer that the accused lacks knowledge of wrongdoing.

Biaggi, 909 F.2d at 690-91 (emphasis added). The Court continued by comparing the decision to reject an immunity offer to the decision to reject a plea agreement, and stated:

> Rejection of an offer to plead guilty to reduced charges could also evidence an innocent state of mind, but the inference is not nearly so strong as rejection of an opportunity to preclude all exposure to a conviction and its consequences. A plea rejection might simply mean that the defendant prefers to take his chances on an acquittal by the jury, rather than accept the certainty of punishment after a guilty plea.

Id. at 91. The Court concluded that the "probative force" of a rejected immunity offer was sufficient to render it relevant under Rule 401. After noting that the admissibility under Rule 403 was a "closer question," the Court concluded that the defendant's rejection of an immunity deal was relevant to his defense that he had no knowledge of the criminal conduct at issue. Id. at 693.

Although certain quotations and dicta in Biaggi could be construed to suggest a broader application of the case, the Second Circuit has consistently declined to extend Biaggi beyond the context of a rejected offer of immunity. For example, in United States v. Grant, 338 Fed. Appx. 19 (2d Cir. 2009), the Circuit affirmed the exclusion, under a "consciousness of innocence" theory, of evidence that a defendant voluntarily produced his notes in response to an

2

SEC subpoena.  The Circuit held that the district court correctly applied Rule 403, and rejected reliance on Biaggi:

> The defendant in Biaggi sought to introduce evidence that he had rejected the government's immunity offer; in contrast, the defense's proffered testimony regarding the notes lacks the obvious force that made the evidence in Biaggi both highly relevant and highly probative under Fed.R.Evid. 401 and 403.

Id. at *1.

In United States v. Goffer, 721 F.3d 113 (2d Cir. July 25. 2013), the Second Circuit affirmed the district court's exclusion of a defendant's rejection of a plea offer.  One again, the defendant relied on Biaggi under a "consciousness of innocence" theory and, once again, the Second Circuit explained that Biaggi was limited to the specific circumstances of immunity:

> This was not a case where the defendant was permitted to walk away scot free and declined to do so out of a strong belief of his innocence.  Rejecting this offer was, in this case, an indication that the defendant prefer[red] to take his chances on an acquittal by the jury, rather than accept the certainty of punishment after a guilty plea.

Id. at 129 (internal quotation marks and citation omitted).   Indeed, the Circuit stated that the defendant's rejection of a plea offer "lacked any probative value."  Id. at *129 (emphasis added).

Numerous courts have similarly rejected attempts to extend Biaggi beyond the context of rejected immunity.  See, e.g., Torres v. Smith, No. 03 Civ. 906 (WHP) (THK), 2005 WL 1580608, at *8 (S.D.N.Y. July 6, 2005) (rejecting habeas petition challenging district court's decision to preclude evidence of cooperation with an investigation, including evidence that defendant chose to answer questions after arrest, because "unlike Biaggi, Petitioner did not forego an opportunity to avoid all criminal liability by cooperating with the police, nor was Petitioner's 'voluntary'" and 'benign' conduct highly probative of innocence."); United States v. Wilson, No. 90-CR-640 (DC), 1998 WL 770561, at *2-3 (S.D.N.Y. Nov. 3, 1998) (declining to extend Biaggi to a rejected deferred prosecution agreement because evidence had low probative value and created a risk of jury confusion and unfair prejudice to the prosecution).[2]

---

[2] See also, e.g., United States v. Dinga, 609 F.3d 904, 908-09 (7th Cir. 2010) (defendant's offer to take a polygraph test to show his innocent state of mind was "self-serving evidence" likely to mislead and confuse the jury); United States v. Geisen, 612 F.3d 471, 496–97 (6th Cir. 2010) ("A deferred prosecution agreement, however, does not foreclose all exposure to a conviction and its consequences in the same way [as an offer of immunity] . . . Refusing to accept the DPA, therefore, is not as probative of a "consciousness of innocence" as the immunity offer at issue in Biaggi. The Biaggi court itself asserted that a plea agreement would be less probative and declined to reach whether a district court would be required to admit evidence of refusal of such an agreement."); People v. Jardin, 584 N.Y.S.2d 732, 734 (N.Y. Sup .Ct. 1992)

The reasons courts have consistently refused to extend <u>Biaggi</u> beyond the context of rejected immunity is clear: any conceivable probative value—and in the context of a rejected plea agreement, the Second Circuit stated that there was <u>no</u> probative value (<u>Goffer</u>, 721 F.3d at 129)—that could be drawn from the decision to reject a plea offer, reject a deferred prosecution agreement, voluntarily provide notes, or cooperate with law enforcement is dramatically outweighed by confusion, prejudice, and the high likelihood of misleading the jury.

These principles apply with even greater force here, where the defendant seeks to argue that a decision to waive <u>Miranda</u> rights is evidence of consciousness of innocence. Just as defendants regularly reject plea agreements and are subsequently convicted a trial, defendants routinely waive their <u>Miranda</u> rights and deny crimes for which they are convicted. The waiver of <u>Miranda</u> rights simply does not come close to having the same probative force as does the rejection of an immunity offer. It would be highly misleading to allow the suggestion that the mere act of waiver is evidence of consciousness of innocence. And it is not surprising that there appears to be no case permitting such an argument.

Although the "consciousness of innocence" argument has typically been raised in the contexts described above, at least one case has addressed—and rejected—precisely the issue raised by the defendant. In <u>State v. Bennett</u>, 144 N.H. 13 (N.H. 1999), a defendant sought to introduce evidence of the circumstances of his post-arrest statement and, specifically, that he voluntarily waived his <u>Miranda</u> rights. The defendant argued that his waiver and willingness to make a statement was "relevant to his state of mind of innocence." The Supreme Court of New Hampshire rejected the defendant's argument:

> We conclude that the circumstances surrounding the defendant's taped statement were not relevant. . . <u>Absent evidence of the substance of the defendant's statement, the circumstances surrounding it were not probative of the defendant's innocence.</u>
>
> Even assuming that the defendant voluntarily made the statement, the trial court did not abuse its discretion in excluding such evidence because of its potential to mislead the jury. <u>Evidence that the defendant waived his Miranda rights and voluntarily spoke to the police would allow him to project a cooperative and candid image, while avoiding the substance of his statement and the rigors of cross-examination concerning it.</u> With only a part of the puzzle before it, the jury could not have reasonably determined whether the defendant was being cooperative and honest or merely protecting his self-interest when he spoke to the police. Accordingly, we conclude that the circumstances surrounding the defendant's statement were not relevant to his asserted innocence, or if relevant, potentially misleading, and therefore properly excluded by the trial court.

---

(defendant's attempt to elicit willingness to submit to a DNA test to demonstrate his "consciousness of innocence" constituted nonverbal hearsay and thus was inadmissible).

Id. at *15 (emphasis added).  The exact same reasoning applies in this case and underscores why courts have repeatedly declined to extend Biaggi beyond the context of rejected immunity.

Finally, if the defendant were permitted to offer evidence of a Miranda waiver as evidence of "consciousness of evidence," the government would then be permitted to introduce evidence responding to that argument, such as (i) evidence of the percentage of defendants who waive Miranda rights and subsequently plead guilty or are convicted at trial; and (ii) evidence concerning the reasons why defendants waive Miranda rights.  The jury would need such evidence in order to be able to evaluate the defendant's argument about "consciousness of innocence."[3]  The result would be a trial-within-a-trial about an issue that has no bearing on any fact of consequence that the jury will have to decide.

## C.  The Defendant's Argument Relies on Inadmissible Hearsay

The defendant's request to introduce the fact of his Miranda waiver should be denied as hearsay for the additional reason that his argument of "consciousness of innocence" requires the assumption that the defendant intended to tell the truth when he waived, and then did in fact tell the truth after waiving.  That is plainly the argument the defendant seeks to make, but it is argument that relies solely on impermissible hearsay.  Indeed, the defendant's decision to speak with law enforcement could only be probative of innocence if what he said to law enforcement were true.  But if what the defendant said were not true, his decision to waive would be probative of guilt.  At bottom, however, the government is not introducing the defendant's post-arrest statements and the decision to waive is probative of nothing.

## D.  The Defendant's Argument Raises Broader Concerns

The fact that there appears to be no case supporting the argument the defendant advances should not be surprising given that the defendant's position would undermine bedrock constitutional protections.  If a waiver of Miranda rights were associated with "consciousness of innocence," invocation could be associated with consciousness of guilt.  That, of course, is not the law.  Indeed, the constitutional significance of Miranda rights is partly what distinguishes this case from Biaggi and the other contexts described above.  Unlike in Biaggi, where there were no constitutional issues implicated by the decision to take (or reject) an immunity offer, a defendant's decision to waive or invoke Miranda rights directly implicates the Fifth Amendment, opening up a Pandora's box of potentially improper inference and speculation by the jury.  Moreover, we have serious concerns about the extent to which the government could fairly respond to an argument that a defendant's Miranda waiver and subsequent statement shows "consciousness of innocence" without potentially implicating the defendant's Fifth Amendment rights at trial.

---

[3] See, e.g., Goffer, 721 F.3d at 129 (Noting that "[t]he district court . . . discussed the prejudicial effects of admitting [evidence of a rejected plea], including the likelihood of jury confusion," and stating that "[a]dmission would require the 'collateral consequences' of a conviction to be discussed at length, requiring an already complex trial to gain additional and unnecessary dimensions.").

II.     <u>Conclusion</u>

For the reasons set forth above, the defendant's request to introduce evidence of the fact of his <u>Miranda</u> waiver as "consciousness of innocence" should be denied.

Respectfully submitted,

BRIDGET M. ROHDE
Acting United States Attorney

By:     <u>/s/                              </u>
Alixandra E. Smith
David C. Pitluck
David K. Kessler
Assistant U.S. Attorneys
(718) 254-7000