**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Reed Brodsky
Direct: +1 212.351.5334
Fax: +1 212.351.6235
RBrodsky@gibsondunn.com

December 7, 2017

VIA ECF

The Honorable Kiyo A. Matsumoto
United States District Court Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *United States v. Greebel*, S1 15 Cr. 637 (KAM)

Dear Judge Matsumoto:

During Mr. Jacobs's direct examination yesterday, the government objected to Mr. Jacobs's testimony about his prior out-of-court statements to Mr. Greebel, arguing that if allowed, such testimony threatened "to permit a loophole in the hearsay rule large enough to swallow the rule itself."  *United States v. Sesay*, 313 F.3d 591, 600 (D.C. Cir. 2002).[1]  We respectfully submit that under well-established Second Circuit precedent, Mr. Jacobs's out-of-court statements to Mr. Greebel are admissible to show Mr. Greebel's state of mind, which is *the* central issue at trial.

The Federal Rules of Evidence define hearsay as a declarant's out-of-court statement "offer[ed] in evidence to prove the truth of the matter asserted in the statement."  Fed. R. Evid. 801(c).  But "[i]f the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay."  *Id.* 801(c) advisory committee's note; *see also United States v. Dupree*, 706 F.3d 131, 136-38 (2d Cir. 2013) (vacating denial of motion in limine to admit state court order "not for its truth, but to show that a listener was put on notice").  Additionally, even where a statement is hearsay, Rule 803(3) permits the introduction of a "statement of the declarant's then-existing state of mind."  Fed. R. Evid. 803(3).  Ultimately, however, it does not matter "whether admissibility is predicated on the declaration not being hearsay . . . or under the [Rule 803(3)] hearsay exception for declaration of states of mind . . . [because u]nder either theory, a state of mind can be proved circumstantially by statements which are not intended

---

[1] Notably, the statements at issue in *Sesay* appeared in two police reports that the appellant argued showed the officers' state of mind when they arrested the appellant and two others.  In affirming the district court's exclusion of those statements, the D.C. Circuit noted that "[t]he only real issue at trial was who possessed the gun and drugs;" therefore, those statements were irrelevant if not offered for their truth.  *Id.* at 599-600.  By contrast, Mr. Greebel's state of mind is *the* issue at this trial.

**GIBSON DUNN**

The Honorable Kiyo A. Matsumoto
December 7, 2017
Page 2

to assert the truth of the fact being proved." *United States v. Quinones*, 511 F.3d 289, 312 (2d Cir. 2007) (alterations in original) (quoting *United States v. Southland Corp.*, 760 F.2d 1366, 1376 (2d Cir. 1985)) (internal quotation marks omitted).

Under this framework, courts within this Circuit have held that third-party witnesses may testify to *their own* out-of-court statements to prove a defendant's state of mind. Notably, in *United States v. Vallee*, 304 F. App'x 916 (2d Cir. 2008), the appellant-defendant challenged the admission of a Canadian prosecutor's prior out-of-court statements to his trial counsel. Specifically, the government offered the prosecutor's testimony that she told Vallee's trial counsel that "Carter was the sole witness against Vallee in a Canadian drug prosecution" to "prove Vallee's motive to murder Carter." *Id.* at 919. In affirming Vallee's conviction, the Second Circuit held that her testimony about her own prior statements "was not hearsay because it was not admitted for the truth of the matter asserted, but rather as evidence of Vallee's state of mind." *Id.*

Similarly, in *United States v. Kanovsky*, 618 F.2d 229 (2d Cir. 1980), the defendant-appellant appealed his obstruction of justice conviction for giving false and evasive grand jury testimony because, *inter alia*, the court admitted an Assistant United States Attorney's ("AUSA") testimony about his own prior, out-of-court statement to the appellant "that he had reason to believe that appellant was not being candid with the Government." *Id.* at 231. Rather than conclude that the testimony was inadmissible hearsay, as the appellant contended, the *Kanovsky* court observed that the testimony "was not offered for its truth but rather to show the impact on appellant's state of mind of certain statements made by [the AUSA]." *Id.*

More broadly, the Second Circuit has determined repeatedly that third-party witness testimony about out-of-court statements is admissible as evidence of a defendant's state of mind or to show the effect of such statements on defendant.

- In *United States v. Kohan*, 806 F.2d 18 (2d Cir. 1986), the Second Circuit determined that the testimony of the defendant-appellant's roommate about another defendant's statements in their apartment was excluded erroneously. Noting that the defendant-appellant was "not basing his defense on the truth of [his co-defendant's] statements, but rather on the fact that they were made and that [the appellant] believed them to be true," the court held that the roommate's proffered testimony "was admissible as circumstantial evidence of [the appellant's] state of mind – his belief that [his co-defendant's] activities were legitimate." *Kohan*, 806 F.2d at 22. Moreover, the exclusion of that testimony "adversely affected [the appellant's] right to a fair trial," and therefore, was *not* harmless error, because, *inter alia*, "it would have been received on [the appellant's] direct case rather than during cross-examination of government witnesses" and "would have

**GIBSON DUNN**

The Honorable Kiyo A. Matsumoto
December 7, 2017
Page 3

    corroborated [the appellant's] statements to law enforcement officials, thereby helping to diminish the effect of their self-serving nature." *Id.*

- In *United States v. DiMaria*, 727 F.2d 265 (2d Cir. 1984), the defense sought to elicit an FBI agent's testimony that as he and other agents approached the defendant before his arrest, the defendant said, "I thought you guys were investigating white collar crime; what are you doing here? I only came here to get some cigarettes real cheap." *Id.* at 270. Accepting defendant's argument that his statement about "getting some cigarettes real cheap" could negate an intent to possess more than 60,000 cigarettes, as required under the pertinent statute, and instead suggest he intended "to possess bootleg cigarettes, not stolen cigarettes," *id.* at 271, the Second Circuit held that the agent's testimony was admissible to show defendant's state-of-mind and therefore its exclusion on hearsay grounds was reversible error, *see id*. at 270, 272.

- In *United States v. Ostrander*, 999 F.2d 27 (2d Cir. 1993), the Second Circuit considered the admissibility of a witness's testimony that "he had overheard [a key party's brother] tell [the key party] 'words to the effect that you better get moving selling the preferred [stock] or we are going to be long a whole lot of it.'" *Id.* at 32. Because the key party "did not disagree" with the overheard statement, the Second Circuit found that the statement "reflected the state of mind of each brother that the preferred was a hard sell" and was admissible. *Id.*

Finally, cases within this Circuit show that despite the government's objections today, the Department of Justice also elicits third-party testimony about prior, out-of-court statements as proof of a defendant's scienter. *See, e.g.*, *United States v. Valentine*, 644 F. Supp. 818, 821 (S.D.N.Y. 1986) ("five brokers' testimony that [a third party] told them that the money he was giving them was a loan" to be used for campaign contributions was admissible to "show [third party's] 'plan' to loan his employees money to contribute to the Campaign," which in turn was relevant to defendant-employee's state of mind when he attributed his contribution to another source).

For the reasons outlined above, we respectfully request that the Court permit Mr. Greebel's fact witnesses, including, but not limited to, Mr. Jacobs, to testify about their own or Mr. Greebel's out-of-court-statements that illustrate Mr. Greebel's then-existing state of mind.

**GIBSON DUNN**

The Honorable Kiyo A. Matsumoto
December 7, 2017
Page 4

Respectfully,

*/s/ Reed Brodsky*
Reed Brodsky

cc:   Alixandra E. Smith, Esq.
      David C. Pitluck, Esq.
      David K. Kessler, Esq.