

U.S. Department of Justice

United States Attorney
Eastern District of New York

AES/DCP/DKK  
F.#2014R00501

271 Cadman Plaza East  
Brooklyn, New York 11201

December 7, 2017

By Hand and ECF  
Honorable Kiyo A. Matsumoto  
United States District Judge  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, NY 11201

      Re:  United States v. Evan Greebel  
           Criminal Docket No. 15-637 (KAM)

Dear Judge Matsumoto:

      The government respectfully submits this letter in response to the defendant's letter requesting that defense witnesses be permitted "to testify about their own or Mr. Greebel's out-of-court statements that illustrate Mr. Greebel's then-existing statement of mind." Dkt. No. 475 ("Def. Ltr.") at 3.  The defendant's letter blurs two distinct scenarios – statements made to the defendant and statements made by the defendant – and two distinct evidentiary analyses – a statement's effect on a listener and a statement of a declarant's then-existing state of mind – to broadly assert that any statement that may "illustrate" the defendant's state of mind should be admitted into evidence.  The Court should reject the defendant's sweeping request and apply the standards set forth by the Second Circuit and the Rules of Evidence.  Under those well-established standards, the Court must consider each statement on its own, determine whether the statement is properly being offered as non-hearsay or meets the requirements of the claimed hearsay exception, and then conduct a Rule 403 analysis.  Only then can a statement but be admitted into evidence.

      I.      Applicable Law

           A.  Effect on the Listener

      If "the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay." Rule 801(c), advisory committee notes (emphasis added); United States v. Ulbricht, 858 F.3d 71, 111 (2d Cir. 2017) (same).  One such non-hearsay purpose is the effect of a statement on the listener. See, e.g., United States v. Puzzo, 928 F.2d 1356, 1365 (2d Cir. 1991).

Even if there is some relevance to a statement offered for its effect on the listener, however, the Court must still determine whether the statement should not be admitted because any potential relevance is outweighed by the risk that the jury will likely view the statement "for the truth." See Fed. R. Evid. 403.  As the Second Circuit has explained, a court must always decide "whether the probative value of this evidence for its non-hearsay purpose is outweighed by the danger of unfair prejudice resulting from the impermissible hearsay use of the declarant's statement." United States v. Reyes, 18 F.3d 65, 70 (2d Cir. 1994) ("the mere identification of a relevant non-hearsay use of such evidence is insufficient to justify its admission if the jury is likely to consider the statement for the truth of what was stated with significant resultant prejudice").  Therefore, there is "no abuse of discretion in [a] court's decision to limit the [hearsay] testimony in light of its conclusion that there was 'no way' such an instruction" about evidence being offered not-for-the-truth "would be effective." United States v. Gupta, 747 F.3d 111, 132–33 (2d Cir. 2014) ("They [the jury] are going to inevitably think if they accept this testimony at all that he is telling the truth to his own daughter, and they will be taking it for its truth, and I don't see how under that gross violation of the hearsay rule can be avoided.").

  B.  Declarant's State of Mind

Under Rule 803(3), a statement is not excluded by the rule against hearsay when it is "of the declarant's then existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the validity or terms of the declarant's will." Rule 803(3).

As the Second Circuit has explained, "Rule 803(3) is a specialized application of the present sense impression and excited utterance exceptions preceding it in Rule 803." United States v. Cardascia, 951, F.2d 474, 487 (2d Cir. 1991) (internal citations omitted).  Thus, "the reasons for the state of mind exception focus on the contemporaneity of the statement and the unlikelihood of deliberate or conscious misrepresentation." Id.  "The exclusion of 'statement[s] of memory or belief [proffered] to prove the fact remembered or believed' is necessary to prevent the exception from swallowing the hearsay rule.  This would be the result of allowing one's state of mind, proved by a hearsay statement, to provide an inference of the happening of an event that produced the state of mind." Id.  The Second Circuit has emphasized the in order to be admitted under 803(3), a statement "must face forward rather than backward." United States v. Harwood, 998 F.2d 91, 98 (2d Cir. 1993).

Applying these principles, the Second Circuit has affirmed the exclusion of a defendant's statements offered under the state of mind exception.  For example, in Cardascia, a defendant sought to admit his resignation letter to a bank in a prosecution for bank fraud.  951 F.2d at 486.  The Circuit affirmed the district court's preclusion of the resignation letter, noting that its admission would effectively allow "one's state of mind, proved by a hearsay statement, to provide an inference of the happening of an event that produced the state of mind." Id. at 487.  In United States v. Taubman, 297 F.3d 161 (2d. Cir 2002), the Circuit affirming exclusion of statement offered under 803(3) because it was a statement about "an event that already happened."  And in United States v. O'Connor, the Second Circuit held that only a portion of a note (which read "I hate my mother.  She used me.") written by a sexual abuse victim was

admissible under Rule 803(3).  The Court held that the statement "I hate my mother" was admissible under the state of mind exception but that the explanation for why the victim hated her mother – "[s]he used me—was not.  Id.  The latter statement, the Court explained, was "not a statement of [the victim's] state of mind."  Id.

  II.  <u>Argument</u>

    A. Whether a Statement Can Be Admitted for its Effect on the Listener Must Be <u>Determined on a Case-by-Case Basis</u>

  The defendant's reliance on various cases where specific statements were admitted as non-hearsay in certain contexts misses the point.  There are, of course, circumstances in which statements can be admitted for the effect on the listener.  And there are also circumstances in which a defendant's statement can be admitted as his then-existing state of mind.  But, as reflected in the cases cited by the defendant, a statement cannot be admitted simply because a party makes a vague argument to the "effect on the listener" or Rule 803(3).  For each statement, the Court must conduct the inquiry required by the Rules of Evidence.

  In the context of statements by third parties to the defendant, the effect on the listener only is relevant if (a) it had an effect <u>and</u> (b) the effect is itself relevant.  And, as set forth above, the statement only satisfies Rule 403 if the jury can reasonably understand it as going to effect only, without being confused by the assertion of fact.

  Moreover, a statement plainly can only have an effect on a listener if the statement was made <u>before</u> the effect.  E.g., <u>Tietema v. Nat'l Oilwell Varco, Inc.</u>, No. 14-CV-39-SWS, 2015 WL 11108847, at *2 (D. Wyo. Jan. 21, 2015) ("Any effect on the listener necessarily must occur at or after the time the statement is made.").  Thus, any relevance and admissibility analysis must also include a temporal inquiry – a statement made at an unknown time will have an unknown (if any) affect.  If the Court does not conduct this statement-by-statement inquiry, the bar against hearsay would be entirely meaningless: anything a party said in a defendant's presence would be admissible for the "effect" on the defendant.  The exception would swallow the rule.

    B. <u>The Proffered Statements Offered Today in Court Should Not Be Admitted</u>

  Applying these principles to the situation raised in Court today, the proffered statements from Mr. Jacobs to the defendant should not be admitted for the "effect on the listener" or more generally for the defendant's state of mind for two reasons.  <u>First</u>, any statements about the relative benefits of settling rather than litigating a claim (<u>see</u> Tr. 8427-28) could only be relevant to the defendant's state of mind if they occurred before the settlement agreements were first being offered in March and April 2013.  But it is unclear whether the statement Mr. Jacobs purportedly made to the defendant was made before or after that time.  Mr. Jacobs could not remember when between 2011 and 2013 the statement was made, and defense counsel alleged only that he believed the statement was made some time in 2013.  (<u>See</u> Tr. 8326 ("[THE WITNESS:] I believe somewhere between 2013, between '11, 2011, 2013. I don't know the specific time."); Tr. 8419 ("[MR. BRODSKY:] I believe from reasonable inferences that I

would be able to argue it's 2013.").) On the current record, the timing of the statement is completely unclear. The same timing problems applies to the proffered statement about consulting agreements. (Tr. 8428-29.)

Second, the proffered hearsay statements about both settlement and consulting agreements should not be admitted because the jury is likely to accept them as true regardless whether it is instructed that the statements are being offered for some limited purpose. See Tr. 8421 ("Mr. Brodsky said ten time[s], reasonable advice, good advice."). In effect, this is an effort to introduce expert testimony about the general propriety or reasonableness of certain practices in the guise of claiming the statement is being offered for a more limited purpose.

The handful of cases the defendant cites in his letter show that the "effect on the listener" exception to the hearsay prohibition may apply in some instances, but not to these statements. In United States v. Kanovsky, in which the defendant was prosecuted for making false statements in a grand jury proceeding, the court allowed testimony that the defendant had been warned by the prosecutor conducting the grand jury proceeding that the prosecutor did not believe the defendant was being candid. 618 F.2d 229, 231 (2d Cir. 1980). The prosecutor's warning was admitted to show that the defendant was on notice at the time of his testimony that he should be truthful. Thus the link between the statement and the relevant non-hearsay purpose, both in terms of time and relevance, was clear, and the danger of jury confusion low. In United States v. Kohan, 806 F.2d 18 (2d Cir. 1986), the defendant sought to offer the testimony of the defendant's roommate regarding 4 to 5 specific conversations in a two-month period between the defendant and a co-conspirator regarding the purpose of checks that the defendant cashed. Id. at 21. The Second Circuit ruled that the trial court erred in excluding the testimony, which it found to be "sufficiently specific" as "circumstantial evidence of the [defendant's] state of mind" and not "a fortiori, within the state of mind exception." Id. at 22. Unlike the statements here, the statements in Kohan were related to specific conversations between co-conspirators in a narrow time frame that were directly connected to the charged conduct. And in United States v. Ostrander, 992 F.2d 28 (2d Cir. 1993), the Court affirmed the admission of a specific statement regarding the declarant's then-existing plan and motive, and the listener's apparent agreement with that plan as reflecting both parties then-existing state of mind. Finally, in United States v. Vallee, 304 F. App'x 916, 919 (2d Cir. 2008), the court affirmed admission of a statement made to the defendant that an individual was the sole witness against the defendant in a Canadian drug prosecution. The statement was offered to prove the defendant's motive to murder the witness. Again, the specific link between the statement and a critical issue at the trial was clear, and there was no danger the jury would improperly rely on the statement for its truth – namely, that there was in fact only one witness against the defendant.

C. The Defendant's Own Statements Must Meet the Requirements of 803(3)

Although the majority of the defendant's letter addresses statements made by third parties to the defendant, the letter also seeks to admit the defendant's own statements under 803(3). For the reasons set forth above, this is a distinct inquiry.[1] And it is one that requires the

---

[1] The defendant cites only one case addressing a defendant's own statements under the state-of-mind exception: United States v. DiMaria, 727 F.2d 265, 270 (2d Cir. 1984). The

4

Court to consider whether each part of an offered statement satisfies all of the requirements of 803(3) set forth above. Indeed, the Second Circuit's careful parsing of a two-sentence statement in O'Connor – finding only one of the two sentences to be admissible under 803(3) – highlights the necessity of conducting a rigorous and independent analysis of each statement. Otherwise, any statement a defendant made could be offered to "illustrate" (Def. Ltr. at 4) the defendant's statement of mind and, once again, the exception would swallow the rule.

    III.    Conclusion

For the reasons set forth above, the defendant's request should be denied.

Respectfully submitted,

BRIDGET M. ROHDE
Acting United States Attorney

By:   /s/_____
Alixandra E. Smith
David C. Pitluck
David K. Kessler
Assistant U.S. Attorneys
(718) 254-7000

---

statement at issue in that case was made <u>at the moment</u> of the defendant's arrest and was about the very conduct for which he was being arrested, carrying contraband cigarettes.

5