

U.S. Department of Justice

United States Attorney
Eastern District of New York

AES/DCP/DKK
F.#2014R00501

271 Cadman Plaza East
Brooklyn, New York 11201

December 9, 2017

By Hand and ECF
Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  United States v. Evan Greebel
     Criminal Docket No. 15-637 (KAM)

Dear Judge Matsumoto:

The government respectfully submits this letter in response to the defendant's letter requesting that the jury not receive a copy of the Superseding Indictment ("Indictment") during its deliberations. Dkt. No. 473. For the reasons set forth below, the defendant's request should be denied, particularly in light of the government's position that the jury should receive a "clean" version of the Indictment that does not reference facts or allegations relating solely to Counts One through Six.

I.    Applicable Law

The Second Circuit has "long recognized that trial courts may, in their discretion, 'permit[ ] the jury to take a copy of the indictment into the jury room, after taking care to instruct the jury that the indictment [is] not to be considered evidence." United States v. Esso, 684 F.3d 347, 350 (2d Cir. 2012) (quoting United States v. Giampino, 680 F.2d 898, 901 n.3 (2d Cir. 1982)); see also United States v. Watts, 934 F. Supp. 2d 451, 491 (E.D.N.Y. 2013) (Matsumoto, J.).

The Second Circuit has further stated that "if a jury is permitted to see the indictment, and if any language of that indictment is surplusage or other matter that a jury may properly be instructed to disregard, we think the preferable course is to prepare a retyped 'clean' version of the indictment, omitting the language to be disregarded without any indication of its omission." United States v. Cirami, 510 F.2d 69, 74 (2d Cir. 1975).

## II. Argument

The defendant's argument that the jury should not receive the Indictment because a portion of it focuses on charges brought solely against co-defendant Martin Shkreli can easily be addressed by providing the jury with a "clean" version of the Indictment that does not reference facts or allegations that relate solely to Counts One through Six. As ordered by the Court, the government will confer with the defense regarding the preparation of a "clean" version of the Indictment for the jury. See Dec. 8, 2017 Order.

The defendant's argument that the jury should not receive the Indictment because it is a "speaking" indictment should also be rejected. As the defense recognizes, it is well within the Court's discretion to permit the jury to receive a copy of a speaking Indictment. Just as it did in the Shkreli trial, the Court should provide the jury with a redacted copy of the Indictment. And, just as it did at the close of the Shkreli trial (Shkreli Tr. 5528), at the beginning of this trial (Tr. 1068:2-4), and, as the Court's draft instructions make plain, will at the jury charge in this trial, the Court will instruct the jury that the Indictment is not to be considered evidence. In short, there is no reason for the Court to deviate from its standard practice in this case.

## III. Conclusion

For the reasons set forth above, the jury should receive a "clean" version of the Indictment that does not reference facts or allegations pertaining only to Counts One through Six.

Respectfully submitted,

BRIDGET M. ROHDE
Acting United States Attorney

By:  /s/_____
Alixandra E. Smith
David C. Pitluck
David K. Kessler
Assistant U.S. Attorneys
(718) 254-7000

2