

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

AES/DCP/DKK                            *271 Cadman Plaza East*
F.#2014R00501                          *Brooklyn, New York 11201*

December 11, 2017

By Hand and ECF
Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

           Re:   United States v. Evan Greebel
                Criminal Docket No. 15-637 (KAM)

Dear Judge Matsumoto:

        The government respectfully submits this letter in response to the Court's request this morning for case law regarding the defendant's proposed jury instruction on his "theory of the defense."

        Under Second Circuit law, "[a]lthough a defendant is 'entitled to have the court charge the jury on any defense theory for which a foundation existed in the record, he [is] not necessarily entitled to have that instruction communicated to the jury in the language of his choice.'" United States v. Coplan, 703 F.3d 46, 87 (2d Cir. 2012) (internal quotation marks and citation omitted). "The trial court enjoys broad discretion in crafting its instructions[,] which is only circumscribed by the requirement that the charge be fair to both sides." Id. (internal quotation marks omitted). "A conviction will not be overturned for refusal to give a requested charge . . . unless that instruction is legally correct, represents a theory of defense with basis in the record that would lead to acquittal, and the theory is not effectively presented elsewhere in the charge." United States v. Kozeny, 667 F.3d 122, 136 (2d Cir. 2011) (internal quotation marks and citation omitted, emphasis added).

        Although a defendant is entitled to a legally correct instruction on his theory of the defense, he is not entitled to an instruction that is argument. In United States v. Persing, 436 F. App'x 13, 17-18 (2d Cir. Aug. 26, 2011) (summary order), the Second Circuit affirmed the district court's rejection of a proposed "theory of the defense charge" as "closing argument." The Circuit stated:

> We find no error in [the district court's] decision, given that the requested charge was long, argumentative, and not always entirely clear. Further, and perhaps most importantly, the district court's actual instructions "correctly convey[ed] the required legal principles," United States v. Ganim, 510 F.3d 134, 142 (2d Cir.

2007), including all the points of law raised in Benedict's proposed charge, though of course without the same argumentative spin. And, contrary to Benedict's argument, the fact that the district court also read the indictment to the jury, while properly warning that it was not evidence and was provided only for help in understanding the charges, did not require the court to add what was effectively Benedict's closing argument to the instructions as well.

Id. at *17-18.

The Second Circuit's analysis is consistent with the law of other Circuits. See, e.g., United States v. Hoffecker, 530 F.3d 137, 175 (3d Cir. 2008) (affirming denial of theory of the defense charge where district court found the charge to be "argument" and stated that the charge would "change my role as the neutral giver of the law and turn me into some what of ... a commentator on argument"); United States v. Barham, 595 F.2d 231, 244 (5th Cir. 1979) (A defendant is not "entitled to a judicial narrative of his version of the facts, even though such a narrative is, in one sense, a 'theory of the defense'"); United States v. Paradies, 98 F.3d 1266, 1287 (11th Cir. 1996) ("We find that the district court was correct in finding that the requested jury charge was partisan and that it aspired 'to place the ... defendants' desired factual findings into the mouth of the court.'").

The government respectfully submits that the "defense theory" submitted by the defendant this weekend (Dkt. No. 480) is in large part improper pursuant to the case law set forth above because it primarily constitutes argument as opposed to a legally correct instruction about the defense theory. For example, the proposed "defense theory" includes argument that attacks the government's theory of the case (e.g., "Each of the prosecution's three theories in Count One makes no sense"), argument about the defendant's view of certain evidence that is not supported by the record (e.g., "Each of these investors were sophisticated, wealthy, and represented by lawyers," when there is no evidence that all investors were in fact represented by an attorney in connection with their settlement and/or consulting agreements), and argument about what Mr. Greebel may have thought or felt (e.g., "Mr. Greebel, like any other partner at Katten Muchin, wanted a higher base salary and bonus" and "Mr. Greebel understood that Mr. Shkreli arranged for these individuals to buy freely-trading shares at a deeply discounted price").

Respectfully submitted,

BRIDGET M. ROHDE
Acting United States Attorney

By:     /s/_____
        Alixandra E. Smith
        David C. Pitluck
        David K. Kessler
        Assistant U.S. Attorneys
        (718) 254-7000

2