

U.S. Department of Justice

United States Attorney
Eastern District of New York

AES/DCP/DKK
F.#2014R00501

271 Cadman Plaza East
Brooklyn, New York 11201

December 13, 2017

By Hand and ECF
Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:  United States v. Evan Greebel
           Criminal Docket No. 15-637 (KAM)

Dear Judge Matsumoto:

      The government respectfully submits this letter in response to the Court's order that the parties submit supplemental authorities or jury instructions regarding issues discussed at yesterday's charge conference. The government addresses the issues raised in the Court's Order below.

      I.      Informal Agreements Jury Instruction

      The government submits that the first paragraph of the Court's instruction on "informal agreements" should state:

> You have heard testimony from Alan Geller, who has been promised by the government that in exchange for testifying truthfully, completely, and fully, he will not be prosecuted for making false statements to the FBI and that the government will not use his statements in court or in interviews with the government against him. You also have heard testimony from Jackson Su, who has been promised by the government that it will not use his testimony in court in any subsequent prosecution against him, except in any prosecution for perjury, false statements or obstruction of justice. These promises were not a formal order of immunity by the court, but were arranged directly between the witnesses and the government.[1]

---

[1] The Court's prior version of this paragraph stated: "You have heard testimony from Alan Geller and Jackson Su, who have been promised by the government that in exchange for testifying truthfully, completely, and fully, they will not be prosecuted for any crimes that they may have admitted either here in court or in interviews with the government. These promises were not a formal order of immunity by the court, but were arranged directly between the witnesses and the government." The government's proposed revisions reflect the differences

## II. Identity Of All of the Alleged Co-Conspirators for Counts One and Two

The government is not aware of any authority to support the defendant's claim that the Court's jury instructions must identify all of the co-conspirators identified by the government.[2] United States v. Gaf, the only case upon which the defendant relied in court, provides no support for the defendant's position. 928 F.2d 1253 (2d Cir. 1991). In Gaf, the Second Circuit held that the district court should have admitted a bill of particulars as a prior inconsistent statement under Federal Rule of Evidence 801(d)(2).[3] The Circuit's holding had nothing to do with jury instructions or the identity of co-conspirators. It is therefore not surprising that the defendant did not cite Gaf – or any authority – in support of its proposed instruction identifying the co-conspirators. See Dkt. No. 461-1 at 36, n.35. The Court's instruction on conspiracy should remain as it is – consistent with the instructions in the Shkreli trial, the standard instruction on conspiracy, the Superseding Indictment, and the case law.

## III. Backdating

The government will address the backdating issue in Court.

## IV. Unanimity With Regard to Identity of Co-Conspirators

A substantial body of case law has squarely rejected the defendant's contention that a jury must unanimously agree on the identity of co-conspirators.[4] See, e.g., United States v. Still, 250 F.3d 878, 886-87 (4th Cir. 2001) ("the law of conspiracy . . . generally has not required jurors to identify the defendant's co-conspirators"); United States v. Spencer, 592 F.3d 866, 873 (8th Cir. 2010); United States v. Raffone, 693 F.2d 1343, 1348 (11th Cir. 1982) ("Appellant cites no authority, however, for his assertion that, in a normal conspiracy case, the jury must

---

between the agreements with Geller and Su. The government notes that it is in discussions with the defense about this instruction and the parties may propose a revised instruction based on those discussions.

[2] Courts have rejected claims that a district court erred by not including co-conspirator names in a jury charge. See, e.g., United States v. Espinoza, 684 F.3d 766, 784 (8th Cir. 2012) ("Carrasco contends that the district court abused its discretion by failing to include the names of Carrasco's co-conspirators in the conspiracy instruction. The district court's Instruction 10 required the jury to find that Carrasco conspired "with other persons" in order to convict, rather than naming all the co-conspirators. As both the superseding indictment and Instruction 10 denoted 'other person' no constructive amendment occurred); United States v. Spencer, 592 F.3d 866, 873-74 (8th Cir. 2010) (same).

[3] The bill of particulars at issue was filed in connection with the first trial in Gaf, which ended in a mistrial. The second trial also was a mistrial. At the third trial, the defendants sought to introduce the original bill of particulars filed in connection with the first trial. 928 F.2d at 1257.

[4] The defendant's proposed jury instructions, filed on November 28, 2017, do not appear to include the instruction the defense raised in Court yesterday regarding unanimity as to the identity of co-conspirators. See Dkt. No. 461-1.

2

unanimously agree as to the identities of the co-conspirator(s). The independent efforts of this court have likewise revealed no such authority. The failure of the contended for rule to surface in the dozens of cases surveyed casts doubt upon its validity."); United States v. Jackson, 879 F.2d 85, 88 (3d Cir. 1989) (Jury is not required to be unanimous as to "every factual element in any conspiracy count, including the identities of co-conspirators and the overt acts."). See also Espinoza, 684 F.3d at 784 (no instruction requiring that jury agree unanimously on which individual the defendant aided and abetted); United States v. English, 925 F.2d 154, 158 (6th Cir. 1991) (no unanimity required for identity of five individuals supervised by defendant in continuing criminal enterprise); United States v. Alli-Balogun, 72 F.3d 9 (2d Cir. 1995) (no plain error in declining to require unanimity as to drug violation which constituted basis for continuing criminal enterprise); United States v. Kozeny, 667 F.3d 122, 132 (2d Cir. 2011) (no unanimity required as to overt act in 18 U.S.C. §371 conspiracy); Rogers v. United States, 340 U.S. 367, 375 (1951) ("at least two persons are required to constitute a conspiracy, but the identity of the other members of the conspiracy is not needed, inasmuch as one person can be convicted of conspiring with persons whose names are unknown.").[5]

Once again, the Court's instruction on conspiracy should remain as it is – consistent with the instructions in the Shkreli trial, the standard instruction on conspiracy, and the case law.

V. <u>Instruction on Duty of Officers and Directors</u>

There is no dispute that Shkreli, as an officer and director of Retrophin, owed Retrophin a fiduciary duty. The only question is whether the charge in this case should include the black-letter instruction that officers and directors of a company owe that company a duty of loyalty. For the reasons set forth below, the instruction is legally correct and should be included.

As an initial matter, Count One does not charge the defendant with substantive wire fraud, but rather alleges a <u>conspiracy</u> to commit wire fraud between the defendant, Shkreli, and others by misappropriating Retrophin assets. As a result, to prove that the defendant is guilty of Count One, the government need not prove that the defendant (or anyone else) actually made any misrepresentations or material omissions. Rather, the government must prove only that the defendant entered into the conspiracy.

However, in the context of the charge, misrepresentations or material omissions by any of the co-conspirators is relevant evidence of the existence of such a conspiracy. As the Court is aware, a material omission – such as the fact that Retrophin assets were being used to repay defrauded MSMB investors – can only support a substantive charge of wire fraud if there is a specific duty to disclose information. Thus, only co-conspirators who have a fiduciary duty to Retrophin could have made material omissions that could be evidence of the conspiracy to commit wire fraud. Here, there are at least two members of the conspiracy who each have a separate fiduciary duty to Retrophin – the defendant, as a result of his attorney-client relationship with Retrophin, and Shrekli, as a result of his position as an officer of Retrophin. Consequently,

---

[5] We are aware of no authority requiring unanimity as to the identity of co-conspirators.

material omissions by <u>either</u> the defendant <u>or</u> Shkreli could be evidence of the charged conspiracy.

Although the defendant's trial was severed, the crime with which he is charged – conspiracy – and the identity of his co-conspirators – including Shkreli – has remained the same. If the trial had not been severed, or if other co-conspirators had been charged, the instruction on Shkreli's duty plainly would have been included. The result should be no different here.

The defendant's objections are unpersuasive. First, the government has not changed its theory. The indictment has always charged a conspiracy to commit wire fraud among the defendant, Shkreli, and others; each version of the government's proposed jury instructions have included a charge with regard to Shkreli's duty to Retrophin; and the evidence at trial includes evidence about information that was not disclosed to the Board by <u>either</u> the defendant and Shkreli (as well as affirmative misrepresentations by the defendant, Shkreli and other members of the conspiracy). That the government's case has focused on the defendant's conduct at this trial makes sense, but it does not mean that evidence about the conduct of other co-conspirators is irrelevant. The government is entitled to show the jury that material omissions by Shkreli are in fact evidence of the charged conspiracy.

Second, including the instruction about the duty of loyalty owed by Shkreli would not somehow make the defendant liable for Shkreli's conduct if the evidence shows that the defendant advised Shkreli not to omit certain information and Shkreli ignored that advice.[6] Such evidence may tend show the <u>absence</u> of a conspiracy – that is, that there was no meeting of the minds, because the defendant did not agree to have Shkreli withhold certain information – and the defendant can certainly argue that the jury should draw that inference. But the proposed instruction on Shkreli's duty will simply and accurately inform the jury that the defendant's co-conspirator, like the defendant, had a fiduciary duty to Retrophin. The jury will then have to

---

[6] To the extent the defendant's concern is the focus on Mr. Shkreli in the context of this particular instruction, the government's proposed instruction does not reference Mr. Shkreli directly: "Another such duty, which applies to corporate officers and directors, is the duty of loyalty. That duty mandates that the best interest of the corporation and its shareholders takes precedence over any interest possessed by a director or officer, and not shared by the stockholders generally. However, in order for a failure to disclose material information to constitute a fraudulent representation for purposes of the wire fraud statute, the officer or director must have actually known such disclosure was required to be made, and the officer or director must have failed to make such disclosure with the intent to defraud."

4

decide whether the government has proved the defendant's conspiracy beyond a reasonable doubt.

                                                Respectfully submitted,

                                                BRIDGET M. ROHDE
                                                Acting United States Attorney

By:    /s/_____
        Alixandra E. Smith
        David C. Pitluck
        David K. Kessler
        Assistant U.S. Attorneys
        (718) 254-7000