**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Reed Brodsky
Direct: +1 212.351.5334
Fax: +1 212.351.6235
RBrodsky@gibsondunn.com

December 13, 2017

VIA ECF

The Honorable Kiyo A. Matsumoto
United States District Court Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *United States v. Greebel*, S1 15 Cr. 637 (KAM)

Dear Judge Matsumoto:

We respectfully submit this letter regarding our anticipated questioning of Dr. Steven Rosenfeld. As proffered at an *in camera* sidebar today, the issue is what statements were made by a government official to Dr. Rosenfeld, who was insistent that he had performed genuine consulting services for Retrophin, Inc., a claim that was substantiated by the ruling of an independent arbitrator in January 2017. For the following reasons, the Court should not preclude us from questioning Dr. Rosenfeld about such statements.

Federal Rule of Evidence ("Rule") 801(d)(2) provides that a statement "offered against an opposing party" is not hearsay when it

> (A) was made by the party in an individual or representative capacity; (B) is one the party manifested that it adopted or believed to be true; (C) was made by a person whom the party authorized to make a statement on the subject; (D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed; or (E) was made by the party's coconspirator during and in furtherance of the conspiracy.

Fed. R. Evid. 801(d)(2). Under this Rule, "[s]tatements made by an attorney concerning a matter within his employment may be admissible against the party retaining the attorney." *United States v. McKeon*, 738 F.2d 26, 30 (2d Cir. 1984) (alteration in original) (internal quotation marks omitted) . "The typical admission that falls within the parameters of this rule is that made by an actual party to a suit, whereby he or she, or his or her agent, has commented upon a matter in issue and within that person's personal knowledge." *United States v. GAF Corp.*, 928 F.2d 1253, 1259 (2d Cir. 1991).

**GIBSON DUNN**

The Honorable Kiyo A. Matsumoto
December 13, 2017
Page 2

Federal courts have found that this Rule applies to statements made by government attorneys. Thus, the D.C. Circuit held in *United States v. Morgan*, 581 F.2d 933 (D.C. Cir. 1978), that "the Federal Rules clearly contemplate that the federal government is a party-opponent of the defendant in criminal cases," 581 F.2d at 937 n.10. The First Circuit expressly adopted the *Morgan* court's reasoning in *United States v. Kattar*, 840 F.2d 118 (1st Cir. 1988), stressing that "the Justice Department certainly should be considered" a "party-opponent in criminal cases," 581 F.2d at 130. Finally, in *United States v. Martinez*, 165 F.3d 34, 1998 WL 636779 (7th Cir. 1998) (unpublished decision), the Seventh Circuit agreed with the defendant-petitioner that a letter from the prosecution "might satisfy the requirements of [Rule 801(d)(2)]," 1998 WL 636779, at *3, but ultimately excluded the letter due to a double-hearsay issue.

While the Second Circuit has held that "out-of-court statements of a *government informant* are not admissible . . . pursuant to Rule 801(d)(2)(D)," *United States v. Yildiz*, 355 F.3d 80, 82 (2d Cir. 2004), it has not found that out-of-court statements made by a *prosecutor* are inadmissible. Moreover, in the course of finding that a bill of particulars could be admitted under Rule 801(d)(2), the Second Circuit rejected the argument that such a document should not be admitted because it "is not an authoritative adoption by the government of the facts specified therein." *GAF*, 928 F.2d at 1260.

This testimony is also admissible because it is not being offered for the truth of the matters asserted and is therefore not hearsay. *See* Fed. R. Evid. 801(c). As the Advisory Committee's notes to Rule 801 make clear, "[i]f the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay." Under Second Circuit precedent, proper not-for-truth purposes include establishing the fact that the statements occurred and their effect on the listener. *See, e.g.*, *United States v. Rowland*, 826 F.3d 100, 114 (2d Cir. 2016), *cert. denied*, 137 S. Ct. 1330 (2017); *United States v. Cert. Envtl. Servs., Inc.*, 753 F.3d 72, 89 (2d Cir. 2014). Likewise, a statement is admissible to simply prove the fact that it was made. In *United States v. Kohan*, 806 F.2d 18 (2d Cir. 1986), the Second Circuit found that evidence ought to have been admitted when it was offered not for "the truth of the . . . statements, but rather [for] the fact that they were made and that [the defendant] believed them to be true." *Id.* at 22.

"A statement offered to show its effect on the listener is not hearsay." *United States v. Dupree*, 706 F.3d 131, 136 (2d Cir. 2013). The underlying statements are admissible to show why Dr. Rosenfeld would have felt motivated to cooperate with the government and to provide context for what he knew in subsequent meetings. Thus, in a recent S.D.N.Y. case, the court admitted otherwise-hearsay testimony under this exception because it was offered to show "why it was reasonable for [the listener] to believe further negotiations with [his past

**GIBSON DUNN**

The Honorable Kiyo A. Matsumoto
December 13, 2017
Page 3

employer] . . . would have been futile." *Walsh v. Int'l Bhd. Of Elec. Workers*, 2017 WL 481470, at *4 n.3 (S.D.N.Y. Feb. 6, 2017).  Similarly, the Second Circuit has applied the effect-on-listener exception in order to "provide context for what [the listener] knew during . . . subsequent meetings," *Rowland*, 826 F.3d at 115.

For these reasons, the Court should not preclude us from questioning Dr. Rosenfeld, a key witness in Mr. Greebel's defense, about such statements made by a government official.

Respectfully,

*/s/ Reed Brodsky*
Reed Brodsky

cc:   Alixandra E. Smith, Esq.
      David C. Pitluck, Esq.
      David K. Kessler, Esq.