# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

555 Mission Street
San Francisco, CA 94105-0921
Tel 415.393.8200
www.gibsondunn.com

Winston Y. Chan
Direct: +1 415.393.8362
Fax: +1 415.374.8460
WChan@gibsondunn.com

December 16, 2017

VIA ECF

The Honorable Kiyo Matsumoto
United States District Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:    *United States v. Greebel*, 15 Cr. 637 (E.D.N.Y.)

Dear Judge Matsumoto:

Pursuant to Your Honor's Order yesterday, we respectfully submit the attached proposed jury instructions on three issues: the dismissal of backdating from Count One, Dr. Rosenfeld's testimony, and the purpose of evidence admitted not for its truth.  *See* Exhibit A.  After we shared our draft instructions with the government last night, the government informed us that with one minor edit, reflected in our draft, it agrees with our proposed instruction concerning evidence admitted not for its truth.  We are pleased the parties have agreed on this language.

The government, however, has proposed extensive edits to the other two proposed instructions, to which we cannot agree.  *See* Ex. B (government's redline of defense proposal).[1]

As an initial matter, the government's proposed instruction on "Count One" not only would cause substantial juror confusion about the role of backdating in this case but is entirely unsupported by the evidence presented at trial.  The government has committed that it will "not argue that the fact that a backdated interest itself was created standing alone would constitute a criminal act.  I guess that's the best way to put it because, obviously, we do believe it is evidence of a conspiracy.  *A conspiracy exists at the moment of the creation of the agreement.*"  Tr. at 9601:8-11.  The government further explained:

> [W]e will not argue that *the backdating*, the fact that a backdated -- interest was created in and of itself defrauded Retrophin, but rather, *was part of this longer course of conduct* that created an interest in MSMB Capital for Retrophin that

---

[1]    Additionally, the government has informed us that they would delete the word "also" from the proposed instruction on the dismissal of backdating from Count One.

**GIBSON DUNN**

The Honorable Kiyo Matsumoto
December 16, 2017
Page 2

> hadn't existed previously . . . and *that was in part the basis for the negotiations around the settlement and consulting agreements.*

Tr. at 9600:7-16.  Taken at face value, the government's statements demonstrate its intent to prove that the backdating was, in fact, part of a criminal course of conduct and may even reflect the very agreement on which proof of a conspiracy hinges.

Moreover, the government's argument is belied by the evidence.  For example:

- Mr. Greebel had no reason to disbelieve that the share transfers between Mr. Shkreli and any of Mr. Fernandez, Mr. Mulleady, and Mr. Biestek were not actually agreed to in the summer of 2012.

- There is no evidence that in late November 2012, when the share transfers at issue were executed, Mr. Greebel contemplated that Mr. Shkreli would want or need to compensate disgruntled MSMB Capital investors with cash or additional shares of RTRX.  Mr. Greebel was not informed of any litigation threats by MSMB Capital investors until February 2013.

- Nor is there any evidence that Mr. Greebel was aware that Mr. Shkreli requested that Mr. Mulleady or Mr. Fernandez transfer certain shares to Mr. Shkreli in exchange for the opportunity to buy Fearnow shares.

- Moreover, the government does not and cannot dispute that Mr. Shkreli owned so many Retrophin shares by fall 2012 that the transfers from Mr. Mulleady, Mr. Fernandez, and Mr. Biestek were unnecessary to and bear no direct link to Mr. Shkreli's transfer of 75,000 shares to Retrophin.

If the government truly were no longer alleging that backdating of certain share transfers were not criminal acts, it would agree that any evidence regarding backdating is irrelevant.  Their unwillingness to do so—and their insistence that the backdating remains part of the course of allegedly criminal conduct—is telling.

Additionally, the government wants Your Honor to charge the jury that "the conspiracy charged in Count One does not allege that [Dr. Rosenfeld's consulting] agreement constituted a fraud against Retrophin."  That is simply wrong—and highly misleading.  The Superseding Indictment alleges that Mr. Greebel conspired with Mr. Shkreli and others to defraud Retrophin by, *inter alia*, entering into consulting agreements with *four* individuals.  Through a September 30, 2016 letter, the government identified the allegedly "defrauded investors from

**GIBSON DUNN**

The Honorable Kiyo Matsumoto
December 16, 2017
Page 3


MSMB Healthcare, MSMB Capital, and Elea Capital who entered into sham consulting agreements are Rosenfeld, Blanton, Alan Geller and Yaffe" and noted that excepting Yaffe, "the government identified all of these individuals by name" in paragraphs 72 through 76 of Special Agent Delzotto's affidavit, which was submitted to Judge Weinstein in November 2015.  Ex. C (Sept. 30, 2016 letter to defense counsel) at 4-5.

For these reasons, we respectfully ask Your Honor to adopt the attached proposed instructions.

Respectfully,

*/s/ Winston Y. Chan*
Winston Y. Chan


Attachments


cc:    Alixandra E. Smith, Esq.
       David C. Pitluck, Esq.
       David K. Kessler, Esq.

# EXHIBIT A

## **MR. GREEBEL'S PROPOSED ADDITIONAL INSTRUCTIONS**

**Dismissal of the Backdating Scheme**

In deciding Count One, you will put out of your minds any reference or evidence concerning any alleged scheme to defraud Retrophin through the transfer of Retrophin shares to MSMB Capital in late 2012. The government has referred to this as the "Backdating Scheme." The Backdating Scheme has been dismissed from Count One.

You must decide Count One as if the Backdating Scheme was not charged as part of the alleged scheme to defraud Retrophin and as if no evidence was submitted to support a charge based on the Backdating Scheme. I further instruct you that merely backdating a document is not unlawful.

You must limit your consideration to the charge that Mr. Greebel conspired with others to defraud Retrophin by causing it to enter into 1) allegedly fraudulent settlement agreements with MSMB Capital and MSMB Healthcare investors to settle liabilities, and 2) allegedly sham consulting agreements with one MSMB Capital investor and one MSMB Healthcare investor to settle liabilities.

**Testimony of Dr. Rosenfeld**

You have heard the testimony of Dr. Steven Rosenfeld, who entered into a Consulting Agreement and Release with Retrophin, and who was an investor in MSMB Healthcare and Retrophin. The government is not alleging, has not attempted to show, and has not submitted any evidence that Dr. Rosenfeld's Consulting Agreement and Release was a sham or defrauded Retrophin in any way.

**Evidence Admitted Not for Its Truth**

I have instructed you during the trial that certain documents or statements were received in evidence not for their truth, but for one or more limited purposes. Among these limited purposes are to demonstrate a person's state of mind or future intent, show the effect of a document or statement on a person who received it, or assess a witness's credibility. I have also received documents or statements in evidence for the limited purposes of showing simply that a particular statement or document was made or transmitted, providing background, or giving context to other evidence admitted during the trial.

If I instructed you that a certain document or statement was received in evidence for a limited purpose, you should consider that document or statement only for that limited purpose or purposes.

# EXHIBIT B

**Edits to Defense's Proposed Instructions**

**~~Dismissal of the Backdating Scheme~~Count One**

~~In deciding Count One, you will put out of your minds any reference or evidence~~ There has been evidence concerning ~~any alleged scheme to defraud Retrophin through~~ the transfer of Retrophin shares to MSMB Capital and others in late 2012, as well as evidence about the dates of those transfers. ~~The government has referred to this as the "Backdating Scheme." The Backdating Scheme has been dismissed from Count One.~~

~~You must decide Count One as if the Backdating Scheme was not charged as part of the alleged scheme to defraud Retrophin and as if no evidence was submitted to support a charge based on the Backdating Scheme. I further instruct you that merely backdating a document is not unlawful.~~

~~You must limit your consideration to the charge that Mr. Greebel conspired with others to defraud Retrophin by causing it to enter into 1) allegedly fraudulent settlement agreements with MSMB Capital and MSMB Healthcare investors to settle liabilities, and 2) allegedly sham consulting agreements with one MSMB Capital investor and one MSMB Healthcare investor to settle liabilities.~~

I also instruct you that, although you can consider this evidence as evidence of the conspiracy charted in Count One, the government is not alleging that the share transfers themselves defrauded Retrophin, and you cannot find the defendant guilty of Count One solely on the basis of the evidence about these transfers and the dates on which they occurred.

**Testimony of Dr. Rosenfeld**

~~You have heard the testimony of~~ The defense offered testimony from Dr. Steven Rosenfeld~~, who entered into a~~ about his Consulting Agreement and Release with Retrophin~~, and who was an investor in MSMB Healthcare and Retrophin~~. I instruct you that the conspiracy charged in Count One does not allege that agreement constituted a fraud against Retrophin. ~~The government is not alleging, has not attempted to show, and has not submitted any evidence that Dr. Rosenfeld's Consulting Agreement and Release was a sham or defrauded Retrophin in any way.~~

**Evidence Admitted for Not for Its Truth**

I have instructed you during the trial that certain documents or statements were received in evidence not for their truth, but for one or more limited purposes. Among these limited purposes are to demonstrate a person's state of mind or future intent, show the effect of a document or statement on a person who received it, or assess a witness's credibility. I have also received documents or statements in evidence for the limited purposes of showing simply that a particular statement or document was made or transmitted, providing background, or giving context to other evidence admitted during the trial.

If I instructed you that a certain document or statement was received in evidence for a limited purpose, you should consider that document or statement <u>only</u> for that limited purpose or purposes.

# EXHIBIT C



U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

WMP/JMK/AES
F. #2014R00501

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 30, 2016

By Email

Benjamin Brafman, Esq.
Marc Agnifilo, Esq.
Andrea Zellan, Esq.
Brafman & Associates, P.C.
767 Third Avenue, 26th Floor
New York, New York 10017

Joel Cohen, Esq.
Reed Brodsky, Esq.
Lisa Rubin, Esq.
Gibson Dunn
200 Park Avenue
New York, NY 10166-0193

Re: United States v. Martin Shkreli, et al.
Criminal Docket No. 15-637 (KAM)

Dear Counsel:

In connection with the government's brief filed on September 30, 2016 in the above-captioned matter, the following is a chart of individuals and entities referred to by defined terms or pseudonyms in the Superseding Indictment, as well as where in the Crime Fraud Affidavit ("CFA"), Crime Fraud Emails ("CFE") and/or other disclosures this information is located.

| Defined Term | Superseding Indictment Cite | Identity | Example of identity in CFA, CFE or other disclosures |
|---|---|---|---|
| Co-Conspirator 1 | ¶¶ 3, 8, 13-15, 19, 20, 25, 25(c), 25(d), 25(e), 25(h), 25(i), 36, 39, 43(a), 43(g), 59(a), 59(b), 59(j), 59(l) | Marek Biestek | CFA ¶ 39 quotes the same email as in SI ¶ 59(a); the CFA identifies the recipient of defendant Greebel's email as Marek Biestek |
| RTRX Employee 1 | ¶¶ 25(a), 25(c), 25(d), 25(e), 25(f), 25(g), 25(h), 25(i), 25(j) | Jackson Su | CFA ¶ 25(c) quotes the same email as in SI ¶ 25(g); corresponding CFE identifies the Retrophin employee as Jackson Su |

| Defined Term | Superseding Indictment Cite | Identity | Example of identity in CFA, CFE or other disclosures |
|---|---|---|---|
| Corrupt Employee 1 | ¶¶ 16, 17, 25, 25(i), 36, 50(a), 50(c) | Kevin Mulleady | CFA ¶ 30 references the same email as in SI ¶ 25(i); CFA identifies share transfer agreement recipients as Marek Biestek (already identified as Co-Conspirator 1), Kevin Mulleady and Thomas Fernandez. The email referenced in SI ¶ 25(a) is in the government's discovery production and further indicates that Corrupt Employee 1 is Mulleady. |
| Corrupt Employee 2 | ¶¶ 25, 25(i), 36 | Thomas Fernandez | CFA ¶ 30 references the same email as in SI ¶ 25(i); CFA identifies share transfer agreement recipients as Marek Biestek (already identified as Co-Conspirator 1), Kevin Mulleady and Thomas Fernandez. |
| Accounting Firm 1 | ¶ 23 | Citrin Cooperman | CFA ¶ 25(c) quotes the same email as in SI ¶ 25(g); corresponding CFE identifies accountant as Corey Massella, who works for Citrin Cooperman |
| Accountant 1 | ¶¶ 25(c), 25(g), 25(i) | Corey Massella | CFA ¶ 25(c) quotes the same email as in SI ¶ 25(g); corresponding CFE identifies accountant as Corey Massella |
| Accountant 2 | ¶ 25(c) | Susan Chew | CFA ¶ 25(a) quotes the same email as in SI ¶ 25(c); corresponding CFE is copied to Corey Massella (identified elsewhere as Accountant 1) and Susan Chew |
| John Doe 1 | ¶¶ 36, 38, 59(i), 59(j) | Michael Fearnow | CFA ¶ 50(d) quotes the same email from defendant Greebel as SI ¶ 59(j); CFA identifies recipient of email as Michael Fearnow |

2

| Defined Term | Superseding Indictment Cite | Identity | Example of identity in CFA, CFE or other disclosures |
|---|---|---|---|
| Investor 1 | ¶¶ 9, 10, 12, 15, 31, 32, 34, 43(c), 43(e), 43(h), 43(i), 43(j), 59(l)) | Darren Blanton | CFA ¶ 74 and SI ¶ 31 discuss a sham consulting agreement signed by a MSMB Capital investor, who is identified in the CFA as Darren Blanton; in addition, the email quoted in SI ¶ 31 is a CFE (with subject line "BLANTON") discussed in redacted form in ¶ 74(e) |
| Investor 2 | ¶¶ 12, 15, 43(a), 43(b), 43(d), 43(f), 43(h), 43(k) | Steven Richardson | All emails referencing Investor 2 in the SI are contained in the discovery productions, and identify Investor 2 as Richardson. For example, the April 10, 2011 email referenced in SI ¶ 12 that stated that the investment value on was $509,514 is at SR004675 (one of only two emails in the discovery productions that has the number "509,514" in it). |
| Investor 3 | ¶¶ 16, 18, 32-34, 50(b), 50(e) | Alan Geller | CFA ¶ 73 and SI ¶ 33 both state that Investor 3's sham consulting agreement was placed on the Board's agenda; the CFA identifies this individual as Alan Geller |
| "Employees and contractors"[1] | ¶¶ 36-40, 59(b), 59(c) | Kevin Mulleady Thomas Fernandez Marek Biestek Timothy Pierotti Andrew Vaino Edward Sullivan Ronald Tilles | CFA ¶ 41 details the assignment of the Fearnow shares, also described in SI ¶ 38; CFA provides names for share recipients, and notes that Ronald Tilles received his shares c/o an entity called "Claridge Capital" |

---

[1] This was not a defined term in the Superseding Indictment, but both defendants stated they could not identify the Fearnow Share recipients.

3

| Defined Term | Superseding Indictment Cite | Identity | Example of identity in CFA, CFE or other disclosures |
|---|---|---|---|
| Elea Capital investor[2] | ¶ 32 | Lee Yaffe | Identified in the government's July 13, 2016 disclosure; also, discovery contains copy of consulting agreement |
| Capital Limited Partners | <u>Passim</u> | Lindsay Rosenwald<br>Steven Richardson<br>Edmund Sullivan<br>Brent Saunders<br>Darren Blanton<br>Sarah Hassan<br>Schuyler Marshall<br>John Neill | Several Capital Limited Partners are identified in the CFA and CFE (including those who signed settlement or consulting agreements); otherwise, these individuals are identified throughout the discovery, including in documents produced by Retrophin (including the Liquidation Email), MSMB Capital, Merrill Lynch, individuals, etc. |
| Healthcare Limited Partners | <u>Passim</u> | Barbara & Richard Kocher<br>Barbara Cieplugh & Justyna Kralska<br>Alan Geller<br>Molly Tschang<br>Seymour Block<br>Steven Rosenfeld<br>Robert Johnson<br>Michael Lavelle<br>Spencer Spielberg<br>David Geller<br>Patrick McGowan<br>George Blasko<br>Diandra de Morrell Douglas | Several Healthcare Limited Partners are identified in the CFA and CFE (including those who signed settlement or consulting agreements); otherwise, these individuals are identified throughout the discovery, including in documents produced by Retrophin (including the Liquidation Email), individuals, etc. |

       In addition, the government advises that the defrauded Capital or Healthcare Limited Partners who entered into the settlement agreements referenced in paragraphs 26-30 of the Superseding Indictment are as follows: Rosenwald, Kocher, Hassan, Spielberg, David Geller, Lavelle and Marshall. In a section of the CFA titled "Settlement Agreements," at paragraphs 58-71, the government identified all of these individuals by name, with the exception of Spielberg. All of these settlement agreements have also been provided in discovery. The government also

---

[2] This was not a defined term in the Superseding Indictment, but defendant Greebel stated he could not identify this individual. Greebel BOP Br. at 19.

4

advises that the defrauded investors from MSMB Healthcare, MSMB Capital, and Elea Capital who entered into sham consulting agreements are Rosenfeld, Blanton, Alan Geller and Yaffe. In a section of the CFA titled "Consulting Agreements," at paragraphs 72-76, the government identified all of these individuals by name, with the exception of Yaffe. Yaffe, Rosenfeld and Alan Geller were also identified in the government's July 13, 2016 disclosure. All of the consulting agreements have also been provided in discovery.

                Very truly yours,

                ROBERT L. CAPERS
                United States Attorney
                Eastern District of New York

By:   /s/ Alixandra Smith
                Winston Paes
                Jacquelyn Kasulis
                Alixandra Smith
                Assistant U.S. Attorneys
                (718) 254-7000

cc:     The Honorable Kiyo Matsumoto (by hand delivery)