**Jury Instructions**
**December 19, 2017**

**Court Exhibit 4**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x
                                   :
UNITED STATES OF AMERICA,          :
                                   :
         -against-                 :
                                   :   15-CR-637 (KAM)
EVAN GREEBEL,                      :
                                   :
              *Defendant.*          :
                                   :
----------------------------------x


**JURY INSTRUCTIONS**

**TABLE OF CONTENTS**

INTRODUCTION ............................................... 1

I. GENERAL RULES OF LAW ..................................... 2

   1. Role of the Court ...................................... 2

   2. Role of the Jury ....................................... 3

   3. Conduct of Counsel ..................................... 7

   4. Presumption of Innocence and Burden of Proof ............ 8

   5. Reasonable Doubt ....................................... 9

   6. Forms of Evidence .....................................10

     A. What Is Evidence: .................................10

     B. What Is Not Evidence: ............................12

   7. Evidence Offered "Not for the Truth" ...................13

   8. Direct and Circumstantial Evidence: ....................14

   9. Inferences ............................................16

   10. Credibility of Witnesses ..............................17

   11. Impeachment of Witnesses ..............................21

   12. Defendant's Right Not to Testify ......................21

   13. Testimony of Government Employees/Law Enforcement Witnesses 22

   14. Expert Witnesses ......................................23

   15. Prior Inconsistent Statements .........................24

   16. Preparation for Testimony .............................25

   17. No Duty to Call Witnesses or Produce Evidence or Use Particular Investigative Techniques .......................25

   18. Informal Agreements ...................................27

   19. Consider Only this Defendant ..........................28

   20. Approximate Dates .....................................29

II.   THE CHARGES.........................................29

  1. Summary of the Superseding Indictment; Consider Only the
Charges; Consider Each Count Separately .....................30

  2. Knowingly, Willfully, and Intentionally Defined .........31

    A. Knowingly ............................................31

    B. Willfully ............................................31

    C. Intentionally........................................31

COUNT ONE: Conspiracy to Commit Wire Fraud...................32

  1. Conspiracy to Commit Wire Fraud..........................33

    A. First Element: Existence of the Agreement..............34

    B. Second Element: Membership in the Conspiracy...........36

    C. Venue .................................................39

  2. Wire Fraud: Definition and Elements .....................41

    A. First Element – Existence of a Scheme or Artifice to
Defraud ....................................................42

    B. Second Element – Participation in Scheme with Intent ....45

    C. Third Element – Use of the Wires ......................47

  3. Testimony of Dr. Rosenfeld..............................48

  4. Evidence Concerning Certain Transfers ...................49

  5. GAAP Standards ..........................................49

COUNT TWO: Conspiracy to Commit Securities Fraud.............50

  1. Conspiracy...............................................53

  2. Securities Fraud ........................................56

  3. Conscious Avoidance .....................................66

  4. Definition of "Affiliate"................................67

III.  Defenses...............................................68

  1. Good Faith ..............................................68

IV.   CLOSING INSTRUCTIONS ..................................68

  1. Selection of a Foreperson................................69

2. Verdict & Deliberations .................................69

3. Note-Taking ...........................................72

4. Communications with the Court .........................72

5. Right to See Evidence .................................73

6. Return of Verdict.....................................73

7. Conclusion ...........................................74

<u>**Jury Instructions**</u>
<u>**December 19, 2017**</u>

<u>**INTRODUCTION**</u>

You are about to enter your final duty, which is to decide the factual issues in the case.  I ask that you please pay close attention to me now.  I will go as slowly as I can and be as clear as possible.

I told you at the very start of the trial that your principal function during the trial would be to listen carefully and observe each witness who testified.  It has been obvious to me and to counsel that you have faithfully discharged this duty, and I thank you for your attentiveness and service.  Now that you have heard all of the evidence in this case and the arguments of each side, it is my duty to give you instructions as to the applicable law.  My instructions will be in three parts:

<u>First</u>:  I will state some general rules about your role and the way in which you are to review the evidence in this case;

<u>Second</u>:  I will instruct you as to the two crimes charged in this case and the elements that the government must prove with respect to each; and

<u>Third</u>:  I will give you some general rules regarding your deliberations.

1

<u>**Jury Instructions**</u>
<u>**December 19, 2017**</u>

Do not single out any one instruction I give you as alone stating the law.  Rather, you should consider these instructions as a whole when you retire to the jury room to deliberate on your verdict.

## I.   <u>GENERAL RULES OF LAW</u>

**1.   <u>Role of the Court</u>**

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the government and for the defendant, Evan Greebel.

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you.  Even if any attorney or witness has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not, any of you, be concerned about the wisdom of any rule that I state.  Regardless of any opinion that you may have as to what the law may be — or ought to be — it

2

would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

2.   **Role of the Jury**

As members of the jury, you are the sole and exclusive judges of the facts.  Your role is to pass upon the weight of the evidence; determine the credibility of the witnesses; resolve such conflicts as there may be in the testimony; and draw whatever reasonable inferences you decide to draw from the facts as you have determined them.

In determining the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions, is not evidence.  Nor is anything I may have said during the trial or may say during these instructions with respect to a factual matter to be taken in substitution for your own independent recollection.  What I say is not evidence.

The evidence before you consists of the answers given by witnesses — the testimony they gave, as you recall it – and the exhibits and stipulations that were received in evidence.

The evidence does not include questions. Only the answers are evidence. But you may not consider any answer that I

3

directed you to disregard or that I directed struck from the record. Do not consider such answers.

Throughout this trial, I have reminded you not to conduct any outside research into this case. I have also instructed you to consciously avoid any media about this case. Likewise, during deliberations, you may only consider the evidence admitted at trial and may not utilize any other information obtained outside the courtroom, including, but not limited to, research on the internet, opinions or statements outside the courtroom, or other sources. You must completely disregard any media reports about this case that you have read in the press, seen on television, or heard on the radio. Indeed, it would be unfair to consider such reports, since they are not evidence and the parties have no opportunity of contradicting their accuracy or otherwise explaining them away. In short, it would be a violation of your oath as jurors to allow yourselves to be influenced in any manner by such media.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision

4

should be as to whether or not the government has proven that

Mr. Greebel is guilty beyond a reasonable doubt.

I also ask you to draw no inference from the fact that

upon occasion I asked questions of certain witnesses. These

questions were only intended for clarification or to expedite

matters and certainly were not intended to suggest any opinions

on my part as to the verdict you should render or whether any of

the witnesses may have been more credible than any other

witness. You are expressly to understand that the court has no

opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the

exclusive judges. You are to consider the evidence with

impartiality.  Your verdict must be based solely upon the

evidence developed at trial or the lack of evidence.

In reaching your decision as to whether the government

sustained its burden of proof, it would be improper for you to

consider any personal feelings you may have about Mr. Greebel's

race, religion, national origin, sex, age, or profession.  It

would be equally improper for you to allow any feelings you

might have about the nature of the crimes charged to interfere

with your decision-making process.  All persons are entitled to

the presumption of innocence from the start of the trial through

the end, and that presumption of innocence remains unless and until you have decided unanimously that the government has met its burden of proof, which I will discuss in a moment.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, are equal before the law.

If you have a reasonable doubt as to Mr. Greebel's guilt as to a particular count, you should not hesitate for any reason to find a verdict of acquittal on that count. But on the other hand, if you should find that the government has met its burden of proving that Mr. Greebel is guilty beyond a reasonable doubt as to a particular count, you should not hesitate because of fear or prejudice or bias or sympathy to render a verdict of guilty on that count.

Under your oath as jurors, you are not to be swayed by sympathy. You are to be guided solely by the evidence in this case, and the crucial question that you must ask yourselves as you sift through the evidence is: Has the government proven that Mr. Greebel is guilty of each count beyond a reasonable doubt?

<u>**Jury Instructions**</u>
<u>**December 19, 2017**</u>

It is for you alone to decide whether the government has proven that Mr. Greebel is guilty of each of the two counts charged, solely on the basis of the evidence and subject to the law as I charge you. If you follow your oath, and try the issues without fear or prejudice or bias or sympathy, you will arrive at a true and just verdict.

**3.**   <u>**Conduct of Counsel**</u>

It is the duty of the attorneys on each side of a case to object when the other side offers testimony or other evidence which the attorneys believe is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the court. You should not show any prejudice against an attorney or his or her client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury, or asked the court for a ruling on the law.

During the course of the trial, I may have admonished an attorney. You should draw no inference against the attorney or the client. It is the duty of the attorneys to offer evidence and press objections on behalf of their client. It is my

7

function to cut off counsel from an improper line of argument or questioning, and to strike answers when I think it is necessary. But you should draw no inference from that.

In fact, in this case, I would like to express my gratitude to each of the attorneys for their conscientious efforts on behalf of their clients and for work well done.

**4.    Presumption of Innocence and Burden of Proof**

Evan Greebel is before you today because he has been charged in a Superseding Indictment with violating federal law in two counts.  The Superseding Indictment is merely a statement of charges, and is not itself evidence.  Mr. Greebel has pleaded not guilty to the two crimes with which he is charged in the Superseding Indictment.  Mr. Greebel is therefore presumed to be innocent of the charges against him, and that presumption alone, unless overcome, is sufficient to acquit him.

To convict Mr. Greebel, the burden is on the government to prove each and every element of each of the two charged crimes beyond a reasonable doubt.  This burden never shifts to a defendant, for the simple reason that the law presumes Mr. Greebel to be innocent.  Mr. Greebel is not required to prove that he is innocent and has no burden or duty to call any witness or produce any evidence.

8

<u>**Jury Instructions**</u>
<u>**December 19, 2017**</u>

Every defendant starts with a clean slate and is presumed innocent of each of the charges until such time, if ever, that you as a jury are satisfied that the government has proven the defendant guilty of a given charge beyond a reasonable doubt.  If the government fails to prove every element of a charge beyond a reasonable doubt, you must find Mr. Greebel not guilty as to that charge.

**5.**   <u>**Reasonable Doubt**</u>

What is a reasonable doubt?  It is a doubt based on reason. It is doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life.  Proof beyond a reasonable doubt must, therefore, be proof of a convincing character that a reasonable person would not hesitate to rely on in making an important decision in his or her life.

A reasonable doubt is not a caprice or whim; it is not a speculation or suspicion.  It is not an excuse to avoid the performance of an unpleasant duty.  The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict.

<u>**Jury Instructions**</u>
<u>**December 19, 2017**</u>

If, after fair and impartial consideration of all of the evidence or lack of evidence concerning a particular charge against Mr. Greebel, you have a reasonable doubt, you must find Mr. Greebel not guilty of that charge.  On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied that the government has proven that Mr. Greebel is guilty beyond a reasonable doubt, you should find Mr. Greebel guilty of that charge.

**6.**   <u>**Forms of Evidence**</u>

I now will instruct you as to what is evidence and how you should consider it.

**A.**   **What Is Evidence:**

The evidence in this case comes in several forms:

1.   Sworn testimony of witnesses, including expert witnesses, both on direct and cross-examination;

2.   Exhibits that have been received by the court in evidence;

3.   Certain exhibits admitted in evidence in the form of charts, summaries and demonstratives. You should consider these charts and summaries as you would any other evidence; and

10

4.   Stipulations of fact to which all the attorneys
     have agreed.  A stipulation means simply that the
     government and the defendant accept the truth of
     a particular proposition or fact.  Here, the
     attorneys for the government and the attorneys
     for Mr. Greebel have entered into stipulations
     concerning the admission of certain facts and
     documents that are relevant to this case. You
     should accept these stipulations as evidence and
     regard those facts as true, to be given whatever
     weight you choose.

If I instructed you that a certain document or
statement was received in evidence for a limited purpose, you
must consider that document or statement for that limited
purpose only.

B.    **What Is Not Evidence:**

Certain things are not evidence and are to be disregarded by you in deciding what the facts are:

1.    The Superseding Indictment is not evidence and is entitled to no weight in your evaluation of the facts.

2.    Arguments or statements by the attorneys are not evidence.

3.    A lawyer's questions of a witness in and of themselves are not evidence - only the answer constitutes evidence.

4.    Objections to the questions or to offered exhibits are not evidence.  Attorneys have a duty to object when they believe evidence should not be received.  You should not be influenced by the objection or by the court's ruling on it.  If the objection was sustained, ignore the question.  If the objection was overruled, treat the answer like any other answer.

5.    Any testimony stricken by the court is not evidence.

12

<u>**Jury Instructions**</u>
<u>**December 19, 2017**</u>

6.   Any exhibits identified, but not admitted into
     evidence by the court, are not evidence, however,
     testimony regarding such exhibits is evidence.
     You should disregard any gaps in numbering
     between exhibits.

7.   Any redacted portions of any exhibits are not
     themselves evidence, and you should not speculate
     as to why the exhibit was redacted and what might
     be contained in any redacted portions of an
     exhibit.

8.   Obviously, anything you may have seen or heard
     outside the courtroom is not evidence.

9.   Any notes you may have taken during the course of
     the trial are not evidence.

Your verdict must be based exclusively upon the
evidence or the lack of evidence in this case.

**7.   <u>Evidence Offered "Not for the Truth"</u>**

I have instructed you during the trial that certain
documents or statements were received in evidence not for their
truth.  When a document or statement is admitted 'not for the
truth,' it means that the statement is not being offered to

13

prove the truth of the matter asserted in the document or statement.

Statements introduced 'not for the truth' were introduced for one or more limited purposes.  These limited purposes are to demonstrate a person's state of mind or future intent, show the effect of a document or statement on a person who received it, or assess a witness's credibility.  I have also received documents or statements in evidence for the limited purposes of showing simply that a particular statement or document was made or transmitted, providing background, or giving context to other evidence admitted during the trial.

If I instructed you that a certain document or statement was received in evidence for a limited purpose, you should consider that document or statement only for that limited purpose or purposes.

**8.   Direct and Circumstantial Evidence:**

I told you that evidence comes in various forms such as the sworn testimony of witnesses, expert witnesses, exhibits, charts and summaries, and stipulations.  There are, in addition, different types of evidence - direct and circumstantial.

1.   **Direct evidence:**  Direct evidence is evidence that proves a fact directly.  For example, when a

14

witness testifies to what he or she saw, heard or observed, that is called direct evidence.

2.   **Circumstantial evidence:** Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but the courtroom blinds were drawn and you could not look outside. Then later, as you were sitting here, several people walked in with dripping wet umbrellas and dripping wet raincoats.  Because you cannot look outside of the courtroom and cannot see whether or not it is raining, you have no direct evidence that it is raining. But, on the combination of the facts about the dripping wet umbrellas and raincoats, it would be reasonable for you to infer that it had begun to rain. That is all there is to circumstantial evidence. Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact. Whether a given inference should be drawn is

15

entirely a matter for you, the jury, to decide.
Please note, however, that drawing an inference
is not a matter of speculation or guess; it is a
matter of logical inference.

The law makes no distinction between direct and
circumstantial evidence.  Circumstantial evidence is of no less
value than direct evidence, and you may consider either or both,
and may give them such weight as you conclude is warranted.

## 9.   Inferences

The attorneys have asked you to infer, on the basis of
your reason, experience, and common sense, from one or more
established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a
reasoned, logical decision to conclude that a disputed fact
exists on the basis of another fact that you know exists.

There are times when different inferences may be drawn
from facts, whether proved by direct or circumstantial evidence.
The government may ask you to draw one set of inferences, while
the defense may ask you to draw another. It is for you, and you
alone, to decide what inferences you will draw.

The process of drawing inferences from facts in
evidence is not a matter of guesswork or speculation.  An

16

inference is a deduction or conclusion that you, the jury, are permitted to draw – but not required to draw – from the facts that have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted, but not required, to draw from the facts that you find to be proven such reasonable inferences as would be justified in light of your experience.

Here again, let me remind you that, whether based on direct or circumstantial evidence, or on the logical, reasonable inferences drawn from such evidence, you must be satisfied that the government has proven that Mr. Greebel is guilty beyond a reasonable doubt before you may convict on either charge.

## 10. Credibility of Witnesses

You the jury are the sole judges of the credibility – or believability – of the witnesses and the weight their testimony deserves.  You should carefully scrutinize all of the testimony given, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decisions in this respect may depend on how each witness impressed you.  Was the witness candid and forthright or did the witness seem to be hiding something, being evasive or suspect in some way?  How did the witness's testimony on direct examination compare with the witness's testimony on cross-examination?  Was the witness consistent in the testimony given or were there contradictions?  Did the witness appear to know what she or he was talking about and did the witness strike you as someone who was trying to report that knowledge accurately?  These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is, or is not, truthful.

You should also consider whether a witness had an opportunity to observe the facts he or she testified about. Also, you should consider whether the witness's recollection of the facts stands up in light of the other evidence in the case.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with the government or Mr. Greebel that may affect how he or she testified? Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth? Does the witness have some bias, prejudice, or hostility

18

<u>Jury Instructions</u>
<u>December 19, 2017</u>

that may cause the witness to give you something other than a completely accurate account of the facts he or she testified to?

Evidence that a witness is biased, prejudiced or hostile, toward either Mr. Greebel or the government, requires you to view that witness's testimony with caution, to weigh it with care, and to subject it to close and searching scrutiny.

You should also take into account any evidence that the witness who testified may benefit in some way from the outcome of this case. Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness's interest has affected or colored his or her testimony.

You have also heard evidence of what counsel claim are discrepancies in the testimony of certain witnesses, and counsel have argued that such discrepancies are a reason for you to

reject the testimony of those witnesses.  Evidence of discrepancies may be a basis to disbelieve a witness's testimony. On the other hand, discrepancies in a witness's testimony or between his or her testimony and that of others do not necessarily mean that the witness's entire testimony should be discredited.  People sometimes forget things and even a truthful witness may be nervous and contradict him- or herself. It is also a fact that two people witnessing an event may see or hear it differently. Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance.

A willful falsehood always is a matter of importance and should be considered seriously.  If any witness is shown to have willfully lied about any material matter, you have the right to conclude that the witness also lied about other matters. You may either disregard all of that witness's testimony, or you may accept whatever part of it you think deserves to be believed. It is for you to decide, based on your total impression of a witness, how to weigh his or her testimony. You should, as always, use common sense and your own good judgment.

**11.   Impeachment of Witnesses**

You do not have to accept the testimony of any witness who has not been contradicted or impeached, if you find the witness not to be credible.  You may, but need not, find that a witness is contradicted or impeached, for example, if you find that he or she testified to something that was inconsistent with what he or she testified to in the past, or which was inconsistent with documents, the testimony of another witness, or other evidence.  You also have to decide which witnesses to believe and which facts are true.  To do this you must look at all the evidence, drawing upon your own common sense and personal experience.  You should keep in mind that the burden of proof beyond a reasonable doubt is always on the government and that Mr. Greebel is not required to call any witnesses or offer any evidence, because he is presumed to be innocent.

**12.   Defendant's Right Not to Testify**

Mr. Greebel did not testify in this case.  Under the United States Constitution, a defendant has no obligation to testify or to present any evidence, because it is the government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the government throughout the entire trial and never shifts to the defendant.

<u>**Jury Instructions**</u>
<u>**December 19, 2017**</u>

Mr. Greebel is not required to prove that he is innocent, because his innocence as to each charge is presumed unless and until you find unanimously that the government has met its burden of proving that Mr. Greebel is guilty beyond a reasonable doubt.

Therefore, you must not attach any significance to the fact that Mr. Greebel did not testify in this case.  You must not draw any adverse inference against him because he did not take the witness stand and you may not consider or even discuss it in any way in your deliberations in the jury room.

13. <u>**Testimony of Government Employees/Law Enforcement Witnesses**</u>

In this case, you have also heard testimony from witnesses who work for the FBI, a law enforcement agency.  The testimony of those witnesses should be evaluated in the same manner as the testimony of any other witness.  The fact that a witness may be employed by the government does not mean that you may accord his or her testimony any more or less weight than that of any other witness.  At the same time, defense counsel may question the credibility of a witness employed by the government, including a witness who works in law enforcement, on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

<u>**Jury Instructions**</u>
<u>**December 19, 2017**</u>

It is for you to decide, after weighing all the evidence, in light of the instructions I have given you about factors relevant to determining the credibility of any witness, whether you accept the testimony of a government employee witness and what weight, if any, it deserves.

**14.** <u>**Expert Witnesses**</u>

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue.  A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training.  Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness' qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony.  You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept opinion testimony merely because I allowed the witness to

23

testify concerning his or her opinion.  Nor should you

substitute it for your own reason, judgment and common sense.

The determination of the facts in this case rests solely with

you.

## 15.  Prior Inconsistent Statements

You have heard evidence that some witnesses made

statements on earlier occasions, and counsel have argued that

these prior statements are inconsistent with the trial testimony

of these witnesses.  Evidence of what counsel argues are

arguably prior inconsistent statements was placed before you for

the limited purpose of helping you decide whether to believe the

trial testimony of the witness who arguably contradicted himself

or herself.  If you find that the witness made an earlier

statement that conflicts with his or her trial testimony, you

may consider that fact in deciding how much of his or her trial

testimony, if any, to believe.

In making this determination, you may consider whether

the witness purposely made a false statement or whether it was

an innocent mistake; whether the inconsistency concerns an

important fact, or whether it had to do with a small detail;

whether the witness had an explanation for the inconsistency,

and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent and, if so, how much, if any, weight should be given to the inconsistent statement in determining whether to believe all, part, or none of the witness's testimony.

## 16. **Preparation for Testimony**

During the course of trial, you heard testimony that the attorneys for the parties interviewed witnesses when preparing for and during trial.  Attorneys have an obligation to prepare their case as thoroughly as possible, and in the discharge of that responsibility properly interview witnesses in preparation for the trial and from time to time as may be required during the course of the trial.

## 17. **No Duty to Call Witnesses or Produce Evidence or Use Particular Investigative Techniques**

Although the government bears the burden of proof beyond a reasonable doubt, and although a reasonable doubt can arise from lack of evidence, you are instructed that there is no legal requirement that the government use any specific investigative techniques or pursue every investigative lead to prove its case.  The government, its agents and employees are

25

<u>**Jury Instructions**</u>
<u>**December 19, 2017**</u>

not on trial.  Therefore, although you are to carefully consider

the evidence adduced by the government, you are not to speculate

as to why they used the techniques they did or why they did not

use other techniques.

        In this regard, I also charge you that all persons who

may have been present at any time or place mentioned in the

case, or who may appear to have some knowledge of the issues in

this case, need not be called as witnesses.  Both the government

and the defense have the same right to subpoena witnesses to

testify on their behalf.  There is no duty on either side,

however, to call a witness whose testimony would be merely

cumulative of testimony already in evidence, or who would merely

provide additional testimony to facts already in evidence.  Nor

does the law require that all things mentioned during the course

of the trial be produced as exhibits. I remind you, however,

that because the law presumes that Mr. Greebel is innocent, the

burden of proving his guilt beyond a reasonable doubt is on the

government throughout the trial.  Mr. Greebel does not have the

burden of proving his innocence or of producing any evidence or

calling any witnesses at all.

**18.  Informal Agreements**

You have heard testimony from Alan Geller, who has been promised by the government that in exchange for testifying truthfully, completely, and fully, he will not be prosecuted for making false statements to the FBI and that the government will not use his statements in court or in interviews with the government against him.  You also have heard testimony from Jackson Su, who has been promised by the government that it will not use his testimony in court in any subsequent prosecution against him, except in any prosecution for perjury, false statements or obstruction of justice.  These promises were not a formal order of immunity by the court, but were arranged directly between the witnesses and the government.

The government is permitted to make these kinds of promises and is entitled to call as witnesses people to whom these promises are given.  You are instructed that you may convict a defendant on the basis of such a witness' testimony alone, if you find that his testimony proves the defendant guilty beyond a reasonable doubt.

However, the testimony of a witness who has been promised that he will not be prosecuted or who has been granted immunity for his testimony by the government should be examined

27

by you with greater care than the testimony of an ordinary witness.  You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon the defendant in order to further the witness' own interests, because such a witness, confronted with the realization that he can win his own freedom from prosecution by helping to convict another, has a motive to falsify his testimony.

Such testimony should be received by you with suspicion and you may give it such weight, if any, as you believe it deserves.

### 19. Consider Only this Defendant

You have heard evidence about the involvement of certain other people in the crimes charged in the Superseding Indictment. You may not draw any inference, favorable or unfavorable, towards the government or Mr. Greebel from the fact that certain persons are not on trial before you.  It is not your concern that these other individuals are not on trial before you, nor should you speculate as to whether or not they were indicted. You should neither speculate as to the reason these other people are not on trial before you, nor allow their absence as parties to influence in any way your deliberations in this case.  Nor should you draw any inference from the fact that

any other person is not present at this trial or may or may not

be indicted. Your concern is solely the person on trial before

you, Mr. Greebel.

Your verdict should be based solely upon the evidence

or lack of evidence as to Mr. Greebel, in accordance with my

instructions and without regard to whether the guilt of other

people has or has not been proven.

20. <u>**Approximate Dates**</u>

The Superseding Indictment charges that the offenses

at issue took place "in or about" and "between" certain dates.

The proof need not establish with certainty the exact date of

the alleged offenses.  The law requires a substantial similarity

between the date alleged in the Superseding Indictment and the

date established by the evidence.

## II.   <u>**THE CHARGES**</u>

I will now turn to the second part of my instructions.

In this part, I will instruct you as to the specific elements of

the crimes charged that the government must prove beyond a

reasonable doubt to warrant a finding of guilt in this case.

<u>Jury Instructions</u>
<u>December 19, 2017</u>

1.   <u>Summary of the Superseding Indictment; Consider Only the
Charges; Consider Each Count Separately</u>

I will begin by summarizing for you the two charges
alleged in the Superseding Indictment, which as I mentioned is
merely a statement of the charges, and is not evidence.
Mr. Greebel is not charged with committing any crime other than
the offenses contained in the Superseding Indictment.

The Superseding Indictment contains a total of two
counts against Mr. Greebel.  Each of the two counts charges Mr.
Greebel with a different crime related to an entity known as
Retrophin.  In one of the counts of the Superseding Indictment,
Mr. Greebel is charged with conspiracy to commit wire fraud, and
in the other count, he is charged with conspiracy to commit
securities fraud.

You must consider each of the two counts of the
Superseding Indictment separately, and you must return a
separate verdict for each count.  Whether you find Mr. Greebel
guilty or not guilty as to one offense charged in a count should
not affect your verdict as to the offense charged in the other
count.  For the sake of clarity, I will refer to the two counts
as Count One and Count Two.

30

<u>Jury Instructions</u>
<u>December 19, 2017</u>

**2.   <u>Knowingly, Willfully, and Intentionally Defined</u>**

During these instructions, you will hear me use the terms "knowingly," "willfully," and "intentionally."  Therefore, I will define these terms for you.

A.   **Knowingly**

To act "knowingly" means to act intentionally and voluntarily, and not because of ignorance, mistake, accident, negligence, or carelessness, or as a result of being misled or deceived.  Whether Mr. Greebel acted knowingly may be proven by his conduct and by evidence of all of the facts and circumstances surrounding the case.

B.   **Willfully**

"Willfully" means to act with knowledge that one's conduct is unlawful and with an intent to do something the law forbids; that is to say, with a bad purpose either to disobey or to disregard the law.  A defendant's conduct is not "willful" if it was due to negligence, inadvertence, or mistake.

C.   **Intentionally**

A person acts "intentionally" when he acts deliberately and purposefully.  That is, the defendant's acts must have been the product of his conscious objective decision rather than the product of a mistake or accident.

31

Whether a person acted knowingly, willfully, or intentionally is a question of fact for you to determine, like any other fact question.  Direct proof of knowledge and fraudulent intent is almost never available.  It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent.  Such direct proof is not required.  The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.  In either case, the government must prove the elements of the crime charged beyond a reasonable doubt.

## COUNT ONE: Conspiracy to Commit Wire Fraud

Count One of the Superseding Indictment charges Mr. Greebel with conspiracy to commit wire fraud as to Retrophin as follows:

> In or about and between February 2011 and September 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant EVAN GREEBEL, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud Retrophin, and to obtain money and property from Retrophin by means of

32

materially false and fraudulent pretenses,
representations and promises, and for the purpose of
executing such scheme and artifice, to transmit and
cause to be transmitted by means of wire communication
in interstate and foreign commerce writings, signs,
signals, pictures and sounds, contrary to Title 18,
United States Code, Section 1343.

The defendant denies the charge.

1.  **Conspiracy to Commit Wire Fraud**

I will now explain what it means to conspire to commit

wire fraud. The relevant statute is Title 18, Section 1349 of

the United States Code, which provides, in relevant part, that

it shall be unlawful for any person to "conspire[] to commit"

wire fraud.

A conspiracy is a kind of criminal partnership, at the

heart of which is an agreement or understanding by two or more

persons to violate other laws.  A conspiracy to commit a crime

is an entirely separate and different offense from the

underlying crime that the conspirators intended to commit.

Thus, if a conspiracy exists, the conspiracy is still punishable

as a crime, even if it should fail to achieve its purpose of the

underlying substantive crime.  A defendant may be found guilty

of conspiracy even if he was incapable of committing the

underlying substantive crime.  Consequently, for Mr. Greebel to

be guilty of conspiracy, there is no need for the government to

33

prove that he or any other conspirator actually succeeded in their criminal goals or even that they could have succeeded as to the underlying substantive crime.  With respect to Count One, the government alleges that Mr. Greebel conspired with others to defraud Retrophin in order to obtain Retrophin assets by wire fraud.

To prove the crime of conspiracy to commit wire fraud, the government must prove two elements beyond a reasonable doubt:

First, that Mr. Greebel and at least one other person entered into an agreement to commit wire fraud, a crime I will define for you; and

Second, that Mr. Greebel knowingly and intentionally became a member of the conspiracy.

You must reach a unanimous decision in connection with each element.  I will now describe these elements.

A.     **First Element: Existence of the Agreement**

The first element that the government must prove beyond a reasonable doubt for Count One is that Mr. Greebel and at least one other person entered into the charged agreement to commit wire fraud.  One person cannot commit a conspiracy alone.  Rather, the proof must convince you that at least two persons

34

joined together in a common criminal scheme.  The government

need not prove that members of the conspiracy met together or

entered into any express or formal agreement.  You need not find

that the alleged conspirators stated, in words or writing, what

the scheme was, its object or purpose, or the means by which the

scheme was to be accomplished.  It is sufficient if the

government proves, beyond a reasonable doubt, that the

conspirators tacitly came to a mutual understanding to

accomplish an unlawful act by means of a joint plan or common

design.  But proof that people simply met together from time to

time and talked about common interests, or engaged in similar

conduct, is not enough to establish a criminal agreement.

You may, of course, find that the existence of an

agreement between two or more persons to violate the law has

been established by direct proof. But since, by its very nature,

a conspiracy is characterized by secrecy to conceal the unlawful

agreement, direct proof may not be available. Therefore, you

may, if you choose, infer the existence of a conspiracy from the

circumstances of this case and the conduct of the parties

involved. In a very real sense, then, in the context of

conspiracy cases, actions often speak louder than words.  In

determining whether an agreement existed here, you may consider

the actions and statements of all those you find to be
participants in the conspiracy as proof that a common design
existed to act together for the accomplishment of the unlawful
purpose stated in the Superseding Indictment.

B.   **Second Element: Membership in the Conspiracy**

The second element the government must prove beyond a
reasonable doubt for Count One is that Mr. Greebel knowingly and
intentionally became a member in the charged conspiracy.  I have
explained to you what it means to act knowingly and
intentionally, and I refer you to those instructions.  (See pp.
33-34.)  As I explained, a person acts knowingly and
intentionally if he acts voluntarily, deliberately, and
purposefully, and not because of ignorance, mistake, accident,
negligence or carelessness.  In other words, did Mr. Greebel
participate in the conspiracy with knowledge of its unlawful
purpose and with the specific intention of furthering its
business or objective?  Knowledge and intent may be inferred
from a secretive or irregular manner in which activities are
carried out. Whether a defendant acted knowingly may be proven
by the defendant's conduct and by all of the facts and
circumstances surrounding the case.

In order for Mr. Greebel to be deemed a member of a conspiracy, he need not have had a stake in the venture or its outcome.  While proof of a financial or other interest in the outcome of a scheme is not required, if you find that Mr. Greebel did have such an interest, it is a factor you may properly consider in determining whether or not he was a member of the conspiracy charged in the Superseding Indictment.

Mr. Greebel's participation in the conspiracy must be established by independent evidence of his own acts or statements, as well as those of the other alleged co-conspirators, and the reasonable inferences that may be drawn from them.

A defendant's knowledge may be inferred from the facts proved.  In that connection, I instruct you that, to become a member of the conspiracy, a defendant need not have been apprised of all of the activities of all members of the conspiracy.  Moreover, a defendant need not have been fully informed as to all of the details, or the scope, of the conspiracy in order to justify an inference of knowledge on his part.  In addition, a defendant need not have joined in all of the conspiracy's unlawful objectives.

37

<u>Jury Instructions</u>
<u>December 19, 2017</u>

Each member of a conspiracy may perform separate and distinct acts and may perform them at different times.  Some conspirators play major roles, while others play minor parts in the scheme.  An equal role is not what the law requires. Even a single act may be sufficient to draw a defendant within the ambit of the conspiracy.  The key inquiry is simply whether a defendant joined the conspiracy charged with an awareness of at least some of the basic aims and purposes of the unlawful agreement and with the intent to help it succeed.

In considering whether a defendant participated in a conspiracy, be advised that a conspirator's liability is not measured by the extent or duration of his participation as he need not have been a member of the conspiracy for the entire time of its existence.  I caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient.  Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member.  Mere presence during the commission of a crime, even when coupled with knowledge that a crime is being committed, is insufficient to prove membership in a conspiracy.  More is required under the law.

38

What is required is that a defendant must have
participated with knowledge of at least some of the purposes or
objectives of the conspiracy and with the intention of aiding in
the accomplishment of those unlawful ends.  In sum, the
defendant, with an understanding of the unlawful character of
the conspiracy, must have intentionally engaged, advised or
assisted in it for the purpose of furthering the illegal
undertaking.

If you find that the government has not proven either
of these elements beyond a reasonable doubt, then you must find
Mr. Greebel not guilty of Count One.

C.    **Venue**

I have explained to you the elements the government
must prove beyond a reasonable doubt as to Count One.  In
addition, the government must prove that venue is proper in the
Eastern District of New York.  Unlike the elements of conspiracy
which the government must prove beyond a reasonable doubt, the
government must prove that venue is proper by a preponderance of
the evidence.  To establish a fact by a preponderance of the
evidence means to prove that the fact is more likely true than
not.  A preponderance of the evidence means the greater weight
of the evidence, both direct and circumstantial. It refers to

39

the quality and persuasiveness of the evidence, not to the
quantity of evidence.

Thus, as to the conspiracy charged in Count One, the
government must prove that it is more likely than not that the
agreement was formed or that an overt act in furtherance of the
conspiracy was committed in the Eastern District of New York,
which includes the boroughs of Queens, Brooklyn (also known as
Kings County), Staten Island (also known as Richmond County),
and the counties of Suffolk and Nassau, New York.  In this
regard, the government need not prove that the crime charged was
committed in the Eastern District of New York or that Mr.
Greebel or any alleged co-conspirator was even physically
present here.  It is sufficient to satisfy the venue requirement
if an overt act in furtherance of the conspiracy occurred within
the Eastern District of New York.  This includes not just acts
by Mr. Greebel or any alleged co-conspirator, but also acts that
the conspirators caused others to take that materially furthered
the ends of the conspiracy.

Therefore, if you find that it is more likely than not
that an overt act in furtherance of the conspiracy took place in
the Eastern District of New York, the government has satisfied
its burden of proof as to venue for Count One.

40

Again, I caution you that the preponderance of the evidence standard applies only to venue.  The government must prove each of the elements of both counts beyond a reasonable doubt.

## 2.   Wire Fraud: Definition and Elements

I will now define wire fraud, which is alleged to be the object of the conspiracy charged in Count One involving Retrophin. The relevant statute regarding wire fraud is Section 1343 of Title 18 of the United States Code, which provides that:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures or sounds for the purpose of executing such scheme or artifice, shall be [guilty of a crime].

Mr. Greebel is not charged with wire fraud itself, but with conspiracy to commit wire fraud.  Thus, the government need not prove that Mr. Greebel actually committed wire fraud, but, in order for you to find Mr. Greebel guilty of Count One, it must prove that Mr. Greebel conspired with at least one other person *with the intent* to commit each element of wire fraud.  I will now describe the elements of wire fraud, as they relate to the conspiracy charged in Count One.

41

A.    **First Element – Existence of a Scheme or Artifice to
      Defraud**

The first element of wire fraud is that there was a
scheme or artifice to defraud by means of false or fraudulent
pretenses, representations or promises.  Thus, because Count One
charges a conspiracy to commit wire fraud, the government must
prove, beyond a reasonable doubt, that Mr. Greebel, along with
at least one other person, conspired to defraud Retrophin by
means of false or fraudulent pretenses, representations or
promises.

A "scheme or artifice" is simply a plan for the
accomplishment of an objective.  "Fraud" is a general term which
embraces all the various means that an individual can devise and
that are used by an individual to gain an advantage over another
by false representations, suggestions, suppression or omission
of the truth, or deliberate disregard for the truth.

A "scheme or artifice to defraud" for the purposes of
the wire fraud statute is any plan, device, or course of action
designed to obtain money or property by means of false
representations or omissions.  Thus, a "scheme to defraud" is a
plan to deprive another of money or property by trick, deceit,
deception or swindle, or overreaching.  A statement,

42

representation, claim, or document is false if it is untrue when
made and was known at the time to be untrue by the person making
it or causing it to be made.  A representation or statement is
fraudulent if it was falsely made with the intention to deceive.

The expression of an opinion not honestly entertained
may constitute a false or fraudulent representation.  Deceitful
statements of half-truths or the concealment or omission of
material facts, when under a duty to disclose these material
facts, may also constitute false or fraudulent representations.
A duty to disclose can arise in a situation where a defendant
makes partial or ambiguous statements that require further
disclosure in order to avoid being misleading.

A duty to disclose material facts may also arise in
the context of a fiduciary relationship, such as the attorney-
client relationship.  As a result of this relationship, an
attorney must act on behalf of, and for the exclusive benefit
of, the attorney's client, rather than for the benefit of the
attorney or any other party.  I instruct you that a fiduciary
owes a duty to disclose all material facts known to him or her
concerning the transaction entrusted to it.  The concealment by
a fiduciary of material information which he or she knows and is
under a duty to disclose to another, under circumstances where

43

the non-disclosure can or does result in harm to the other, can be a fraudulent representation in violation of the wire fraud statute, if the government has proven beyond a reasonable doubt the other elements of the offense.

With regard to fiduciary duty, in order for a failure to disclose material information to constitute a fraudulent representation for purposes of the wire fraud statute, the defendant must have known such disclosure was required to be made, and must have failed to make such disclosure with the intent to defraud.

The fraudulent representation must relate to a material fact or matter.  A material fact in the context of wire fraud is one that reasonably would be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision.  A scheme to defraud does not exist when the alleged false representations or omissions were not directed to the nature of the bargain.

The deception need not be premised upon spoken or written words alone. The arrangement of words, or the circumstances in which they are used may convey a false and deceptive appearance.  If there is intentional deception, the manner in which it is accomplished does not matter.

44

It is not necessary that the government prove that the defendant actually realized any gain from the scheme or that the intended victim actually suffered any loss.

B.   **Second Element – Participation in Scheme with Intent**

The second element of wire fraud is that the defendant participated in the scheme to defraud knowingly, willfully and with the specific intent to defraud.

I already instructed you as to the meaning of "knowingly" and "willfully." I refer you to those instructions as they apply here also.  (See pp. 33-34.) For the purposes of the wire fraud statute, an "intent to defraud" means to act knowingly and with specific intent to deceive for the purpose of causing some financial or property loss to another.  Thus, for the purposes of the conspiracy charged in Count One, in order to establish that Mr. Greebel conspired to defraud Retrophin as charged in Count One, the government must prove that he intended to deceive and thereby to deprive Retrophin of money or property.

I will remind you, however, that the question of whether a person acted knowingly, willfully and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves Mr. Greebel's state

45

of mind.  As I said before, direct proof of knowledge and

fraudulent intent is not necessary. The ultimate facts of

knowledge and criminal intent, though subjective, may be

established by circumstantial evidence, based upon a person's

outward manifestations, his or her words, his or her conduct,

his or her acts and all the surrounding circumstances disclosed

by the evidence and the rational or logical inferences that may

be drawn from them.  Circumstantial evidence, if believed, is of

no less value than direct evidence.

Under the wire fraud statute, even false

representations or statements, or omissions of material facts,

do not amount to a fraud unless done with fraudulent intent.

Fraudulent intent is lacking where the falsity of the alleged

representations were not shown to be capable of affecting the

allegedly defrauded party's understanding of the bargain nor of

influencing his assessment of the value of the bargain to him.

Where the false representations are directed to the quality,

adequacy or price of the goods themselves, the fraudulent intent

is apparent because the victim is made to bargain without facts

obviously essential in deciding whether to enter the bargain.

Additionally, however misleading or deceptive a plan

may be, it is not fraudulent if it was devised or carried out in

good faith. An honest belief in the truth of the representations made by a defendant is a complete defense, however inaccurate the statements may turn out to be.  A defendant, however, has no burden to establish a defense of good faith.

C.    **Third Element – Use of the Wires**

        The third element of wire fraud is the use of an interstate or international wire communication in furtherance of the scheme to defraud.  The wire communication must pass between two or more states, or it must pass between the United States and a foreign country.  A wire communication includes a wire transfer of funds between banks in different states, telephone calls, emails and facsimiles between two different states.

        The item sent through the wires need not itself contain a fraudulent representation.  However, it must further or assist in the carrying out of the scheme to defraud.  It is not necessary for the defendant to be directly or personally involved in the wire communication, as long as the communication was reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating.

        As I mentioned, the government need not prove that Mr. Greebel actually committed wire fraud, the unlawful act charged

47

as the object of the conspiracy in Count One.  Rather, I remind

you that what the government must prove each one of the

following elements beyond a reasonable doubt:

First, that two or more persons entered into an

agreement to commit wire fraud; and

Second, that Mr. Greebel knowingly and intentionally

became a member of the conspiracy.

In addition, as I described earlier, the government

must prove that venue is proper by a preponderance of the

evidence.

3.    **Testimony of Dr. Rosenfeld**

You have heard the testimony of Dr. Steven Rosenfeld,

who entered into a Consulting Agreement and Release with

Retrophin.  The government does not allege in connection with

Count One that Dr. Rosenfeld's Consulting Agreement and Release

defrauded Retrophin.

You have also heard testimony concerning an

arbitration involving Dr. Rosenfeld and Retrophin, and a copy of

that arbitration decision has been admitted into evidence.  The

arbitration decision was introduced not for the truth of any

statement in it, but rather as evidence of what transpired in

relation to the rights and obligations of the parties to that

48

arbitration.  The arbitration decision does not bind you in any way.  As I have previously stated, you, the jury, are solely responsible for finding the facts in this case, based solely on the evidence at this trial.

4.   **Evidence Concerning Certain Transfers**

You have heard evidence concerning the transfer of Retrophin shares to MSMB Capital and others in late 2012, as well as the dates of the transfers.  The government does not allege that these share transfers defrauded Retrophin, and you cannot find Mr. Greebel guilty of Count One solely on the basis of evidence about these transfers and the dates these transfers occurred.  Your consideration of the conspiracy charged in Count One is limited to whether the government has proven, beyond a reasonable doubt, that Mr. Greebel conspired with others to defraud Retrophin by causing it to enter into 1) allegedly fraudulent settlement agreements with investors in MSMB Capital and MSMB Healthcare, and 2) allegedly sham consulting agreements with one MSMB Capital investor and one MSMB Healthcare investor.

5.   **GAAP Standards**

The government has offered evidence regarding generally accepted accounting principles, or GAAP. GAAP are standards used by accountants to prepare financial statements. I

instruct you that a violation of GAAP is not an element of a

conspiracy to commit wire fraud or securities fraud.

### COUNT TWO: Conspiracy to Commit Securities Fraud

Count Two of the Superseding Indictment charges Mr.

Greebel with conspiracy to commit securities fraud in connection

with Retrophin as follows:

> In or about and between November 2012 and September
> 2014, both dates being approximate and inclusive,
> within the Eastern District of New York and elsewhere,
> the defendant EVAN GREEBEL, together with others, did
> knowingly and willfully conspire to use and employ
> manipulative and deceptive devices and contrivances,
> contrary to Rule 10b-5 of the Rules and Regulations of
> the United States Securities and Exchange Commission,
> Title 17, Code of Federal Regulations, Section
> 240.10b-5, by: (a) employing devices, schemes and
> artifices to defraud; (b) making untrue statements of
> material fact and omitting to state material facts
> necessary in order to make the statements made, in
> light of the circumstances under which they were made,
> not misleading; and (c) engaging in acts, practices
> and courses of business which would and did operate as
> a fraud and deceit upon investors and potential
> investors in Retrophin, in connection with the
> purchase and sale of securities of Retrophin, directly
> and indirectly, by use of means and instrumentalities
> of interstate commerce and the mails, contrary to
> Title 15, United States Code, Sections 78j(b) and
> 78ff.
>
> In furtherance of the conspiracy and to effect its
> objects, within the Eastern District of New York and
> elsewhere, the defendant EVAN GREEBEL, together with
> others, committed and caused to be committed, among
> others, the following overt acts:

a. On or about December 12, 2012, Evan Greebel sent an
email to [Marek Biestek], attaching six stock purchase
agreements, and stated, in part, "attached are
purchase agreements for the acquisition of the
[unrestricted] stock. . . .  Please ask each person to
sign the last page and return it to me."

b. On or about December 13, 2012, Evan Greebel sent an
email to [Marek Biestek] and another one of the seven
employees and contractors who received unrestricted or
free trading shares, and stated, in part, "Please send
me an email confirming the following: I represent that
I am not an officer, a director, or holder of 10% or
more of the outstanding equity securities of Desert
Gateway and do not, alone or together with any other
person, exercise control over Desert Gateway."

c. On or about December 17, 2012, Martin Shkreli sent
an email to all employees, copying six of the seven
employees and contractors who received unrestricted
and free trading shares, and stated that Retrophin now
had four employees and that everyone else, including
the employees and contractors who received the
unrestricted or free trading shares, were no longer
employees or consultants to Retrophin or MSMB even
though they could continue using Retrophin's office
space as a courtesy.  Martin Shkreli then forwarded
this email to Evan Greebel.

d. On or about December 20, 2012, Evan Greebel sent an
email to Martin Shkreli, attaching a Schedule 13D, and
stated, "Attached is a draft of the 13D. We should
discuss."

e. On or about December 20, Martin Shkreli filed a
Schedule 13D with the SEC that failed to disclose his
control over any of the unrestricted or free trading
shares.

f. On or about January 2, 2013, Martin Shkreli sent an
email to Evan Greebel requesting Evan Greebel's
thoughts on a draft email that Martin Shkreli wanted
to send to one of the seven employees and consultants
who received unrestricted or free trading shares and

who was selling his RTRX stock.  In the draft email,
Martin Shkreli stated, in part, "I have decided to
commence litigation against you for failing to honor
the agreement we made in our office on December 10th.
You agreed to work for MSMB . . . Instead you have
failed to come to the office and will not even return
my telephone calls." Less than thirty minutes later,
Evan Greebel replied to Martin Shkreli, and stated,
"Very risky given what you[r] agreement was – could be
opening a much bigger can of worms."

g. On or about January 18, 2013, GREEBEL sent an email
to Martin Shkreli, and stated, in part, "I just need
the [$100,000] and can be patient again; ive [sic]
gotten you out of paying a lot of people, I cant [sic]
be left stuck at this point on this." Later that day,
GREEBEL sent another email, and stated, in part,
"[I've] repeadtedy [sic] done all you ask and very
rarely chase you for money."

h. On or about February 19, 2013, Martin Shkreli filed
an amended Schedule 13D with the SEC that failed to
disclose his control over any of the unrestricted or
free trading shares.

i. On or about March 8, 2013, Evan Greebel sent an
email to Martin Shkreli, and stated, "[Michael
Fearnow] and the 'purchasers' are signing an amendment
to their purchase agreement and in the amendment the
'purchaser' is directing [Michael Fearnow] to have the
stock delivered to the designated people."

j. On or about April 10, 2013, Evan Greebel sent an
email to [Michael Fearnow] and Martin Shkreli, and
stated, in part, "The 50k [unrestricted or free
trading] shares that were owed to [Marek Biestek]
should be broken down as follows . . . ."

k. On or about May 9, 2013, in response to an email
from Evan Greebel requesting the source of
unrestricted or free trading shares to settle a
dispute with a defrauded MSMB Healthcare investor,
Martin Shkreli stated, "Take from anyone – I don't
care – do the math?"

l.  On or about January 15, 2014, GREEBEL sent an email to Martin Shkreli concerning a request by Investor 1 for, inter alia, 100,000 unrestricted or free trading shares and stated, in part, "As you may recall, we discussed that [Marek Biestek] could transfer 100k shares of stock to [Darren Blanton] and we could have the board approve a 100k grant of new RTRX stock to [Marek Biestek]." In response, Martin Shkreli stated, in part, "Smarter thing to do is to give him 200K restricted stock and have him swap any and all he wants for free trading from our employees."

The defendant denies the charge.

1.  **Conspiracy**

I have already instructed you on conspiracy as it relates to Count One, conspiracy to commit wire fraud.  (See page 33.)  The same instructions regarding conspiracy apply to Count Two, which charges a conspiracy to commit securities fraud.  As I have previously instructed you, a conspiracy requires that the government prove, beyond a reasonable doubt:

First, that two or more persons entered into an agreement to commit a crime, which in this count is securities fraud; and

Second, that the defendant, Mr. Greebel, knowingly and intentionally became a member of the conspiracy.

There are, however, two additional elements the government must prove in order for you to find Mr. Greebel guilty of the securities fraud conspiracy charged in Count Two.

53

Specifically, the government must prove, beyond a reasonable

doubt:

> Third, that one of the members of the conspiracy committed
> at least one of the overt acts charged in the Superseding
> Indictment.  In order for the government to satisfy this
> element, it is not required that all of the overt acts
> alleged in the Superseding Indictment be proven or that the
> overt act was committed at precisely the time alleged in
> the Superseding Indictment. It is sufficient if you are
> convinced beyond a reasonable doubt that the overt act
> occurred at or about the time and place stated. Similarly,
> you need not find that Mr. Greebel himself committed the
> overt act. It is sufficient for the government to show that
> one of the conspirators knowingly committed an overt act in
> furtherance of the conspiracy, since, in the eyes of the
> law, such an act becomes the act of all of the members of
> the conspiracy.

> And Fourth, the government must prove beyond a
> reasonable doubt that at least one overt act was in
> furtherance of some object or purpose of the conspiracy as
> charged in the Superseding Indictment.  In order for the
> government to satisfy this element, it must prove, beyond a

reasonable doubt, that at least one overt act was knowingly

and willfully done, by at least one conspirator, in

furtherance of some object or purpose of the conspiracy as

charged in the Superseding Indictment. In this regard, you

should bear in mind that the overt act, standing alone, may

be an innocent, lawful act. Frequently, however, an

apparently innocent act sheds its harmless character if it

is a step in carrying out, promoting, aiding or assisting

the conspiratorial scheme. Therefore, you are instructed

that the overt act does not have to be an act which, in and

of itself, is criminal or constitutes an objective of the

conspiracy.

As with conspiracy to commit wire fraud, a defendant

may be found guilty of conspiracy to commit securities fraud

even if he was incapable of committing the underlying

substantive crime of securities fraud.  Consequently, for a

defendant to be guilty of conspiracy, there is no need for the

government to prove that he or any other conspirator actually

succeeded in their criminal goals or even that they could have

succeeded.  However, the government must prove beyond a

reasonable doubt that Mr. Greebel conspired with at least one

other person with the intent of committing each element of

securities fraud.

****

In addition to these four elements, the government

must also prove venue by a preponderance of the evidence.  I

have already instructed you about venue with regard to Count One

(see p. 43), and those instructions apply here as well.

Again, I caution you that the preponderance of the evidence

standard applies only to establishing that venue. The government

must prove each of the elements beyond a reasonable doubt.

## 2.   Securities Fraud

The criminal object of the conspiracy charged in Count

Two is Securities Fraud.  I will now instruct you on the law

regarding the underlying crime of securities fraud.  The

relevant statute is Section 10(b) of the Securities Exchange Act

of 1934.  That law provides in relevant part that:

> It shall be unlawful for any person, directly or
> indirectly, by the use of any means or instrumentality
> of interstate commerce or of the mails, or any
> facility of any national securities exchange –
> (b) To use or employ, in connection with the purchase
> or sale of any security registered on a national
> securities exchange or any security not so registered
> . . . any manipulative or deceptive device or
> contrivance in contravention of such rules and
> regulations as the [Securities and Exchange Commission
> ("SEC")] may prescribe as necessary or appropriate in

56

the public interest or for the protection of investors.

Based on its authority under this statute, the SEC enacted Rule 10b-5, which provides:

It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange, (a) To employ any device, scheme, or artifice to defraud, (b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or (c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

In order for you to convict Mr. Greebel of conspiracy to commit securities fraud charged in Count Two, the government must prove, beyond a reasonable doubt, that Mr. Greebel conspired to commit each element of securities fraud, which I will now describe.

1. First Element – Fraudulent Act

The first element of securities fraud is a fraudulent act. Thus, for purposes of the conspiracy to commit securities fraud charged in Count Two, the government must prove beyond a reasonable doubt that, in connection with the purchase or sale

of a security in Retrophin, Mr. Greebel conspired with at least one other person to:

(1) employ a device, scheme or artifice to defraud, or

(2) made an untrue statement of a material fact or omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

(3) engage in an act, practice or course of business that operated, or would operate, as a fraud or deceit upon any person in connection with the purchase or sale of Retrophin securities.

Let me now explain some of these terms.

- *Device, Scheme, or Artifice to Defraud*:  For the purposes of securities fraud, a device, scheme or artifice to defraud is a plan for the accomplishment of a fraud.  Fraud is a general term that embraces all efforts and means that individuals devise to take advantage of others.  The fraudulent or deceitful conduct alleged need not relate to the investment value of the securities involved in this case. Manipulative conduct that is designed to deceive or defraud investors by controlling or artificially affecting the price of securities is prohibited. An essential element

58

of manipulation of securities is the deception of investors into believing that the prices at which they purchase and sell securities are determined by the natural interplay of supply and demand.

- *False Statements and Omissions*:   A statement, representation, claim, or document is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made.   A representation or statement is fraudulent if it was made with the intention to deceive. False or fraudulent statements under the statute may include the concealment or omission of material facts in a manner that makes what is said or represented deliberately misleading.   For a statement to be false because it conceals or omits material information, there must be a duty to disclose such information.   As I have previously instructed you, this duty may arise because a defendant has made partial or ambiguous statements that require further disclosure in order to avoid being misleading.

- *"In Connection With"*:   The "in connection with" aspect of this element is satisfied if there is some nexus or relation between allegedly fraudulent conduct and the sale

59

or purchase of securities. Fraudulent conduct may be "in connection with" the purchase or sale of securities if the alleged fraudulent conduct "touched upon" a securities transaction.

It is no defense to an overall scheme to defraud that Mr. Greebel may not have been involved in the scheme from its inception or may have played only a minor role with no contact with the investors and purchasers of the securities in question.  Nor is it necessary for you to find that Mr. Greebel was the actual seller or offeror of the securities.  For the purposes of the "in connection with" requirement, it is sufficient if you find that the government has proven, beyond a reasonable doubt, that Mr. Greebel conspired to engage in a fraudulent scheme that involved the purchase or sale of Retrophin securities.  By the same token, the government need not prove that Mr. Greebel personally made an alleged misrepresentation or that he personally omitted a material fact necessary to make the statements made not misleading.  It is sufficient if the government proves beyond a reasonable doubt that Mr. Greebel conspired with at least one other person to cause the statement to be made, or the fact to be omitted.  With

60

regard to the alleged misrepresentations and omissions, you must determine whether the statement was true or false when it was made, and, in the case of alleged omissions, whether the omission was misleading.

- *Material Fact*: If you find that the government has established beyond a reasonable doubt that Mr. Greebel conspired to make a false statement, or omitted to state or disclose a fact in connection with the purchase or sale of any securities, you must next determine whether the fact misstated or omitted was material under the circumstances and that there was a duty to disclose the omitted information. "A misrepresentation is material under Section 10(b) of the Securities Exchange Act and Rule 10b-5 where there is a substantial likelihood that a reasonable investor would find the misrepresentation important in making an investment decision." If you find that Mr. Greebel conspired to make a material misrepresentation or to omit a material fact when there was a duty to disclose, it does not matter whether the intended victims were gullible buyers or sophisticated investors, because the securities laws protect the gullible and unsophisticated as well as the experienced investor.

61

Nor does it matter whether or not the alleged unlawful conduct was successful, or whether or not Mr. Greebel profited or received any benefits as a result of the alleged conspiracy. Success is not an element of the crime charged.

2. Second Element - Knowledge, Intent and Willfulness

The second element of securities fraud is that a defendant acted knowingly, willfully, and with intent to defraud.  Where, as in this case, a defendant is charged with conspiracy to commit securities fraud, the government must prove, beyond a reasonable doubt, that the defendant conspired knowingly, willfully, and with intent to defraud.

I have already defined "knowingly" and "willfully" for you, and I refer you to those earlier definitions (see pp. 33-34).

The definition of an "intent to defraud" in the context of the securities laws is slightly different than the requirement for intent for wire fraud.  For the purposes of securities fraud and the conspiracy to commit securities fraud charged in Count Two, "intent to defraud" means to act knowingly and with intent to deceive.

62

The question of whether a person acted knowingly, willfully and with intent to defraud is a question of fact for you to determine, like any other fact question.  This question involves one's state of mind.

Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that, as of a given time in the past, he committed an act with fraudulent intent. Such direct proof is not required.

Under the anti-fraud statutes, even false representations or omissions of material facts do not amount to a fraud unless done with fraudulent intent.  However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. An honest belief in the truth of the representations made by a defendant is a complete defense, however inaccurate the statements may turn out to be.

3. Third Element - Instrumentality of Interstate Commerce

The third and final element of securities fraud is the use of the mails or any means or instrumentalities of transportation or communication in interstate commerce in furtherance of the scheme to defraud.  This would include the

63

use of a telephone, a bank wire transfer or an email sent over the Internet that traveled across state lines.

It is not necessary that Mr. Greebel be directly or personally involved in any mailing, wire, or use of an instrumentality of interstate commerce. The government must, however, prove beyond a reasonable doubt that Mr. Greebel conspired to engage in conduct which he knew or reasonably could foresee would naturally and probably result in the use of interstate means of communication.

When one does an act with the knowledge that the use of interstate means of communication will follow in the ordinary course of business, or where such use reasonably can be foreseen, even though not actually intended, then he causes such means to be used.

It is not necessary that the items sent through interstate means of communication contain the fraudulent material, or anything criminal or objectionable. The interstate means of communication may be entirely innocent.

The use of interstate communications need not be central to the execution of the scheme, and may even be incidental to it. All that is required is that the use of the interstate communications bear some relation to the object of

64

the scheme or fraudulent conduct.  In fact, the actual offer or sale need not be accomplished by the use of interstate communications, so long as the defendant is still engaged in actions that are a part of the fraudulent scheme when interstate communications are used.

* * * * *

In sum, to find Mr. Greebel guilty of conspiracy to commit securities fraud as charged in Count One, you must find that the government has proven, beyond a reasonable doubt, the following:

First, that two or more persons entered into an agreement to commit securities fraud;

Second, that the defendant knowingly and intentionally became a member of the conspiracy;

Third, that one of the members of the conspiracy knowingly committed at least one of the overt acts charged in the Superseding Indictment; and

Fourth, that the overt act or acts that you find were committed were done specifically to further some objective of the securities fraud conspiracy.

65

In addition, you must find that the government has established that venue for Count Two is proper by a preponderance of the evidence.

## 3. Conscious Avoidance

As I explained, for purposes of both Counts One and Two, the Government is required to prove that the defendant knowingly and intentionally became a member of the conspiracy and that the object of the conspiracy was to commit wire fraud for Count One and securities fraud for Count Two.  In determining whether the defendant acted knowingly with respect to the object of the conspiracy, you may consider whether the defendant deliberately closed his eyes to what would otherwise have been obvious to him.

If you find beyond a reasonable doubt that the defendant was aware that there was a high probability that his co-conspirators' objective was to violate the law as charged in the Superseding Indictment but that the defendant deliberately avoided confirming this fact, you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge of the object of the charged conspiracy.  However, if you find that the defendant actually believed that he or his co-conspirators were acting in a lawful manner, he may not be

66

convicted of the charge.  I also remind you that guilty

knowledge may not be established by demonstrating that the

defendant was merely negligent, foolish, or mistaken.  There is

a difference between intentionally participating in the

conspiracy and knowing the objects of the conspiracy.

"Conscious avoidance" of, or "willful blindness" to, the objects

of the conspiracy, as I have described it, cannot be used as a

basis for finding that the defendant intentionally joined the

conspiracy.  It is logically impossible for a defendant to join

the conspiracy unless he or she knows the fact that the

conspiracy exists.

However, if you find beyond a reasonable doubt that

the defendant chose to participate in a joint undertaking, you

may consider whether the defendant deliberately avoided

confirming an otherwise obvious fact: that the purpose of the

partnership he joined was to violate the law as charged in the

Superseding Indictment.

**4.   Definition of "Affiliate"**

An affiliate of an issuer is a person that directly,

or indirectly through one or more intermediaries, controls, or

is controlled by, or is under common control with, such issuer.

Affiliates of an issuer include, but are not limited to,

officers, directors, and controlling shareholders in that

issuer. "Control" means the power to direct the management and

policies of the company in question, whether through the

ownership of voting securities, by contract, or otherwise.

III.   Defenses

**1.**   Good Faith

Good faith is a complete defense to the charges in

this case.  If you conclude that Mr. Greebel believed, in good

faith, that he was acting properly, even if he was mistaken in

that belief, and even if others were injured by his conduct,

there would be no crime.  Similarly, if you believe that

Mr. Greebel believed in the truth of the representations that he

made, then it does not make any difference if the

representations were untrue.  The burden of establishing lack of

good faith and criminal intent rests on the government. A

defendant is under no burden to prove his good faith; rather,

the government must prove bad faith or knowledge of falsity

beyond a reasonable doubt.

**IV.   CLOSING INSTRUCTIONS**

I have now outlined for you the rules of law

applicable to the charges in this case and the processes by

which you should weigh the evidence and determine the facts.  In

68

a few minutes, you will retire to the jury room for your
deliberations.

1.   **Selection of a Foreperson**

When you retire, you will choose one member of the
jury as your foreperson.  That person will preside over the
deliberations and speak for you here in open court.  In order
for your deliberations to proceed in an orderly fashion, you
must have a foreperson, but of course, his or her opinion or
vote are not entitled to any greater weight than that of any
other juror.

2.   **Verdict & Deliberations**

The government, to prevail, must prove the essential
elements by the required degree of proof, as already explained
in these instructions. If the government succeeds, your verdict
should be guilty as to the count; if it fails, your verdict
should be not guilty as to the count. To report a verdict, it
must be unanimous.

Your function is to weigh the evidence in the case and
determine whether or not the defendant is guilty, based solely
upon such evidence.

Each juror is entitled to his or her opinion; each
should, however, exchange views with his or her fellow jurors.

69

That is the very purpose of jury deliberation — to discuss and consider the evidence; to listen to the views of fellow jurors; to present your individual views; to consult with one another; and to reach an agreement based solely and wholly on the evidence — if you can do so without violence to your own individual judgment.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case.

But you should not hesitate to change an opinion that, after discussion with your fellow jurors, appears erroneous. However, if, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your conviction simply because you are outnumbered.

Your final vote must reflect your conscientious conviction as to how the issues should be decided. Your verdict, whether guilty or not guilty, must be unanimous.

As you deliberate, your function is to weigh the evidence in the case and to determine whether the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence.  Under your oath as jurors, you cannot allow a

consideration of the punishment that may be imposed upon the

defendant, if he is convicted, to influence your verdict, or in

any way enter into your deliberations.  The duty of imposing

punishment rests exclusively with the court.

In addition, during your deliberations, you must not

communicate with or provide any information to anyone by any

means about this case.  You may not use any electronic device or

media, such as the telephone, a cell phone, smart phone, iPhone,

Blackberry or computer, the internet, any internet service, any

text or instant messaging service, any internet chat room, blog,

or website such as Facebook, MySpace, Instagram, LinkedIn,

YouTube, or Twitter, to communicate to anyone any information

about this case or to conduct any research about this case.  In

other words, you cannot talk to anyone on the phone, correspond

with anyone, or electronically communicate with anyone about

this case, except with your fellow jurors in the jury room

during deliberations.

Along the same lines, you should not try to access any

information about the case or do research on any issue that

arose during the trial from any outside source, including

dictionaries, reference books, or anything on the Internet.

Information that you may find on the Internet or in a printed

71

reference might be incorrect or incomplete. In our court system, it is important that you not be influenced by anyone or anything outside this courtroom. Your sworn duty is to decide this case solely and wholly on the evidence that was presented to you in this courtroom.

3.   **Note-Taking**

Your notes are to be used solely to assist you and are not to substitute for your recollection of the evidence in the case.  Do not assume simply because something appears in a juror's notes that it necessarily took place in court.  Instead, it is your collective memory that must control as you deliberate upon the verdict.  The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror, and your notes are not to be shown to any other juror during your deliberations.

4.   **Communications with the Court**

If it becomes necessary during your deliberations to communicate with me for any reason, simply send me a note signed by your foreperson or by one or more other members of the jury. No member of the jury should ever attempt to communicate with me or with any court personnel by any means other than a signed writing.  I will not communicate with any member of the jury on

72

any subject touching on the merits of this case other than in writing or orally here in open court.  Do not ever disclose how the jury stands numerically or otherwise on the question of guilt or innocence.

**5.    Right to See Evidence**

You will have the exhibits and a list of exhibits received in evidence during the course of the trial in the jury room with you.  If you wish to have any portion of the testimony repeated, you may simply indicate that in a note.  Be as specific as you can be if you make such a request.  Let us know which exhibit or which part of which witness's testimony you want to hear, and please be patient while we locate it.  If you need further instructions on any point of law, you should also indicate that in a note.

**6.    Return of Verdict**

When you have reached a verdict, simply send me a note signed by your foreperson that you have reached a verdict.  Do not indicate in the note what the verdict is.

To report a verdict, it must be unanimous.  That is, all of you must agree that the government has proven beyond a reasonable doubt that Mr. Greebel knowingly, willfully, and with intent to defraud, entered into an agreement with at least one

73

other person to commit every element of wire fraud in Count One,

or every element of securities fraud for Count Two.

You must render a verdict for the defendant as to both

Count One and Two of the Superseding Indictment.  To help you, I

have prepared a verdict form that may be of assistance to you in

your deliberations.  On the verdict sheet are spaces marked

"guilty" or "not guilty" for both counts.  The form is in no way

intended to indicate how you must deliberate or decide the facts

of this case.  The foreperson should use a check mark in the

appropriate space indicating "guilty" or "not guilty" for each

count of the Superseding Indictment with which Mr. Greebel is

charged.  The foreperson should also place his or her initials

and the date beside each mark on the verdict form.

7.   **Conclusion**

Finally, I want to remind you of the oath you took

when you were sworn as a juror at the beginning of this case.

Remember, in your deliberations, that this case is no passing

matter for the government or Mr. Greebel.  The parties and the

court rely upon you to give full and conscientious deliberation

and consideration to the issues and evidence before you.  By so

doing, you carry out to the fullest your oaths as jurors:  to

<u>**Jury Instructions**</u>
<u>**December 19, 2017**</u>

well and truly try the issues of this case and a true verdict render.

Before asking you to retire and begin your deliberations, let me first consult with counsel to be certain I have not overlooked any point.

75