Joshua E. Dubin, Esq., P.A.
_____

December 19, 2017

VIA ECF

The Honorable Kiyo A. Matsumoto
United States District Court Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:     *United States v. Greebel*, S1 15 Cr. 637 (KAM)

Dear Judge Matsumoto:

We respectfully write in response to the government's resurrected argument today that the Court should preclude us from arguing in summation that the government's rush to judgment against Evan Greebel and the insufficiency of its investigation in this case establish reasonable doubt that Mr. Greebel is guilty of the charged offenses. *See* Trial Tr. 10155:5–20. In the discussion that followed, the Court suggested that "calling into question the [government's] investigative decisions," "disagreeing with the investigative decisions of a law enforcement officer," challenging the government's "investigative techniques . . . is not relevant under case law." Trial Tr. 10158:22–24, 10162:11–13, 10167:3–7, 10170:22–25. We respectfully disagree and request that the Court deny the government's effort to relitigate an issue it conceded months ago.

In *United States v. Zapata*, the Second Circuit noted that the district court "fully permitted defendants to attack the government's investigative techniques" including the argument that "by failing to use certain methods of investigation, the government had failed to establish the existence of a conspiracy and each defendants *[sic]* participation in it." 164 F.3d 620, 1998 WL 681311, at *7 (2d Cir. Jan. 30, 1998) (summary order). In addition, the *Zapata* defendants were permitted "to argue in summation that the jury should draw certain inferences from the government's failure to use other investigative techniques." *Id.* at *6. While, as in *Zapata* and here (Dkt. No. 498 at 29–30), the government may request and be granted a jury instruction that it is not required to use any particular investigative technique, such an instruction does not preclude a defendant from making arguments regarding the government's failure to use certain investigation techniques. *See id.* Other courts have described such a theory as a "classic 'rush to judgment' defense" having a "legitimate strategic purpose." *Martin v. Perez*, 13 CV 2413 (VB), 2016 WL 5720820, at *3 (S.D.N.Y.

7413 Fairfax Dr., Bldg. F / Tamarac, Florida / 33321

*Joshua E. Dubin, Esq., P.A.*

---

Oct. 3, 2016) ("legitimate strategic purpose"), *adopting as modified* 2016 WL 5815841, at *13 & n.8 (Feb. 18, 2016) (Davison, M.J.) ("classic 'rush to judgment' defense").

The government expressly conceded this issue in August: "As the defendant states, ***he is permitted to argue that the government could and/or should have used certain investigative techniques to try to show that the government has not met its burden of proof***." Gov't's Reply Further Supp. Its Pre-Trial Mots. & Opp. Def.'s "Cross Mot.," Dkt. No. 348 at 32–33 (emphasis added) (citing *Zapata*, 1998 WL 681311, at *6). The government's remaining pertinent argument in that briefing—namely, that we should not delve into the circumstances of Mr. Greebel's arrest—is now moot, as no such evidence is in the record, and we do not seek to make arguments about the arrest itself in summation. Rather, Mr. Greebel simply seeks to exercise his right to the presumption of innocence by pointing to the insufficiency of proof beyond a reasonable doubt, which was engendered by the government's rush to judgment and failure to employ certain investigative techniques in this case.

Moreover, pursuant to the Court's pretrial rulings, Mr. Brodsky referred on multiple occasions in his opening statement to the government's "rush to judgment" in connection with the insufficiency of the government's case against Mr. Greebel. *See* Trial Tr. 1091:2–7 ("They got it wrong. There was a rush to judgment here. Evan was swept in as a result of this effort to go after Mr. Shkreli."), 1091:21–22 ("We have the confidence that each and every one of you will not rush to judgment."), 1175:2–6 ("And this evidence of innocence is going to include powerful evidence and it's going to come through witness testimony and it's going to show you that in rush to judgment, it's going to explain why there's all this reasonable doubt.").

Precluding our arguments in summation regarding the sufficiency of the government's investigation would run afoul of Mr. Greebel's fundamental ability to attack the government's failure to meet its burden of proof. To our knowledge, the government has never moved to preclude such argument before, and no court has granted an application to foreclose the defense from raising issues about the thoroughness, or lack thereof, of the government's investigation. This Court should not do so now.

Respectfully,

*/s/ Joshua E. Dubin*
Joshua E. Dubin


cc:   Alixandra E. Smith, Esq.
      David C. Pitluck, Esq.
      David K. Kessler, Esq.

*7413 Fairfax Dr., Bldg. F / Tamarac, Florida / 33321*