# EXHIBIT B

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Randy M. Mastro
Direct: +1 212.351.3825
Fax: +1 212.351.5219
RMastro@gibsondunn.com

October 12, 2017

<u>VIA ELECTRONIC MAIL</u>

AUSA Alixandra E. Smith, Esq.
AUSA David C. Pitluck, Esq.
AUSA David K. Kessler, Esq.
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201

Re:   <u>United States v. Greebel</u>, S1 15 Cr. 637 (KAM)

Dear Counsel:

We write in response to your October 10 letter copied to the Court.

First, we thank you for producing, pursuant to the Court's October 6 ruling, the several FBI 302s relating to interviews of Timothy Pierotti from 2011 and 2012, as well as an unsigned version of Mr. Pierotti's non-prosecution agreement ("NPA"). We appreciate their production and expect them to be very helpful in cross-examining Mr. Pierotti at this trial, as they contradict testimony Mr. Pierotti gave at the Shkreli trial without realizing that his prior statements to the FBI in a different investigation had been memorialized. *Compare* Shkreli Tr. 4306:25-4307:3 (denying he ever "committed insider trading"), with 11/21/11 FBI 302 ("Other than SMUCKERS, PIEROTTI did not trade on insider information at GALLEON or any other company") and the unsigned NPA (memorializing that the U.S. Attorney's Office "will not criminally prosecute you for any crimes . . . related to your participation in the trading of securities of the J.M. Smucker Company").

In addition, in light of the Court's rulings and the production of these documents pursuant to those rulings, your reference to Mr. Brodsky being listed as having been "present" for at least parts of two of the witness's in-person interviews is misplaced. Mr. Brodsky's cross-examination of the witness will be based on the substance of the 302s you have now produced, not on any independent recollection he may have (and, as previously explained, he has no independent recollection of the substance of any meeting with Mr. Pierotti back then). In other words, the 302s cleanse the record of any percipient witness concern, as they will be the memorialization of the witness's representations on which his cross-examination will be based. Presumably, the government is offering this witness expecting him to give testimony

GIBSON DUNN

Counsel
October 12, 2017
Page 2

consistent with the representations he previously made to the government, but if he gives a different account at this trial than what he represented to the FBI in 2011 and 2012, these 302s will be the source for exposing his inconsistencies.

Finally, we are pleased to see that you have now been able to locate and produce to us the unsigned NPA that you had represented to the Court only two business days earlier you had been unable to "find." *See* 10/06/17 Tr. 95:9-13, 91:2-3 ("We have tried to find it;" "we did check with the Southern District," which "does not have a copy of the non-prosecution agreement;" and "Your Honor, to be very clear, we have neither a signed or non-signed copy of the NPA"). We appreciate receiving it now.[1]

Sincerely,

Randy Mastro

Randy M. Mastro

cc:   The Honorable Kiyo A. Matsumoto (via electronic mail)

---

[1] Of note, we have no objection to the submission of the government letter and its attachments to the Court without posting them publicly on ECF to avoid creating unnecessary press coverage prior to jury selection. Like the government, we are not filing this response letter publicly. However, we respectfully submit that both letters should be filed on the public docket after jury selection.