# EXHIBIT D



U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JMK:AES/DCP/DKK
F.#2014R00501

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

October 10, 2017

By E-mail
Reed Brodsky, Esq.
Jason Halperin, Esq.
Lisa Rubin, Esq.
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166

   Re: United States v. Evan Greebel
      Criminal Docket No. 15-637 (KAM)

Dear Counsel:

   On the evening of October 8, 2017, you requested that the government immediately provide the names of unindicted co-conspirators for Count Seven. You had not asked for those names in our previous discussions, despite making a similar request with respect to Count Eight in August 2017, prior to the deadline for filing motions in limine.

   Having not sought the identity of unindicted co-conspirators for Count Seven, the defendant moved to dismiss Count Seven, arguing, inter alia, that the evidence at the June 2017 trial of the defendant's co-conspirator Martin Shkreli conclusively demonstrated that the only co-conspirators for Count Seven were Shkreli and the defendant. See Dkt No. 327. The defendant further argued that, because Shkreli was not convicted on Count Seven, the defendant could not have been part of the charged conspiracy because the only conceivable co-conspirator was determined not to have been part of the conspiracy. As set forth in the government's briefing and as summarized below, the defendant's arguments are factually incorrect and legally infirm. See Dkt. No. 345 ("Gov't Br.").

   First, the "not guilty" verdict on Count Seven as to Shkreli is not a determination that Shkreli did not conspire with the defendant. Even when co-conspirators are tried together in the same trial—not the case here—controlling Second Circuit and Supreme Court law hold that "one defendant's conspiracy conviction does not become infirm by reason of jury verdicts of not guilty against all of his alleged coconspirators." United States v. Acosta, 17 F.3d 538, 545 (2d Cir. 1994); see also United States v. Powell, 469 U.S. 57, 62-65 (1984). These cases do not include an exception for a so-called "conspiracy of two." See also, e.g., United States v. Bourne, No. 08-CR-888 (NGG), 2012 WL 149507, at *6 (E.D.N.Y. Jan. 17, 2012) ("The court will not speculate as to why the jury in this case found Bourne guilty of money laundering conspiracy, but found Alleyne not guilty. The record is replete with evidence sufficient to establish every

element of the conspiracy charged, including that two or more people participated in it."); Lugo v. United States, No. 09-CV-00696 (NG), 2014 WL 7140456, at *8 (E.D.N.Y. Dec. 12, 2014) ("The seemingly inconsistent verdicts between [the defendant's] conviction for acting in concert with [his brother] to murder Dillard and his brother's acquittal, at a prior trial, on the same charges 'does no more than manifest the simple, if discomforting, reality that different juries may reach different results under any criminal statute. That is one of the consequences we accept under our jury system.'") (quoting Standefer v. United States, 447 U.S. 10, 25 (1980)). Thus, even if the defendant and Shkreli had been tried together, and the jury had found Shkreli not guilty and the defendant guilty of Count Seven, those verdicts would stand.

Second, the evidence at the defendant's trial will not be coterminous with the evidence presented at the Shkreli trial. The jury in the defendant's case will deliberate and reach a verdict based on different evidence than was before Shkreli's jury.

Third, there is strong evidence to suggest that the jury in the Shkreli trial concluded that Shkreli had conspired with the defendant and others, as alleged in Count Seven. As widely reported, jurors have stated that there was confusion during deliberations about the intent element of wire fraud conspiracy, and that confusion led to the decision to find Shkreli not guilty of several counts, including Count Seven.[1] Those jurors further stated that, now having a better understanding of the intent element, they would have convicted Shkreli on the other conspiracy counts, including Count Seven, based on the evidence presented at trial. See id.

Finally, as the government has already noted, the government did in fact introduce evidence at the Shkreli trial of additional co-conspirators for Count Seven, including Kevin Mulleady, Thomas Fernandez, Marek Biestek and Lee Yaffe. See, e.g., Gov't Br. at 9.

At the upcoming trial, the government will offer evidence, including evidence not offered at Shkreli's trial, that the defendant and Shkreli committed the crime charged in Count Seven. The government also expects that it may offer evidence, including evidence not introduced at Shkreli's trial, that the defendant also conspired with one or more of the following unindicted co-conspirators: Mulleady, Fernandez, Biestek, Yaffe and Marc Panoff.

        Respectfully submitted,

        BRIDGET M. ROHDE
        Acting United States Attorney

By:   /s/
      Alixandra E. Smith
      David C. Pitluck
      David K. Kessler
      Assistant U.S. Attorneys
      (718) 254-7000

---

[1] See, e.g., http://www.thedailybeast.com/witf-two-martin-shkreli-jurors-say-they-regret-letting-him-walk-on-top-charges.