# EXHIBIT I

| | |
|---|---|
| **From:** | Greebel, Evan L. <evan.greebel@kattenlaw.com> |
| **Sent:** | Monday, August 19, 2013 8:12 PM |
| **To:** | Marc Panoff |
| **Subject:** | draft Control Memo |
| **Attachments:** | Control Memo.DOC |

**EVAN L. GREEBEL**
Partner
**Katten Muchin Rosenman LLP**
575 Madison Avenue
New York, NY 10022-2585
(212) 940-6383
(212) 894-5883 (f)

==============================================================
CIRCULAR 230 DISCLOSURE: Pursuant to Regulations Governing Practice Before the Internal Revenue
Service, any tax advice contained herein is not intended or written to be used and cannot be used
by a taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer.
==============================================================
CONFIDENTIALITY NOTICE:
This electronic mail message and any attached files contain information intended for the exclusive
use of the individual or entity to whom it is addressed and may contain information that is
proprietary, privileged, confidential and/or exempt from disclosure under applicable law.  If you
are not the intended recipient, you are hereby notified that any viewing, copying, disclosure or
distribution of this information may be subject to legal restriction or sanction.  Please notify
the sender, by electronic mail or telephone, of any unintended recipients and delete the original
message without making any copies.
==============================================================
NOTIFICATION:  Katten Muchin Rosenman LLP is an Illinois limited liability partnership that has
elected to be governed by the Illinois Uniform Partnership Act (1997).
==============================================================



GOVERNMENT EXHIBIT 609-A
15 CR 637 (KAM) (EG)

CONFIDENTIAL                                                                 R169053

DRAFT

[Retrophin Letterhead]

| CONFIDENTIAL |
|---|

**Memorandum**

| To: | Files |
|---|---|
| From: | Retrophin, Inc. |
| Date: | August 19, 2013 |
| Subject: | Certain Payments by Retrophin |

After extensive conversations with Martin Shkreli, the founder and Chief Executive Officer of Retrophin, Inc. (the "Company") and the managing member of MSMB Capital Management LLC ("MSMB"), a Delaware limited liability company, an entity related to the Company and in connection with our preparation of our financial statements for the quarter ended June 30, 2013, Retrophin determined that (i) certain payments made by the Company to three individuals pursuant to certain Settlement and Release Agreements and (ii) certain obligations accepted by the Company to make payments to two additional individuals pursuant to certain Settlement and Release Agreements should be reclassified as obligations that should have been borne solely by MSMB and its related funds.

In April and May 2013, certain investors in funds affiliated with MSMB, advised MSMB that they objected to the number and/or value of the shares of common stock in the Company that they received as a distribution from such funds. The Company was advised of such investors objections and the Company, MSMB, its related funds and such investors entered into Settlement and Release Agreements in which the Company and MSMB and its related funds agreed to make certain payments to such investors in consideration for a full release from such investors to MSMB, its related funds and the Company for any claims that such investor has, had or may have against the Company, MSMB or its related funds.

The objections raised by the investors related solely to actions undertaken by MSMB and its related funds. The Settlement and Release Agreements included a release by the investors in favor of the Company in order to prevent such investors from initiating a claim against the Company.

The Company does not have sufficient internal controls and the Company has undertaken various steps to improve its internal controls, including, but not limited to the hiring of a Chief Financial Officer in late May 2013. Following the Company's determination that the payments and obligations should not have been assumed by the Company, the Company determined that any future agreement that includes the Company and MSMB or any of its related funds will require the signature of the Chief Financial Officer of the Company. In order to reflect the repayment obligation, MSMB and its related funds delivered promissory notes to the Company and entered into indemnification agreements with the Company, pursuant to which MSMB and its related funds have agreed to indemnify and hold harmless the Company for any costs, charges or damages incurred by the Company in connection with the Settlement and Release Agreements.