

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JMK:AES/DCP/DKK            *271 Cadman Plaza East*
F.#2014R00501                 *Brooklyn, New York 11201*

February 27, 2018

<u>By Hand and ECF</u>

Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

         Re:   United States v. Evan Greebel
               <u>Criminal Docket No. 15-637 (KAM)</u>

Dear Judge Matsumoto:

       The government respectfully submits this motion to unseal the sealed portion of the transcript for the status conference on January 5, 2018 (the "Status Conference Transcript") related to sworn testimony by a juror ("Juror Number 5"). Given that the defendant Evan Greebel's motion pursuant to Rules 29 and 33 uses that juror's name and makes certain arguments related to the sealed portion of the Status Conference Transcript, sealing of that portion of the transcript is no longer necessary to protect the juror's privacy. Moreover, unsealing that transcript will allow the government to fully and publicly address the defendant's publicly-filed motion.

       By way of background, the parties submitted multiple sealed briefs related to Juror Number 5 after the defendant had been convicted. (<u>See</u> Dkt. Nos. 505-508.) Then, on January 5, 2018, the Court held a status conference to address those filings. During the public portion of the conference, the Court acknowledged that members of the press were present and "direct[ed] that the name of this juror not be published, and we will refer to him in the record by his seat number." (1/5/18 Tr. at 3.) After hearing argument from the parties, the Court held that: "based on the sensitive nature of that, the right of privacy that this juror has, and the fact that he asked to speak only with me, that we conduct the proceeding in the jury room." (<u>Id.</u> at 25.) The Court also ordered that the transcript of that proceeding be "sealed for purposes of this matter for attorneys' eyes only." (<u>Id.</u> at 26.) At no point during the public proceeding on January 5 did the Court or the parties refer to the juror by name.

       On February 17, 2018, the defendant filed a motion pursuant to Rules 29 and 33 in which, without prior approval from the Court, he referred repeatedly to the juror by name. (<u>See</u> Dkt. No. 530 at 50-51.) Defense counsel also publicly filed a three-page affidavit signed by

that juror. (Dkt. No. 533.) The affidavit again discloses the juror's name and describes parts of the sealed proceedings on January 5. The juror's name was then publicly reported in at least one news article. See Stewart Bishop, "Ex-Katten Muchin Atty Says Jury Misconduct Tainted Trial," Law 360, *available at* https://www.law360.com/articles/1013991. As far as the government is aware, the Court has not yet ordered the previously sealed portion of the Status Conference Transcript unsealed.

Although the government did not previously seek to make public information about either Juror Number 5 or the sealed proceeding on January 5, the government submits that the privacy concern that initially animated the Court's decision to seal the transcript no longer exists. The government further submits that it should not be forced to respond under seal to arguments made publicly by the defendant. As a result, the government requests that the Court unseal the sealed portion of the Status Conference Transcript.

    Respectfully submitted,

    RICHARD P. DONOGHUE
    United States Attorney

By:  /s/
    Alixandra E. Smith
    David C. Pitluck
    David K. Kessler
    Assistant U.S. Attorneys
    (718) 254-7000