10977

1               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF NEW YORK
2
- - - - - - - - - - - - - - - -X
3   UNITED STATES OF AMERICA,      : 15-CR-00637 (KAM)
                                   :
4            Plaintiff,            :
                                   : United States Courthouse
5        -against-                 : Brooklyn, New York
                                   :
6   EVAN GREEBEL,                  :
                                   : Wednesday, December 27, 2017
7            Defendant.            : 9:00 a.m.
- - - - - - - - - - - - - - - -X
8
         TRANSCRIPT OF CRIMINAL CAUSE FOR JURY TRIAL
9         BEFORE THE HONORABLE KIYO A. MATSUMOTO
              UNITED STATES DISTRICT JUDGE
10                     BEFORE A JURY

11              A P P E A R A N C E S :

12   For the Government:       BRIDGET ROHDE, ESQ.
                             Acting United States Attorney
13                           Eastern District of New York
                             271 Cadman Plaza East
14                           Brooklyn, New York 11201
                             BY:  ALIXANDRA ELEIS SMITH, ESQ.
15                               DAVID PITLUCK, ESQ.
                                 DAVID KESSLER, ESQ.
16                               Assistant United States Attorney

17   For the Defendant:       GIBSON DUNN & CRUTCHER
                             200 Park Avenue, 48th Floor
18                           New York, New York 10166
                             BY:  REED BRODSKY, ESQ.
19                               RANDY MASTRO, ESQ.
                                 JOSHUA EVAN DUBIN, ESQ.
20

21   Court Reporter:        DAVID R. ROY, RPR
                            225 Cadman Plaza East
22                          Brooklyn, New York 11201
                            drroyofcr@gmail.com
23
     Proceedings recorded by Stenographic machine shorthand,
24   transcript produced by Computer-Assisted Transcription.

25

Proceedings                          10978

1          (In open court; outside the presence of the jury

2     at 9:07 a.m.)

3          THE COURT:  Good morning.  Is there anything that

4     I need to address?

5          (No audible response.)

6          THE COURT:  All right.  For the court reporter,

7     just note on the record that all jurors are here and the

8     parties were informed and we will keep you informed.

9          MR. BRODSKY:  Thank you, Your Honor.

10         (Recess taken.)

11         THE COURT:  All right.  We have a juror note that

12    we have marked as Court Exhibit Number 10.  I note for the

13    record that counsel and Mr. Greebel are here.

14         (Court's Exhibit Number 10 so marked and received

15    in evidence.)

16         THE COURT:  The note reads:  We appear to be

17    missing Government's Exhibits between 102-16 and 112-1.

18         And second request is:  Is it possible to get a

19    transcript of the Government's and the Defense's closing

20    summations with the understanding that they are arguments

21    not evidence?  Signed Juror Number 5.

22         So I would ask the parties to confer regarding

23    these exhibits.  It appears that there is a volume that we

24    have that includes Government's Exhibits 103-1 through

25    111-48.

```
                     Proceedings                    10979
```

1           MS. SMITH:  It's probably in one binder.

2           THE COURT:  It is not in the pile.

3           MS. SMITH:  If Your Honor has the binder, it may

4   be that we can check it and send it back to the jury, and

5   then we can replace Your Honor's exhibits.

6           THE COURT:  Okay.

7           MS. SMITH:  Does that make sense?

8           THE COURT:  Well, hopefully I have not marked on

9   it.

10          And if you would just check the list to make sure

11  those exhibits are, in fact, admitted.

12          MS. SMITH:  Yes.

13          THE COURT:  There might be some that are not.

14          MS. SMITH:  This one should be...

15          (Pause in proceedings.)

16          THE COURT:  Are the parties ready to send the

17  exhibits back to the jury?

18          MS. SMITH:  Yes.

19          There is one exhibit on the list that was not

20  admitted, and so it should come off the list as well.

21          THE COURT:  What exhibit is that?

22          MS. SMITH:  Government's Exhibit 103-63.

23          THE COURT:  103-63?

24          MS. SMITH:  103-63.

25          THE COURT:  Okay.

Proceedings                                10980

1          MS. SMITH:  And it was shown to refresh but was

2   not admitted, which is at Transcript Page 3896.  It wasn't

3   actually in the binder, but I have a note there that it was

4   not admitted.

5          We can provide the Court with a version that --

6   with a list that does not have that exhibit on it.  But for

7   now, they can just know that that is an exhibit that was not

8   admitted.

9          (Pause in proceedings.)

10         THE COURT:  All right.  So I have a note that I

11  would send back to the jurors.  I will advise them that the

12  binder contains the requested exhibits as being provided but

13  not Government's Exhibit 103-63, which was not admitted in

14  evidence.

15         MS. SMITH:  Right.

16         THE COURT:  And then with regard to the

17  summations, I am just disinclined to provide the summations.

18  We have told them it is not evidence and I don't think it

19  would be appropriate to provide them with anything that is

20  not evidence.

21         Okay.  Are the parties in any disagreement with

22  that?

23         MR. BRODSKY:  Your Honor, our understanding is

24  that the Government takes the position that they should not

25  go back.  We take the position that the jury has clearly

Proceedings                                    10981

1    said they understand that they are arguments and they are

2    not evidence.  And given their clear understanding that

3    they're argument and not evidence, we would ask the Court to

4    send them what they have requested, which is the transcripts

5    of the summations by both parties.

6              THE COURT:  Well, I think it is highly irregular.

7    I do not think that it is appropriate for the jury to have

8    in the jury room documents of any nature that are not in

9    evidence.  I think that when we had a sidebar following a

10   break -- or during a break, I believe it was during the

11   Government's rebuttal, there was an objection to something

12   that the prosecutor said, and I made a statement at that

13   point, as I recall correctly, that this is the first time

14   the jury would hear it, the only time the jury would hear

15   it, and this is argument and they would be given an

16   instruction, which they were, and they would not be

17   revisiting the statement that was objected to.  So I don't

18   think that it would be appropriate, frankly, to give them

19   the transcript of the argument.

20             I understand that the argument is somewhat of a

21   summation of the evidence and there were references to

22   exhibits during the arguments, but I just think that, again,

23   it would not be appropriate.  I mean, I can look at some

24   case law on this, but I am feeling very uncomfortable with

25   the notion that we would give the jury something for their

Proceedings                                    10982

1   consideration that was not evidence.  But I can look at it

2   over the next 10 to 15 minutes to see.  However, I am

3   disinclined to give them the summations for the reasons

4   stated.

5           MR. BRODSKY:  Understood, Your Honor.  I'm not

6   aware of any rule or --

7           THE COURT:  Well, the jury --

8           MR. BRODSKY:  -- that precludes it.

9           THE COURT:  Okay.

10          MR. BRODSKY:  But we will do a little searching

11  ourselves.

12          THE COURT:  Yes.  The jury basically should not

13  have in the jury room documents that are not evidence.  They

14  have got instructions that are instructions on the law.

15  Although in the past, jurors were given in many cases the

16  indictment, which they have been told, you know, was not

17  evidence, you know, in the charge.  We did not give the

18  jurors the indictment, and I am not -- I am just trying to

19  think what else they might have there other than the

20  instructions.

21          MR. BRODSKY:  I think Your Honor put your finger

22  on --

23          THE COURT:  Right.

24          MR. BRODSKY:  -- a document which, obviously, we

25  have all agreed to is not going to go back --

Proceedings                                    10983

1          THE COURT:  Right.

2          MR. BRODSKY:  -- and has not gone back to the jury

3    in this whole case.  But I think Your Honor put her finger

4    on an example of a document that does, as a regular

5    practice, go back to the jury.

6          THE COURT:  Right.

7          MR. BRODSKY:  And it is not evidence but judges

8    often allow it.  In this case, obviously, the parties have

9    already agreed that it is not going back, which is the

10   indictment.  I think that suggests that there is no rule or

11   practice precluding it.  I generally believe that if the

12   jury requests something and there is no rule or practice

13   that precludes it, there is really no harm for it going back

14   to the jury with their understanding that it is not the

15   evidence but rather arguments of counsel.

16         THE COURT:  Well, you know, the argument, as you

17   know, spans over three days.  There are hundreds of pages.

18   I do not know how we are going to assemble and copy the

19   transcript.  I suppose it falls on us to do it, but

20   obviously there were sidebars between and arguments between

21   the counsel about statements that were made during closing

22   that would have to be extracted.  I believe the court

23   reporters try to segregate those types of arguments from the

24   rest of the transcript, but I would say that if you come up

25   with a case in the circuit that says it is appropriate, I

```
                          Proceedings                  10984
```

1    will certainly give it consideration.  We are going to look

2    ourselves, but I am disinclined to send the summations back.

3           If we do that, we have to be really careful to go

4    through hundreds of pages of the arguments over the course

5    of three days to extract the sidebars or anything else that

6    might have, you know, been said out of the jurors' presence.

7           MR. BRODSKY:  Understood, Your Honor.

8           My understanding is -- and yes, you are

9    100 percent correct, Your Honor, that summations occurred,

10   thankfully with the Court's allowance, over a number of

11   days, and we do appreciate that.  I think that there were no

12   objections during each summation of the parties.  There were

13   a few sidebars during jury breaks, which I believe are

14   easily excisable from the transcript.  There were not that

15   many, and it would be easy to excise those pages.  We would

16   be happy to bear the burden of making copies of whatever

17   kind the Court wanted, whatever number the Court wants.

18          MS. SMITH:  Your Honor, it is the Government's

19   position that for the reasons that you stated that it is not

20   appropriate.  And the reason the indictment goes back is

21   that it is a statement of the charges against the defendant,

22   and it is obviously within the Court's discretion not to

23   send that back as well.  And so given that it is argument

24   and not evidence, it is the Government's position that it is

25   not appropriate.  We are happy to look at any case law that

Proceedings                                    10985

1   the defense comes up with to suggest that it might be

2   appropriate.

3           I believe there was one objection during the

4   defense's summation and then, obviously, sidebar during the

5   lunch breaks and everything else, would have to come out if

6   it were to go back.  But given that it is, in fact,

7   argument, it would not be appropriate.

8           THE COURT:  All right.  Well, why don't we do

9   this:  I will send back the exhibits with the exception of

10  Government's Exhibit -- for the record,

11  Government's Exhibit 103-63, and I will write that in a note

12  back to the jurors.  And I will reserve on the transcript

13  until, you know, you let me know that you are ready to be

14  heard and we will do our own research as well.

15          MR. BRODSKY:  Thank you.

16          THE COURT:  So I will mark as Court's Exhibit

17  10-A.

18          (Court's Exhibit Number 10-A so marked and

19  received in evidence.)

20          THE COURT:  With regard to the transcript request

21  for argument, I will say that the request is under

22  consideration, all right?

23          MR. DUBIN:  Your Honor, is it possible for us to

24  get a copy of the note you are sending back?

25          THE COURT:  I am making copies right now.

Proceedings                                       10986

1           MR. DUBIN:  Oh, thank you, Your Honor.  I

2    appreciate it.

3           THE COURT:  All right.  We have to go upstairs to

4    do that.

5           (Pause in proceedings.)

6           THE COURT:  We will be back.  All right.  We will

7    be back in a few minutes.  I think it is easier just to do

8    this upstairs.

9           (Pause in proceedings.)

10          THE COURT:  I wanted to address the jurors'

11   request for transcript of the summations.  I am happy to

12   hear from the parties if they have looked at any cases.

13          The most on-point case that I found was

14   ***United States versus Arboleda, A-R-B-O-L-E-D-A, 20 F.3 58***

15   decided in 1994 where the Second Circuit reversed a

16   conviction because the District Court had granted the

17   jurors' request for a readback of the prosecutor's rebuttal

18   summation.  And even though it was only, you know, the

19   rebuttal that got read back, the Court seemed troubled first

20   by the one-sided nature of it, but also by the notion that

21   the jurors were not instructed that the summations were not

22   evidence and the influence that the summations may have on

23   the jurors' deliberations.

24          And I think, although it is not directly on point,

25   the undue weight that the jury may gave to the summations is

Proceedings                                    10987

1    I think enhanced.  If we send the transcripts back, the

2    jurors may be focused only on the evidence that each side

3    had focused on and would not be charged -- or would not

4    necessarily fulfill their duty to weigh all of the evidence

5    in the record and to give that evidence their own weight and

6    decide, you know, whether it is going to be important to the

7    deliberations.

8              So my concern is that we not provide the

9    summations.  It is multiple, hundreds of pages long, and

10   although, it might be a good guide to the jurors in some

11   ways, I think that we run the risk that the jurors would be

12   tempted to abdicate some their responsibility to look fully

13   at the record before them and to give the evidence

14   independent consideration free of the arguments of counsel.

15             If there is a case that either side wants to bring

16   to my attention, I will be happy to look at that as well,

17   but that is my inclination.

18             MR. BRODSKY:  Thank you, Your Honor.  We did not

19   find a case on point in the Second Circuit addressing the

20   issue.  And so thank you for considering our request,

21   Your Honor.

22             THE COURT:  All right.  I do think that we did

23   find another case where a summary chart -- not summary

24   charts, but demonstratives were sent back, and the Court was

25   also very hesitant that the jury might give those charts

Proceedings                                    10988

1   more weight than they should.  So I think the safer thing to

2   do is to just advise the jurors that they are to decide the

3   case based on the evidence in the record, and that I will

4   just remind them that, although they acknowledge that the

5   summations are not evidence, we just ask that they focus on

6   the trial record.  And I will give you a copy of the note

7   that I send back --

8           MR. BRODSKY:  Your Honor --

9           THE COURT:  -- and I am happy to consider any

10  language you would like.

11          MR. BRODSKY:  Yes.  I don't necessarily think that

12  we need to tell them not to focus on the summations.  They

13  heard the summations.  Some of them may have taken notes and

14  may have been persuaded by some arguments, so they should be

15  able to consider the arguments.

16          I think maybe the best thing to do is just simple

17  write a light note to say we will not be providing -- we

18  appreciate the request, but we will not be providing

19  transcripts of the summations, without weighing in on or

20  whether or not what they should be focusing on.

21          THE COURT:  Does the Government have anything to

22  add?

23          MS. SMITH:  No, Your Honor.  The *Arboleda* case was

24  the case that we had also found, and I had a number of

25  recent cases in this district, including the *Lange* case,

Proceedings                              10989

1   which is *10-CR-968*; and the *Asaro* case, which is *14-CR-26*

2   where similar notes were sent out and both

3   Chief Judge Irizarry and Chief Judge Ross instructed the

4   jury that they would not be receiving transcripts because

5   arguments are not evidence.  So I think language along those

6   lines -- again, I agree with Mr. Brodsky.  I don't think we

7   need to say that they can't consider counsels' arguments

8   because they can --

9            THE COURT:  No, I would not say that.

10           MS. SMITH:  Right.  But I think just something

11   along the lines of, Because they are not, in fact, evidence,

12   they won't receive the transcripts.

13           THE COURT:  Well, all right.  I'm proposing the

14   Court respectfully declines to provide the jury with

15   transcripts of the parties' summations which were not

16   evidence, and leave it at that.

17           MR. BRODSKY:  Your Honor, I think if you add the

18   language, which are not evidence which the jury has already

19   said in their note -- the jury has already said they

20   understand in their question that they are not evidence.

21   What I fear is any note from the Court that says they're not

22   evidence will emphasize to the jury or will send the wrong

23   message that they should discount them.  So I would prefer

24   to just say, you know, we respectfully -- the Court

25   respectfully declines to provide the transcripts, and leave

```
                         Proceedings                    10990
```

1   it at that.

2            THE COURT:  All right.

3            MR. BRODSKY:  Thank you, Your Honor.

4            THE COURT:  All right.  I will make a copy of this

5   note for you and bring it back.

6            MR. BRODSKY:  Thank you.

7            THE COURT:  All right.  We will call you if we

8   hear anything further.

9            MR. BRODSKY:  Thank you, Your Honor.

10           MS. SMITH:  Thank you, Your Honor.

11           MR. BRODSKY:  Appreciate it.

12           (Pause in proceedings.)

13           THE COURT:  All right.  We have counsel and

14  Mr. Greebel present.

15           We have a note from the jurors, which is marked as

16  Court Exhibit Number 11.

17           (Court's Exhibit Number 11 so marked and received

18  in evidence.)

19           THE COURT:  The note reads:  The jury has reached

20  a verdict on each count.  Signed Juror Number 5.

21           So I will gather the jurors in the courtroom.  We

22  will also let the alternate jury sit in the courtroom as

23  well, since she wanted to be present when the verdict was

24  reached.

25           I would like to know whether the parties wish to

```
                        Proceedings                    10991
```

1  have the jurors poled --

2           MR. BRODSKY:  Yes.

3           THE COURT:  -- when the verdict is read?

4           MR. BRODSKY:  Yes.

5           MS. SMITH:  Yes, Your Honor.

6           THE COURT:  All right.  We will do that.

7           So what we will do at this point, then, is to

8  bring the jurors in, and when they are seated I will take

9  the verdict sheet from the foreperson, okay?

10          Thank you.

11          (Pause in proceedings.)

12          MR. DUBIN:  Your Honor, Mr. Greebel's mother and

13 father-in-law are just rushing back to the courtroom.  I

14 think they are across the street.  Can we wait a moment for

15 them?

16          THE COURT:  Sure.

17          MR. DUBIN:  Thank you.

18          THE COURT:  Do you want us to hold the jurors from

19 coming into the courtroom?

20          MR. DUBIN:  We're just trying to find out exactly

21 where they are.

22          THE COURT:  Do you mind if we get them seated, or

23 do you want to have them step back into the jury room?  We

24 can either hold them in the hallway or just have them have a

25 seat.

```
                        Proceedings                    10992
```

1           MR. DUBIN:  If you could hold them in the hallway

2      just for a moment and let us see if they are close.

3           THE COURT:  Hold them.

4           I don't want them to run and fall or anything, so

5      we will just wait.

6                (Pause in proceedings.)

7           THE COURT:  Mr. Brodsky, is everybody here?

8           MR. BRODSKY:  Yes, Your Honor.

9           THE COURT:  All right.  We will bring the jury in,

10     then.

11          MR. BRODSKY:  Thank you, Your Honor.

12          (Jury enters the courtroom at 2:19 p.m.)

13          (Jury present.)

14          THE COURT:  All jurors are present.  Please have a

15     seat.

16          We received the jurors' note back.  The jury has

17     reached a verdict.  I would like to ask who speaks for the

18     jury -- who is the jury foreman?

19          JUROR NUMBER 5:  (Indicates.)

20          THE COURT:  Juror Number 5?

21          JUROR NUMBER 5:  I was 5.

22          THE COURT:  Your name is Mr. Clasen?

23          JUROR NUMBER 5:  Yes.

24          THE COURT:  Sir, may we have the verdict sheet,

25     please.

Proceedings                                    10993

1          JUROR NUMBER 5:  (Complies.)

2          THE COURT:  Thank you.

3          Has the jury reached a unanimous verdict,

4   Mr. Clasen?

5          JUROR NUMBER 5:  Yes.

6          THE COURT:  All right.  Thank you.

7          Jurors, I will now publish the verdict.  We will

8   poll the jurors individually, which means that I will ask

9   each juror after the verdict is read whether the jury

10  verdict as published represents your own individual verdict

11  in all respects.

12          So I will now publish the verdict:  As to Count 1,

13  Conspiracy to Commit Wire Fraud.  On the charge of

14  conspiracy to commit wire fraud in Count 1, how do you

15  unanimously find the Defendant Evan Greebel?

16          Guilty.

17          As to Count 2, Conspiracy to Commit Securities

18  Fraud.  On the charge of conspiracy to commit securities

19  fraud in Count 2, how do you unanimously find the

20  Defendant Evan Greebel?

21          Guilty.

22          Now let me start with Juror Number 1 and ask

23  whether the verdict as published constitutes your individual

24  verdict in all respects?

25          JUROR NUMBER 1:  Yes, Your Honor.

```
                         Proceedings                    10994
```

1                THE COURT:  Juror Number 2?

2                JUROR NUMBER 2:  Yes.

3                THE COURT:  Juror Number 3?

4                JUROR NUMBER 3:  Yes.

5                THE COURT:  Juror Number 4?

6                JUROR NUMBER 4:  (No audible response.)

7                THE COURT:  Jury Number 4 is -- ma'am in the back

8      with the cap?

9                JUROR NUMBER 1:  Yes.

10               THE COURT:  Yes?

11               JUROR NUMBER 4:  Yes.

12               THE COURT:  Juror Number 5?

13               JUROR NUMBER 5:  We had a number change -- well, I

14     was 5.

15               THE COURT:  All right.  Let me just -- I am going

16     to do this by seat.

17               JUROR NUMBER 5:  Okay.

18               THE COURT:  Okay.  So the juror seated in Seat 1,

19     does this verdict represent your individual verdict in all

20     respects?

21               JUROR NUMBER 1:  Yes, Your Honor.

22               THE COURT:  The juror in Seat Number 2?

23               JUROR NUMBER 2:  Yes.

24               THE COURT:  The juror in Seat Number 3?

25               JUROR NUMBER 3:  Yes.

```
                       Proceedings                    10995
```

1            THE COURT:  The juror in Seat Number 4?  I have

2    allowed the jurors to sit out of order.

3            JUROR NUMBER 4:  Yes.

4            THE COURT:  The juror in Seat Number 5?

5            JUROR NUMBER 5:  Yes.

6            THE COURT:  The juror in Seat Number 6?

7            JUROR NUMBER 6:  Yes.

8            THE COURT:  The juror in Seat Number 7?

9            JUROR NUMBER 7:  Yes.

10           THE COURT:  The juror in Seat Number 8?

11           JUROR NUMBER 8:  Yes, Your Honor.

12           THE COURT:  And the juror in Seat Number 9?

13           JUROR NUMBER 9:  Yes, Your Honor.

14           THE COURT:  The juror in Seat Number 10?

15           JUROR NUMBER 10:  Yes.

16           THE COURT:  The juror in Seat Number 11?

17           JUROR NUMBER 11:  Yes, Your Honor.

18           THE COURT:  And the juror in Seat Number 12.

19           JUROR NUMBER 12:  Yes.

20           THE COURT:  All right.  I will direct that the

21   clerk file and record the verdict.

22           I would like to thank the jurors again for your

23   service.  You may return to the jury room and gather your

24   belongings.  Please provide your jury cards to the court

25   security officer.  You may go to the second floor clerk's

Proceedings                          10996

1  office, the jury clerk's office and obtain your paperwork.

2  You will get your paperwork from the jury clerk.

3           I would like to thank you again for your service,

4  and I wish you all well.  Thank you.

5           (Jury exits the courtroom at 2:23 p.m.)

6           (The following matters occurred outside the

7  presence of the jury.)

8           THE COURT:  All right.  Please have a seat.

9           Now I would think that the Government would not

10 object to continuing the condition and arrangements for

11 Mr. Greebel?

12          MS. SMITH:  No, Your Honor.

13          THE COURT:  And I would like to hear from the

14 Defense how they would like to schedule any post-trial

15 motions.  I would like to set a schedule for those motions

16 if you would like to either renew or make any motions?

17          MR. BRODSKY:  We would, Your Honor.  We would ask

18 that --

19          THE COURT:  Could you speak up, please.

20          MR. BRODSKY:  Yes, Your Honor.

21          We would ask for about six weeks to file our

22 papers.

23          THE COURT:  All right.  Today is December the

24 27th.  So six weeks from today would bring us to

25 February 7th.

```
                        Proceedings                    10997
```

1          MR. BRODSKY:  Yes, Your Honor.

2          THE COURT:  All right.

3          And how much time would the Government like to

4  respond?

5          MS. SMITH:  Just four weeks, Your Honor.  So I

6  think March 7th would be fine.

7          THE COURT:  All right.

8          All right.  And would the Defense like to have an

9  opportunity for a reply?

10          MR. BRODSKY:  Yes, Your Honor.

11          THE COURT:  All right.  How much time would you

12  like?

13          MR. BRODSKY:  Two weeks, Your Honor.

14          THE COURT:  All right.  That would be March the

15  21st.

16          Would you like a copy of the verdict sheet,

17  Counsel?  We can make a copy for you if you would like to

18  have one.

19          MS. SMITH:  Yes, Your Honor.

20          THE COURT:  All right.  Would you hand a copy to

21  each party?

22          THE COURTROOM CLERK:  (Complies.)

23          THE COURT:  Thank you.

24          When the briefs are complete, we can talk about a

25  sentencing date.  I would like to get a motion.  Again, we

Proceedings                                        10998

1   can make sure that we have a date that would be workable for

2   all parties when the post-trial submissions are fully

3   submitted to the Court.

4            All right.  We're adjourned.

5            MS. SMITH:  Thank you, Your Honor.

6            THE COURT:  Thank you very much.

7            (Matter concluded.)

8                          --ooOoo--

9

10

11                     I N D E X -

12

13                  E X H I B I T S

14   Court's Exhibit Number 10                    10978

15   Court's Exhibit Number 10-A                  10985

16   Court's Exhibit Number 11                    10990

17

18

19

20

21

22

23   *I (we) certify that the foregoing is a correct transcript*
     *from the record of proceedings in the above-entitled matter.*

24

25        */s/ David R. Roy*            *December 27, 2017*
            *DAVID R. ROY*                    *Date*

*David R. Roy, RPR, CSR, CCR*
*Official Court Reporter*