

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JMK:AES/DCP/DKK
F.#2014R00501

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

April 10, 2018

By Hand and ECF

Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: United States v. Evan Greebel
    Criminal Docket No. 15-637 (KAM)

Dear Judge Matsumoto:

The government respectfully submits this letter in connection with the Court's April 9, 2018 order granting the defendant Evan Greebel's request (set forth in the defendant's response to the government's forfeiture motion (see Dkt. No. 576)) for a hearing on forfeiture, and ordering such hearing on Friday, April 13, 2018.[1] Pursuant to Federal Rule of Criminal Procedure ("FRCP") 32.2(b)(1)(B), the Court's forfeiture determination "may be based on evidence already in the record." See also United States v. Capoccia, 503 F.3d 103, 109 (2d Cir. 2007) (confirming that the Second Circuit has "approved of sentencing courts' consideration of trial evidence in determining forfeiture"). Consequently, while the government bears the burden of proving forfeiture by a preponderance of the evidence, it may meet that burden based on the existing trial record. See id. (concluding that the government need not reintroduce at a post-trial hearing "potentially large portions of its case from the guilt phase of the defendant's trial" simply because the defendant has contested the amount of forfeiture, as such a process would be "unnecessary and burdensome"); see also United States v. Jafari, 85 F. Supp. 3d 679, 685 (W.D.N.Y. 2015).

As detailed at length in the government's initial filing regarding forfeiture, there are voluminous facts already in the record that support the government's forfeiture motion by a preponderance of the evidence. (See Dkt. No. 573). The facts necessary to both show the nexus between the defendant's criminal actions and his salary, and to reasonably estimate the portion of

---

[1] The government will separately file its substantive reply to the defendant's filing regarding the government's forfeiture motion by 5:00 p.m. on April 12, 2018, as previously ordered by the Court.

his salary that should be subject to forfeiture, were developed at length during the eleven-week trial in the above-captioned matter, including through the testimony of witnesses such as Ross Silverman and Bernadette Davida, and through documents in evidence such as the defendant's compensation committee memoranda (GXs 120-1 to 120-5, 121-3 to 121-9), the defendant's timekeeper records (GXs 122-2 to 122-6 and 123-2 to 126-6), and summary charts detailing payments made to Katten by entities related to co-defendant Martin Shkreli, including Retrophin (GXs 919-A, 919-B). Consequently, the government does not need to nor does it seek to present any "additional evidence" in support of its forfeiture motion at the hearing requested by the defendant. Such an approach is consistent with FRCP 32.2(b)(1)(B) and the prevailing case law. The government reserves its right to cross-examine any witnesses that the defendant may call at the hearing, and to identify and call rebuttal witnesses as necessary once the defendant advises the government on April 10, 2018 (pursuant to the Court's order) of its witnesses, if any.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By: /s/
Alixandra E. Smith
David C. Pitluck
David K. Kessler
Laura D. Mantell
Claire S. Kedeshian
Assistant U.S. Attorneys
(718) 254-7000

cc: All counsel of record (via ECF)

2