UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                   15 CR 637(S-1)(KAM)

      -against-                                 **VERIFIED PETITION FOR
ADJUDICATION OF
INTERESTS PURSUANT**
MARTIN SHKRELI,                       **TO 21 U.S.C. § 853(n)(3)**

                      Defendant.
-----------------------------------------------------------------X

        Petitioner, the Commissioner of Taxation & Finance of the State of New York, by his attorney, Eric T. Schneiderman, Attorney General of the State of New York, hereby petitions this Court, pursuant to 21 U.S.C. § 853(n)(3) and Fed. R. Crim. P. 32.3(c), for an Order: (a) determining that Petitioner has a perfected New York State tax lien as of January 5, 2017, an interest superior to that of the United States of America (the "Government"), in substitute assets belonging to Defendant Martin Shkreli and subject to the Court's Preliminary Forfeiture Order, dated March 5, 2018, up to the amount due and owing under Petitioner's perfected New York State tax lien; and (b) amending the Preliminary Order of Forfeiture to exclude these substitute assets from forfeiture up to the amount due and owing under Petitioner's perfected New York State tax lien.

        1.       Petitioner is the Commissioner of Taxation & Finance of the State of New York (the "Commissioner" or "Petitioner"), with offices and principal place of business located at W.A. Harriman Campus, Albany, New York 12227.

2. The Commissioner, through the New York State Department of Taxation and Finance (the "Department"), an executive agency of the State of New York (the "State"), is charged with the collection of tax revenues in support of the State's services and programs.

3. This petition is submitted pursuant to 21 U.S.C. § 853(n)(3) and Fed. R. Crim. P. 32.3(c) and Petitioner affirms, under penalty of perjury, that all statements made herein are true and accurate to the best of its knowledge.

## I.

## PERTINENT FACTS

### A. Procedural History

4. On August 4, 2017, Defendant Martin Shkreli ("Shkreli") was convicted by the United States District Court for the Eastern District of New York (the "Court") of several securities fraud criminal violations. (ECF Doc. 305; Minute Entry, dated August 4, 2017).

5. As part of Defendant Shkreli's sentencing, the Government seeks forfeiture of substitute assets totaling $7,360,450.00, which represent the Government's estimates of the proceeds Defendant Shkreli personally obtained as a result of his securities fraud crimes. (ECF Doc. 464).

6. In support of its motion for a preliminary order of forfeiture, the Government submitted the Declaration of Sean Sweeney, Special Agent with the Federal Bureau of Investigation. (ECF Doc. 464-2).

7. As set forth by Agent Sweeney, the Government alleged that it was unable to reach the property that constitutes the proceeds of Defendant Shkreli's illicit activity and, thus, requested that substitute assets be forfeited in place of the tainted property. (ECF Doc. 464 at Pg. 8; ECF Doc. 464-2 at ¶¶ 8-11).

8. The Government seeks forfeiture of the following substitute assets:

    i. $5 million in cash currently held by an E*Trade brokerage account ending in the digits "0258" as security for Defendant Shkreli's bond;
    ii. Defendant's interest in shares held in Vyera Pharmaceutical (formerly known as Turing Pharmaceuticals);
    iii. the album "Once Upon A Time in Shaolin" by the Wu Tang Clan;
    iv. the album "Tha Carter V" by Lil Wayne; and
    v. a Picasso painting.

(collectively, the "Substitute Assets"). (ECF Doc. 464-2 at ¶ 11(a)).

9. On March 5, 2018, the Honorable Kiyo A. Matsumoto, United States District Judge, issued a Preliminary Order of Forfeiture (the "Order"), which entered a forfeiture money judgment against Defendant Shkreli in the amount of $7,360,450.00 and determined that Shkreli shall forfeit his interest in the substitute assets described therein. (ECF Docs. 540, 541).

10. The Order further provided that "[a]ny person… asserting a legal interest in any of the Substitute Assets may, within thirty (30) days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the property, and for an amendment of the order of forfeiture…" (ECF Doc. 540 at ¶ 8).

11. Petitioner received written notice of the Order on March 22, 2018, when the Government sent a copy of the Order via electronic mail to the Department.

12. A review of the website www.forfeiture.gov indicates that the last publication of the required notice of forfeiture was effected on April 18, 2018. (A copy of the Notice of Forfeiture, posted on April 18, 2018, is attached hereto as **Exhibit A**).

13. Thirty days have not yet elapsed from the date of the last publication of the notice of the forfeiture or receipt of written notice by Petitioner on March 22, 2018.

14. This Petition has been timely filed.

3

15. By filing this Petition, the Commissioner seeks a determination from the Court that it has a perfected New York State tax lien as of January 5, 2017, an interest in the Substitute Assets that is superior to the Government's interest that vested on March 5, 2018, by entry of the Order, and, thus, the Order should be amended to exclude the Substitute Assets from forfeiture, up to the amount due and owing to Petitioner under its Tax Warrant.

### B. Petitioner's Perfected New York State Tax Lien

16. Petitioner's interest in the Substitute Assets has priority over the Government's claim, by virtue of a superior perfected New York State tax lien, as of January 5, 2017, that pre-dates the vesting of the Government's interest that occurred by entry of the Order on March 5, 2018.

17. Defendant Shkreli failed to pay to the Department amounts owed to the Commissioner for personal income taxes.

18. On December 31, 2016, the Department, pursuant to its statutory authority under N.Y. Tax Law §692(c), issued a Tax Warrant (the "Tax Warrant") against Defendant Shkreli for unpaid personal income taxes due to the Commissioner, totaling $1,260,691.86. (A certified copy of the Tax Warrant is attached hereto as **Exhibit B**).

19. Pursuant to N.Y. Tax Law § 692(d), the Tax Warrant was filed with the New York County Clerk and entered by the Clerk in the Judgment Docket on January 4, 2017. (Ex. B).

20. Pursuant to N.Y. Tax Law § 692(e), when a Tax Warrant has been filed with the County Clerk the Tax Commission shall, in the right of the people of the State of New York, be deemed to have obtained a judgment against the taxpayer.

21. Pursuant to N.Y. Tax Law § 692(d), the Tax Warrant was also filed with the New York State Department of State (the "DOS") on January 5, 2017. (A certification from the DOS, attesting to the proper filing of the Tax Warrant on January 5, 2017, is attached hereto as **Exhibit C**).

22. Pursuant to N.Y. Tax Law § 692(d), the filing and docketing of the Tax Warrant with the County Clerk as a judgment, and the filing of the Tax Warrant with the DOS, creates a lien upon the title to and interest in real, personal and other property of the taxpayer.

23. Partial payments have been received by the Department and duly applied to Defendant Shkreli's account; as of April 17, 2018, there is currently due in personal income taxes from Defendant Shkreli to the Commissioner the sum of $480,011.43, with interest and penalties continuing to accrue thereon.

24. On September 26, 2017, the Department served a Tax Compliance Levy upon E*Trade Securities Inc. ("E*Trade") at 1271 Avenue of the Americas, 14th Floor, New York, New York, with relation to its Tax Warrant and Defendant Shkreli's brokerage account ending in the digits "0258," (the "Brokerage Account") held by E*Trade and subsequently included in the Order. (A copy of the Levy served upon E*Trade is attached hereto as **Exhibit D**).

25. On October 19, 2017, Petitioner received a response to its Tax Compliance Levy from Mr. Douglas DePaola, on behalf of E*Trade, advising that there was a Federal restraining order in place from the Court, dated January 7, 2016 (ECF Doc. 19), as well as an additional request to restrict the Brokerage Account pursuant to an IRS levy. (A copy of the letter from E*Trade is attached hereto as **Exhibit E**).

26. Upon information and belief, E*Trade continues to have possession of the Brokerage Account.

27. By virtue of the above, Petitioner has a perfected New York State tax lien on the Substitute Assets, as of January 5, 2017, that predates the vesting of the Government's interest by entry of the Order on March 5, 2018, and, therefore, Petitioner has a superior claim than that of the Government in the Substitute Assets.

## II

### PETITIONER IS ENTITLED TO AN ORDER AMENDING THE PRELIMINARY FORFEITURE ORDER EXCLUDING DEFENDANT'S ASSETS FROM FORFEITURE UP TO THE AMOUNT DUE AND OWING UNDER PETITIONER'S PERFECTED TAX LIEN

28. Petitioner is entitled to an order excluding the Substitute Assets from forfeiture up to the amount due and owing under Petitioner's perfected New York State tax lien because it has a legal interest in the Substitute Assets, and such interest is superior to any interest claimed by the Government.

29. Section 853(n) of Title 21 of the United States Code provides that a third party may seek to amend a preliminary forfeiture order to exclude assets for which the Government seeks forfeiture. 21 U.S.C.A. § 853(n)(1)-(5). In order to prevail, a petitioning third party must show, by a preponderance of the evidence, that "[it] has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property…" 21 U.S.C.A. § 853(n)(6)(A).

30. "[I]n criminal forfeiture proceedings conducted pursuant to 21 U.S.C. § 853(n), the Government 'stands in the defendant's shoes,' and a petitioner who establishes a legal interest in property superior to the defendant is entitled to recovery of its property. *United States v. Egan*, 811 F. Supp. 2d 829, 838 (S.D.N.Y. 2011). "[A] legal interest sufficient to establish a

6

'right, title, or interest in the [forfeited] property' under § 853(n)(6), must be 'in a particular, specific asset, as opposed to a general interest in an entire forfeited estate or account...'" *United States v. Madoff*, No. 09 CR 213 DC, 2012 WL 1142292, at *4 (S.D.N.Y. Apr. 3, 2012). "To have a claim in the specific property, a creditor, therefore, must secure a judgment or perfect a lien against a particular item." *Id.*

31. "Whether a claimant has a 'legal interest' is determined by reference to the law of the state giving rise to the property interest asserted." *Id.* at 838. *See also, Willis Mgmt. (Vermont), Ltd. v. United States*, 652 F.3d 236, 242 (2d Cir. 2011)("State law determines a petitioner's legal interest in the property at issue."); *Pacheco v. Serendensky*, 393 F.3d 348, 353 (2d Cir. 2004).

### A. Petitioner Has a Legal Interest In the Assets

32. Petitioner has a legal interest in the Substitute Assets by virtue of a New York State tax lien perfected upon docketing of the Tax Warrant with the County Clerk and filing of same with the DOS, as per section 692 of the New York State Tax Law.

33. Section 692 of the New York State Tax Law provides that the Department may issue tax warrants against taxpayers for unpaid taxes, directed to the sheriff of any county or the state, or to any officer or employee of the Department, "commanding him to levy upon and sell such person's real and personal property for the payment of the amount assessed, with the cost of executing the warrant..." N.Y. Tax Law § 692(c).

34. The statute further provides that:

> any sheriff or officer or employee who receives a warrant... shall within five days thereafter file a copy with the clerk of the appropriate county. The clerk shall thereupon enter in the judgment docket, in the column for judgment debtors, the name of the taxpayer mentioned in the warrant, and in appropriate columns the tax or other amounts for which the warrant is

7

> issued and the date when such copy is filed; and *such amount shall thereupon be a lien upon the title to and interest in real, personal and other property of the taxpayer*. Such lien shall not apply to personal property unless such warrant is filed in the department of state.

*Id.* at § 692(d)(emphasis added).

35. As set forth Section 692(d), upon filing of the tax warrant with the county clerk and filing with the department of state, a tax lien is created on a taxpayer's real, personal or other property, up to the amount due and owing to the Department. *See also, Corrigan v. U.S. Fire Ins. Co.*, 427 F. Supp. 940, 943 (S.D.N.Y. 1977)(no requirement that an execution be served for the judgment lien to be created); *Marine Midland Bank-Cent. v. Gleason*, 47 N.Y.2d 758, 760, 391 N.E.2d 294, 294 (1979)(the Department has a perfected lien upon the personal property upon filing of the tax warrant without the further necessity of a levy).

36. Moreover, the lien created is not extinguished if a levy is not made within the lifetime of a judgment execution. *Marine Midland Bank-Cent. v. Gleason*, 47 N.Y.2d 758, 760, 391 N.E.2d 294. *See also, United States v. Fleming*, 474 F. Supp. 904, 907–08 (S.D.N.Y. 1979); *Matter of United Casket Co., Inc.*, 449 F. Supp. 261, 264 (E.D.N.Y. 1978); *c.f. In re Thriftway Auto Rental Corp.*, 457 F.2d 409, 413 (2d Cir. 1972).

37. In the present case, Petitioner has a perfected New York State tax lien on the Substitute Assets as of January 5, 2017. The Department, pursuant to its statutory authority, issued the Tax Warrant against Defendant Shkreli for unpaid personal income taxes due. (Ex. B). The Tax Warrant was docketed with the New York County Clerk on January 4, 2017 and filed with the DOS on January 5, 2017. (Exs. B, C). As of January 5, 2017, all the requirements set forth under Tax Law § 692 having been completed, Petitioner obtained a perfected New York State tax lien against Defendant Shkreli's property, including the Substitute Assets.

38. Petitioner has, thus, established that it has a perfected New York State tax lien on the Substitute Assets as of January 5, 2017 and, therefore, it has a legal interest in the forfeited property under 21 U.S.C.A. §853(c)(6).

### B. Petitioner's Interest In the Assets Is Superior to the Government's Interest

39. Petitioner's interest in the Substitute Assets, by virtue of its New York State tax lien perfected as of January 5, 2017, arose and vested prior to the interest claimed by the Government, which vested on March 5, 2018, by entry of the Order; Petitioner's interest is, therefore, superior to the Government's interest.

40. Section 853(n) requires that a third party seeking adjudication on the legal rights, title or interest in assets to be forfeited show that it has an interest "superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property..." 21 U.S.C.A. § 853(n)(6)(A). The Government has a claim upon such assets that is no greater than that of Defendant. *See, United States v. Egan*, 811 F. Supp. 2d 829, 838. In order for a petitioner to prevail, its interest in the assets must vest prior to that of the Government's interest. *United States v. Espada*, 128 F. Supp. 3d 555, 566 (E.D.N.Y. 2015). *See also, United States v. Egan*, No. 10 CR. 191 JFK, 2015 WL 4772688, at *5 (S.D.N.Y. Aug. 13, 2015), aff'd, 654 F. App'x 520 (2d Cir. 2016)("[T]he vesting of the petitioner's right must, at least, predate the transfer of the purported interest from the defendant to the Government."); *United States v. Madoff*, No. 09 CR 213 DC, 2012 WL 1142292, at *4 ("[A]n interest in criminally forfeited property is superior to the government's interest if it arose before the government's interest vested").

41. In general, the Government is vested with an interest in any property constituting, or derived from, any proceeds obtained as a result of a crime at the time of the commission of

9

such act. 21 U.S.C.A. §§ (a)(1), (c). However, where the Government is unable to locate the assets subject to forfeiture, the Court may order that substitute assets from a defendant be forfeited in place of the said property. *Id.* at §§ (p)(1), (2). "Forfeiture of substitute property cannot occur until after the defendant's conviction and a determination by the trial court that the defendant's act or omission resulted in the court's inability to reach [the forfeitable property]." *United States v. Perkins*, 994 F. Supp. 2d 272, 275 (E.D.N.Y. 2014).

42. As the substituted assets at issue are unrelated to the criminal acts for which forfeiture is sought, the Government's interest in these assets does not vest until entry of the preliminary order of forfeiture. *United States v. Espada*, 128 F. Supp. 3d 555, 566. *See also*, *United States v. Kramer*, No. 1:06CR200-ENV-CLP, 2006 WL 3545026, at *8 (E.D.N.Y. Dec. 8, 2006)(" the Government has no colorable property interest in substitute assets of a defendant at least until the time of conviction."); *United States v. Chavez*, 323 F.3d 1216, 1218–19 (9th Cir. 2003)(assuming that the Government's interest vests at the moment the forfeiture order was entered); *United States v. Ripinsky*, 20 F.3d 359, 365 (9th Cir. 1994)(substitute assets cannot be restrained prior to conviction).

43. In the present case, the Government's interest in the Substitute Assets vested on March 5, 2018, the date the Order was entered. (ECF Docs. 540, 541). Even if the Court were to employ the more generous rule under *Kramer*, that conviction vests the Government with an interest in the Substitute Assets, vesting would have occurred on August 4, 2017. (ECF Doc. 305; Minute Entry, dated August 4, 2017). Petitioner's perfected New York State tax lien is superior to the Government's interest in the Substitute Assets, as it arose and vested on January 5, 2017, well before the conviction of Defendant Shkreli or entry of the Order. (Exs. B, C).

44. Given the above, Petitioner's perfected New York State tax lien is superior to any interest the Government may have in the Substitute Assets.

**WHEREFORE**, Petitioner, the Commissioner of Taxation & Finance of the State of New York, prays for an Order: (a) determining that Petitioner has a perfected New York State tax lien as of January 5, 2017, an interest superior to that of the Government, in substitute assets belonging to Defendant Shkreli and subject to the Court's Preliminary Forfeiture Order, dated March 5, 2018, up to the amount due and owing under Petitioner's perfected New York State tax lien; (b) amending the Preliminary Order of Forfeiture to exclude these substitute assets from forfeiture up to the amount due and owing under Petitioner's perfected New York State tax lien; and (c) granting any and such relief as this Court deems just and proper.

Dated: April 20, 2018
       Albany, New York

                                      **ERIC T. SCHNEIDERMAN**
                                      Attorney General of the State of New York

By: _____
       Jorge A. Rodriguez (Bar No. JR2162)
       Assistant Attorney General
       Attorney for Petitioner
       Commissioner of Taxation & Finance of the
       State of New York
       Office of the Attorney General
       Civil Recoveries Bureau
       The Capitol
       Albany, New York 12224-0341
       Tel: (518) 776-2179

# VERIFICATION

I, DAVID J. DEMETER, being duly sworn, state that I am employed by the New York State Department of Taxation & Finance, as Director of House Counsel Unit, Office of Counsel. I affirm under penalties of perjury, and pursuant to 21 U.S.C. §853(c)(3), that I have read the foregoing Verified Petition and know the contents thereof and that the same is true to my own knowledge except as to those matters alleged upon information and belief and as to those matters I believe them to be true. I have in my possession various documents, reports, and correspondence, which are the sources of my information and the grounds for my belief as to the matters set forth in the Verified Petition.

Dated: April 20, 2018
Albany, New York

_____
DAVID J. DEMETER

Sworn to me before this
20th day of April, 2018

_____
Notary Public

KILEEN C. DAVIES
Notary Public, State of New York
No. 02DA6077448
Qualified in Rensselaer County
Commission Expires July 8, 20__

12