# BRAFMAN & ASSOCIATES, P.C.

ATTORNEYS AT LAW
767 THIRD AVENUE, 26TH FLOOR
NEW YORK, NEW YORK 10017
TELEPHONE: (212) 750-7800
FACSIMILE: (212) 750-3906
E-MAIL: BBRAFMAN@BRAFLAW.COM

BENJAMIN BRAFMAN

ANDREA ZELLAN
JOSHUA D. KIRSHNER
JACOB KAPLAN
TENY R. GERAGOS
ADMITTED IN NY AND CA

MARK M. BAKER
OF COUNSEL

MARC AGNIFILO
OF COUNSEL
ADMITTED IN NY AND NJ

May 7, 2018

VIA ECF
Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    United States v. Martin Shkreli, 15 CR 637 (KAM)

Dear Judge Matsumoto:

    We write pursuant to the Court's April 30, 2018 Order directing Martin Shkreli to submit a response by today, stating his position regarding the New York Office of the Attorney General's Third Party Motion for Forfeiture of Property. (Dkt. No. 591).

    We anticipate that the government will contend that Mr. Shkreli has no standing to oppose or support the application of the Attorney General. We disagree. The Court granted Mr. Shkreli's request to stay execution of the Forfeiture pending appeal, and Mr. Shkreli has filed a notice of appeal and intends to vigorously argue that the Forfeiture Order should be reversed. Because the execution of the Forfeiture is stayed, Mr. Shkreli has standing to respond to the Attorney General's application and to consent to the release of restrained funds in order to satisfy the debt owed to New York State. See Fed. R. Crim. P. 32.2(d).

    Rule 32.2(d) states:

> If a defendant appeals from a conviction or an order of forfeiture, the court may stay the order of forfeiture on terms appropriate to ensure that the property remains available pending appellate review. A stay does not delay the ancillary proceeding or the determination of a third party's rights or interests. If the court rules in favor of any third party while an appeal is pending, the court may amend the order of forfeiture but must not transfer any property interest to a third party until the decision on appeal becomes final, unless the defendant consents in writing or on the record.

**BRAFMAN & ASSOCIATES, P.C.**

As we argued in two separate bail applications, one on June 15, 2017 and one on September 25, 2017, the funds restrained in the E*TRADE account ought to be used to satisfy Mr. Shkreli's tax obligations.[1] Our position regarding the appropriate use of the restrained funds in Mr. Shkreli's E*TRADE account remains unchanged. Each day that those obligations remain unpaid, the penalties increase. At this time, the E*TRADE account is Mr. Shkreli's only source of liquid assets, and as previously requested and argued, Mr. Shkreli should be permitted to use those assets to satisfy his tax obligations to New York State and to the Internal Revenue Service.

It is appropriate to release a portion of the restrained funds for the purpose of satisfying tax obligations that Mr. Shkreli acknowledges are owed and which are accruing penalties. Those penalties accrue regardless of the outcome of Mr. Shkreli's appeal of the forfeiture order. Furthermore, if the Second Circuit reverses this Court's Forfeiture Order, then Mr. Shkreli will have accrued penalties despite that reversal and those penalties may not be deducted by the tax authorities from Mr. Shkreli's balance due.

Accordingly, we do not oppose the New York Office of the Attorney General's Third Party Motion for Forfeiture of Property. We respectfully consent to the release to the New York State Department of Taxation and Finance that portion of the substitute assets held in the E*TRADE account necessary to satisfy Mr. Shkreli's tax debt to New York State. See Fed. R. Crim. P. 32.2(d).

However, we note that the information the New York State Attorney General's Office provided to this Court regarding the balance Mr. Shkreli owes may be incorrect. Mr. Shkreli's most recent statement of tax liabilities on the New York State Department of Taxation and Finance website, dated May 1, 2018, shows that Mr. Shkreli's current balance due is $477,473.05, not $480,011.43. (Compare NYS Attorney General Submission at p. 5 ¶ 23 with Consolidated Statement of Tax Liabilities, attached hereto as Exhibit A). If the Court is inclined to grant the Attorney General's application, we respectfully request an opportunity to obtain and submit any additional documentation required by the Court to confirm the exact amount owed, or in the alternative to confer with the New York State Department of Taxation and Finance so that we can agree on the accurate amount owed.

---

[1] On January 7, 2016, this Court filed an Order restraining the Shkreli E*TRADE Account (Dkt. No. 19, Restraining Order). On July 28, 2016, this Court granted Mr. Shkreli's request to modify the Restraining Order to permit Mr. Shkreli to sell the KaloBios stock held in the E*TRADE account (Dkt. No. 73, Modification to Restraining Order). The Restraining Order was modified a final time in order for Mr. Shkreli to transfer $944,959.41 to the Internal Revenue Service for partial payment toward his income tax obligations. (Dkt. No. 102).

**BRAFMAN & ASSOCIATES, P.C.**

We thank the Court for its courtesy in this and all other matters and stand ready to assist should the Court have any questions

Respectfully submitted,

Benjamin Brafman, Esq.

cc:   All Counsel (via ECF)