

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

AES/DCP/DKK
F.#2014R00501

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 29, 2018

<u>By E-mail and ECF</u>
Reed Brodsky
Gibson Dunn & Crutcher
200 Park Avenue
New York, NY 10166
rbrodsky@gibsondunn.com

        Re:  United States v. Evan Greebel
              Criminal Docket No. 15-637 (KAM)

Dear Mr. Brodsky:

        The government writes to request additional information that the defendant has not yet provided in advance of the evidentiary hearing scheduled on June 1, 2018. The government renews its request that the defendant produce Rule 26.2 material for its witnesses. In addition, the defendant's filing dated May 28, 2018 (<u>see</u> Dkt. No. 612 ("Def. Hearing Ltr.")) references four exhibits that the defendant may seek to introduce at the hearing scheduled for June 1, 2018. As detailed below, the government does not have these documents and requests that they be produced immediately.

        <u>First</u>, the government renews its request that the defendant provide Rule 26.2 material no later than May 30, 2018 for the three witnesses that the defendant intends to call at the hearing: Gayle Klein, Stephen Ferruolo and Zachary Prensky. While the defendant previously disclosed some Rule 26.2 material for Ms. Klein and Mr. Ferruolo during trial in December 2017, none of that Rule 26.2 material relates to the loss calculation for Counts Seven or Eight.[1]

---

[1] The government does not concede that the defendant's proposed additional evidence, including the proposed testimony of its experts, is relevant and/or admissible, and the government's request that the defendant comply with Rule 26.2 should not be construed as a waiver of any relevance or admissibility arguments. For example, much of the expert testimony proffered for Ms. Klein and Mr. Ferruolo is substantially similar to the expert testimony the defendant proffered they would provide at trial and subsequently chose not to introduce, and is not specifically related to the loss calculation for Counts Seven and Eight.

   <u>Second</u>, the defendant's filing mentions **DX 7770**, which is described as a "First Amended Complaint" in a lawsuit between Catalyst Advisors LLC and others, and which the defendant states he previously marked as a trial exhibit. (Def. Hearing Ltr. at 3-4). The government never received a copy of any trial exhibit marked DX 7770. Moreover, the defendant's October 9, 2017 trial exhibit index appears to describe DX 7770 as a different document, as follows:

| Trial Exhibit | No. Doc ID | Beg Bates | Beg 1 Bates | Beg 2 Date | Document Subject |
|---|---|---|---|---|---|
| DX-7770 | KAT_0067403 | 1-000320983 | KAT_0067403 | 7/29/2013 | Entity Details File Number 4502186 |

There are other documents on the defendant's October 9, 2017 trial exhibit list that reference a lawsuit between Catalyst Advisors LLC and others, such as DXs 8000, 8001 and 8002, but the government did not receive copies of those exhibits either.[2]

   <u>Third</u>, the defendant's filing mentions documents titled **DX 102-8**, **DX 104-9** and **DX 106-28**, all which are described as exhibits that were admitted into evidence at trial. (Def. Hearing Ltr. at 4). However, the defense admitted exhibits list shows that no such defense exhibits were admitted at trial. (<u>See</u> Dkt. No. 503). Moreover, no such exhibits appear on the defendant's October 9, 2017 trial exhibit list, nor does the government have copies of these exhibits.

             Very truly yours,

             RICHARD P. DONOGHUE
             United States Attorney

        By:  /s/
             Alixandra E. Smith
             David C. Pitluck
             David K. Kessler
             Assistant U.S. Attorneys
             (718) 254-7000

cc:   The Honorable Kiyo A. Matsumoto

---

   [2] The Court's May 23, 2018 order stated that the parties were to submit any evidence bearing on loss no later than May 28, 2018. The defendant's filing suggests that, nonetheless, the defendant may identify additional evidence in its initial presentation at Friday's hearing that was not identified in its filing. (Def. Hearing Ltr. at 3 n.3). The government will oppose the introduction of any new evidence not identified in the defendant's filing.