

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

AES/DCP/DKK                          *271 Cadman Plaza East*
F.#2014R00501                        *Brooklyn, New York 11201*

June 14, 2018

<u>By Hand and ECF</u>

Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

        Re:   United States v. Evan Greebel
              <u>Criminal Docket No. 15-637 (KAM)</u>

Dear Judge Matsumoto:

        The government respectfully submits this letter in advance of the continuation of the <u>Fatico</u> hearing scheduled for June 18, 2018, related to determining the amount of intended and actual loss for which the defendant Evan Greebel is responsible.

        As the Court may recall, the defense disclosed on May 30—two days before the <u>Fatico</u> hearing began—that Gayle Klein would present a valuation of loss at the <u>Fatico</u> hearing, but declined to disclose Ms. Klein's methodology or the result of that valuation. On May 31, at approximately 8:00 pm, the defense disclosed Ms. Klein's estimate, which appeared to rely in part on the billing rate Retrophin might pay in a litigation. Despite these late disclosures, Ms. Klein testified at the hearing that she had "probably" requested the invoices on which she based her analysis one week before the hearing, and certainly not the day before the hearing, when she conducted her valuation. (Hearing Tr. 41.) In addition, Ms. Klein stated that she relied upon various documents that were not included in either her May 30 expert report or the defendant's pretrial disclosure of documents upon which Ms. Klein relied. (Hearing Tr. 49 ("I reviewed a lease.").) As a result, the Court ordered defense counsel to disclose all of the documents on which Ms. Klein had relied, and the government reserved the right to ask additional cross-examination questions of Ms. Klein at the upcoming hearing.

        On June 5, defense counsel disclosed all of the documents that Ms. Klein had purportedly "relied on." (<u>See</u> Dkt. No. 620 ("Def. Let.").) This list includes documents never previously identified, including some that were not even trial exhibits. For example, according to the letter, Ms. Klein relied a chart from the Presentence Investigation Report, as well as selected excerpts from <u>the defendant's</u> Rule 29 / Rule 33 motion, characterized as "summary of evidence of investor threats" and "summary of evidence of consulting work." (<u>Id.</u> at 3.) The

disclosure also shows that, despite Ms. Klein's testimony that she was "provided with <u>the testimony</u> of the two gentlemen who had consulting agreements" (Tr. 95), she was in fact given only limited excerpts of the <u>cross-examinations</u> of Mr. Blanton and Mr. Geller.  (<u>Id.</u> at 3 (identifying Trial Tr. 3673:1–3692:25 (Blanton) and Trial Tr. 6844:1–6863:25 (Geller).)  The disclosure also confirms that Ms. Klein reviewed only one or two communications for each investor other than Lindsey Rosenwald.  (<u>Id.</u> at 2-3.)  Taken together, these disclosures reveal not just that previous disclosures were incomplete in significant ways, but also that Ms. Klein was provided with a one-sided set of materials to review.[1]

Despite the deficiencies in the defendant's disclosures, however, the government has determined that it will not seek to question Ms. Klein further.  Consequently, Ms. Klein need not appear at the upcoming hearing.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:     /s/
Alixandra E. Smith
David C. Pitluck
David K. Kessler
Assistant U.S. Attorneys
(718) 254-7000

cc:     All counsel (via ECF)

---

[1] The disclosures related to Dean Ferruolo also raise questions.  For example, the defendant's letter states, for the first time, that Ferruolo reviewed GX 217, a document not admitted at trial.  In addition, that document is described as "emails re Fearnow shares" although GX 217 is, in fact, an email from 2011 that has nothing to do with Fearnow shares.