100 Harbor View Drive Apt 605
Port Washington, New York 11050

Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Dear Judge Matsumoto:

My name is Howard Jacobs.  I have practiced corporate and securities law for 48 years. After graduating from law school, I spent several years at the Securities and Exchange Commission in Washington D.C.  After being with several firms in New York City, I spent the last 25 years as a senior corporate partner at Katten Muchin Rosenman, a 700 person firm and its predecessor firm, Rosenman and Colin. I worked on numerous business, corporate, and financial transactions during the time I practiced there.

I met Evan Greebel when he joined Katten Muchin as an associate in 2003.  Evan worked for several partners in the corporate department during the next several years. During that time period, I only heard excellent reviews of Evan's work and his knowledge of the corporate area.

In 2007-2008, I asked Evan to work on the sale of a company for a client of mine.  The transaction was difficult and complicated, but Evan did a terrific job.  My client was extremely appreciative of his work ethic, his knowledge of corporate law, and his ability to work through difficult issues.

During the next several years, Evan worked on many transactions for me as an associate and later as a non-equity partner in the firm.  He met many of my clients and each of them spoke highly of him and his knowledge of the law, including a private equity firm for which we worked on five or six transactions,  He also worked with me when we represented special committees of the Board of Directors of two public companies.  None of these clients ever complained about Evan trying to cut corners or do something that was not ethical or legal.  In fact, in all the the transactions, Evan would ask me or other partners in the firm for advice to make sure he was conforming to the law.

An example of Evan's integrity and honesty occurred when Evan and I were working on a registration statement in connection with an initial public offering for a Chinese company.  Evan was the lead attorney working on the matter.  As he worked on the registration, he began to realize that the financial statements to be contained in the registration statement did not seem to be complete or accurate  After numerous

meetings and conversations with the company's principals, Evan recommended to me and then to the firm that we should withdraw as counsel to the company even though that would affect the economic benefit to him as well as the effect it would have on the number of clients he would have going forward. Not going forward with the matter proved to me that Evan's ethics and integrity outweighed his own financial gains.

During this period of time, Evan was appointed as the co-signing partner in the firm's New York corporate Department.  This responsibility required Evan and one other partner to determine the work being handled by the associates. This position gave Evan responsibility for the fairness in determining the work being given to other lawyers. Under Evan, this work was always handled fairly and equitably. In connection with this position, Evan also mentored many of the new associates who joined Katten Muchin.  I saw first hand that Evan was fair and understanding of the needs of the new members of the firm.

Katten Muchin has mandatory retirement at the age of 70. In 2012, One year before i had to retire, the firm came to me and asked if I would stay for another year to transition all my clients to Evan.   I agreed to do this because I thought they would be very well served.  During that year, I introduced Evan to all my clients, several of whom worked with Evan in the past.

This happened again the following year.  All of my  clients respected Evan's work ethic, his knowledge of the law, and his ability to handle and resolve difficult issues and problems.  In all this time, I worked with Evan, I never heard a complaint about him. I always thought of him as an honest lawyer and honorable person.

Recently, I have been involved with Evan as part of a group that is attempting to open a drug rehabilitation facility in upstate New York.  Evan has done an excellent job of finding a potential site, structuring the proposed transaction and identifying personnel.  I can see that Evan is drawn to this project by his desire to make a positive and productive contribution in the fight against the growing opioid epidemic.  Both Evan and I have experienced  this crisis first hand through members of our respective families.  I give Evan credit for his desire to make a difference to the  community and society in general even during this difficult time for him and his family.

It is for the above reasons that I am writing to you to ask for leniency in sentencing Evan.  I do not believe you would regret that decision  or would it serve any purpose to punish him.

Evan has been punished severely enough already.  He has lost his position in the law firm. He will probably be disbarred and he will no long be able to practice law.  The trial and this entire ordeal has had a terrible effect on him, his wife, his children and his extended family.  I cannot believe after working with Evan for almost ten years that he is capable of that for which he has been accused or that he would have done anything to jeopardize his professional standing and his family.

I ask that you are lenient in whatever decision you make in Evan Greebel's case.

Thank you.

*Howard S. Jacobs*

Howard S. Jacobs