# EXHIBIT A

Case 1:15-cr-00637-KAM   Document 654-1   Filed 08/01/18   Page 1 of 6 PageID #: 21181

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** (the "Agreement") is made on this 27th day of January, 2016 (the "Execution Date"), between Katten Muchin Rosenman, LLP ("Katten") and Retrophin, Inc. ("Retrophin"). Katten and Retrophin are each referred to as a "Party," and together, as the "Parties."

**WHEREAS**, between January 2012 and October 2014, Katten provided legal services to Retrophin and its predecessors, Retrophin, LLC and Retrophin, Inc. (together, "Predecessors") on a number of matters (the "Representation"), and claims that Retrophin owes it legal fees arising of the Representation as well as legal fees arising out of Katten's representation of Retrophin's transfer agent;

**WHEREAS**, Retrophin denies that it owes Katten legal fees and claims that Katten committed professional malpractice and breached its fiduciary duties to Retrophin during the Representation;

**WHEREAS**, Katten denies that it committed professional malpractice and breached its fiduciary duties to Retrophin during the Representation; and

**WHEREAS**, the Parties, without admitting liability to one another, and solely to avoid the burden and expense of litigation or arbitration, have agreed to settle all disputes between them;

**NOW, THEREFORE**, in consideration of the mutual promises and undertakings set forth in this Agreement, the Parties agree as follows:

1. <u>Release of Retrophin by Katten</u>. Upon execution of this Agreement by both Parties, Katten releases and discharges Retrophin and its Predecessors, affiliated entities, subsidiaries, and their current and former employees, officers, and directors (the "Retrophin

Releasees"), from any and all claims or causes of action, of any kind or nature whatsoever, in law or equity, which Katten ever had, now has, or may have in the future against the Retrophin Releasees, by reason of any matter, cause or thing whatsoever, from the beginning of time to the execution date of this Agreement, with the exception of claims relating to Retrophin's obligations under this Agreement.

2. Release of Katten by Retrophin. Upon execution of this Agreement by both Parties, Retrophin, on behalf of itself and its Predecessors, releases and discharges Katten, its present and former partners and its current and former employees (the "Katten Releasees"), from any and all claims or causes of action, of any kind or nature whatsoever, in law or equity, which Retrophin or its Predecessors ever had, now has, or may have in the future against the Katten Releasees, by reason of any matter, cause or thing whatsoever, from the beginning of time to the execution date of this Agreement, with the exception of claims relating to Katten's obligations under this Agreement.

3. No Admission. Neither this Agreement nor any part of it shall be deemed, construed, or treated in any respect as an admission by either Party of any liability or obligation of any kind for any purpose.

4. Construction. In the event of an ambiguity in or dispute regarding the interpretation of this Agreement, the Agreement shall be interpreted as if both of the Parties hereto participated in its drafting.

5. Entire Agreement. This Agreement contains the entire agreement and understanding between the Parties with respect to the subject matter of this Agreement, and supersedes any prior agreements, written or oral, relating to the subject matter of this Agreement.

6. <u>Modification and Waiver</u>. This Agreement cannot be changed or terminated orally. No waiver, alteration or modification of any of the provisions of this Agreement shall be valid unless the same shall be in writing and signed by the party granting such waiver, alteration or modification, and then such waiver, alteration or modification shall be effective only in the specific instance and for the express purpose for which it was given.

7. <u>Headings</u>. The headings on paragraphs of this Agreement are for convenience only, and shall have no effect on the terms of this Agreement; the text of the paragraphs alone states those terms.

8. <u>Binding on Successors</u>. This Agreement binds the heirs, executors, administrators, successors in interest and assigns of the Parties.

9. <u>Representations</u>.

(a) The Parties: (1) have read this Agreement; (2) understand its terms; (3) have had the opportunity to investigate the claims which this Agreement is settling and regard the terms of this Agreement as reasonable and a good faith compromise of their respective claims; (4) execute this Agreement freely, voluntarily and without coercion, with full knowledge of its significance and legal consequences; (5) have been represented by counsel and have had an adequate opportunity to review and consider the terms of this Agreement with counsel; (6) have analyzed and agree that the covenants contained herein are reasonable and enforceable.

(b) The Parties have the power and authority to execute this Agreement.

(c) These representations and warranties are a material term of this Agreement and survive the Execution Date.

10. <u>Execution</u>. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which taken together shall constitute one

and the same instrument. Facsimile or PDF signatures shall be treated as originals for all purposes hereunder.

**EACH OF THE PARTIES** has executed this Agreement on the 28th day of Jan, 2016.

Katten Muchin Rosenman LLP

By: _____

Retrophin, Inc.

By: _____
Name: Margaret Valeur-Jensen
Title:   General Counsel