

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

AES/DCP/DKK                                                    *271 Cadman Plaza East*
F.#2014R00501                                                  *Brooklyn, New York 11201*

August 3, 2018

By Hand and ECF

Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

                    Re:   United States v. Evan Greebel
                          Criminal Docket No. 15-637 (KAM)

Dear Judge Matsumoto:

                    The government respectfully submits this letter in response to new legal
arguments raised by the defendant Evan Greebel in his reply sentencing memorandum (see Dkt.
No. 654 ("Def. Reply")).  Specifically, the defendant argued for the first time in his reply that he
should not be ordered to pay restitution based on, inter alia, his interpretation of the Mandatory
Victim Restitution Act ("MVRA") and a recent Supreme Court case decided in May 2018.  (Def.
Reply at 16-19).  The defendant did not discuss restitution at all in his sentencing memorandum
filed in July 2018 (see Dkt. No. 639), nor did he raise these arguments regarding restitution in his
filings on the appropriate loss calculation or in his objections to the Pre-Sentence Investigation
Report ("PSR") in June 2018.[1]  For the reasons set forth below, the defendant's new arguments
regarding restitution should be rejected and the defendant should be ordered to pay restitution to
Retrophin in the amount of $10,447,979.

                    First, the defendant contends that the "government has not demonstrated that the
alleged loss here was for an 'offense against property'" and thus "it makes no sense to apply the
[MVRA] to the circumstances of this case."  (Def. Reply at 17).  The defendant is incorrect.
Under the MVRA, restitution is mandatory for crimes involving "an offense against property

---

                    [1] The defendant also argues—as he did in connection with his PSR objections (see Def.
PSR Obj. at 19), though not in his sentencing memorandum—that restitution is unwarranted
because the government has not met its burden to show that Retrophin suffered an actual loss as
a result of the defendant's criminal conduct in Count Seven.  (Def. Reply at 16).  In the
alternative, the defendant contends that if there is an actual loss, such loss is no greater than
$477,329, and restitution should be limited to that sum.  (Id. at 17).  For the reasons set forth in
the government's numerous briefings regarding the appropriate loss calculation, these arguments
are unavailing.  (See Dkt. Nos. 601, 606, 617 and 634).

under this title ... including any offense committed by fraud or deceit" where an "identifiable victim or victims has suffered a … pecuniary loss." 18 U.S.C. §§ 3663A(c)(1)(A)(ii) and (B); see also United States v. Batista, 575 F.3d 226, 230 (2d Cir. 2009). Courts have consistently held that the offenses of wire fraud and wire fraud conspiracy are offenses "against property" that are "committed by fraud or deceit," such that restitution is mandatory under the MVRA if such criminal conduct results in a pecuniary loss to an identifiable victim. See, e.g., United States v. Quatrella, 722 Fed Appx. 64, 69 (2d Cir. 2018) (district court properly concluded that individuals who lost money as a result of the defendant's wire fraud conspiracy were victims for purposes of the MVRA); United States v. Grice, 419 Fed. Appx. 50, 52-53 (2d Cir. 2011) ("in this case, [the defendant] pled guilty to wire fraud, an offense that includes participation in a scheme to defraud as one of its elements."); United States v. Ojeikere, 545 F.3d 220, 222 (2d Cir. 2008); United States v. Gourevitch, No. 12-CR-758 (ARR), 2014 WL 4724701, at *2 (E.D.N.Y. Sept. 23, 2014) ("because Gourevitch pleaded guilty to wire fraud, it is undisputed that he committed an offense against property under Title 18 that triggers the restitution provisions of the MVRA."); United States v. Reisman, No. 09-CR-159 (KAM), 2014 WL 3809788, at *1 (E.D.N.Y. Aug. 1, 2014) (holding that MVRA required restitution for defendant who was convicted of, inter alia, wire fraud and conspiracy to commit mail and wire fraud because the counts of conviction constituted offenses against property). The circumstances of this case are no different. Here, the defendant was convicted in Count Seven of a conspiracy to deprive Retrophin of property—specifically, money and shares—by fraud, which resulted in a pecuniary loss to Retrophin.

Second, the defendant asserts that Retrophin cannot be a victim of the defendant's criminal conduct because "the MVRA's plain language" makes it clear that a victim "must be an individual and cannot be a corporate entity." (Def. Reply at 18). In support of this broad statement, the defendant points to the Supreme Court's recent decision in Lagos v. United States, 138 S. Ct. 1684, 1689 (2018), stating that the decision constitutes a "sea change in how the MVRA should be construed by this Court," and that corporate entities can no longer be considered victims under the MVRA. (Def. Reply at 17).

The defendant's argument regarding the MVRA's definition of "victim" is runs counter both to the text of the MVRA and to decades of Supreme Court and Second Circuit precedent. As an initial matter, the defendant's entire argument hinges on a selective review of the MVRA's text and legislative history. He relies only on (i) the MVRA's reference to victims under 18 years of age, and (ii) the purported absence of corporate entities from the legislative history in the MVRA's drafting process, in reaching the conclusion that corporations cannot constitute victims. (Def. Reply at 18). This is simply wrong. As the defendant was forced to concede, corporations and other similar entities were specifically included in the statutory definition of a "person" for interpreting acts of Congress. See 1 U.S.C. § 1 (2012) ("word[] 'person' . . . include[s] corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals[.]"); see also Wilson v. Omaha Indian Tribe, 442 U.S. 653, 667 (1979) ("it is well understood that corporations should be treated as natural persons for virtually all purposes of constitutional and statutory analysis."). Contrary to the defendant's assertions, the fact that a certain provision of the MVRA references a subset of "persons"—minor individual victims—does not mean that the "context" of the law was designed to exclude entities, any more than it was designed to include other individuals who are not minors.

2

Moreover, the MVRA itself demonstrates that corporations are eligible to be considered as victims.  The MVRA extends to crimes such as bank fraud (see Section 3663A(c)(1)(A)(ii)), which has as an element the defrauding of a "financial institution."  18 U.S.C. § 1344.  This would make absolutely no sense if the MVRA was intended to apply only to individual persons.  See United States v. Benedict, 855 F.3d 880, 886 (8th Cir. 2017).  Similarly, Second Circuit case law has repeatedly affirmed that the government can be a victim under the MVRA, which also directly refutes the defendant's argument that only an "individual" can be a victim under the MVRA.  See United States v. Ekanem, 383 F.3d 40, 42-44 (2d Cir. 2004); see also United States v. Goldberg, 661 Fed.Appx. 33, 36-37 (2d Cir. 2016).

The defendant's argument is also flatly contradicted by the facts of Lagos itself and voluminous Second Circuit case law.  Referencing Lagos v. United States, 138 S. Ct. 1684 (2018), the defendant asserts that "the term 'victim' under the MVRA's plain language must be an individual and cannot be a corporate entity."  (Def. Reply at 18).  In fact, the defendant's argument is squarely foreclosed by Lagos, in which the Supreme Court abrogated the approximately $5 million portion of restitution that the defendant was obligated to pay to General Electric Capital ("GE"), the corporate entity that was the victim of his fraud.  See id. at 1685, 87.[2]  As the Fifth Circuit's opinion in Lagos made plain, the district court in that case ordered the defendant to pay GE a total of nearly $16 million in restitution.  See United States v. Lagos, 864 F.3d 320, 323 (5th Cir. 2017) (overruled by Lagos, 138 S. Ct.).  On appeal, the defendant challenged only the portion of that restitution order that related to "legal, expert, and consulting fees incurred by the victim-lender"— totaling approximately $5 million— and did not challenge the remaining almost $11 million in restitution to GE that constituted pecuniary harm that directly resulted from the defendant's criminal conduct, which was upheld on appeal.  Id. at 321.  Accordingly, the Supreme Court in Lagos upheld the payment of restitution under the MVRA to GE, a corporate entity—the very payment the defendant now argues is legally improper.  See Lagos, 138 S. Ct. at 1690 ("[c]onsequently Lagos is not obliged to pay the portion of the restitution award that he here challenges.").

The defendant also ignores that another case he cited in his reply brief, a recent Second Circuit opinion, reaches exactly the same conclusion.  In United States v. Finazzo, 850 F.3d 94 (2d Cir. 2017), the Second Circuit considered the defendant's challenge of a restitution order against Aeropostale, a clothing corporation, that was the victim of the offense.  Although the Second Circuit remanded the case to the district court to recalculate the victim corporation's loss, it determined that the MVRA allowed for the recovery of restitution by a corporate victim, and certainly did not conclude that a corporation could not recover restitution under the MVRA.  Id. at 116-19.  Finazzo is not an aberration.  In fact, the defendant's unsupported position would upend decades of jurisprudence in this Circuit and others where corporate victims were awarded restitution under the MVRA.  See, e.g., United States v. Simmons, 544 Fed. Appx. 21, 22-23 (2d Cir. 2013) (finding two corporations to be victims under the MVRA for purposes of awarding restitution); United States v. Zangari, 677 F.3d 86, 97 (2d Cir. 2012) (upholding restitution order to victim banks); United States v. Razzouk, No. 11-CR-430 (ARR), 2018 WL 2272713, at *2 (E.D.N.Y. May 17, 2018) (discussing award of restitution to victim corporations, including

---

[2] The Court's holding in Lagos related solely to whether the MVRA required the defendant to reimburse the corporate victim for expenses incurred as part of private investigations or civil proceedings.  See Lagos, 138 S. Ct. at 1684.

Consolidated Edison Company of New York).  As the defendant's argument is devoid of any legal support and runs counter to voluminous case law, including case law cited in his own submission, the defendant's argument should be rejected.

Third, the defendant argues that any restitution he might owe to Retrophin should be "reduced by any funds recovered by Retrophin in the course of a judgment against [Martin] Shkreli or the MSMB entities related to the settlement and consulting agreements."  (Def. Reply at 19).  In essence, the defendant is asking for a "credit" against restitution for any money that Retrophin may recover in the future from Shkreli and/or the MSMB entities as compensation for the defendant's criminal conduct.  See 18 U.S.C. § 3664(j)(2) ("[a]ny amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in ... any Federal civil proceeding").  However, the Second Circuit has held that a defendant can only move to receive such a "credit" once his/her victim has actually received payment.  See United States v. Yalincak, 853 F.3d 629, 635 (2d Cir. 2017) (finding that a defendant was not entitled to a credit against restitution when a qualifying payment was made to a bankruptcy trustee but not in fact distributed to the victim); United States v. McGinn, 787 F.3d 116 (2d Cir. 2015) (same).  Moreover, the Second Circuit has found that under these circumstances, it is the defendant's burden to show that he qualifies for such a "credit"—that is, that the payment to his/her victim is actually for the "same loss" caused by the defendant's criminal conduct.  See United States v. Smathers, 879 F.3d 453, 460-61 (2d Cir. 2018) (finding that the district court did not abuse its discretion in finding that the burden rested with the defendant to show that the payment made in connection with civil litigation was for the "same loss" where the defendant had the "strongest incentive to establish he [was] entitled to a reduction" and the "government was not a party to the civil litigation").  Consequently, any discussion of a "credit" against the restitution the Court must order in this case is premature; and even if Retrophin does receive payment, it will be the defendant's burden to show that such payment in fact qualifies as a "credit" that is part of the "same loss" caused by his criminal conduct.

Finally, the defendant argues—without citation to any authority—that the Court should "also take into consideration that Retrophin signed a settlement agreement with Katten" in January 2016 that released Katten and its partners (including the defendant) "from any and all claims," including claims for legal malpractice, when evaluating his position that Retrophin is not a victim for the purposes of the MVRA.  (Def. Reply at 19).  This position must be rejected, as the fact that Katten and Retrophin entered into a civil settlement in which Retrophin agreed not to bring civil claims against Katten has no bearing on Retrophin's status as a victim pursuant to the MVRA.  See, e.g., United States v. Baudanza, No. 06 CR 0181 (RJD), 2014 WL 795639, at *3 (E.D.N.Y. Feb. 27, 2014) (finding that because "the MVRA requires the district court to order full compensation, a private settlement consummated before sentencing can neither waive a defendant's restitution obligation nor cabin the value of restitution to whatever sum the parties negotiate in advance"); United States v. Rizk, 660 F.3d 1125, 1137 (9th Cir. 2011) (finding the "district court did not err in ordering restitution to be paid to the victim lenders, despite the fact that they had given a release of all claims against [the defendant] in the prior civil action"); United States v. Gallant, 537 F.3d 1202, 1250 (10th Cir. 2008) ("The MVRA requires the sentencing court to provide restitution to victims.... A private settlement cannot abrogate that language."); United States v. Bearden, 274 F.3d 1031, 1040 (6th Cir. 2001) (finding that "a private settlement between a criminal wrongdoer and his victim releasing the wrongdoer from

4

further liability does not preclude a district court from imposing a restitution order for the same underlying wrong").

        For the reasons set forth herein, the defendant's arguments regarding restitution are unavailing, and the Court should order the defendant to pay restitution to Retrophin in the amount of $10,447,979.

                                        Respectfully submitted,

                                        RICHARD P. DONOGHUE
                                        United States Attorney

                         By:    /s/_____
                                        Alixandra E. Smith
                                        David C. Pitluck
                                        David K. Kessler
                                        Assistant U.S. Attorneys
                                        (718) 254-7000