# EXHIBIT 1



U.S. Department of Justice

United States Attorney
Eastern District of New York

AES/DCP/DKK
F.#2014R00501

271 Cadman Plaza East
Brooklyn, New York 11201

July 18, 2018

By Hand and ECF

Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:  United States v. Evan Greebel
            Criminal Docket No. 15-637 (KAM)

Dear Judge Matsumoto:

      The government respectfully submits this letter to request a brief extension of the due date for the government's sentencing memorandum in the above-captioned matter.

      The defendant Evan Greebel filed a 72-page sentencing memorandum, along with 182 letters and a sealed addendum, on ECF at approximately midnight on Monday, July 16, 2018.  (See Dkt. No. 639).  Portions of the sentencing memorandum and the letters, and the entirety of the addendum, were redacted.  (Id.).  At the time of the ECF filing, the defendant did not provide the government with unredacted versions of those documents.  As a result, the government requested unredacted versions of documents on the morning of Tuesday, July 17, 2018, and the defendant provided an electronic link to those documents at approximately 3:45 p.m. on July 17, 2018.

      Upon review of the contents of the sealed addendum, the government discovered that it consisted of 42 pages of medical records and reports related to members of the defendant's family, including an 18-page report from a retained "Mitigation Specialist" for "White Collar Crime – Fraud and Embezzlement."  The defendant did not previously provide notice to the government or to the Court that it intended to retain a social worker, who refers to herself as a "Mitigation Specialist," for sentencing, including in its May 10, 2018 request for an adjournment "to collect letters and other materials in aid of the sentencing to provide Your Honor with a complete picture of his life."[1]  (See Dkt. No. 598).

---

      [1] By contrast, counsel for co-defendant Martin Shkreli provided notice to the government and the Court of his intention to retain a clinical neuropsychologist, and disclosed a copy of that individual's report three weeks prior to Shkreli's sentencing memorandum due date so that the

   Given the length of the defendant's sentencing submission—which, in total, is in excess of 350 pages—and the fact that it contains a previously undisclosed report from a "Mitigation Specialist," the government requests additional time to review and evaluate the submission and the addendum. Specifically, the government requests that it be permitted to advise the Court by Monday, July 23, 2018, whether it will seek a hearing regarding the unannounced report and/or the opportunity to have any expert it may retain conduct his or her own evaluation. In the event that the government does not request such a hearing or any additional relief, the government requests that it be permitted to file its sentencing submission on July 25, 2018 (two days after the current due date of July 23, 2018).[2]

               Respectfully submitted,

               RICHARD P. DONOGHUE
               United States Attorney

     By: /s/_____
        Alixandra E. Smith
        David C. Pitluck
        David K. Kessler
        Assistant U.S. Attorneys
        (718) 254-7000

---

government could evaluate the report and determine whether it needed to retain its own expert. (See Letter enclosing Shkreli expert report dated February 7, 2018; Dkt. Nos. 538 (Shkreli sentencing memorandum filed February 27, 2018)).

 [2] The defendant's Addendum A, including the "Mitigation Specialist" report, is currently filed under seal in its entirety, without, to the government's knowledge, obtaining prior permission from the Court. Notwithstanding its view that nothing in this letter should be sealed, in an abundance of caution, the government has redacted portions of this letter to mirror the defendant's sealing with respect to the broad topic of the sealed addendum. The government respectfully requests permission to immediately file this letter, unredacted, on the public docket. It contains nothing more than a high-level description of portions of the sealed addendum and there is no basis to seal that description.

 Moreover, the government anticipates the need for further briefing regarding the defendant's decision to seek to seal the entire contents of Addendum A, as the defendant relies on the conclusions in the report and other materials in Addendum A in connection with his sentencing submission and will do so at the sentencing hearing, and because the defendant's proposal to seal the entirety of Addendum A does not meet the legal standard that such redactions be "narrowly tailored."