# EXHIBIT 2



U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

AES/DCP/DKK
F.#2014R00501

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 25, 2018

**TO BE FILED UNDER SEAL**

<u>By Hand and ECF</u>

Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: <u>United States v. Evan Greebel</u>
      <u>Criminal Docket No. 15-637 (KAM)</u>

Dear Judge Matsumoto:

  The government respectfully submits this letter to request that certain portions of the defendant Evan Greebel's sentencing submission and the government's response to that submission be unsealed. The government submits that select portions of the sealed addendum to Greebel's submission ("Addendum A") be publicly filed, in particular portions of the report filed by the defendant's "Mitigation Specialist," Simone Gordon (the "Gordon Report"). The sections of Addendum A that the government proposes to file publicly are attached hereto as Exhibit A. The government submits that these redactions comply with the strict law on public access to judicial documents, particularly those relied on at sentencing, and protect the privacy interests of third parties.

I.  <u>Background</u>

  On Monday, July 16, 2018, the defendant filed a 67-page sentencing memorandum, along with 182 letters and the sealed Addendum A, on ECF. (<u>See</u> Dkt. No. 639). Portions of the sentencing memorandum and the letters, and the entirety of Addendum A, were redacted. (<u>Id.</u>). The government did not receive an electronic link to the documents comprising the Addendum until the following afternoon. As the Court is aware, the 42-page Addendum A consists of the 18-page Gordon Report from the defendant's retained "Mitigation Specialist" for "White Collar Crime – Fraud and Embezzlement," as well as medical records for members of the defendant's family.

II.     Applicable Law

The public has a presumptive right of access to judicial documents under both the First Amendment and the common law. See, e.g., Lugosch v. Pyramid Co., 435 F.3d 110, 119-20 (2d Cir. 2006). Sentencing memoranda in criminal cases are considered "judicial documents" to which the presumptive right of public access attaches. See United States v. Huntley, 943 F. Supp. 2d 383, 385–86 (E.D.N.Y. 2013); United States v. Litvak, 2015 WL 328876, at *2 (D. Conn. 2015); United States v. Alcantara, 396 F.3d 189, 199 (2d Cir. 2005) (a right of public access attaches to sentencing proceedings). A judicial document may only be sealed if a court finds that sealing is "essential to preserve higher values and is narrowly tailored to serve that interest." Bernstein v. Bernstein Litowitz Berger & Grossmann LLP, 814 F.3d 132, 144 (2d Cir. 2016). A court also must find that the presumption of access is outweighed by "'competing considerations' such as, e.g., privacy interests, public safety, or attorney-client privileged information." Litvak, 2015 WL 328876, at *2. Before sealing a document, a court must make "specific, rigorous findings" regarding the competing considerations. Bernstein, 814 F.3d at 141. Even when competing interests, such as privacy, merits sealing, the sealing must be narrowly tailored to achieve that result. See Lugosch, 435 F.3d at 124.

Where a defendant has submitted materials for the court to consider in determining the appropriate sentence, and that information is "important to the court's ultimate sentencing decision, the presumption of public access may be particularly acute. Id. at *3; see also Huntley, 943 F.Supp.2d at 386 (interest in public access weighs "heaviest when judicial documents directly affect adjudication, including a court's sentencing decision.") (internal quotations and citations omitted).

A party seeking to file material under seal bears a burden to establish that the sealing is justified. See Geller v. Branic Intern. Realty Corp., 212 F.3d 734, 738 (2d Cir. 2000) (stating that District Courts "enjoy [] considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents filed in our courts.").

III.    Argument

As set forth below, the defendant's approach to sealing is not narrowly tailored. In fact, it far exceeds what is necessary to protect the privacy interests of third parties. Accordingly, the government has proposed very conservative redactions that permit the public to understand the purpose of Addendum A, in particular the Gordon Report, and the sentencing arguments the defendant seeks to make based on that report.

From the outset, the government would like to make clear that it is not seeking to make public any of the details of medical records or clinical information regarding the defendant's family, beyond the fact that records were provided to the Court. However, the defendant has filed a report from a retained "Mitigation Specialist" regarding the purported effects on his family from a sentence of incarceration. Clearly, the defendant seeks to have the Court rely on that submission as part of its sentence. The fact that the defendant made this argument through a "Mitigation Specialist," and seeks to have the Court consider it, should be a matter of public record, even if the specific reasons underlying the argument are not. Moreover,

the government has been forced to respond not only to the contents and methodology in that report but also to the arguments stemming from the report. This debate, and its effect on both this matter and other matters, are of critical public importance. The public should learn that the Addendum A contains Gordon's report, the purpose of her report, what Gordon did, and did not, consider as part of the report, and Gordon's general conclusions. When considering the portions to unseal, the government does not propose to include anything that will directly implicate the privacy interests of third parties, such as background information about the defendant's wife or children. The government takes this position, even though some of those issues, such as the death of Mrs. Greebel's brother, are raised publicly in both the sentencing submission and the accompanying letters. With the privacy concerns alleviated, the arguments advanced in Gordon's report are not "extraneous to sentencing" and do promote the values "associated with the public scrutiny of the sentencing process." See United States v. Sattar, 471 F.Supp.2d 380, 388 (S.D.N.Y. 2006).

For that reason, the government proposes two sets of redactions: First, the heading of the Gordon Report and its first two paragraphs should be unsealed.[1] These discuss the purpose of the report, when Gordon performed her work, what she relied upon and the purpose of the report. Second, the government proposes unsealing portions of the "Summary and Conclusions" section of the Gordon Report. The government has included its proposed redactions to that section in the attached Exhibit A. The unsealed portions describe Gordon's conclusions, without implicating a privacy concerns. These are what the defendant seeks to have the Court rely on at sentencing and, accordingly, are integral to the debate about the report's validity in the sentencing process. The government respectfully submits that unsealing these portions of the report will permit the parties to vigorously debate the merits of the Gordon Report and its effect on sentencing at a public proceeding.

Finally, should the Court grant the government's motion, the government also proposes that its initial letter regarding this matter (Dkt. No. 642), the defendant's response (Dkt. No. 643) and this motion all be unsealed in their entirety, as there is also no basis to seal those documents.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:   /s/_____
Alixandra E. Smith
David C. Pitluck
David K. Kessler
Assistant U.S. Attorneys
(718) 254-7000

---

[1] The government also proposes redacting the names of the defendant's children in all places where it has moved for Addendum A to be unsealed.