BEFORE: MATSUMOTO U.S.D.J.        DATE: 8/17/2018        TIME: 1:30p.m. - 4:00p.m.

## CRIMINAL CAUSE FOR SENTENCING

13CR149 (KAM) U.S.A. v. Evan Greebel   ✔ (dob)   ✔ present

DEFENSE COUNSEL: Reed M. Brodsky   ✔ Retained   ✔ present

A.U.S.A: Alixandra Smith   C/R: C. Heading   Deputy: S. Jackson

✔ CASE CALLED.
✔ DEFENDANT SWORN AND INFORMED OF RIGHTS
✔ SENTENCING HELD.
✔ STATEMENTS OF DEFENDANT AND COUNSEL HEARD
✔ DEFENDANT WAS FOUND GUILTY AFTER PLEA OF NOT GUILTY TO COUNT(S) 7 and Counts 8 of a eight count, superseding indictment

**IMPRISONMENT:** 18 months on each of Counts Seven and Eight, to run concurrently.

**SUPERVISED RELEASE:** Three years supervised release on each count to run concurrently

### SPECIAL CONDITIONS:

a. Mr. Greebel shall comply with the restitution and forfeiture orders as set forth below and incorporated herein.

b. Mr. Greebel shall maintain full time verifiable employment and refrain from engaging in any self-employment which involves access to clients' assets, investments, or money, or solicitation of assets, investment, or money. He is to assist the Probation Department in verifying any employment he secures while under supervision. For the purposes of this order, "self-employment" includes companies or entities in which Mr. Greebel has a financial interest, derives any benefit, is a controlling or majority shareholder, or otherwise controls or directs the operations of the entity.

c. Mr Greebel shall serve 20 hours of community service under the supervision of Probation if he is not employed full-time.

d. Mr. Greebel shall provide the Probation Department and the United States Attorney's Office with complete and truthful disclosure of his financial records, including co-mingled income, expenses, assets and liabilities, to include yearly income tax returns. With the exception of the financial accounts reported and noted within the presentence report, defendant is prohibited from maintaining and/or opening any additional individual and/or joint checking, savings or other financial accounts for either personal or business purposes without the knowledge and prior approval of the Probation Department. The defendant shall cooperate with the probation officer in the investigation of his financial dealings and shall provide truthful monthly statements of his income and expenses. Mr. Greebel shall cooperate in the signing of any necessary authorizations to release information forms permitting the US Probation Department access to his financial information and records.

e. Mr. Greebel shall participate in alcohol abuse counseling and treatment services under the supervision of Probation and provide truthful and complete financial disclosure to the Probation Department which it may consider in assessing his ability to pay for services.

BEFORE: MATSUMOTO U.S.D.J.          DATE: 8/17/2018          TIME: 1:30p.m. - 4:00p.m.

## CRIMINAL CAUSE FOR SENTENCING

### RESTITUTION

Restitution is ordered in the amount of $10,447,979.00 due immediately as set forth herein, to the Clerk of Court, U.S. District Court, 225 Cadman Plaza East, Brooklyn, New York 11201, and shall reference the word "restitution", the docket number and case name. The Clerk of Court shall forward restitution payments of $10,447,979.00, to Retrophin, Inc, located at: 3721 Valley Centre Drive, Suite 200, San Diego, CA 92130. The Clerk of Court will distribute payments to the victim. Restitution is due and payable immediately from available assets or shall be paid at a minimum quarterly rate of $25 while in custody, and 15% of his gross monthly income after deductions required by law, or $500 per month, whichever is greater, until paid in full. Payments shall begin on the first day of the first month following defendant's release from custody and shall continue until paid in full.

### FORFEITURE

Pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), and 21 U.S.C. § 853(p), Mr. Greebel is Ordered to pay a forfeiture money judgment in the amount of one hundred sixteen thousand, four hundred sixty-two dollars and three cents ($116,462.03), as property constituting, or derived from, proceeds obtained directly or indirectly, as a result of his offense, and/or as substitute assets. Forfeiture amount of $116,462.03 is due immediately and payable as set forth herein, to the United States Attorney's Office, Eastern District of New York, 271-A Cadman Plaza East, Brooklyn, New York 11201, Attn: Assest Forfeiture Unit, and shall reference the word "forfeiture", the docket number and case name. The Forfeiture amount is due and payable immediately from available assets and shall be paid at a minimum quarterly rate of $25 while in custody, and 15% of his gross monthly income after deductions required by law, or $500 per month, whichever is greater, until paid in full. Payments shall begin on the first day of the first month following defendant's release from custody and shall continue until paid in full. The Court has "so ordered" the Forfeiture Order in the amount of $116,462.03. It is incorporated into this Judgment and attached hereto.

### OTHERS:

    REMAINING COUNTS.

☐ COURT'S MOTION          ☐ I.F.P. GRANTED          ICE DETAINER

✔ TRANSCRIPT ORDERED

✔ COURT ADVISED THE DEFENDANT OF RIGHTS TO APPEAL.

☐ I.F.P. GRANTED

✔ GOVT SHALL ARRANGE FOR THE RETURN OF DEFENDANT'S PROPERTY, IF ANY.