AO 245B (Rev. 02/18)   Judgment in a Criminal Case
                       Sheet 1

# UNITED STATES DISTRICT COURT

### Eastern District of New York

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| v. | ) | |
| Evan Greebel | ) | Case Number: 15CR637[KAM] |
| | ) | USM Number: 87851-053 |
| | ) | Reed M. Brodsky, Esq |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☑ was found guilty on count(s)   Seven and Eight of an eight-count, superseding indictment
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1349 | Conspiracy to Commit Wire Fraud, Class C Felony | 9/30/2014 | 7 |
| 18 U.S.C. § 371 | Conspiracy to Commit Securities Fraud, Class D Felony | | 8 |

   The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is  ☐ are dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

8/17/2018
Date of Imposition of Judgment

/s/ USDJ KIYO A. MATSUMOTO
Signature of Judge

Kiyo A. Matsumoto, USDJ
Name and Title of Judge

8/22/2018
Date

AO 245B (Rev. 02/18) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page __2__ of __7__

DEFENDANT: Evan Greebel
CASE NUMBER: 15CR637[KAM]

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

18 months on each of Counts Seven and Eight, to run concurrently

☑ The court makes the following recommendations to the Bureau of Prisons:

The court respectfully recommends that, if deemed appropriate by the BOP, Mr. Greebel be designated to the FCI Otisville Satellite Camp, to facilitate family visits. In addition the BOP is requested to provide Mr. Greebel with alcohol abuse counseling and treatment services and the RDAP program.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____  ☐ a.m.  ☐ p.m.  on _____ .

  ☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☑ before 2 p.m. on    10/17/2018                .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 02/18)   Judgment in a Criminal Case
                       Sheet 3 — Supervised Release

Judgment—Page __3__ of __7__

DEFENDANT: Evan Greebel
CASE NUMBER: 15CR637[KAM]

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :
Three years supervised release on each count to run concurrently, with special conditions.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☑ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 02/18)   Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page __4__ of __7__

DEFENDANT: Evan Greebel
CASE NUMBER: 15CR637[KAM]

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

DEFENDANT: Evan Greebel
CASE NUMBER: 15CR637 [KAM]

## SPECIAL CONDITIONS OF SUPERVISION

a. Mr. Greebel shall comply with the restitution and forfeiture orders as set forth below and incorporated herein.

b. Mr. Greebel shall maintain full time verifiable employment and refrain from engaging in any self-employment which involves access to clients' assets, investments, or money, or solicitation of assets, investment, or money. He is to assist the Probation Department in verifying any employment he secures while under supervision. For the purposes of this order, "self-employment" includes companies or entities in which Mr. Greebel has a financial interest, derives any benefit, is a controlling or majority shareholder, or otherwise controls or directs the operations of the entity.

c. Mr Greebel shall serve 20 hours of community service under the supervision of Probation if he is not employed full-time.

d. Mr. Greebel shall provide the Probation Department and the United States Attorney's Office with complete and truthful disclosure of his financial records, including co-mingled income, expenses, assets and liabilities, to include yearly income tax returns. With the exception of the financial accounts reported and noted within the presentence report, defendant is prohibited from maintaining and/or opening any additional individual and/or joint checking, savings or other financial accounts for either personal or business purposes without the knowledge and prior approval of the Probation Department. The defendant shall cooperate with the probation officer in the investigation of his financial dealings and shall provide truthful monthly statements of his income and expenses. Mr. Greebel shall cooperate in the signing of any necessary authorizations to release information forms permitting the US Probation Department access to his financial information and records.

e. Mr. Greebel shall participate in alcohol abuse counseling and treatment services under the supervision of Probation and provide truthful and complete financial disclosure to the Probation Department which it may consider in assessing his ability to pay for services.

### RESTITUTION

Restitution is ordered in the amount of $10,447,979.00 due immediately as set forth herein, to the Clerk of Court, U.S. District Court, 225 Cadman Plaza East, Brooklyn, New York 11201, and shall reference the word "restitution", the docket number and case name. The Clerk of Court shall forward restitution payments of $10,447,979.00, to Retrophin, Inc, located at: 3721 Valley Centre Drive, Suite 200, San Diego, CA 92130. The Clerk of Court will distribute payments to the victim. Restitution is due and payable immediately from available assets or shall be paid at a minimum quarterly rate of $25 while in custody, and 15% of his gross monthly income after deductions required by law, or $500 per month, whichever is greater, until paid in full. Payments shall begin on the first day of the first month following defendant's release from custody and shall continue until paid in full.

### FORFEITURE

Pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), and 21 U.S.C. § 853(p), Mr. Greebel is Ordered to pay a forfeiture money judgment in the amount of one hundred sixteen thousand, four hundred sixty-two dollars and three cents ($116,462.03), as property constituting, or derived from, proceeds obtained directly or indirectly, as a result of his offense, and/or as substitute assets. Forfeiture amount of $116,462.03 is due immediately and payable as set forth herein, to the United States Attorney's Office, Eastern District of New York, 271-A Cadman Plaza East, Brooklyn, New York 11201, Attn: Assest Forfeiture Unit, and shall reference the word "forfeiture", the docket number and case name. The Forfeiture amount is due and payable immediately from available assets and shall be paid at a minimum quarterly rate of $25 while in custody, and 15% of his gross monthly income after deductions required by law, or $500 per month, whichever is greater, until paid in full. Payments shall begin on the first day of the first month following defendant's release from custody and shall continue until paid in full. The Court has "so ordered" the Forfeiture Order in the amount of $116,462.03. It is incorporated into this Judgment and attached hereto.

AO 245B (Rev. 02/18) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page __6__ of __7__

DEFENDANT: Evan Greebel
CASE NUMBER: 15CR637[KAM]

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **JVTA Assessment*** | **Fine** | **Restitution** |
|--------|----------------|----------------------|----------|-----------------|
| TOTALS | $ 200.00       | $                    | $ 0.00   | $ 10,447,979.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*\*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|--------------------|--------------------------|------------------------------|
| Retrophin, Inc.<br>3721 Valley Centre Drive, Suite 200<br>San Diego, CA 92130 | $10,447,979.00 | $10,447,979.00 | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | $ 10,447,979.00 | $ 10,447,979.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

　　☐ the interest requirement is waived for the　☐ fine　☐ restitution.

　　☐ the interest requirement for the　☐ fine　☐ restitution is modified as follows:

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 02/18) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page 7 of 7

DEFENDANT: Evan Greebel
CASE NUMBER: 15CR637 [KAM]

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☑ Lump sum payment of $ 10,448,179.00 due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☑ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑ Special instructions regarding the payment of criminal monetary penalties:

Restitution is ordered in the amount of $10,447,979.00 due immediately as set forth herein, to the Clerk of Court, U.S. District Court, 225 Cadman Plaza East, Brooklyn, New York 11201, and shall reference the word "restitution", the docket number and case name. The Clerk of Court shall forward restitution payments of $10,447,979.00, to Retrophin, Inc, located at: 3721 Valley Centre Drive, Suite 200, San Diego, CA 92130. The Clerk of Court will distribute payments to the victim. Restitution is due and payable immediately from available assets or shall be paid at a minimum quarterly rate of $25 while in custody, and 15% of his gross monthly income after deductions required by law, or $500 per month, whichever is greater, until paid in full. Payments shall begin on the first day of the first month following defendant's release from custody and shall continue until paid in full. Restitution has priority over the forfeiture if not paid in full immediately.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
Forfeiture amount of $116,462.03 is due immediately as set forth herein, to the United States Attorney's Office, Eastern District of New York, 271-A Cadman Plaza East, Brooklyn, New York 11201, Attn: Asset Forfeiture Unit, and shall reference the word "forfeiture", the docket number and case name. The Forfeiture amount is due and payable immediately from available assets and shall be paid at a minimum quarterly rate of $25 while in custody, and 15% of his gross monthly income after deductions required by law, or $500 per month, whichever is greater, until paid in full. Payments shall begin on the first day of the first month following defendant's release from custody and shall continue until paid in full. The Order of Forfeiture is attached hereto and incorporated herein as part of this Judgment

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.