

MANDATE

18-2667-cr
United States v. Greebel

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 30th day of October, two thousand nineteen.

Present:   ROSEMARY S. POOLER,
           JOSEPH F. BIANCO,
                   *Circuit Judges*,
           JENNIFER CHOE-GROVES,[1]
                   *Judge*.

---

UNITED STATES OF AMERICA,

    *Appellee*,

   v.                    18-2667-cr

EVAN GREEBEL,

    *Defendant-Appellant*.

---

Appearing for Appellant:  Kannon K. Shanmugam, Paul, Weiss, Rifkind, Wharton & Garrison LLP, Washington, D.C.

             John S. Williams, Michael J. Mestitz, Meng Jia Yang, Williams & Connolly LLP, Washington, D.C. (*on the brief*).

---

[1] Judge Jennifer Choe-Groves, United States Court of International Trade, sitting by designation.

| | |
|---|---|
| Appearing for Appellee: | Alixandra E. Smith, Assistant United States Attorney (David C. James, David C. Pitluck, David K. Kessler, *on the brief*), *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, N.Y. |

Appeal from the United States District Court for the Eastern District of New York (Matsumoto, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the matter be and it hereby is **AFFIRMED**.

Defendant-Appellant Evan Greebel appeals from the August 24, 2018 judgment of conviction for violations of 18 U.S.C. § 1349 (conspiracy to commit wire fraud) and 18 U.S.C. § 371 (conspiracy to commit securities fraud) following a jury trial in the United States District Court for the Eastern District of New York (Matsumoto, *J.*). He challenges his conviction on the grounds that the district court erred in its jury instructions on an attorney's duty of disclosure; that it erred by failing to identify the defendant's client in the jury instructions; that it erred by omitting language in the instruction on market manipulation; and that it abused its discretion in precluding an expert's opinion. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On Greebel's challenges to the jury instructions, the government urges us to review the issues for plain error. After reviewing the record, however, we disagree. Greebel raised the objections in a letter brief that he submitted to the district court in response to its draft jury instructions. We therefore review the challenges to the jury instructions de novo. *United States v. Quattrone,* 441 F.3d 153, 177 (2d Cir. 2006).

A defendant challenging a jury instruction as erroneous must show "both error and ensuing prejudice." *United States v. Quinones*, 511 F.3d 289, 313 (2d Cir. 2007) (citations omitted). "De novo review leads us to [find] error if we conclude that a charge either fails to adequately inform the jury of the law, or misleads the jury as to a correct legal standard." *Quattrone*, 441 F.3d at 177 (internal quotation marks and citation omitted). We emphatically do not review a jury charge "on the basis of excerpts taken out of context," but in its entirety, *see United States v. Mitchell,* 328 F.3d 77, 82 (2d Cir. 2003) (internal quotation marks and citation omitted), to determine whether "the instructions adequately communicated the essential ideas to the jury." *United States v. Tran*, 519 F.3d 98, 105 (2d Cir. 2008) (internal quotation marks, and citation omitted)).

Greebel first challenges the characterization of an attorney's duty to disclose in the jury instructions. He claims that the district court erred by instructing that lawyers "disclose all material facts" to their clients and not, in his view, the more limiting obligation to keep clients "reasonably informed." App'x at 3074; Appellant's Br. at 29. We are unpersuaded that the district court erred. It appropriately relied on previous jury instructions that we affirmed in *United States v. Szur*, 289 F.3d 200, 210 (2d Cir. 2002) and *United States v. Wolfson*, 642 F.3d 293, 296 (2d Cir. 2011) with substantially similar language. In addition, Greebel cites to no authority to support his argument that the district court erred in failing to clarify that Retrophin and not its board of directors was

Greebel's client. Markedly, the court did not identify any client in the instructions, and to whom Greebel disclosed important information was fiercely contested at trial. Assuming, arguendo, there was error, Greebel's claim still fails because he has not demonstrated prejudice. Under any articulation of an attorney's duty of disclosure, Greebel would need to disclose that Retrophin was committed to pay or was paying millions of dollars to investors defrauded by its CEO.

Greebel next argues that the district court erred by omitting certain language in the market manipulation instruction. To be sure, an error cannot be evaluated on whether the district court precisely quoted the language suggested by our precedent but rather on whether considered as a whole, the instruction adequately communicated the essential ideas to the jury. *Mitchell*, 328 F.3d at 177. We conclude that the instruction on market manipulation did the latter. This district court properly drew its definition of market manipulation from our decision in *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 100–01 (2d Cir. 2007), and nothing in the instruction contravenes the principles espoused in that case. Moreover, we affirmed jury instructions with substantially similar market manipulation language in *United States v. Royer*, 549 F.3d 886, 899–900 (2d Cir. 2008). Here too, assuming, arguendo, there was error, Greebel fails to show prejudice. No one at trial argued that there was an absence of market activity—and the government introduced plenty of evidence of "something more," *ATSI*, 493 F.3d at 101, including efforts to conceal Martin Shkreli's de facto control through the submission of false SEC forms and the harassment of errant shareholders who acted contrary to the interests of the conspiracy.

Finally, Greebel argues that the district court abused its discretion in precluding the expert opinion of Stephen Ferruolo. A district court has "broad discretion to carry out [its] gatekeeping function" as to expert testimony, which involves ensuring that the proffered testimony "is relevant to the task at hand." *In re Pfizer Inc. Sec. Litig.*, 819 F.3d 642, 658 (2d Cir. 2016) (internal quotation marks and citation omitted). Moreover, expert testimony is inadmissible under Federal Rule of Evidence 702 if it "usurp[s] . . . the role of the jury in applying th[e] law to the facts before it," as such testimony "undertakes to tell the jury what result to reach, and thus attempts to substitute the expert's judgment for the jury's." *Nimely v. City of New York*, 414 F.3d 381, 397 (2d Cir. 2005) (first alteration in original) (internal quotation marks and citation omitted). We conclude that the district court did not abuse its discretion in precluding the expert opinion. It appropriately reasoned that the testimony about those agreements was not relevant because no evidence of lock-up agreements was presented during the 11-week trial and thus did not satisfy Federal Rule of Evidence 401.

We have considered the remainder of Greebel's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

3