# Exhibit D

U.S. Department of Labor      Wage and Hour Division
Washington, DC 20210



CCPA2018-1NA

April 12, 2018

Dear **Name\***:

This letter responds to your request for an opinion letter from the Wage and Hour Division (WHD) regarding whether certain lump-sum payments from employers to employees are earnings for garnishment purposes under Title III of the Consumer Credit Protection Act (CCPA). The opinion below is based exclusively on the facts you have presented. You have represented that you do not seek this opinion for any party that WHD is currently investigating, or for use in any litigation that commenced prior to your request.

**BACKGROUND**

In your opinion letter request, you inquired about lump-sum payments and garnishment limits relating to withholdings for child support under the CCPA. You claim that when it comes to lump-payments from employers to employees, states are disparately applying CCPA limits for child support withholdings. In contrast, you note that there is consistent application of the CCPA garnishment limits regarding wage payments periodically received by employees from employers.

You note that if lump-sum payments are earnings under the CCPA, such payments would be subject to the limits on the amount of earnings that may be garnished under the CCPA for child support.[1] You describe that many states have set their own requirements for wage withholdings from lump-sum payments, ranging between 0 to 100 percent.[2] Accordingly, you request that WHD opine on whether the CCPA's garnishment limits apply to lump-sum payments.

In follow up correspondence, you provided eighteen specific examples of the types of common lump-sum payments from employers to employees. You ask that WHD opine on each fact-specific example to determine if each is earnings under the CCPA:

*Commissions:* Generally, the employer pays commissions to an employee based on the employee's sales. For example, a salesperson receives a 20 percent commission that is based on 20 percent of the total amount of the salesperson's sales.

---

[1] Title III of the CCPA limits the amount of earnings that may be garnished pursuant to court orders for "the support of any person[,]" such as child support. *See* 15 U.S.C. § 1673(b). The CCPA allows up to 50 percent of a worker's disposable earnings to be garnished for such purpose if the worker is supporting another spouse or child, or up to 60 percent if the worker is not. An additional 5 percent may be garnished for support payments more than 12 weeks in arrears. *See id.*; [Fact Sheet #30: The Federal Wage Garnishment Law, Consumer Credit Protection Act's Title III (CCPA)](#).

[2] The CCPA's limits on garnishment do not prevent states from "prohibiting garnishments or providing for more limited garnishments." 15 U.S.C. § 1677.

*Discretionary bonuses:* In providing discretionary bonuses, the employer retains sole discretion regarding both the fact of payment and bonus payment amount. There is no prior contract, agreement, or promise causing the employee to expect such payments regularly. For example, an employer provides a year-end bonus based on business performance.

*Nondiscretionary bonuses:* The employer uses a specific set of criteria to determine bonus payments. Employees expect to receive the bonus if they meet the criteria. An example of a nondiscretionary bonus is shift differential pay.

*Productivity or performance bonuses:* These are payments to employees for productive or exemplary performance, *e.g.*, for completing work quickly or exceeding production quotas.

*Profit sharing:* These are payments to employees based on the employer's profits. For example, a chief executive officer receives, in addition to a salary, a profit sharing payment of five percent of company profits.

*Referral bonuses:* The employer pays a referral bonus to an employee who helps recruit new talent by recommending a candidate who is ultimately hired.

*Sign-on bonuses:* The employer pays a sign-on bonus to a new employee as an incentive for accepting the job offer.

*Moving or relocation incentive payments:* The employer provides a one-time payment to an employee for relocating to a new area, for example, as a result of the employee accepting a new management role.

*Attendance awards:* The employer provides a monetary award to an employee who meets certain attendance criteria, such as for being punctual over a particular time period.

*Safety awards:* The employer provides a monetary award recognizing an employee's safety performance. For example, a truck driver receives a cash award for several years of accident-free driving.

*Cash service awards:* The employer provides a cash award recognizing an employee's length of service.

*Retroactive merit increases:* This is payment to an employee for a delayed pay increase. For example, the employee receives notice of a pay increase in January, but due to a delay, the employer provides the pay increase at a later time.

*Payment for working during a holiday:* The employer pays an employee who works during a holiday his or her regular wages or a higher wage rate for foregoing the holiday lump-sum payment for the period.

*Workers' compensation:* These are wage replacement and medical benefit payments to employees for job-related injuries.

*Termination pay:* Termination pay includes payment of last wages, as well as any outstanding benefits, such as accrued vacation leave.

*Severance pay:* An employee may receive severance pay when the employer terminates the employment other than for cause. This may be in addition to termination pay. For example, the employee may receive a payment worth 12 weeks of wages for being employed a total of 12 years.

*Insurance settlements:* These are payments to employees resulting from work-related insurance settlements, such as for resolving an allegation of wrongful termination or a claim involving unpaid wages; the insurance settlement payment may include back pay and any other court-determined amounts, such as compensatory or punitive damages.

*Buybacks of company shares:* A buyback occurs when a company repurchases its shares to reduce the number of company shares in the open market or as a flexible way of returning money to shareholders relative to dividends. For employees with stock options, the employees receive the proceeds via paycheck, direct deposit, payroll card, etc.

**GENERAL LEGAL PRINCIPLES**

Title III of the CCPA, among other things, limits the amount of an individual's disposable earnings that may be garnished. *See* 15 U.S.C. § 1673; 29 C.F.R. § 870.10-.11.[3]

The CCPA defines "earnings" and "disposable earnings." 15 U.S.C. § 1672. "Earnings" are "compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program." 15 U.S.C. § 1672(a). "Disposable earnings" are "that part of the earnings of any individual remaining after the deduction from those earnings of any amounts required by law to be withheld." 15 U.S.C. § 1672(b).

The fact that lump-sum payments may occur only occasionally or one time does not alone render them outside the scope of earnings under the CCPA. Indeed, bonuses are often infrequent or given only one time, but the statute plainly includes them as earnings. 15 U.S.C. § 1672(a). Thus, the compensatory nature of the payment, *i.e.*, whether the payment is for services provided by the employee, rather than the frequency of the payment, is determinative under 15 U.S.C. § 1672(a). "The statute Congress passed does not restrict itself to periodic payments. … Congress defines the only test as whether the payment is 'compensation paid or payable for personal services.'" *United States v. Ashcraft,* 732 F.3d 860, 863 n.4 (8th Cir. 2013) (quoting 15 U.S.C. § 1672(a) (discussing *Kokoszka v. Belford*, 417 U.S. 642, 651 (1974))).

WHD notes that earnings under the CCPA "may include payments received in lump sums." [Fact Sheet #30: The Federal Wage Garnishment Law, Consumer Credit Protection Act's Title III (CCPA)](#).[4]

---

[3] The CCPA defines "garnishment" as "any legal or equitable procedure through which the earnings of any individual are required to be withheld for payment of any debt." 15 U.S.C. § 1672(c).

**OPINION**

In determining whether certain lump-sum payments are earnings under the CCPA, the central inquiry for WHD is *whether the employer paid the amount in question for the employee's services*. While not determinative, the frequency of payment may be a relevant part of the analysis.

Lump-Sum Payments that Qualify as Earnings under the CCPA

In response to the facts posed in your opinion letter request, it is WHD's opinion that the following lump-sum payments provided from an employer to an employee are earnings under the CCPA: commissions, discretionary and nondiscretionary bonuses, productivity or performance bonuses, profit sharing, referral or sign-on bonuses, moving or relocation incentive payments, attendance awards, safety awards, cash service awards, retroactive merit increases, payment for working during a holiday, termination pay, and severance pay. WHD considers these specific examples of lump-sum payments to be earnings under the CCPA because the reason for the underlying payment is to compensate the employee for personal services rendered.

The CCPA specifically lists commissions and bonuses as examples of payments that are earnings. 15 U.S.C. § 1672(a). The definition's list of examples is non-exhaustive, and a profit sharing payment is compensation for the employee's service and is similar in nature to a bonus. Likewise, a signing bonus, referral bonus, or moving or relocation incentive payment is a type of bonus provided for the employee's service to the employer. Similarly, a one-time lump-sum payment awarded for the employee's attendance, safety, or service record is in essence a bonus, which is compensation for the employee's personal services to the employer.

Retroactive merit increases, payment for working during a holiday, and termination pay, which you described as payment of last wages and any accrued outstanding benefits, are payment of wages and salary to an employee in exchange for the employee's work and are plainly earnings under the CCPA.

With regard to termination severance pay tied to the employee's length of service, WHD will treat such a payment as earnings under the CCPA. These payments are compensation for the employee's service and similar in nature to a cash service award. *See Shah v. City of Farmington Hills*, 748 N.W.2d 592, 597 (Mich. Ct. App. 2008) ("Offering a severance payment constitutes a bonus or other type of payment as compensation for the employee's past … personal services …").

Lump-Sum Payments Where Certain Portions Qualify as Earnings under the CCPA

For workers' compensation and insurance settlements, certain portions of the payment may qualify as earnings, while other portions may not.

---

[4] As set forth in its Field Operations Handbook (FOH), WHD views the following payments to be earnings under the CCPA because they are compensation paid by the employer for the employee's services: sick and vacation pay (*see* FOH 16a11); disability payments from an employment-based disability plan (*see* FOH 16a12; *see also* Field Assistance Bulletin No. 2016-3); furnished facilities (*e.g.,* meals and lodging) (*see* FOH 16b03(d)); and draw against commission (*see* FOH 16b10).

At least a portion of workers' compensation payments, whether paid periodically or in a lump-sum, constitute earnings under the CCPA because certain payments are designed to replace wages that would have been earned by the employee, but for the work-related injury.[5] Unlike wage substitute payments, reimbursement for medical expenses is not payment for services provided by the employer to the employee. Therefore, any portion of the workers' compensation payment that is attributable to reimbursement for medical expenses is not earnings under the CCPA.

Similarly, certain portions of lump-sum payments resulting from wrongful termination insurance settlements, may qualify as earnings under the CCPA. The parts of an insurance settlement attributable to back and front pay are earnings under the CCPA. The wage portion constitutes compensation for the employee's services. However, portions of a wrongful termination insurance settlement payment that result from compensatory or punitive damages are not earnings under the CCPA. *See United States v. Cooper*, No. 02-40069, 2006 WL 3512936, *5-6 (D. Kan. Nov. 1, 2006).

Lump-Sum Payments that Do Not Qualify as Earnings under the CCPA

Out of the eighteen examples of lump-sum payments provided, only one, unconditionally, does not qualify as earnings under the CCPA: buybacks of company shares.

Payments to employees resulting from buybacks of company shares do not appear to be compensation for the employee's personal services. As described, buybacks are a "flexible way of returning money to shareholders relative to dividends." Accordingly, there is no nexus between personal services rendered and the company's decision to repurchase the stock. The company's intent is to "reduce the number of its shares on the open market," not to compensate the employee for personal services rendered. Therefore, lump-sum payments received by an employee pursuant to a company buyback are not earnings subject to the CCPA garnishment limitations.

**CONCLUSION**

To assess whether certain lump-sum payments are earnings and subject to garnishment limitations under the CCPA, the central inquiry is whether the amounts are paid by the employer in exchange for personal services. If the lump-sum payment is made in exchange for personal services rendered, then like payments received periodically, it will be subject to the CCPA's garnishment limitations as described in [Fact Sheet #30: The Federal Wage Garnishment Law, Consumer Credit Protection Act's Title III (CCPA)](). Conversely, lump-sum payments that are unrelated to personal services rendered are not earnings under the CCPA.

To summarize and for ease of reference, it is WHD's opinion that the following lump-sum payments, as specifically described above, are earnings under the CCPA:

---

[5] *See* [FOH 16a12]() (disability payments from an employment-based disability plan constitute compensation for personal service and, therefore, are earnings under the Act.); *Ashcraft*, 732 F.3d at 864 ("[b]ased on the Act's plain language," disability payments received through an employer constitute earnings because "[t]hey are payments designed to function as wage substitutes").

- Commissions
- Discretionary and nondiscretionary bonuses
- Productivity or performance bonuses
- Profit sharing
- Referral and sign-on bonuses
- Moving or relocation incentive payments
- Attendance, safety, and cash service awards
- Retroactive merit increases
- Payment for working during a holiday
- Workers' compensation payments for wage replacement
- Termination pay (*e.g.*, payment of last wages, as well as any outstanding accrued benefits)
- Severance pay
- Back and front pay payments from insurance settlements

The following lump-sum payments, as specifically described in your request, however, are not earnings under the Act:

- Workers' compensation payments for medical reimbursements
- Wrongful termination insurance for compensatory or punitive damages
- Buybacks of company shares

We trust that this letter is responsive to your inquiry.

Sincerely,

Keith Sonderling
Senior Policy Advisor

***Note: The actual name(s) was removed to preserve privacy in accordance with 5 U.S.C. § 552(b)(7).**