**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Reed Brodsky
Direct: +1 212.351.5334
Fax: +1 212.351.6235
RBrodsky@gibsondunn.com

November 23, 2020

VIA ECF

The Honorable Kiyo Matsumoto
United States District Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *United States v. Greebel*, S1 15 Cr. 637 (E.D.N.Y.) (KAM)

Dear Judge Matsumoto:

Mr. Greebel thanks Your Honor for scheduling a hearing in the matter of the government's proposed garnishment of his retirement accounts. We have two additional requests for the Court. First, while we appreciate that the Court has scheduled a hearing, we wish to address the issue of why it is important to enable us to send out subpoenas for documents and then witnesses for any hearing. Without that ability, Mr. Greebel will not be able to (a) obtain critical documents, (b) identify the correct witnesses, and (c) command that such witnesses appear for a hearing. Without such subpoena power, Mr. Greebel will not be able to call witnesses, and will not be able to offer any additional documents than the ones we have submitted to date. Second, we respectfully ask the Court to postpone the hearing to a date in mid-to-late January 2021. Mr. Greebel will be traveling to Florida from December 16 to 18, 2020 to visit with his parents there. If the Court is not amenable to allowing us to subpoena documents and witnesses, then we would respectfully request oral argument instead of an evidentiary "hearing" on the issues.

We respectfully submit that, in the context of garnishment or forfeiture proceedings, discovery is routinely permitted to facilitate a defendant's ability to present evidence at a hearing.

The issuance of garnishment is governed by the Federal Debt Collection Procedure Act ("Debt Collection Act"). 28 U.S.C. §§ 3001–3308. The plain language of the Debt Collection Act states that the court shall hold a "hearing." By its plain meaning, a hearing allows for both parties to call witnesses and submit documents. To do so, the parties must be able to subpoena such witnesses and documents. Otherwise, without subpoena power, Mr. Greebel and anyone in his position will be in an impossible position to be able to defend themselves on the facts, either in obtaining relevant documents or requiring witnesses to

GIBSON DUNN

November 23, 2020
Page 2

appear at a hearing.

We respectfully submit that hearings conducted to execute judgments, such as garnishment, require discovery. In fact, "[b]road post-judgment discovery in aid of execution [of judgments] 'is the norm in federal and New York state courts.'" *Amtrust N. Am., Inc. v. Preferred Contractors Ins. Co. Risk Retention Grp., LLC*, No. No. 16-MC-0340, 2016 WL 6208288, at *2 (S.D.N.Y. Oct. 18, 2016) (quoting *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012)). "In post-judgment discovery, Rule 45, which permits a party's attorney to issue document subpoenas like the one at issue here, applies." *Id.* "Motions to compel and motions to quash a subpoena are both 'entrusted to the sound discretion of the district court.'" *Id.* (quoting *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003)).

In *United States v. Younglove*, "[t]he Court initiated a three-step process to allow the Defendant to present evidence which might satisfy the statutory requirements [of Title 28, United States Code, Section 3202(d)]. Defendant had informed the Court that he had such evidence but that 'the documentation is in storage inside one or two of numerous boxes that have to be gone through to locate the specific documentation.' To ensure that Defendant was able to present his claim, the Court's process provided for the Defendant to first request what documents he wished to obtain from the United States." *United States v. Younglove*, No. CV-10-0846-PHX-JJT, 2016 WL 1238226, at *1 (D. Ariz. Mar. 10, 2016), *report and recommendation adopted*, No. CV-10-00846-PHX-JJT, 2016 WL 1222971 (D. Ariz. Mar. 29, 2016). Just like the defendant in *Younglove*, Mr. Greebel requires this limited discovery "to ensure [he] [i]s able to present his claim." *Id.*

In *United States v. Loftis*, the defendant-debtor's spouse argued that much of the property at issue was not subject to garnishment because, pursuant to a partition agreement she entered into with the defendant, it was her separate property. *United States v. Loftis*, No. 3:06-CV-1633-P, 2008 WL 835294, at *1 (N.D. Tex. Mar. 25, 2008). Following a hearing pursuant to Section 3202(d), the district court determined that it had to resolve the issue of whether the partition agreement was a fraudulent transfer before it could determine the exempt status of the property. *Id.* at *1–2. As a result, the district court ordered the parties to submit a discovery schedule and hearing date to resolve the fraudulent transfer issue. *Id.* at *2. *Loftis* supports our position that discovery is necessary when the parties disagree as to whether certain property is subject to garnishment under the Debt Collection Act. Although the *Loftis* court's order for discovery came after the hearing, nothing in the Debt Collection Act or caselaw suggests that discovery cannot be ordered *before* the hearing. Indeed, without the ability to subpoena documents or call witnesses, Mr. Greebel will be unable to satisfy the Court's order to list witnesses and provide additional documents other than what he has already submitted to the Court.

**GIBSON DUNN**

November 23, 2020
Page 3

We also request that the Court consider the standard for discovery in forfeiture matters. The standard there "is the same as it is in all other civil matters: discovery may be obtained of any matter, not privileged, which is relevant to a claim or defense or is reasonably calculated to lead to the discovery of admissible evidence." *United States v. All Assets Held at Bank Julius Baer & Co., Ltd.*, 309 F.R.D. 1, 17 (D.D.C. 2015), *aff'd sub nom. United States v. All Assets Held at Bank Julius*, 170 F. Supp. 3d 161 (D.D.C. 2016).

In the context of forfeiture, "[t]he scope of discovery under the Federal Rules of Civil Procedure is 'quite broad.'" *United States v. Four Hundred Sixty Three Thousand Four Hundred Ninety Seven Dollars & Seventy Two Cents ($463,497.72) in U.S. Currency From Best Bank Account*, 779 F. Supp. 2d 696, 713 (E.D. Mich. 2011) (allowing discovery to proceed) (quoting *Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 402 (6th Cir.1998)). "Even though all material obtained through discovery may not be offered or admitted at trial, '[m]utual knowledge of all the relevant facts . . . is essential to proper litigation.'" *Id.* (quoting *Hickman v. Taylor,* 329 U.S. 495, 507–08 (1947)).

In our case, the government was given the ability to seek discovery pursuant to Federal Rule of Civil Procedure 45 to determine Mr. Greebel's financial condition. *See* 28 U.S.C. § 3015(a). Yet, Mr. Greebel is being denied the same right to pursue discovery to demonstrate that the property should not be subject to garnishment in the first place. This does not allow both parties "mutual knowledge of all the relevant facts." *Four Hundred Sixty Three Thousand Four Hundred Ninety Seven Dollars* at 713. In his papers, Mr. Greebel has identified his discovery needs, and "it is apparent that more time will be needed to ready the case for trial," thus this Court should "allow a limited time to complete discovery." *Id.* at 713–14.

In *United States v. BCCI Holdings (Luxembourg), S.A.*, the district court ordered that "[a] [forfeiture] hearing will be held on the validity and sufficiency of the petitioner's asserted interests in accordance with 18 U.S.C. § 1963(l)(5)." *United States v. BCCI Holdings (Luxembourg), S.A.*, 941 F. Supp. 180, 189 (D.D.C. 1996). The relevant statute states that "[a]t the hearing, the petitioner may testify and present evidence and witnesses on his own behalf, and cross-examine witnesses who appear at the hearing. The United States may present evidence and witnesses in rebuttal and in defense of its claim to the property and cross-examine witnesses who appear at the hearing. In addition to testimony and evidence presented at the hearing, the court shall consider the relevant portions of the record of the criminal case which resulted in the order of forfeiture." 18 U.S.C. § 1963(l)(5). Although the statute does not explicitly mention the parties' right to discovery, the *BCCI Holdings* court ordered "the parties shall confer and file . . . a joint memorandum addressing the need for discovery, if any, the names of witnesses, if any, and a summary of the evidence, if any,

GIBSON DUNN

November 23, 2020
Page 4

that the parties anticipate they will introduce at a hearing on the merits." *BCCI Holdings* at 189.

Even if the Court finds that the Debt Collection Act is silent as to whether a defendant is entitled to discovery, "[t]he Fifth Amendment of the United States Constitution declares that persons shall not be deprived of life, liberty or property without due process of law.  Due process of law must be reasonable, meaningful, and timely or it has no value as a constitutional right.  For this reason, any prejudice or hardship to a claimant [in a forfeiture setting] may invoke due process concerns." *United States v. Four (4) Contiguous Parcels of Real Prop. Situated in Louisville, Jefferson Cty., Ky.*, 864 F. Supp. 652, 655 (W.D. Ky. 1994) (superseded by statute on other grounds).  Tellingly, in *Four (4) Contiguous Parcels*, the government claimed that it "d[id] not seek to prevent the claimants from obtaining information or documents necessary to litigate their claims in this civil forfeiture action" as the Court seeks to do in Mr. Greebel's case.  *Id.*

In short, we respectfully ask the Court to (a) enable us to subpoena documents and witnesses in support of our position on the facts that the government has not satisfied the requirements to garnish the retirement accounts at issue, and (b) postpone the hearing to mid-to-late January 2021.  The government has informed us that it opposes our request for discovery.

Respectfully submitted,

*/s/ Reed Brodsky*

Reed Brodsky


cc:  All Counsel of Record (Via ECF)