

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

610 Federal Plaza
Central Islip, New York 11722

December 2, 2020

By ECF

The Honorable Kiyo Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    *United States v. Greebel*, S1 15-CR-00637 (KAM)

Dear Judge Matsumoto:

This Office (the "government") represents the United States in the above-entitled action. The government respectfully submits this response to defendant, Evan Greebel's ("Defendant"), request for discovery ("Request") in regard to a hearing, to be held at a date to be determined in January 2021, to contest the garnishment of retirement funds held by garnishees Merrill Lynch, Pierce, Fenner & Smith Inc. and Charles Schwab Retirement Plan Services (collectively, "the Garnishees"). For the reasons set forth below, the government respectfully requests that the Court deny Defendant's request for discovery. Additionally, after conferring with counsel for Defendant, the parties propose (in order of preference) January 28th, 29th, or 26th, 2021, as the date for the hearing in this matter. Finally, the government proposes to call as witnesses: Mark Broutman and Jim Berge of Katten Munchin Rosenman LLP ("Katten"), and Sarah Warren and Karl Groskaufmanis of Fried, Frank, Harris, Shriver & Jacobson LLP ("Fried Frank").

**Initial Statement**

As the Court is aware, the matter presently before it involves the garnishment of funds, from two of Defendant's retirement accounts, in order to partially satisfy the criminal restitution obligation imposed on Defendant by this Court in its judgment, dated 8/17/2018, for the Defendant's conviction of conspiracy to commit wire fraud and conspiracy to commit securities fraud, in violation of 18 U.S.C. §§ 1349 and 371, respectively. *See* Docket 674 (Judgment in a Criminal Case). The imposition and enforcement of criminal restitution is governed by the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3613, which provides, in relevant part, that the United States, not a defendant, may avail itself of "the practices and procedures for the enforcement of a civil judgment under Federal law or State law," in order to collect on the restitution obligation owed. Defendant here attempts to twist the MVRA's enforcement mechanism into a right for Defendant to engage in discovery in an effort to thwart enforcement, which it was clearly not intended to be. Moreover, Defendant would have this Court create a

wholly new and unsupported right to discovery in proceedings under 28 U.S.C. § 3202 by citing to, and misstating, precedent primarily applicable to active civil forfeiture actions, not hearings under § 3202 or any other relevant enforcement statute.  The Court should not do so.

Notably, Defendant never alleges in his discovery request that he actually made any attempts to obtain documents or identify witnesses prior to filing his request for discovery, or that any such attempts were rebuffed.  As an account holder with the Garnishees, and as a former employee of Katten and Fried Frank, Defendant at least has the right to request documents related to his retirement accounts and employment from those entities.  Moreover, Defendant does not address why, if discovery is necessary in order for him to adequately object to the orders of garnishment directed to the Garnishees, he did not seek that discovery prior to filing his objections to garnishment in the first instance.[1]  Defendant's apparent failure to even attempt to obtain documents or information regarding potential witnesses before burdening this Court and the government with yet another unnecessary motion or request should be sufficient basis alone to deny the present discovery request.  In contrast, the government has reached out to both law firms, without the need to invoke the rules of discovery, and been provided with the names of the individuals who are best able to address issues related to their respective retirement plans. Specifically, Katten has identified Mark Broutman, and Jim Berge as persons most familiar with the Katten retirement plan, and Fried Frank has identified Sarah Warren and Karl Groskaufmanis as persons with relevant knowledge of the Fried Frank retirement plan.  The government proposes to call one or more of these four witnesses at the upcoming hearing.  Understandably, both firms have an interest in ensuring that their retirement documents are properly interpreted, and have thus agreed to make these witnesses available without the need for a subpoena.

While Defendant has a right to request a hearing to object to an order of garnishment, pursuant to 28 U.S.C. § 3205(C)(5), the hearing that Defendant is entitled to is limited in scope.  *See* 28 U.S.C. § 3202(d).  Specifically, the issues at such a hearing are limited by statute, in relevant part to: 1) the probable validity of any claim of exemption by the judgment debtor, and 2) compliance with any statutory requirement for the issuance of the postjudgment remedy granted. § 3202(d)(1)&(2).  Defendant has not previously alleged that the government has failed to comply with any statutory requirements for the garnishment of his retirement accounts.

---

[1] It should be noted that the hearing allowed for by 28 U.S.C. §§ 3202 and 3205 is most closely analogous to a pre-motion conference.  Neither provision provides for full-fledge motion practice. Section 3205 provides that "the judgment debtor or the United States may file a written objection to the answer and request a hearing.  The party objecting shall state the grounds for the objection and bear the burden of proving such grounds."  Section 3202 provides for a hearing of limited scope to address: "1) the probable validity of any claim of exemption by the judgment debtor, and 2) compliance with any statutory requirement for the issuance of the postjudgment remedy granted."  Normally, such a hearing would be held and only then, if the Court required additional briefing, would the issues of discovery or motion practice be addressed.  Instead, here, Defendant turned the process on its head and immediately filed a 15-page letter motion seeking to quash the garnishment orders.  Now, after more than a year of extensions and months of motion practice, Defendant seeks discovery in an effort to support his legally and factually flawed motion to quash. Defendant's failure to properly avail himself of a hearing under § 3202, and to seek discovery, if it was needed, prior to filing his motion to quash is a sufficient basis alone to deny his Request.

Instead, for the first time in his present Request, Defendant asserts that he needs discovery "in support of our position on the facts that **the government has not satisfied the requirements to garnish** the retirement accounts at issue." Request at p.4 (emphasis added). While it's not clear whether Defendant is referring to compliance with statutory requirements, or some other unenumerated "requirement," his failure to raise this issue previously means that it should not be considered by the Court in the upcoming hearing. In any event, the government has met all of the requirements to garnish Mr. Greebel's retirement accounts and, therefore, the only issue properly before the Court in the upcoming hearing will be the probable validity of any claims of exemption which, in accordance with the briefings to date, essentially comes down to the issue of whether or not Defendant has a current right to demand payment of the funds in his retirement account. Defendant has not stated why that question cannot be answered by the Court's review of the documents already submitted in this matter to date, or how any specific document sought might affect that determination. Moreover, as the government has now identified the Katten and Fried Frank employees most familiar with their respective retirement plans, Defendant's need for discovery in order to identify witnesses for the hearing should be obviated.

### Defendant has no Right to Discovery in Opposing an Order of Garnishment

Defendant, as he did throughout his letter motion objecting to garnishment, misstates the cases that he cites in support of his request for a hearing. For instance, the language cited by Defendant from *Amtrust, EM Ltd. and Fitch*, for the proposition that "broad post-judgment discovery in aid of execution [of judgments] 'is the norm in federal and New York state courts,'" all deal with discovery that is available to the **judgment creditor** or a successor in interest," in "aid of the judgment or execution," in accordance with Fed. R. Civ. P. 69, not the judgment debtor or a defendant. Request at p.2; s*ee Amtrust N. Am., Inc. v. Preferred Contractors Ins. Co. Risk Retention Grp., LLC,* No. 16-MC-0340, 2016 WL 6208288 (S.D.N.Y. Oct. 18, 2016), *EM Ltd. v. Republic of Argentina*, 695 F.3d 201 (2d Cir. 2012), *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003). Similarly, as addressed in *EM Ltd.*, "New York Civil Practice Law and Rules provides that a '**judgment creditor may compel disclosure** of all matter relevant to the satisfaction of the judgment." 695 F.3d at 207. These cases simply do not provide any support for Defendant's assertion that a defendant or judgement debtor has any right to discovery.

Similarly, *United States v. Younglove*, No. CV-10-846-PHX-JJT, 2016 WL 1238226 (D. Ariz. Mar. 10, 2016) is inapplicable to the matter at hand. *Younglove* involved a civil complaint by the United States after Younglove defaulted on his federal student loan payments. *See* No. CV-10-846 (D. Ariz. Mar. 10, 2016). Younglove failed to respond to the complaint and, upon motion of the United States, the court there entered a default judgment against Younglove. *See id.* Younglove subsequently requested a hearing under 28 U.S.C. § 3202(d) which, in the case of judgments by default, provides that the debtor may also raise issues related to the validity of the underlying "debt which is merged in the judgment," and "the existence of good cause for setting aside such judgment," neither of which are available to Defendant in this matter. 2016 WL 1238226, at *2; § 3202(d)(3). Moreover, Younglove asserted that he had paid his debt in full prior to the judgment being issued, which would have been an absolute defense to his liability under the judgment, and thus the court directed the government to produce any relevant documents in its possession related to the issue of prior payment of the debt. *Id.* at *1-2. At a subsequent hearing, when defendant asserted that instead of providing his own documents he was "seeking production

of documents," the court was "astounded" and denied his request and recommended granting the government's application for a writ of garnishment.

        *United States v. Loftis*, No. 3:06-CV-1633-P, 2008 WL 835294 (N.D. Tex. Mar. 25, 2008) is also inapplicable.  There, Loftis' wife claimed that property sought by the government, for partial satisfaction of a $20,000,000.00 restitution order entered against him, was subject to exemption as separate property.  *See id.; U.S. v. Loftis*, 3:06-CV-1633-P, 2008 WL 282313 (N.D. Tex. Feb. 1, 2008).  After holding a hearing pursuant to § 3202, during which the government argued that Loftis had fraudulently transferred the relevant assets to his wife, the court held that Mrs. Loftis' exemption claim was "not likely valid." *Id.* at *4.  However, the court also held that, before issuing a final ruling on the exemption claim, it first needed to resolve the issue of the fraudulent transfer and therefore it required the government to amend its pleadings to assert a separate cause of action for avoidance of a fraudulent transfer, as required under 28 U.S.C. § 3306(a)(1).  *See id.*  Although the court consolidated the two proceedings, it was solely in the context of the action for avoidance of the fraudulent transfer that the court directed the parties to submit a discovery schedule.  *See id.*  Here, there is no assertion that anyone other than Mr. Greebel is the proper, and sole, owner of the property at issue.  Nor does *Loftis* stand for the broad proposition that "discovery is necessary when the parties disagree as to whether certain property is subject to garnishment," as Defendant asserts. Request at p.2.

### Forfeiture Standards are not Applicable to the Present Matter

        Defendant's attempt to impose discovery requirements relevant to civil actions generally, and forfeiture actions in particular, should be denied.  Request at pp. 3-4.  Enforcement of a restitution order that results from a criminal conviction is covered by the MVRA, which expressly only provides for discovery by the government in support of its efforts to collect amounts owed.  Imposing general discovery requirements in the context of enforcement of restitution orders by the government would completely invalidate the purpose and express language of the statute as well as create significant additional burdens for the courts and the government.  As such, the government respectfully suggests that the Court should give no consideration to Defendant's attempt to invoke inapplicable standards.  Nonetheless, as set forth below, none of the cases cited by Defendant stand for anything other than the proposition that, in an active civil litigation, pre-trial discovery is appropriate under Fed. R. Civ. P. 26, which simply has no relevance here.

        In *U.S v All Assets Held at Bank Julius Baer & Co. Ltd.*, 309 F.R.D. 1 (D.D.C. 2015), the court addressed the issue of discovery in an active *in rem* civil forfeiture action, under Fed. R. Civ. P. 26, not the collection of a criminal restitution order or even a criminal forfeiture order.  This case is simply no more applicable to the present matter than citing to any civil action in which discovery is allowed under Rule 26.  Similarly, *U.S. v. Four Hundred Sixty Three Thousand Four Hundred Ninety Seven Dollars and Seventy Two Cents ($463,497.72) in U.S. Currency From Best Bank Account*, 779 F. Supp.2d 696 (E.D. Mich. 2011), also dealt with an active *in rem* civil forfeiture proceeding and discovery under Rule 26.  Moreover, the specific discovery dispute there had to do with the government's assertion of the "law enforcement investigatory privilege," as a basis for withholding documents and seeking a protective order in response to defendants' Rule 26 discovery requests, issues which simply don't exist here.  *See id.* Likewise, *Lewis v. ACB Bus. Servs. Inc.*, 135 F.3d 389 (6th Cir. 1998), involved an appeal of the

district court's denial of Lewis's motion to compel discovery from ACB which, again, simply involved an issue of discovery under Rule 26 in the context of an active, private civil action, not collection on a restitution order under the MVRA, or even an order of forfeiture.  *Hickman v. Taylor*, 329 U.S. 495 (1947), similarly only deals with general pre-trial discovery issues, between private litigants, and has no relevance to the question of whether or not discovery is appropriate in regard to a hearing pursuant to § 3202.  Finally, *U.S. v. BCCI Holdings (Luxembourg), S.A.*, 941 F.Supp. 180 (D.D.C. 1996) involved the forfeiture of assets of BCCI under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et. seq.*  Significantly, the petitioner in *BCCI* was American Express Bank, a third party creditor, and the hearing at issue there was only available to "third parties seeking to recover interests in forfeited property." *Id.* at 184 ("[18 U.S.C. § 1963(l)(2)] permits any person, **other than the defendant**, claiming a legal interest in forfeited property to petition the Court for a hearing to adjudicate the validity of that interest.") (emphasis added).  Therefore, even if *BCCI* was relevant to a hearing under § 3202, which it is not, it would nonetheless not be applicable here because Defendant is not a third party claimant and would have no right to a hearing, or discovery, under the relevant statute or holding in *BCCI*.

### Defendant has no Due Process Right to Discovery in this Matter

In a last-ditch effort to justify his discovery request, Defendant asserts that denial of his request would violate his Fifth Amendment right to due process.  Request at p.4.  Defendant is wrong.  Contrary to Defendant's assertion, there is no "case" to get ready for trial, and Defendant has no right to discovery in the context of a § 3202 hearing, thus the denial of his discovery request in no way implicates a violation of due process.  Request at pp. 3-4.  Defendant's reliance upon *U.S. v. Four (4) Contiguous Parcels of Real Prop. Situated in Louisville, Jefferson City, Ky.*, 864 F.Supp. 652 (W.D. Ky. 1994) is misplaced.

As with the cases addressed above, *Four Contiguous Parcels* dealt with discovery in the context of an active civil forfeiture action in which Defendant had a right to discovery in accordance with Fed. R. Civ. P. 26.  *See Id.*  The Due Process claim in that case arose when the government, which had already seized defendant's property, sought to stay the civil forfeiture proceeding after criminal charges were subsequently brought against the Defendant. *Id.* at 653.  While the government asserted that it did not seek "to prevent the claimants from obtaining information or documents necessary to litigate their claims in this civil forfeiture action, but only seeks a remedy that protects the claimants' rights to discovery following completion of the criminal case, while ensuring the integrity of the criminal case," the court concluded that "this argument rings somewhat hollow where, as here, Claimant was not indicted until five months after the Government commenced this civil action and where the likely duration of the proposed stay will deprive the Claimants, **who have not been convicted**, of their property for almost two years.  Here, a lengthy stay pending resolution of the Government's criminal case against Claimants would be unduly burdensome to due process because the likely duration is entirely uncertain." *Id.* at 655-56.  Thus, the court denied the stay and allowed discovery to continue under Rule 26.  Defendant here has no similar right to discovery under Rule 26, therefore this case is inapplicable, and denial of Defendant's discovery request does not violate due process.

Significantly, the *Four Contiguous Parcels* court also noted that the situation would have been different if the government had first prosecuted, and convicted, the defendant because

he would then not have had the right to the broad discovery allowed under Rule 26 of the Federal Rules of Civil Procedure. *Id.* at 655 ("These demons are of the Government's own making, however.  The Government could have chosen to prosecute the Claimant and, if successful, demanded criminal forfeiture of his property pursuant to 18 U.S.C. 982 (a)(1).  Instead, the Government chose to seize Claimant's property while it investigated his activities…..").  As 28 U.S.C. § 3003(b) also makes clear, application of the Federal Debt Collection Procedure Act ("FDCPA") differs between private litigants and the United States.  *Id.* ("This chapter shall not be construed to curtail or limit the right of the United States under any other Federal law or any State law – (2) to collect any fine, penalty, assessment, **restitution**, or forfeiture **arising in a criminal case**") (emphasis added).  As such, precedent from the private litigation cases cited by Defendant, to the extent that any of them actually involve application of the FDCPA, is nonetheless not directly applicable to matters involving collection of criminal restitution, as is the case here, and Defendant has cited to no case that is actually on point which supports his request for discovery in this matter.

Here, unlike in *Four Contiguous Parcels*, Defendant has already been convicted and the matter before the Court involves collection of criminal restitution, not civil forfeiture or even criminal forfeiture which, though not relevant here, Defendant is also currently subject to. Defendant is simply not entitled to discovery in a proceeding to enforce restitution under the MVRA, nor has he established that there is even a need for discovery because he has not asserted that he has been unable to obtain the documents he desires through other means.

## Conclusion

For all of the reasons set forth herein, Plaintiff respectfully requests that the Court deny Defendant's request for discovery, approve the government's list of potential witnesses, and set a date for a hearing on the garnishment orders at issue here.

Respectfully submitted,

SETH D. DUCHARME
Acting United States Attorney

By:    /s/ *Thomas R. Price*
THOMAS R. PRICE
Assistant U.S. Attorney
(631) 715-7893

6