

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*610 Federal Plaza*
*Central Islip, New York 11722*

December 28, 2020

By ECF

The Honorable Kiyo Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>*United States v. Greebel*, S1 15-CR-00637 (KAM)</u>

Dear Judge Matsumoto:

      This Office (the "government") represents the United States in the above-entitled action. Pursuant to the Court's December 21, 2020 Order, the government respectfully submits this response to defendant, Evan Greebel's ("Defendant"), December 18, 2020 submission to the Court identifying witnesses the Defendant intends to call at the January 28, 2021 hearing in this matter and providing proposed subpoenas for the Court to issue. For the reasons set forth below, the government objects to Defendant's submission and respectfully requests that the Court deny them in their entirety. Additionally, the government respectfully requests that the Court reconsider its decision to hold a hearing in this matter and instead that the Court decide the issues before it on the parties submissions alone.

      As the Court is aware, and has now advised Defendant on multiple occasions, the hearing scheduled for January 28, 2021 is limited in nature and scope. *See e.g.* Order dated December 15, 2020 (As the government and this court have explained on multiple occasions, the scope of the hearing will be limited to the narrow issues defined by law.") (citing 28 U.S.C. § 3202(d). Specifically, § 3202(d) provides, in relevant part, that "[t]he issues at such hearing shall be limited – (1) to the probable validity of any claim of exemption by the judgment debtor; and (2) to compliance with any statutory requirement for the issuance of the postjudgment remedy granted." Moreover, as both the government and Defendant have argued in their motion papers, the question before this Court is whether or not Mr. Greebel has a current right to demand payment of the funds in his retirement accounts currently held by the Garnishees because, if he does, then the government may "step into [his] shoes" and garnish those funds. *U.S. v. Feldman*, 2017 WL 3866024, at *7 ("Therefore, to enforce a restitution order under the MVRA, the government may 'step into the shoes' of the defendant and garnish the defendants interest in a retirement plan covered by ERISA.") (cited by Defendant in his June 12, 2020 Objection to Garnishment [Dkt. 736] at p. 2, and by the government in its October 12, 2020 Opposition to Defendant's Objection [Dkt 743] at p.2).

The determination of Mr. Greebel's right to demand funds from each of the Garnishees rests with the rights afforded him under each of his relevant former employers' current retirement plan documents. As such, the government respectfully submits that this is a straightforward case of contract interpretation which this Court may decide without a hearing and without regard to any extrinsic evidence, and therefore respectfully requests that the Court reconsider its decision to hold a hearing. *See* Dkt. 747 (Government's objection to hearing). Should the Court decide to move forward with the hearing, the government requests that it nonetheless deny Defendant's proposed witnesses and subpoenas for the following reasons.

First, with respect to Defendant's identification of Daniel Hogans of the Groom Law Group, Defendant does not provide any information regarding who Mr. Hogans is, what he might testify to, or how his testimony would have any relevance. It appears, based upon biographic information for Mr. Hogan on the Groom Law Group's website[1], that Mr. Hogans specializes in advising clients on ERISA matters. Thus it appears that Defendant's intent is to provide additional extrinsic evidence in the form of expert testimony, as there is no apparent connection between Mr. Hogan and Katten Munchin Roseman LLP ("Katten") or Fried, Frank, Harris, Shriver & Jacobson ("Fried Frank"), and thus he does not appear to be a fact witness. To the extent that any testimony is necessary or relevant to the interpretation of the Katten and Fried Frank retirement plans, that testimony should only come from representatives of the firms who are actually knowledgeable of those plans, as identified in the government's December 2, 2020 letter to this Court. [Dkt. 751] Second, with respect to the additional witnesses identified by Defendant, all of whom have already been identified by government as witnesses, the government has no objection to these witnesses, but does object to the issuance of subpoenas to compel their testimony. If any of these witnesses will not appear voluntarily, as indicated in the government's December 2, 2020, then the government will issue subpoenas as necessary. There is simply no need to do so at this point.

Finally, Defendant's proposed subpoenas for document discovery should be denied. As this Court has already made clear in denying Defendant's prior requests, Defendant has no right to discovery in this matter, and he should receive none. Moreover, the discovery sought by Defendant is unnecessary and irrelevant in any event. With respect to the first request in both attachments, besides being overly broad and vague, Mr. Greebel's rights are determined by the relevant firm's current retirement plans, thus documents exchanged between Mr. Greebel and the firms in the past are not relevant to the Court's determination of what Mr. Greebel's present rights are under the plans. As for requests 2 through 4 of both attachments, the fact that contributions to Mr. Greebel's retirement plan came from what otherwise would have been his earning or compensation is not in dispute, and those issues are covered in the retirement plan documents already submitted in this matter. To the extent that Defendant seeks to argue that the firms' definition of "compensation" is somehow controlling of how that term is used in regard to application of the Consumer Credit Protection Act to enforcement action under the Mandatory Victims Restitution Act, such an argument is completely unsupportable and irrelevant. Finally, request 5 in the attachment to the proposed Katten subpoena is also irrelevant for the same reason that request 1 is, namely, Mr. Greebel's rights to demand payment are governed by the current retirement plan, and not a letter that he received years ago when he left employment with Katten.

---

[1] Available at: https://www.groom.com/bios/daniel-hogans/

## Conclusion

For all of the reasons set forth herein, the government respectfully requests that the Court reconsider its decision to hold a hearing in this matter and, instead, decide the current motions on the parties' submissions alone.  In any event, the government respectfully requests that the Court deny Defendant's proposed subpoenas in their entirety.

Respectfully submitted,

SETH D. DUCHARME
Acting United States Attorney

By:   /s/ *Thomas R. Price*
      THOMAS R. PRICE
      Assistant U.S. Attorney
      (631) 715-7893