**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Reed Brodsky
Direct: +1 212.351.5334
Fax: +1 212.351.6235
RBrodsky@gibsondunn.com

December 29, 2020

VIA ECF

The Honorable Kiyo Matsumoto
United States District Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *United States v. Greebel*, S1 15 Cr. 637 (E.D.N.Y.) (KAM)

Dear Judge Matsumoto:

We respectfully submit this explanation for why we wish to call certain witnesses and obtain a narrow set of documents in advance of the court hearing.  We also apologize for filing this letter after the Court's deadline.  During the holidays, we inadvertently overlooked the electronic notice of the Court's December 21 Order, and we plead with the Court not to visit our mistake on our client.

We respectfully argue that the witnesses and documents Mr. Greebel proposes to subpoena—retirement plan expert Daniel Hogans; three of the government's four witnesses; and a narrow set of documents from the Katten and Fried Frank law firms—are relevant "to compliance with any statutory requirement for the issuance of the postjudgment remedy granted."  U.S.C. § 3202(d)(2).

Mr. Greebel has two arguments:

> (1) the government cannot garnish the funds held in his retirement plans because the Mandatory Victims Restitution Act of 1996 ("MVRA") and Employee Retirement Income Security Act of 1974 ("ERISA") only allow for garnishment of retirement plans when the debtor does has a "current, unilateral right" to the funds, *see U.S. v. Novak*, 476 F.3d 1041, 1043 (2d Cir. 2007); and

> (2) the Consumer Credit Protection Act ("CCPA") limits any garnishment to 25% of the funds.

Both of these arguments implicate statutory requirements.  The right-to-withdraw argument implicates the MVRA (18 U.S.C. §§ 3663A, 3664), as well as 18 U.S.C. § 3613 and 28

**GIBSON DUNN**

December 29, 2020
Page 2

U.S.C. § 3205(a).  The CCPA argument falls under 28 U.S.C. § 3002(9) and 15 U.S.C. §§ 1672(a), 1673(a).

As Mr. Greebel stated in his December 18 letter, the only witness that Mr. Greebel independently intends to call is Mr. Hogans, an expert on executive compensation, including the implementation and operation of executive deferred compensation and supplemental retirement plans, equity compensation plans and arrangements, Employee Stock Ownership Plans, ERISA related issues and qualified retirement plans and programs.  Mr. Hogans will give expert testimony regarding (1) how to interpret the language of the retirement plans at issue; (2) how to resolve ambiguities or contradictions in the plans; and (3) how to characterize the nature of the funds in the plans, *i.e.* how to determine whether the funds are "compensation paid or payable for services" under the CCPA.  Mr. Hogans' testimony is crucial to both of Mr. Greebel's arguments.

The other witnesses that Mr. Greebel listed in his December 18 letter—James Berge and Mark Broutman from Katten, and Karl Groskaufmanis from Fried Frank—are the government's witnesses.[1]  Mr. Greebel wishes to subpoena these witnesses only in the event that the government does not subpoena them.  By listing these witnesses, the government suggested (and we agree) that these witnesses are relevant to determining whether Mr. Greebel is able to withdraw from the plans.  In the case of the Fried Frank plan, the main dispute is whether Mr. Greebel is allowed to withdraw despite failing to meet the requirements of Section 6.02(b), which states that Mr. Greebel cannot withdraw until age 62 because he failed to respond to the notice required by Treasury Regulation Section 1.411(a)-11(c).  Mr. Groskaufmanis' testimony is relevant the interpretation of 6.02(b) and whether Mr. Greebel, as a factual matter, complied with the requirements of that section.  Furthermore, as the firm's general counsel, Mr. Groskaufmanis may establish that the funds in the plan are "compensation paid or payable for services" rendered such that the CCPA's 25% limit should apply.

The government's witnesses from Katten—James Berge, Human Resources Manager, and Mark Broutman, Director of Partnership Accounting—administer and manage Katten's retirement plans.  They are uniquely qualified to testify regarding the interpretation of Sections 1.70, 1.75, 7.4, 7.5, 7.7, 8.1(a), and 8.2 of the Katten Plan.  They can also testify as to the relevance, if any, of extrinsic documents such as the Plan Summary and Exit Summary documents mentioned in the parties' briefing.  Finally, as the persons charged with enforcing

---

[1]  Mr. Greebel's counsel spoke with the government's two witnesses from Fried Frank—Karl Groskaufmanis and Sarah Warren—and learned that they preferred that only Mr. Groskaufmanis be called.  Thus, in the event the government does not call these witnesses, Mr. Greebel is only seeking a subpoena for Mr. Groskaufmanis.

**GIBSON DUNN**

December 29, 2020
Page 3

Katten partners' mandated 401(k) contributions, they are uniquely qualified to testify regarding whether the funds in the Katten plan are "compensation."

Finally, the documents we wish to subpoena from the law firms directly relate to whether Mr. Greebel met certain requirements necessary to withdraw—such as whether he made certain elections required by the plans—and whether Mr. Greebel was provided documents explaining when and how Mr. Greebel can withdraw. We are aware, for example, of certain Plan Summary and Exit Summary documents provided by the firms, but we do not know whether other such documents exist or the significance of these documents. Production of these documents would also allow us to understand how the plans and related documents work together, and how the retirement plans were funded—the latter of which is necessary determine whether the money held in the plans is "compensation" and thus subject to the CCPA.

Respectfully submitted,

*/s/ Reed Brodsky*

Reed Brodsky


cc: All Counsel of Record (Via ECF)