

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*610 Federal Plaza*
*Central Islip, New York 11722*

January 31, 2025

By ECF

Honorable Kiyo Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: *United States v. Greebel*, 15-CR-0637 (KAM)

Dear Judge Matsumoto:

  This office represents the United States in the above-captioned matter. We write, on behalf of all parties, to respectfully submit the attached revised proposed stipulations and orders of garnishment for the Court's review and endorsement.

  On April 20, 2021, pursuant to the Court's April 16, 2021 Memorandum and Order (the "Decision"), the government submitted proposed orders of garnishment directing garnishees Merrill Lynch, Pierce, Fenner & Smith ("Merrill Lynch"), and Charles Schwab Retirement Plan Services ("Charles Schwab") (collectively, the "Garnishees"), to pay over to the Clerk of the Court the entire cash-surrender value of defendant Evan Greebel's retirement accounts held by each garnishee, in partial satisfaction of his outstanding restitution obligation. Docket Entry No. ("Dkt") 772. On the same day, Defendant filed two letters, one notifying the Court of his intent to appeal of the Court's April 16, 2021 Decision, and the other requesting a stay of the execution of the garnishment orders pending the outcome of his appeal. Dkts. 773, 774. On May 6, 2021, to avoid litigation over Defendant's motion to stay, as well as to avoid the potential for irreparable harm to Defendant if he were to prevail on appeal, the parties submitted revised Proposed Stipulations and Orders of Garnishment which, *inter alia*, required the Garnishees to liquidate the holdings in Defendant's accounts and place the liquidated funds into relatively safe, stable investment funds in order to preserve the value of those funds as of the date of the Decision. *See* Dkt. 775. The Court SO ORDERED the revised stipulations on May 7, 2021.

  On appeal, the Second Circuit vacated the Court's Decision and remanded the matter back to the Court for further proceedings consistent with the Second Circuit's opinion. *See* Dkt. 782 (the "Mandate"). On November 14, 2022, Defendant requested a stay of further proceedings, with the United States' consent, to file a petition for certiorari with the Supreme Court of the United States. *See* Dkts. 783, 785, 786. The Court granted Defendant's request for a stay on April 20, 2023. *See* Docket. Defendant's petition for certiorari was denied, and the Court subsequently ordered the parties to file their responses to the Mandate. *See* Dkt. 788; Docket Entry dated May

31, 2023. The parties subsequently requested, and were granted, multiple extensions of time to pursue a potential settlement in lieu of responding to the Mandate. *See* Dkts. 789-792, 795-802.

As evidenced by the attached revised proposed stipulations and orders of garnishment, the parties have agreed to a resolution of the issues stemming from Defendant's opposition to the United States' garnishment of his retirement accounts, held by the Garnishees, in partial satisfaction of Defendant's outstanding restitution obligation. The parties therefore respectfully request that the Court SO ORDER the attached revised proposed stipulations and orders of garnishment directed to Garnishees Merrill Lynch and Charles Schwab.

The parties thank the Court for its attention to this matter.

Respectfully submitted,
JOHN J. DURHAM
United States Attorney

By:    /s/ Thomas R. Price
THOMAS R. PRICE
Assistant U.S. Attorney
(631) 715-7893

Encls.
cc:    All Counsel of Record via ECF