

Ian Shapiro                                                                                    <u>By ECF</u>
T: +1 212 479 6441
ishapiro@cooley.com

Russell Capone
T: +1 212 479 6580
rcapone@cooley.com

March 10, 2025

Honorable Kiyo Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:**     ***United States v. Greebel*, 15-CR-0637 (KAM)**

Dear Judge Matsumoto:

   We represent Travere Therapeutics, Inc., the successor in interest to Retrophin, Inc., in the above-captioned matter.  We write pursuant to the Court's February 21, 2025, Order inviting Travere to be heard on the parties' jointly-proposed stipulations and orders of garnishment (the "Stipulations").  Dkt. 804.  As noted in the Order, Mr. Greebel's 2018 conviction included mandatory restitution of $10,447,979.00 in favor of Retrophin, the victim of Mr. Greebel's fraud.  After Mr. Greebel's conviction, Retrophin rebranded as Travere.

   As an initial matter, Travere does not take any position on whether and to what extent liquidation of the defendant's retirement accounts creates federal and/or state tax obligations or penalties.  Further, as a general matter, the Mandatory Victims Restitution Act prioritizes private victim restitution orders over payments to the United States, stating that "in any case in which the United States is a victim, the court shall ensure that all other victims receive full restitution before the United States receives any restitution." 18 U.S.C. § 3664(i); *see also U.S. v. Steel*, 2012 WL 5879143, at \*3 (E.D.N.Y. Nov. 21, 2012) (Garaufis, J.) (directing that the defendant's assets "shall *first* be directed to his outstanding restitution obligations" prior to meeting forfeiture obligations); *U.S. v. Cohan*, 988 F.Supp.2d 323, 328 (E.D.N.Y. 2013) (Block, J.) (same).  Even where the relevant government debt arises outside of the criminal matter (such as in the context of tax payments), courts have held that restitution victims must be fully compensated before such debt is paid, at least where the restitution obligation arose first in time. *U.S. v. de Cespedes*, 2014 WL 8389151 at \*4 (S.D. Fla. 2014).

   This general principle notwithstanding, counsel for Mr. Greebel has represented, including in a submission to this Court, that the forced liquidation of his retirement accounts could result in Mr. Greebel himself having to pay substantial out of pocket taxes or penalties, and that the settlement was reached with this possibility in mind.  Additionally, in its recent submission, the Government suggests that liquidation of the defendant's retirement accounts "could potentially" create tax liability for the garnishees themselves. Dkt. 806.  As such, and although the Government should ordinarily not compensate itself (including another government agency) prior to making victims whole, Travere does not object to the proposed settlement insofar as it was reached in order to avoid (i) Mr. Greebel owing taxes or penalties occasioned exclusively by the liquidation of his accounts; and/or (ii) the garnishees owing taxes or penalties for the same reason. The Stipulations earmark 40% of Mr. Greebel's retirement account funds toward federal and state tax authorities.  To the extent that this amount winds up *exceeding* the tax liability created by the forced liquidation of Mr. Greebel's accounts, that excess should be returned and used to satisfy his remaining

# Cooley

Honorable Kiyo Matsumoto
March 10, 2025
Page Two

restitution obligation, and *not* applied to any other tax debt Mr. Greebel may owe.  In order to make this clear, Travere has proposed certain edits to the Stipulations to the parties.

Travere has no other objections to the Stipulations and expresses its gratitude to the Court for inviting it to be heard.


Sincerely,


*/s/ Ian Shapiro*

Ian Shapiro


*/s/ Russell Capone*

Russell Capone (Pro Hac Vice pending)



cc:    All Counsel of Record via ECF