UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

        - against -

EVAN GREEBEL,

           Defendant and
           Judgment Debtor,

        and

CHARLES SCHWAB RETIREMENT
PLAN SERVICES,

           Garnishee.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER OF GARNISHMENT

15-CR-0637 (KAM)

        WHEREAS, pursuant to Evan Greebel's conviction for conspiracy to commit wire fraud, and conspiracy to commit securities fraud, pursuant to 18 U.S.C. §§ 1349 and 371, respectively, this Court imposed a Judgment against defendant Evan Greebel ("Defendant") on August 17, 2018, and sentenced him, *inter alia*, to pay restitution in the amount of $10,447,979.00;

        WHEREAS, on or about December 13, 2018, the United States filed an Application for Writ of Continuing Garnishment against a retirement brokerage account belonging to Defendant, held at Charles Schwab Retirement Plan Services ("Charles Schwab" or "Garnishee");

        WHEREAS, on or about December 19, 2018, the Court issued a Writ of Continuing Garnishment against a retirement brokerage account belonging to Defendant, held at Charles Schwab;

        WHEREAS, on or about June 12, 2020, after multiple stipulated and SO ORDERED extensions, Defendant timely filed an objection to the Writ of Continuing Garnishment;

WHEREAS, on April 16, 2021, after considering the parties' briefs regarding Defendant's objection, and after holding an evidentiary hearing on January 28, 2021, the Court issued a decision denying Defendant's objections to garnishment and instructing the United States to submit proposed orders of garnishment by April 21, 2021 (*see United States v. Evan Greebel*, No. 15-cr-637, 2021 WL 1518341 (E.D.N.Y. April 16, 2021) (the "District Court Decision");

WHEREAS, on April 19, 2021, Defendant filed a Notice of Appeal with the Second Circuit Court of Appeals, Case Number 21-993 (the "Appeal");

WHEREAS, on May 6, 2021, the parties filed a proposed stipulation and order of garnishment directing, *inter alia*, that Charles Schwab "liquidate the [then] current holdings in the account of Defendant, Evan Greebel, and place the full cash balance of that account into the Morley Stable Value Fund, with Defendant's Katten Muchin Rosenmen LLP Defined Contribution Plan account, until such time as a decision is rendered, or the Appeal is withdrawn," or until the Court issued a revised order. [Docket Entry No. ("Dkt.") 775-2] (the "Charles Schwab Garnishment Order");

WHEREAS, on May 7, 2021, the Court SO ORDERED the Charles Schwab Garnishment Order [Dkt. 777];

WHEREAS, on August 24, 2022, the Second Circuit issued a decision [Dkt. 781] and Mandate [Dkt. 782] in *United States of America v. Martin Shkreli and Evan Greebel*, 47 F.4th 65, 77 (2d Cir. 2022) (the "Second Circuit Decision"), which vacated and remanded the district court's April 16, 2021 decision for "further proceedings consistent with [the Second Circuit's] opinion";

WHEREAS, on November 7, 2022, the Court issued an Order directing the parties to submit responses to the Mandate of the U.S. Court of Appeals (USCA) Summary Order (the "Mandate") by November 21, 2022;

WHEREAS, on November 14, 2022, Defendant, with the United States' consent, requested that the Court stay its November 7th Order while Defendant petitioned for a writ of certiorari from the Supreme Court of United States [Dkt. 783];

WHEREAS, on April 20, 2023, this Court granted Defendant's request for a stay of garnishment proceedings;

WHEREAS, on May 31, 2023, the parties submitted a joint letter advising the Court that Defendant's petition for certiorari had been denied [Dkt. 788];

WHEREAS, on May 31, 2023, the Court ordered the parties to submit their responses to the Mandate by July 14, 2023;

WHEREAS, on July 7, 2023, the United States, with Defendant's consent, filed a motion for a 45-day extension of the parties' time to submit replies to the Mandate to allow time for the parties to discuss the potential resolution of this matter on mutually agreeable terms without the need for further judicial intervention [Dkt. 789];

WHEREAS, on July 13, 2023, the Court granted the United States' motion for an extension of time;

WHEREAS, on January 31, 2025, after multiple requests by the parties for extensions of time to explore a non-judicial resolution of this action were granted by the Court, the parties filed a joint stipulation and proposed order of garnishment to Charles Schwab [Dkt. 803-2];

WHEREAS, on February 21, 2025, the Court issued an Order directing the United States to, *inter alia*, submit liquidation orders for the garnished account at Charles Scwab [Dkt. 804];

WHEREAS, on February 25, 2025, the United States, with Defendant's consent, requested an extension of time to respond to the Court's February 21, 2025 Order, and that the Court Schedule a teleconference [Dkt. 806];

WHEREAS, on February 25, 2025, the Court issued an Order which, *inter alia*, directed the parties to submit their positions on whether Defendant will be subjected to a ten-percent early withdrawal tax, and whether the 20% withholding pursuant to 28 U.S.C. § 3405(c)(1)(B) is applicable to the accounts at issue in this matter;

WHEREAS, on February 28, 2025, Defendant filed his response to the Court's February 25, 2025 Order [810];

WHEREAS, on March 14, 2025, the United States filed its response to the Court's February 25, 2025 Order and Defendant's February 28, 2025 response [Dkt. 815];

WHEREAS, on April 10, 2025, after reviewing the parties' submissions, as well as submissions from Travere Therapeutics, Inc. (the victim) and the garnishees, Merrill Lynch and Charles Schwab, the Court issued an Order directing the United States to submit revised garnishment orders [Dkt. 816];

WHEREAS, as of June 30, 2024, the balance of Defendant's Charles Schwab account was approximately $1,758,444.95; and

WHEREAS, as of April 16, 2025, the outstanding balance for restitution imposed against Defendant, with interest, is approximately $12,120,529.31;

IT IS HEREBY ORDERED, that:

(1) Within seven business days of receipt of a copy of this Order of Garnishment, the Garnishee shall liquidate all (100%) of the current holdings in the Katten Muchin Rosenmen LLP Defined Contribution Plan account of Defendant, Evan Greebel, plus any accrued interest thereon

4

(in total, the "Liquidated Account Balance");

(2)     The Garnishee shall withhold 20% of the Liquidated Account Balance for payment to the Internal Revenue Service pursuant to 28 U.S.C. § 3405(c)(1)(B);

(3)     The Garnishee shall pay to the Clerk of Court eighty percent (80%) of the Liquidated Account Balance, by check made out to the "Clerk of Court," and delivered to the Clerk of Court, U.S. Courthouse, 225 Cadman Plaza East, Brooklyn, New York 11201 within five business days of the liquidation described in paragraph one, and the check shall include a reference to the word "restitution," and "U.S. v. Evan Greebel, CR-15-0637";

(4)     The Clerk of Court shall deposit the funds in an interest-bearing account until further order of the Court;

(5)     Within seven business days of receipt of this Order of Garnishment, the Garnishee shall further provide an accounting to the Court, with the above caption and docket numbers, evidencing the liquidation of Defendant's account and reflecting the 20% withheld pursuant to 28 U.S.C. § 3405(c)(1)(B); and

(6)     The Clerk of Court shall forward five certified copies of this Order of Garnishment to Assistant United States Attorney Thomas R. Price, U.S. Attorney's Office, 610 Federal Plaza, Central Islip, New York 11722, who shall serve the Garnishee, Charles Schwab, with this Order of Garnishment by no later than April 25, 2025, and note service on the docket.

SO ORDERED:

Dated: Brooklyn, New York
          April 21, 2025,

_____
HONORABLE KIYO A. MATSUMOTO
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK